IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:21-CV-01171-B |
| § | |
| BAYMARK PARTNERS LP, *et al.*, § | |
| § | |
| Defendants. § | |

### DEFENDANTS SUPER G CAPITAL LLC'S AND STEVEN BELLAH'S MOTION TO DISMISS PLAINTIFF'S CLAIMS

Pursuant to FED.R.CIV.P. 8(a), 9(b), and 12(b)(6), Defendants Super G Capital LLC ("Super G") and Steven Bellah ("Bellah") respectfully request that the Court dismiss all of Plaintiff D&T Partners LLC's ("Plaintiff") claims against them in the *Original Complaint* (the "Complaint" at Doc. 1) due to Plaintiff's failure to state any claim upon which relief can be granted, and with respect to fraud-based claims, Plaintiff's failure to plead with particularity the circumstances constituting Super G's or Bellah's alleged fraud.

Contemporaneously herewith, Super G and Bellah are filing *Defendants Super G Capital LLC's and Steven Bellah's Brief in Support of their Motion to Dismiss Plaintiff's Claims* (the "Brief"). Through this Motion and the Brief, Super G and Bellah will show the Court as follows:

1. Plaintiff filed its Complaint on May 21, 2021. Plaintiff served Super G and Bellah with Rule 4(d) *Waivers of Service of Summons* on or about June 8, 2021, which Super G and Bellah executed and were filed on June 28, 2021. *See* Docs. 7-8. Accordingly, Super G and Bellah timely file this motion to dismiss the Complaint. *See* FED.R.CIV.P. 4(d)(3) and 12(a)(1).

2. Shotgun Pleading. After 132 quixotic pages setting forth an excessive number of (largely irrelevant) "facts," Plaintiff's Complaint perfunctorily asserts eight causes of action,

therein "repeat[ing] and realleg[ing] each and every allegation" contained in the previous 300-plus paragraphs and grouping all Defendants together in varying ways. As explained in the Brief, the Complaint meets any definition of a "shotgun pleading" in which "each count is replete with factual allegations that could not possibly be material to that specific count" and "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." This type of pleading is subject to Rule 12(b)(6) dismissal and, additionally, does not meet Rule 9(b)'s demand for particularity. Accordingly, the Complaint should be dismissed in its entirety.

   3. <u>Dismissal of Counts I-III</u>. In pleading its Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961, *et seq*.) ("<u>RICO</u>") claims against Super G and Bellah[1], Plaintiff—in contravention of Rule 8(a)—fails to state essential and foundational RICO elements, including: Super G and Bellah as RICO "persons"; the occurrence of sufficient predicate acts; a pattern of racketeering activity; the existence of an enterprise by association-in-fact; reliance; or proximate causation—thereby subjecting such claims to dismissal under Rule 12(b)(6). Likewise, Plaintiff fails to plausibly state necessary elements of RICO conspiracy. In pleading its RICO claims against Super G and Bellah, Plaintiff also fails to meet the Rule 9(b) heightened standard required where, as here, such claims are grounded in predicate acts of fraud. Accordingly, Counts I-III should be dismissed.

   4. <u>Dismissal of Pendent State-Law Claims at Counts IV-VIII</u>. In this Circuit, the general rule is to decline jurisdiction over state law claims upon dismissal of the federal claim(s) to which they are pendent. Upon dismissal of Plaintiff's only federal claims (Counts I-III, brought under RICO) for the reasons stated above and explained in the Brief, this Court should apply the general rule and dismiss the remainder of Plaintiff's claims, all of which arise under state law

---

[1] Bellah is not named in "Count II: Violations of 18 U.S.C. § 1962(a) (Civil RICO)." Complaint, Doc. 1 at p. 135.

(Counts IV-VIII). The general rule's application is especially appropriate here, given the pendency of a two-year old case in Texas state district court involving all of the same state-law claims by Plaintiff against many of the same Defendants. Accordingly, should the Court dismiss Plaintiff's RICO claims, it should decline jurisdiction over the rest of Plaintiff's claims.

5. <u>Dismissal of Count IV</u>. In pleading its common-law fraud claim against Super G[2], Plaintiff does not meet Rule 9(b)'s heightened particularity standard. Instead, it merely recites the elements of the action against "All Defendants" and incorporates by reference the 357 preceding paragraphs. With respect to Super G and Bellah especially, Plaintiff fails to state any plausible theory to show multiple elements, including materiality, intent, actual reliance, justifiable reliance, and proximate causation to any alleged pecuniary loss. Accordingly, Count IV should be dismissed.

6. <u>Dismissal of Count VI</u>.[3] As an initial matter, "aiding and abetting" claims are "dependent" claims, premised on the underlying tort. Accordingly, should the underlying breach-of-fiduciary claim against the "Fiduciary Claim Defendants" be dismissed, Plaintiff's "aiding and abetting breach of fiduciary duty" claim against Super G and Bellah must likewise fall. Additionally, because the underlying purported breach is premised on allegations of fraud, Rule 9(b)'s heightened standard applies to the derivate claim against Super G and Bellah—a standard Plaintiff fails to meet. Regardless, Plaintiff fails to even plead multiple essential elements of derivative liability against Super G and Bellah, including that: they were aware of the allegedly tortious nature of the underlying acts; they had intent to assist the "Fiduciary Claim Defendants"; they gave the "Fiduciary Claim Defendants" assistance or encouragement; and that their conduct was a "substantial factor" in causing the "Fiduciary Claim Defendants'" alleged breach of

---

[2] Bellah is not named in "Count IV: Common Law Fraud." Complaint, Doc. 1 at p. 141.
[3] Neither Super G nor Bellah is named in "Count V: Breach of Fiduciary Duty." Complaint, Doc. 1 at pp. 141-42.

fiduciary duty. Accordingly, Count VI should be dismissed.

7. <u>Dismissal of Count VII</u>. Plaintiff fails to plead facially plausible allegations to state a Texas Uniform Fraudulent Transfer Act (TEX.BUS. & COMM. CODE §24.001 *et seq*.) ("<u>TUFTA</u>") claim against Super G or Bellah (the latter is not even mentioned in Plaintiff's pleading of the TUFTA claim). The contractual foreclosure transaction to which Plaintiff alludes does not fall under TUFTA's definitions of "transfer" or "assets," as Plaintiff does not plead any allegations that the subject lien was somehow invalid (Plaintiff pleads it agreed to the subordination of its lien to Super G's), that the debtor was not in default (Plaintiff pleads that default occurred months before), or any disparity between the amount of the debt foreclosed upon and the collateral sold. Accordingly, Count VII should be dismissed.

8. <u>Dismissal of Count VIII</u>. As an initial matter, conspiracy claims are "dependent" claims, premised on the underlying tort(s). Accordingly, for each underlying claim that does not survive dismissal, Plaintiff's corresponding conspiracy claim likewise falls. Additionally, because each of the underlying purported torts sound in fraud, Rule 9(b)'s heightened standard applies to the derivative conspiracy claim—a standard that Plaintiff again fails to meet. Regardless, Plaintiff fails to plausibly plead multiple elements of conspiracy. Accordingly, Count VIII should be dismissed.

9. For these reasons and those detailed in the Brief, Super G and Bellah respectfully request that this Court grant this Motion in its entirety and dismiss all of Plaintiff's claims against them.

10. Super G and Bellah further respectfully request that the Court grant them any and all other relief to which they may be entitled, whether at law or in equity, individually or collectively.

Respectfully submitted,

DUNN SHEEHAN LLP

By: */s/ John David Blakley*
    John David Blakley
    State Bar No. 24069388
    jdblakley@dunnsheehan.com
    William D. Dunn
    State Bar No. 24002023
    ddunn@dunnsheehan.com

    3400 Carlisle Street, Suite 200
    Dallas, Texas 75204
    Phone: 214-866-0077
    Fax: 214-866-0070

**ATTORNEYS FOR DEFENDANTS**
**SUPER G CAPITAL LLC**
**and STEVEN BELLAH**

## CERTIFICATE OF SERVICE

    I certify that on August 9, 2021, this motion was filed with the Court *via* its Electronic Case Filing (ECF) system and duly served in accordance with FED.R.CIV.P. 5, by electronic mail, on counsel for all parties of record, including Plaintiff's counsel Jason B. Freeman of FREEMAN LAW, PLLC, at jason@freemanlaw.com.

                                              */s/*     *John David Blakley*
                                                    John David Blakley