UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest | § | |
| to ACET VENTURE PARTNERS, LLC), | § | |
| Directly and Derivatively on Behalf of | § | |
| ACET GLOBAL, LLC and | § | |
| BAYMARK ACET HOLDCO, LLC | § | |
| | § | |
| and | § | |
| | § | |
| ACET GLOBAL, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| BAYMARK PARTNERS, LP; | § | |
| BAYMARK PARTNERS MANAGEMENT, LLC; | § | |
| SUPER G CAPITAL, LLC; | § | CIVIL CAUSE NO. 3:21-CV-01171-B |
| SG CREDIT PARTNERS, INC.; | § | |
| BAYMARK ACET HOLDCO, LLC; | § | |
| BAYMARK ACET DIRECT INVEST, LLC; | § | |
| BAYMARK PARTNERS; | § | |
| DAVID HOOK; TONY LUDLOW; | § | |
| MATT DENEGRE; WILLIAM SZETO; | § | |
| MARC COLE; STEVEN BELLAH; | § | |
| ZHEXIAN "JANE" LIN; | § | |
| DANA MARIE TOMERLIN; | § | |
| PADASAMAI VATTANA; PAULA KETTER; | § | |
| VANESSA TORRES; | § | |
| WINDSPEED TRADING, LLC; | § | |
| HALLETT & PERRIN, P.C.; and | § | |
| JULIE A. SMITH, | § | |
| | § | |
| *Defendants*. | § | |

**BAYMARK DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
**AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPLICABLE STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.   Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.     Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8 . . . . 6

    II.    Plaintiff's Claims Under RICO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Pattern . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.    Predicate Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            1.    18 U.S.C. § 1503 (obstruction of justice) . . . . . . . . . . . . . . . . . . 12

            2.    18 U.S.C. §§ 1956, 1957 (money laundering) . . . . . . . . . . . . . . . 13

            3.    18 U.S.C. §§ 152, 157 (bankruptcy fraud) . . . . . . . . . . . . . . . . . 15

            4.    18 U.S.C. §§ 1341, 1343 (mail/wire fraud) . . . . . . . . . . . . . . . . 17

        C.    Causation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        D.    18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        E.    Plaintiff's Ability to Replead . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    III.   Plaintiff's State-Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

        A.    Common-Law Fraud (Count IV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

1.    Plaintiff has not pleaded its common-law fraud claim with the
      particularity required by Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . 21

2.    As a matter of law, Plaintiff cannot have relied on the one
      "misrepresentation" it partially identifies because such
      "misrepresentation" is contradicted by the parties' contract . . . . . 22

B.    Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty
      (Counts V, VI) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

C.    Texas Uniform Fraudulent Transfer Act (Count VII) . . . . . . . . . . . . . . . 24

D.    Civil Conspiracy (Count VIII) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

# INDEX OF AUTHORITIES

## Cases

*7-Eleven, Inc. v. Puerto Rico-7 Inc.*, Civil Action No. 3:08-CV-00140-B,
2008 WL 4951502 (N.D. Tex. Nov. 19, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Alpert v. Riley*, Civil Action No. H-04-3774,
2011 WL 564031 (S.D. Tex. Feb. 8, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18

*Alvarez v. Rosas*, Civil Action No. H-18-4646,
2020 WL 2061491 (S.D. Tex. Apr. 29, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Arencibia v. AGA Serv. Co.*, Civil Action No. 4:20-cv-00819-O,
2020 WL 10056799 (N.D. Tex. Nov. 13, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

*Bhardwaj v. Pathak*, 668 F. App'x 763 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . 12

*Breitling v. LNV Corp.*, Civil Action No. 3:15-CV-0703-B,
2016 WL 852963 (N.D. Tex. Mar. 4, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Chau v. Aviva Life & Annuity Co.*, Civil Action no. 3:09-CV-2305-B,
2011 WL 1990446 (N.D. Tex. May 20, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396 (E.D.N.Y. 2013) . . . . . . . . . . . . . . . . 12

*Drake v. Costume Armour, Inc.*, 736 F. App'x 505 (5th Cir. 2018) (per curiam) . . . . . . . . . . . 20

*Eastern Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1 (D.D.C. 2014),
*aff'd*, 629 F. App'x 1 (D.C. Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12 (1st Cir. 2000) . . . . . . . . . . . . . . . . 11

*Elliott v. Foufas*, 867 F.2d 877 (5th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) . . . . 18, 19

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 15

*GFRS Equip. Leasing Fund II LLC v. Nguyen*, Civil Action No. 3:18-CV-2250-L,
2019 WL 3530421 (N.D. Tex. Aug. 1, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*GICC Capital Corp. v. Technology Finance Group, Inc.* 67 F.3d 463 (2d Cir. 1995). . . . . . . . . 11

*HCB Fin. Corp. v. McPherson*, 8 F.4th 335 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L,
2012 WL 1836087 (N.D. Tex. May 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 15

*Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732 (5th Cir. 2014) (per curiam) . . . . . . . . . . 4

*Howley v. Bankers Standard Ins. Co.*, Civil Action No. 3:19-CV-2477-L,
2021 WL 913290 (N.D. Tex. Mar. 10, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832 (N.D. Tex. 2005). . . . . . . . . . . . . . . . . . . . . 6

*In re Burzynski*, 989 F.2d 733 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 17

*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450 (N.D. Tex. Oct. 27, 2014). . . . . . . . . 6, 23

*Jaser v. AT&T Servs. Inc.*, Civil Case No. 3:18-CV-3429-B-BH,
2020 WL 1329151 (N.D. Tex. Mar. 23, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659
(Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . 24

*LSC Towers, LLC v. LG Preston Campbell, LLC*, Civil Action No. 3:17-CV-00625-M,
2018 WL 1156563 (N.D. Tex. Mar. 5, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Marriott Bros. v. Gage*, 911 F.2d 1105 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

*Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D,
2019 WL 3552432 (N.D. Tex. Aug. 5, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 22

*Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, Civil Action No. 3:16-CV-1217-B,
2018 WL 2323243 (N.D. Tex. Mar. 26, 2018), *report and recommendation adopted*,
2018 WL 2323471 (N.D. Tex. May 2, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*O'Malley v. New York City Transit Auth.*, 896 F.2d 704 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . 12

*Orthoflex, Inc. v. ThermoTek, Inc.*, Civil Action Nos. 3:11-CV-0870-D, 3:10-CV-2618-D,
2012 WL 2864510 (N.D. Tex. Jul. 12, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992) . . . . . . . . 19, 20

*Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B,
2010 WL 5105925 (N.D. Tex. Dec. 14, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 19

*Poe v. Bock*, EP-17-CV-00232-DCG,
2018 WL 4275839 (W.D. Tex. Sept. 7, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18, 20

*Qatalys, Inc. v. Mountain Med. Techs., Inc.*, Civil Action No. 3:14-cv-1784-L,
2015 WL 1401220 (N.D. Tex. Mar. 27, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ritter v. Klisivitch*, No. 06-CV-5511 (DRH)(WDW),
2008 WL 2967627 (E.D.N.Y. Jul. 30, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Roe v. Johnson Cty., Tex.*, No. 3:18-c-2497-B-BN,
2019 WL 5031357 (N.D. Tex. Jul. 29, 2019),
*report and recommendation adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) . . . . . . . 5, 7

*Sherman v. Main Event, Inc.*, No. Civ.A. 3:02-CV-1314,
2003 WL 251653 (N.D. Tex. Feb. 3, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512 (5th Cir. 2016) . . . . . . . . . . . . . . . . . 13

*Spencer v. Doran*, Civil No. 18-cv-1191-LM, 2020 WL 4904826
(D.N.H. Aug. 20, 2020), *appeal dism'd*, 2021 WL 1732266 (1st Cir. 2021) . . . . . . . . . . . . . . . . 12

*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000) . . . . . . . . . . . . . . . . . 8, 19

*Taylor v. Academic P'ships LLC*, No. 3:19-cv-1764-K-BN,
2020 WL 5127791 (N.D. Tex. Jun. 17, 2020),
*report and recommendation adopted*, 2020 WL 5110370 (N.D. Tex. Aug. 29, 2020) . . . . . . . . . 7

*Tristar Investors, Inc. v. American Tower Corp.*, No. 3:12-CV-0499-M,
2014 WL 1327663 (N.D. Tex. Apr. 3, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Grant*, 850 F.3d 209 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Mays*, — F. App'x —, 2021 WL 1567980 (5th Cir. 2021) (per curiam) . . . . . . 15

*United States v. Miles*, 360 F.3d 472 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Richardson*, 676 F.3d 491 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Spalding*, 894 F.3d 173 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B,
2013 WL 5658606 (N.D. Tex. Oct. 17, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 10, 17, 20

*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B,
2014 WL 1284985 (N.D. Tex. Mar. 31, 2014), *aff'd*, 773 F.3d 704 (5th Cir. 2014) . . . . . . . . 8, 15

*Walker v. Allianz Life Ins. Co. of N. Am.*, No. 3-08-CV-2051-M,
2009 WL 1883418 (N.D. Tex. Jun. 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Whelan v. Winchester Prod. Co.*, 319 F.3d 225 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Williams v. WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilson v. Deutsche Bank Trust Co. Americas*, Civil Action No. 3:18-CV-0854-D,
2019 WL 175078 (N.D. Tex. Jan. 10, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118 (5th Cir. 1996) . . . . . 10

*Wyrick v. Business Bank of Tex., N.A.*, 577 S.W.3d 336
(Tex. App.—Houston [14th Dist.] 2019, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K,
2018 WL 6570867 (N.D. Tex. Dec. 12, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 13

## **Statutes**

18 U.S.C § 1956(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C § 1956(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C § 1957(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 1961(1)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Tex. Bus. & Comm. Code § 24.009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Defendants Baymark Partners Management, LLC; Baymark ACET Direct Invest, LLC; Baymark Partners; David Hook; Tony Ludlow; and Matthew Denegre ("Baymark Defendants"[1]) file this Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support as follows:

## SUMMARY OF ARGUMENT

In the face of a motion to dismiss, an amended complaint should attempt to *cure* identified pleading deficiencies.[2] In this case, all of the Defendants filed motions to dismiss Plaintiff's Original Complaint, and instead of responding to those motions, Plaintiff filed its First Amended Complaint ("FAC"). However, the FAC did absolutely nothing to cure *any* of the problems identified in the Defendants' motions. Below is a list of just a few of the more egregious pleading defects Plaintiff did *nothing* to cure:

| Deficiency Specifically Identified as to the Original Complaint | Corrective Action (if Any) Taken in First Amended Complaint |
|---|---|
| The Original Complaint violated Rule 8's directive to be "concise" and "direct" [Docket No. 29 at 6] | NONE—The FAC is even *longer* than the Original Complaint |
| The Original Complaint contained improper "shotgun" pleading [Docket No. 29 at 6] | NONE—All the Counts in the FAC still "reallege[]" *all* preceding paragraphs [*E.g.*, FAC ¶¶ 310, 368] |
| The Original Complaint relied on 18 U.S.C. § 157 for a RICO "predicate act," but this section is expressly excluded from RICO's list of "predicate acts" [Docket No. 29 at 14] | NONE—The FAC continues to invoke 18 U.S.C. § 157 [FAC ¶¶ 319, 320, 333, 334] |

---

[1] Defendant Baymark ACET Holdco, LLC ("Holdco") is separately filing its own Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support specifically to address Plaintiff's lack of standing to assert any claims on behalf of either ACET Global, LLC or Holdco and Plaintiff's failure to comply with Rule 23.1 as to its "derivative" claims. The Baymark Defendants hereby adopt and incorporate by reference the arguments in Holdco's brief.

[2] *Elliott v. Foufas*, 867 F.2d 877, 882 (5th Cir. 1989) ("[Plaintiff] was on notice that defendants considered her complaint inadequate. Her amendment should have cured the deficiencies in her pleadings.").

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 1**

| Deficiency Specifically Identified as to the Original Complaint | Corrective Action (if Any) Taken in First Amended Complaint |
|---|---|
| The Original Complaint relied on 18 U.S.C. § 1503 for a RICO "predicate act" of "obstruction of justice" as to a state court proceeding, but this statute only applies to "obstruction" in *federal* proceedings [Docket No. 29 at 11-12] | NONE—The FAC continues to invoke 18 U.S.C. § 1503 [FAC at 2; *id.* ¶ 360] |
| The Original Complaint made the wholly conclusory allegation that the Defendants' "continued activities" will "harm additional victims" [Docket No. 29 at 9] | NONE—The FAC contains the same conclusory allegation with no additional facts pleaded [FAC ¶ 364] |
| The Original Complaint included a claim under 18 U.S.C § 1962(a), which specifically requires an "investment injury," but no facts regarding any such injury were pleaded [Docket No. 29 at 18-19] | NONE—The FAC continues to assert a section 1962(a) claim without pleading any additional facts to suggest Plaintiff has incurred any "investment injury" [*See* FAC ¶¶ 325-338] |

With its now *393* paragraphs, the FAC still fails to plead any of Plaintiff's claims in a way that would even come close to complying with Federal Rules of Civil Procedure 12(b)(6) and 9(b). Further, Plaintiff's verbosity and improper "shotgun" pleading style continue to fly in the face of the requirements of Rule 8 and make understanding the purported bases for any of Plaintiff's "claims" all but impossible. Plaintiff basically throws "everything but the kitchen sink" into the FAC and leaves it to the Court (and the Defendants) to try to figure out which "facts" are supposed to support which claims and how. For this reason alone, the Court should dismiss FAC.

One thing that continues to be crystal clear from the FAC is that Plaintiff relies on its RICO claims to support federal jurisdiction. However, Plaintiff offers little more than conclusory assertions to support its RICO claims. The FAC does not show a "pattern" of racketeering activity or plead facts showing the elements of the various alleged "predicate acts." Plaintiff also does not plead facts

to show it was directly harmed by any of the alleged RICO violations. In short, Plaintiff ignores what is actually required to plead any viable RICO claims. The Court should dismiss Plaintiff's RICO claims and then decline to maintain jurisdiction over Plaintiff's state law claims.

Even if the Court were to consider Plaintiff's state law claims in the absence of a federal claim, Plaintiff once again fails to plead those claims as well. Plaintiff makes no attempt to plead its common-law fraud claim with the required particularity, and the one "misrepresentation" that Plaintiff does half-way identify is contradicted by the operative documents underlying Plaintiff's claim. Plaintiff similarly fails to offer any coherent explanation for the basis of its breach of fiduciary duty/aiding and abetting breach of fiduciary duty, fraudulent transfer, and civil conspiracy claims against the Baymark Defendants. The Court should also dismiss Plaintiff's state law claims.

## APPLICABLE STANDARDS

### I.      Rule 12(b)(6)

To satisfy Rule 12(b)(6), a plaintiff must set forth the "grounds for [its] entitlement to relief," and doing so "requires more than labels and conclusions."[3] "[A] formulaic recitation of the elements of a cause of action will not do."[4] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] To have the necessary "facial plausibility," there must be "factual content" that would allow the Court to draw the "reasonable inference" that the defendants are "liable for the misconduct alleged."[6] "[C]onclusory allegations,

---

[3]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

[4]*Id.*

[5]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[6]*Id*. The Court should not "strain to find inferences favorable to the plaintiff." *Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L, 2012 WL 1836087, at *2 (N.D. Tex. May 18, 2012).

unwarranted deductions, [and] legal conclusions" will *not* satisfy the requirement for "factual content," and the Court should not accept them as true.[7] In considering a motion to dismiss, the Court may consider documents attached to or incorporated into a plaintiff's complaint, as well as matters of which the Court may take judicial notice.[8] Moreover, the Court need not accept "factual allegations" contradicted by documents that are properly considered along with the complaint.[9]

## II.     Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires parties alleging fraud to meet a heightened pleading standard, one in which the "circumstances constituting fraud" are stated "with particularity."[10] In particular, a plaintiff asserting fraud claims must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[11] Moreover, "simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). The claimant must still allege specific facts that support an inference of fraud."[12]

---

[7]*Hidden Values*, 2012 WL 1836087, at *2.

[8]*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *2 (N.D. Tex. Oct. 17, 2013); *see also Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 209 n.6 (5th Cir. 2009).

[9]*See Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (per curiam) ("[The] conclusory allegation . . . is insufficient to survive dismissal because it is contradicted by the documents attached to his . . . complaint."); *Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D, 2019 WL 3552432, at *10 (N.D. Tex. Aug. 5, 2019) ("To accept plaintiffs' contention would be to ignore the first page of the user agreement . . . ."); *Qatalys, Inc. v. Mountain Med. Techs., Inc.*, Civil Action No. 3:14-cv-1784-L, 2015 WL 1401220, at *5 (N.D. Tex. Mar. 27, 2015) ("If a document relied on . . . contradicts allegations . . ., the document, not the allegations, control . . . .") (quoting *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013)).

[10]Rule 9(b) applies to "RICO claims resting on allegations of fraud, such as when the RICO predicate act alleged involves wire or mail fraud." *Varela*, 2013 WL 5658606, at *3.

[11]*Flaherty*, 565 F.3d at 206. "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." *Id.*

[12]*7-Eleven, Inc. v. Puerto Rico-7 Inc.*, Civil Action No. 3:08-CV-00140-B, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (internal citation omitted); *see also id.* ("[T]his Court applies Rule 9(b) with force and without apology.") (internal quotation marks omitted).

### III.    Rule 8

"The underlying purpose of Rule 8 is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."[13] Thus, Federal Rule of Civil Procedure 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Further, "Rule 9(b)'s demand for particularity works in tandem with Rule 8(a)'s insistence upon simple, concise, and direct allegations."[14]

Claims presented in a "shotgun" fashion—that is, with each claim beginning with some variation of "Plaintiff realleges as if set forth fully herein" all of the preceding paragraphs—"lack substantive plausibility."[15] The Fifth Circuit has denounced "shotgun" pleading that does not comply with the requirements of Rule 8.[16]  "Shotgun" complaints typically "set forth an excessive number [of] facts," with the result that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."[17] As one court in this District has explained, the "shotgun" approach to pleading claims is

---

[13]*Jaser v. AT&T Servs. Inc.*, Civil Case No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at *4 (N.D. Tex. Mar. 23, 2020) (internal quotation marks and alteration omitted).

[14]*Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018) (internal quotation marks omitted).

[15]*Howley v. Bankers Standard Ins. Co.*, Civil Action No. 3:19-CV-2477-L, 2021 WL 913290, at *9 (N.D. Tex. Mar. 10, 2021); *see also Roe v. Johnson Cty., Tex.*, No. 3:18-c-2497-B-BN, 2019 WL 5031357, at *4-5 (N.D. Tex. Jul. 29, 2019) ("Shotgun pleadings are subject to dismissal under Rule 12(b)(6)."), *report and recommendation adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

[16]*Howley*, 2021 WL 913290, at *9 (quoting *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788-89 (5th Cir. 1986) as criticizing "shotgun" pleadings that exist when "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick").

[17]*Zucker*, 2018 WL 6570867, at *3 (internal citations and quotation marks omitted).

discouraged by courts because it interferes with a district court's ability to manage its docket, unnecessarily impedes the orderly and efficient disposition of disputes, and wastes scarce judicial resources by causing courts to engage in the onerous task of sifting through a myriad of irrelevant allegations in ruling on the sufficiency of a claim, making it difficult to know which factual allegations were intended to support which claims for relief.[18]

## ARGUMENT AND AUTHORITIES[19]

## I.    Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8

This Court has previously recognized that "[w]hen a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action."[20] The FAC, which consists of 393 paragraphs and takes up 157 pages (not including the hundreds of pages of attached exhibits[21]), is the exact opposite of the "simple, concise, and direct" pleading required by Rule 8.[22] Moreover, the FAC is a perfect example of improper "shotgun" pleading and why such style of pleading is so likely to create "unnecessary confusion."[23] In the absence of the required

---

[18]*Howley*, 2021 WL 913290, at *9; *see also In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857-58 (N.D. Tex. 2005) (rejecting "puzzle pleading" because "assembling puzzles is not the duty of the Court" and stating "it is the parties' burden to present succinct pleadings which clearly lay out the elements").

[19]The other Defendants are also filing motions to dismiss the FAC. The Baymark Defendants hereby adopt the arguments set forth in the following briefs filed by the other Defendants to the extent the arguments raised in such briefs apply equally to the Baymark Defendants: Defendants Hallett & Perrin, P.C. and Julie A. Smith's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support; Defendants SG Credit Partners, Inc.'s and Marc Cole's Memorandum of Law in Support of Motion to Dismiss Plaintiff's First Amended Complaint; Defendants Super G Capital, LLC's and Steven Bellah's Brief in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint, Windspeed Employees' Brief in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6), and Windspeed and Szeto's Brief in Support of Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(6).

[20]*Jaser*, 2020 WL 1329151, at *4.

[21]Plaintiff makes the following statement about the *46 exhibits* attached to it's the FAC: "All exhibits hereto are adopted and incorporated by reference in this First Amended Complaint for all purposes as if set forth herein in full." FAC at 2 n.1.

[22]Even the FAC's "Short Summary" consists of 21 paragraphs and covers approximately 12 pages of the Complaint. *See* FAC ¶¶ 1-21.

[23]*See Howley*, 2021 WL 913290, at *9. This Court has also previously considered "contradictory" allegations to factor into the motion to dismiss analysis. *See In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450, at *5 (N.D. Tex. Oct. 27, 2014); *see also Wilson v. Deutsche Bank Trust*

"straightforward" pleading, both the Court and the Defendants are left to "try to fish a gold coin from a bucket of mud."[24]

Plaintiff cannot blame the particularity requirements of Rule 9(b) for its ridiculously verbose FAC. In fact, as will be discussed more fully below, even with its hundreds of paragraphs, the FAC still fails to plead its claims sounding in fraud with the required particularity. "A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for the absence of detail."[25]

This Court has previously dismissed a complaint for being "far too lengthy" as well as "overly repetitive" and "difficult to follow."[26] The FAC is all of these things, and it should be dismissed on this basis alone.[27] Nevertheless, the Baymark Defendants also address below the numerous other pleading failures in the FAC, all of which also require dismissal of Plaintiff's claims.

---

*Co. Americas*, Civil Action No. 3:18-CV-0854-D, 2019 WL 175078, at *7 n.14 (N.D. Tex. Jan. 10, 2019) (finding the complaint to be "internally contradictory as well as vague—providing an additional reason to dismiss the claim"). The FAC offers multiple contradictory allegations. For example, was Defendant William Szeto a "puppet" of the Windspeed board, *see* FAC ¶¶ 155, 171, or was the board a "sham" that "took no action," *see id.* ¶¶ 169-70? Were there "two sets of books," *see id.* ¶ 181, or was there "no effort to separately account for [ACET Global's] inventory," *see id.* ¶ 200?

[24]*Taylor v. Academic P'ships LLC*, No. 3:19-cv-1764-K-BN, 2020 WL 5127791, at *7 (N.D. Tex. Jun. 17, 2020) (quoting *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006) (per curiam)), *report and recommendation adopted*, 2020 WL 5110370 (N.D. Tex. Aug. 29, 2020).

[25]*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

[26]*Jaser*, 2020 WL 1329151, at *5. The FAC is certainly repetitious. For example, it is filled with needlessly duplicative deposition excerpts. *See, e.g.*, FAC ¶ 115 (quoting from the deposition of Marc Cole); *id.* ¶ 116 (quoting the same deposition testimony of Marc Cole); *id.* ¶ 199 (quoting from the deposition of William Szeto); *id.* ¶ 206 (quoting the same deposition testimony of William Szeto); *see also id.* ¶ 183 (quoting from the deposition of Matt Denegre, including reading from an excerpt of an October 19, 2018 e-mail); *id.* ¶ 184 (presenting a screen shot of the same October 19, 2018 e-mail).

[27]*See Roe*, 2019 WL 5031357, at *5 (discussing the plaintiff's "shotgun pleading" and that "[t]his pleading deficiency is reason enough to grant all eight Rule 12(b)(6) motions to dismiss").

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 7**

## II.      Plaintiff's Claims Under RICO

To establish a prima facie civil RICO claim, Plaintiff must allege "(1) a substantive predicate violation of 18 U.S.C. § 1962; (2) injury to his business or property; and (3) a causal connection between the racketeering activity and the injury."[28] In turn, there are three elements common to all claims under section 1962: 1) a *person* who engages in 2) a *pattern* of racketeering activity 3) connected to the acquisition, establishment, conduct, or control of an *enterprise.*[29] "Racketeering activity consists of two or more predicate offenses, which are defined by the RICO statute itself."[30] Thus, to successfully state a claim under RICO, Plaintiff must also plead facts to support the elements of the various predicate offenses referenced in the FAC.[31] In addition to the common elements, each subsection of section 1962 has its own substantive requirements, which must also be sufficiently pleaded to survive a motion to dismiss.[32]

### A.      Pattern

The FAC utterly fails to plead facts to support the pattern element required for RICO claims. This element requires facts showing both "a relationship between the predicate acts" and, even more importantly, "a threat of continuing criminal activity."[33] Because the FAC so inadequately pleads the purported "predicate acts," it is difficult to analyze the "relationship" component of the RICO

---

[28]*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *4 (N.D. Tex. Oct. 17, 2013).

[29]*See, e.g.*, *id.*

[30]*Breitling v. LNV Corp.*, Civil Action No. 3:15-CV-0703-B, 2016 WL 852963, at *4 (N.D. Tex. Mar. 4, 2016) (internal quotation marks omitted).

[31]*See, e.g.*, *id* at *5. Moreover, if Plaintiff sufficiently pleads the elements of a particular predicate act, Plaintiff must also plead facts demonstrating that such predicate act is "both a factual and proximate cause of the [P]laintiff's alleged injury." *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2014 WL 1284985, at *2 (N.D. Tex. Mar. 31, 2014), *aff'd*, 773 F.3d 704 (5th Cir. 2014).

[32]*See, e.g.*, *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000).

[33]*See, e.g.*, *Zucker*, 2018 WL 6570867, at *7.

"pattern."[34] However, it is abundantly clear from the facts pleaded in the FAC that Plaintiff cannot

show *any* "threat of continuing criminal activity."

The FAC describes a purported "scheme" whose "critical steps were carried out in the

summer and fall of 2018."[35] In particular, Plaintiff complains of a "fraudulent transfer of ACET

Global's assets (tangible and intangible) and complete business operations to a newly formed entity:

Windspeed."[36] As Plaintiff repeatedly alleges in the FAC, such purported "fraudulent transfer" was

completed in October 2018.[37] Moreover, Plaintiff expressly alleges that the Baymark Defendants

used ACET Global, LLC's bankruptcy to "*complet[e]* their fraudulent scheme."[38] Despite these

allegations of a "scheme" that has been "complet[ed]," Plaintiff makes the entirely conclusory

allegations that "the defendants have continued to engage in racketeering activities" and that such

"continued activities will harm additional victims."[39]

The Fifth Circuit, along with District Courts within the Fifth Circuit, have consistently

concluded that when alleged RICO predicate acts "are part and parcel of a single, otherwise lawful

---

[34]The FAC makes the following conclusory allegation about the "relationship" among the various "predicate acts" it alleges: "The racketeering activities are related to each other. Indeed, they were critical pieces of the overall fraud." FAC ¶ 365. Plaintiff's failure to plead the various "predicate acts" referenced in the FAC is discussed below in subpart II(B).

[35]FAC ¶ 6.

[36]FAC ¶ 5.

[37]*See, e.g.*, FAC ¶ 10 ("Baymark, Super G, and Szeto, with the direct assistance of Julie A. Smith and Hallett & Perrin, as part of their fraudulent-transfer scheme, caused ACET Global to transfer *all of its assets and operations* to Windspeed in October of 2018.") (emphasis added); *id.* ¶ 176 ("[T]he defendants fraudulently transferred *all of ACET Global's assets and business operations* to Windspeed in late October of 2018.") (emphasis added).

[38]FAC ¶ 260 (emphasis added). The FAC does not explain why the bankruptcy was required to "complete" the "scheme" or what the Baymark Defendants allegedly achieved from this part of the "scheme."

[39]FAC ¶¶ 363, 364. Nowhere in the FAC does Plaintiff offer any facts to suggest that "additional victims" are at risk or who those "additional victims" might be.

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 9**

transaction, a 'pattern of racketeering activity' has not been shown."[40] As stated in the *Nerium SkinCare, Inc. v. Nerium International, LLC* opinion adopted by this Court:

> Courts have uniformly and consistently held that schemes involving a single, narrow purpose and one or few participants directed toward a single victim do not satisfy the RICO requirement of closed or open pattern continuity.[41]

Plaintiff basically describes a "scheme" to cheat Plaintiff and loot a single company—ACET Global.[42] By Plaintiff's own admission, such purported "scheme" achieved its goal, basically over the course of only a few months.[43] Accordingly, there is nothing left for the "scheme" to do, and there can be no continuous "pattern" of racketeering activity related to any such "scheme."

---

[40]*Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996); *see also In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) ("*All* of the alleged predicate acts took place as part of the *Burzynski I* litigation, which has ended.") (emphasis in original); *Alvarez v. Rosas*, Civil Action No. H-18-4646, 2020 WL 2061491, at *6 (S.D. Tex. Apr. 29, 2020) ("The allegations concern one scheme . . . and are inadequate to allege a pattern of racketeering activity."); *GFRS Equip. Leasing Fund II LLC v. Nguyen*, Civil Action No. 3:18-CV-2250-L, 2019 WL 3530421, at *4 (N.D. Tex. Aug. 1, 2019) ("The Amended Complaint does not contain any allegations that support a reasonable inference of long-term criminal conduct. For example, GFRS does not identify any other entities that have fallen victim to a similar fraudulent scheme . . . ."); *Poe v. Bock*, EP-17-CV-00232-DCG, 2018 WL 4275839, at *4 (W.D. Tex. Sept. 7, 2018) ("Plaintiffs allege a narrow scheme . . . to wrest away the Poe family business with five alleged conspirators and Richard being the only victim. Such a scheme does not satisfy the RICO requirement of closed- or open-pattern continuity."); *Orthoflex, Inc. v. ThermoTek, Inc.*, Civil Action Nos. 3:11-CV-0870-D, 3:10-CV-2618-D, 2012 WL 2864510, at *4 (N.D. Tex. Jul. 12, 2012) ("ThermoTek is the only alleged victim . . . ."); *Alpert v. Riley*, Civil Action No. H-04-3774, 2011 WL 564031, at *9 (S.D. Tex. Feb. 8, 2011) ("The plaintiffs assert that the scheme had a narrow purpose, to funnel the Alpert Trusts' funds to himself and his business associates. The record demonstrates that the scheme involved a limited number of perpetrators and victims, and had a narrow focus and goal. This does not constitute a pattern under RICO.") (internal alteration, citation, and quotation marks omitted); *Walker v. Allianz Life Ins. Co. of N. Am.*, No. 3-08-CV-2051-M, 2009 WL 1883418, at *5 (N.D. Tex. Jun. 30, 2009) (finding the plaintiff had failed to satisfy the "continuity" prong of the RICO statute when he complained of a "scheme" that was "inherently finite").

[41]Civil Action No. 3:16-CV-1217-B, 2018 WL 2323243, at *10 (N.D. Tex. Mar. 26, 2018), *report and recommendation adopted*, 2018 WL 2323471 (N.D. Tex. May 2, 2018); *see also id.* ("The RICO statute was never intended to allow plaintiff's to turn garden-variety state law fraud claims into federal RICO actions. Yet that is precisely what NSC attempts to do here. The RICO claim should be dismissed.") (internal alterations, citations, and quotation marks omitted).

[42]*See, e.g.*, FAC ¶¶ 6, 10, 176, 293. The Baymark Defendants vehemently disagree with Plaintiff's characterization of what happened with ACET Global. However, they recognize that the Court must accept Plaintiff's *well pleaded* factual allegations as true at the motion to dismiss stage. *See, e.g.*, *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *2 (N.D. Tex. Oct. 17, 2013).

[43]*See* FAC ¶ 7.

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 10**

The First Circuit considered allegations similar to those in the FAC, and it found no RICO "pattern" in *Efron v. Embassy Suites (Puerto Rico), Inc.*[44] In that case, the plaintiff alleged "that several of his partners intentionally caused the project to experience financial difficulties in a scheme to extract additional money from him . . . and, ultimately, to squeeze down the value of [his] substantial interest in the partnership."[45] The First Circuit concluded:

> Almost by definition, the alleged fraud *had a limited life expectancy*. The scheme's objective . . . was to squeeze appellant and two co-partners out of the partnership early in its existence
> . . . .
> Taken together, the acts as alleged comprise a single effort, over a finite period of time, to wrest control of a particular partnership from a limited number of its partners. *This cannot be a RICO violation*.[46]

An Eastern District of New York case, *Ritter v. Klisivitch*, is also instructive.[47] There, the court considered RICO claims involving alleged fraudulent transfers.[48] The court characterized the allegations as "involving a single scheme of narrow scope, *viz.*, the frustration of Plaintiff's collections efforts, including one victim, and a limited number of related participants."[49] The court further concluded that the "scheme" alleged was "inherently terminable" as "*there [was] nothing left to loot*."[50]

---

[44] 223 F.3d 12 (1st Cir. 2000).

[45] *Id.* at 13; *compare* FAC ¶ 90.

[46] *Id* at 19-20, 21 (emphasis added).

[47] No. 06-CV-5511 (DRH)(WDW), 2008 WL 2967627 (E.D.N.Y. Jul. 30, 2008).

[48] *Id.* at *11.

[49] *Id.*

[50] *See id.* at *12 (emphasis added); *see also GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 466 (2d Cir. 1995) ("Even if we assume that defendant's scheme was designed to deprive TFG of its assets, it is clear that the scheme was *inherently* terminable. It defies logic to suggest that a threat of continued looting activity exists when, as plaintiff admits, there is nothing left to loot.") (emphasis in original); *Eastern Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 13 (D.D.C. 2014) ("[T]aking all of the plaintiff's assertions as true, the plaintiff has only alleged that the defendants engaged in acts designed to obtain control of the Property from the plaintiff at a low price, regardless of the amount of time over which those acts were committed. Thus, the plaintiff has failed to plead a 'pattern

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 11**

Plaintiff's allegations demand a similar conclusion in this case. Plaintiff does not claim that ACET Global has any assets left, and it is the absence of assets in ACET Global that is the cause of Plaintiff's purported injury.[51] To the extent there was ever any "scheme" (which the Baymark Defendants strenuously deny), it has come to its logical and undeniable end. Thus, there can be no continuity and no "pattern" as required before there can be any claim under RICO.[52]

## B.    Predicate Acts

1.    *18 U.S.C. § 1503 (obstruction of justice).*—In its Complaint, Plaintiff identifies the predicate act of "obstruction of justice" under 18 U.S.C. § 1503 as supporting its claims under RICO.[53] Plaintiff's reliance on section 1503 is entirely misplaced. "To constitute an offense under this statute, the act must relate to a proceeding in a federal court of the United States."[54] Nowhere

---

of racketeering activity.'"), *aff'd*, 629 F. App'x 1 (D.C. Cir. 2015); *Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 410 (E.D.N.Y. 2013) ("However, duration alone is not dispositive, especially in a case where the alleged illegal plan was directed at a single goal and the plan has terminated.").

[51]*See* FAC ¶¶ 323, 337 (both stating: "Specifically, the Defendants' violations of these statutes resulted in the failure to pay millions of dollars owed to Plaintiff.").

[52]The "enterprise" element also includes a "continuity" component. *See, e.g.*, *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) ("An enterprise that briefly flourished and faded will not suffice.") (internal quotation marks omitted). Because Plaintiff fails to plead the continuity required for a "pattern," it has also failed to plead the continuity required for any "association-in-fact enterprise." Other deficiencies in Plaintiff's attempt to plead an "enterprise" are more fully addressed in the other Defendants' briefs.

[53]FAC ¶ 360.

[54]*O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990); *see also Bhardwaj v. Pathak*, 668 F. App'x 763, 765 (9th Cir. 2016) (citing *O'Malley* and recognizing that "obstruction of justice under 18 U.S.C. § 1503 [is] limited to interference with federal court proceedings"); *United States v. Richardson*, 676 F.3d 491, 501-02 (5th Cir. 2012) ("Section 1503 was enacted to protect individuals involved in federal judicial proceedings . . . ."); *Spencer v. Doran*, Civil No. 18-cv-1191-LM, 2020 WL 4904826, at *11 (D.N.H. Aug. 20, 2020) ("[T]he . . . complaint does not set forth any allegedly obstructive act related to a proceeding in a federal court of the United States. Instead, most of the state defendants' purportedly obstructive acts occurred in state administrative proceedings or investigations. . . . Thus, the second amended complaint fails to allege that any of the state defendants engaged in any conduct that would constitute a violation of § 1503.") (internal citations and quotation marks omitted), *appeal dism'd*, 2021 WL 1732266 (1st Cir. 2021); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 321 (E.D.N.Y. 2001) ("However, none of Costello's allegations relate to proceedings in a federal court as required by 18 U.S.C. §§ 1503, §§ 1961(1). Thus, Costello's allegations are insufficient to establish the predicate act of obstruction of justice.").

BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 12

in the FAC does Plaintiff identify any *federal* proceeding. Instead, Plaintiff only points to actions taken in a related state-court case.[55]

In addition, the Fifth Circuit has rejected the use of "bad faith litigation tactics" to support a claim under RICO.[56] In *Snow Ingredients, Inc. v. SnoWizard, Inc.*, the Fifth Circuit recognized both that "prosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system" and that "allowing such charges would arguably turn many state-law actions for malicious prosecution into federal RICO actions."[57] Ultimately, the court concluded that the alleged "obstructive acts" were "not criminal conduct" and could not "act as a predicate offense for a civil-RICO claim."[58] For these reasons, the FAC fails to state any claim under RICO based on a predicate act violating section 1503.[59]

> 2.    *18 U.S.C. §§ 1956, 1957 (money laundering)*.—The FAC also asserts that purported

violations of 18 U.S.C. § 1956 and 18 U.S.C. § 1957 serve as predicate acts to support Plaintiff's claims under RICO.[60] However, the FAC makes no attempt to explain how the Baymark Defendants (or any Defendants) violated either of these statutes.[61] To allege "money laundering" under section 1956, Plaintiff must plead facts to suggest that the Baymark Defendants "engaged in transactions

---

[55]*See, e.g.*, FAC ¶¶ 98, 132, 237.

[56]*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 524-25 (5th Cir. 2016).

[57]*Id.* at 525.

[58]*Id.* Plaintiff makes the wholly conclusory allegation that "Defendants" "solicit[ed] perjury," made "threats," used "force," and used "threatening letter[s] or communication[s]." FAC ¶ 360. Plaintiff pleads no facts that would even suggest that any of the Defendants took any such "obstructionist" acts.

[59]Without the ability to rely on the alleged "predicate acts" of "obstruction of justice," Plaintiff cannot claim that any "pattern" of racketeering activity "continu[es] to the present." *See* FAC ¶¶ 321, 335.

[60]*See* FAC ¶¶ 319, 333.

[61]Plaintiff's voluminous "shotgun pleading" makes it impossible to discern what "facts" Plaintiff claims could possibly suggest violations of either of these statutes. *See, e.g.*, *Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018).

using proceeds that [they] know[] arose from a specified unlawful activity."[62] The FAC identifies no "transactions" and no "proceeds." Moreover, the FAC fails to explain from what "specified unlawful activity" any unidentified "proceeds" arose.[63] Plaintiff simply sets forth a "formulaic recitation" of the elements required for a charge of "money laundering."[64] This "will not do."[65]

Section 1956 also contains two subparts, one involving "the intent to promote the carrying on of specified unlawful activity"[66] and one involving transactions designed "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."[67] Once again, Plaintiff merely repeats this language from the statute without pleading any facts to support its conclusory allegations.[68] This is insufficient to state a claim.[69]

Plaintiff similarly fails to allege facts to support any violation of section 1957. This statute seeks to punish those who "knowingly engage[] or attempt[] to engage in a monetary transaction in

---

[62]*Arencibia v. AGA Serv. Co.*, Civil Action No. 4:20-cv-00819-O, 2020 WL 10056799, at *8 (N.D. Tex. Nov. 13, 2020).

[63]Plaintiff's only attempt to allege "specified unlawful activity" appears in Paragraph 362 of the FAC. In that Paragraph, Plaintiff alleges that "[t]he violations set forth in the immediately preceding paragraph constitute a 'specified unlawful activity' under 18 U.S.C. § 1956." However, "the immediately preceding paragraph" only discusses purported violations of 18 U.S.C. § 152. FAC ¶ 361. Nowhere in the FAC does Plaintiff provide any explanation as to how "proceeds" could have been generated as a result of the Baymark Defendants' purported *bankruptcy fraud* under section 152.

[64]*See* FAC ¶ 362.

[65]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[66]18 U.S.C § 1956(a)(1)(A).

[67]18 U.S.C § 1956(a)(1)(B).

[68]*See* FAC ¶ 362.

[69]For example, the Fifth Circuit has recognized that "[t]he crime of money laundering promotion is aimed not at maintaining the legitimate aspects of a business nor at proscribing all expenditures of ill-gotten gains, but only at transactions which funnel ill-gotten gains *directly back into the criminal venture*." *United States v. Miles*, 360 F.3d 472, 479 (5th Cir. 2004) (emphasis added). The FAC provides no facts to meet this requirement.

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 14**

criminally derived property of a value greater than $10,000."[70] The FAC does nothing more than parrot some of this statutory language.[71] Such wholly conclusory allegations will not suffice.[72]

In addition to the above-stated reasons, Plaintiff's RICO claims premised on predicate acts of "money laundering" also fail because Plaintiff has not pleaded any facts to suggest how Plaintiff was actually injured by any alleged "money laundering."[73]

3.    *18 U.S.C. §§ 152, 157 (bankruptcy fraud).*—Plaintiff also identifies purported violations of 18 U.S.C. §§ 152 and 157 as predicate acts to support its RICO claims.[74] Plaintiff's reliance on these statutes is also misplaced. First, section 157 is expressly excluded from the list of statutory violations that can be "racketeering activity."[75] Thus, violations of this section cannot serve as RICO predicate acts. Second,  for there to be a violation of section 152, the challenged statement must concern "a material fact."[76] The FAC purports to identify numerous "false" statements made in connection with ACET Global, LLC's bankruptcy filing.[77] However, with respect to most of these

---

[70]18 U.S.C § 1957(a).

[71]*See, e.g.*, FAC ¶¶ 319, 333.

[72]*See, e.g.*, *Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L, 2012 WL 1836087, at *2 (N.D. Tex. May 18, 2012).

[73]*See, e.g.*, *Varela v. Gonzales*, Civil Action No. 3:13-CV-12780-B, 2014 WL 1284985, at *3 (N.D. Tex. Mar. 31, 2014) ("[T]o establish RICO standing, Plaintiffs must show some direct relation between the injury asserted and the injurious conduct alleged.") (internal quotation marks omitted), *aff'd*, 773 F.3d 704 (5th Cir. 2014).

[74]FAC ¶ 319.

[75]18 U.S.C. § 1961(1)(D) (listing "any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title)"); *see also Sherman v. Main Event, Inc.*, No. Civ.A. 3:02-CV-1314, 2003 WL 251653, at *5 n.8 (N.D. Tex. Feb. 3, 2003) ("The defendants correctly point out, however, that bankruptcy fraud as defined in 18 U.S.C. § 157 is not a predicate offense under RICO.").

[76]*See, e.g.*, *United States v. Mays*, — F. App'x —, 2021 WL 1567980, at *2 (5th Cir. 2021) (per curiam); *United States v. Spalding*, 894 F.3d 173, 182 (5th Cir. 2018); *United States v. Grant*, 850 F.3d 209, 214 (5th Cir. 2017).

[77]*See* FAC ¶¶ 252-93. As these allegations sound in fraud, Plaintiff is required to plead its allegations about these "false" statements with particularity. This includes pleading why the allegedly "false" statements were false. *See, e.g.*, *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009). For several of the allegedly "false" statements identified in  the "Bankruptcy" section of the FAC, Plaintiff offers no explanation as to what makes such statements "false." *See, e.g.*, FAC ¶¶ 277, 278, 281, 287, 291.

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 15**

supposedly "false" statements, Plaintiff makes no attempt to explain how such statements could be considered "material." In fact, most of the "false" statements Plaintiff identifies have no connection to the supposed "motive" Plaintiff asserts for their inclusion in ACET Global's bankruptcy filing: "to hide the October 2018 transfer of assets to an entity that Baymark and its affiliates owned."[78]

For example, Plaintiff complains "the ACET Global bankruptcy petition list[ed] *Baymark's* address . . . not ACET Global,'s address."[79] However, in "Schedule G: Executory Contracts and Unexpired Leases," included with ACET Global's bankruptcy filing, the address for ACET Global is included.[80] It is unclear how including ACET Global's address, just in a different place in the bankruptcy filing, could serve in any way to "hide the October 2018 transfer of assets." Similarly, Plaintiff accuses Defendant Tony Ludlow of "falsely represent[ing] that he was the president of ACET Global."[81] Plaintiff provides no explanation as to how such "misrepresentation" could further the "goal" of "hid[ing] the October 2018 transfer of assets."

The ACET Global bankruptcy filing actually belies Plaintiff's claim that it was designed to "hide the October 2018 transfer of assets." Part 3 of Form 207 filed in connection with the ACET Global bankruptcy filing requires disclosure of pending legal actions. Listed as number 7.2 in that section is the Plaintiff's state-court action, DC-19-09828, which is specifically described as "[d]ebt collection; *fraudulent transfer*."[82] At the time of the bankruptcy filing, Plaintiff's live

---

[78]FAC ¶ 15.

[79]FAC ¶ 253 (emphasis in original). Plaintiff attached ACET Global, LLC's bankruptcy filing as Exhibit 19 to its Complaint.

[80]FAC, Exhibit 19 at 16 of 29. Considering the amount of rent owed by ACET Global, it is questionable whether the address of its leased space would have been a good address for ACET Global by the time of the bankruptcy filing. Had the Baymark Defendants instead used that address in the bankruptcy filing, Plaintiff would likely accuse them of "fraudulently" using an "old" address that was no longer valid.

[81]*See* FAC ¶ 261.

[82]FAC, Exhibit 19 at 19 of 29 (emphasis added).

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 16**

pleading in the state-court action was its First Amended Petition.[83] In its First Amended Petition, Plaintiff alleges that "the Baymark *parties caused the transfer of substantially all of the assets of ACET Global to Windspeed Trading, LLC*, thereby removing all of the value of ACET Global."[84] Thus, the very thing that Plaintiff accuses the Baymark Defendants of trying to "hide" was, in fact, expressly disclosed, both to the Bankruptcy Trustee and to ACET Global's creditors.[85]

In addition to the above-stated reasons, Plaintiff's RICO claims premised on predicate acts of "bankruptcy fraud" also fail because Plaintiff has not pleaded any facts to suggest how Plaintiff was actually injured by any alleged "bankruptcy fraud."[86]

   4.    *18 U.S.C. §§ 1341, 1343 (mail/wire fraud).*— Plaintiff's claims for RICO mail and wire fraud require Plaintiff to plead facts showing "a scheme to defraud *by means of false or fraudulent representation*."[87] However, the FAC makes no attempt to tie any purported mail or wire "fraud" to any "false or fraudulent representation[s]," much less ones that are pleaded with the

---

[83]A true and correct copy of Plaintiff's First Amended Petition is included in the Baymark Defendants' Appendix in Support of Their Motion to Dismiss Plaintiff's First Amende Complaint ("App."), filed contemporaneously herewith. The Court may take judicial notice of this public record. *See, e.g.*,*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *2 (N.D. Tex. Oct. 17, 2013).

[84]First Amended Petition ¶ 24, App. at 006-007 (emphasis added); *see also id.* ¶ 31, App. at 008; *id.* ¶ 46, App. at 012.

[85]Notably, Plaintiff does not claim to have alerted the Bankruptcy Trustee or the Bankruptcy Court of the "fraudulent transfers" of ACET Global's assets.

[86]*See, e.g.*, *Marriott Bros. v. Gage*, 911 F.2d 1105, 1108 (5th Cir. 1990) ("The causal nexus between the alleged predicate acts and the [plaintiff's] injury must be direct.").

[87]*Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B, 2010 WL 5105925, at *5 (N.D. Tex. Dec. 14, 2010) (emphasis added); *see also United States v. Spalding*, 894 F.3d 173, 181 (5th Cir. 2018) ("For both crimes, showing a scheme to defraud requires proof that Spalding made some kind of a false or fraudulent material misrepresentation.") (internal quotation marks omitted); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993) ("Our guideline for the elements of RICO mail fraud is: 1) a scheme to defraud by means of false or fraudulent representation . . . ."); *LSC Towers, LLC v. LG Preston Campbell, LLC*, Civil Action No. 3:17-CV-00625-M, 2018 WL 1156563, at *2 (N.D. Tex. Mar. 5, 2018) ("In the context of mail or wire fraud, the plaintiff must demonstrate that the predicate acts consisted of making false or fraudulent representations calculated to deceive.").

necessary particularity. Rather, Plaintiff simply asserts that all Defendants "engaged in a scheme to fraudulently transfer assets in violation of the Texas Uniform Fraudulent Transfer Act."[88]

RICO claims based on purported mail or wire fraud must be closely scrutinized.[89] Because Plaintiff has failed to plead facts to support the necessary elements of its claims for mail and wire fraud with the particularity required by Rule 9(b), Plaintiff's RICO claims based on the predicate acts of mail and wire fraud must be dismissed.

### C.   Causation

In addition to Plaintiff's failure to explain how it was (or could have been) injured by various "predicate acts" that it alleges in the FAC, Plaintiff also faces another difficulty in pleading the causation element of its RICO claims. Plaintiff has asserted fraudulent transfer claims, both in this Court and in the state-court action.[90] If Plaintiff were to succeed on such claims, then Plaintiff would not have suffered any "injury" *as a result of* any "predicate acts." The Second Circuit considered a similar situation in *First Capital Asset Management, Inc. v. Satinwood, Inc.*[91] In that case, the court recognized the District Court's conclusion that because the plaintiffs' efforts to recover purportedly fraudulently transferred assets "were continuing," the plaintiffs had "neither alleged nor offered any proof that the collection of the debt had been frustrated as a proximate consequence of any of the

---

[88]FAC ¶ 354 (discussing Plaintiff's allegations of mail fraud); *id.* ¶ 357 (discussing Plaintiff's allegations of wire fraud).

[89]*See Poe v. Bock*, EP-17-CV-00232-DCG, 2018 WL 4275839, at *4 (W.D. Tex. Sept. 7, 2018) (recognizing that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it"); *Alpert v. Riley*, Civil Action No. H-04-3774, 2011 WL 564031, at *7 (S.D. Tex. Feb. 8, 2011) ("Courts however are cautious about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice.") (internal quotation marks omitted).

[90]*See* FAC ¶¶ 367-70; First Amended Petition ¶¶ 45-46, App. at 012.

[91]385 F.3d 159 (2d Cir. 2004).

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 18**

Defendants' alleged predicate acts."[92] Thus, causation was missing and the plaintiffs "lacked

standing to pursue a RICO claim for Lost Debt injuries."[93]

### D.      18 U.S.C. § 1962(a)

Section 1962(a) of RICO is specifically directed at those who 1) have received "income

derived, directly or indirectly, from a pattern of racketeering activity" *and* 2) have "use[d] or

invest[ed], directly or indirectly, any part of such income, or the proceeds of such income" in

connection with an enterprise.[94] "[I]njuries due to predicate acts cannot form the basis of an

investment injury for the purposes of § 1962(a)."[95] Instead, "for a viable § 1962(a) claim, any injury

must flow *from the use or investment of racketeering income*."[96]

Plaintiff makes only the most conclusory allegations regarding its purported claim under

section 1962(a): "The Defendants, either directly or indirectly received income from the pattern of

racketeering activity through the fraudulent transfer (avoiding amounts payable to Plaintiff), and the

proceeds were reinvested back into the enterprise."[97] The FAC pleads no specific facts regarding any

---

[92]*Id.* at 169.

[93]*Id.*; *see also HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 339-40 (5th Cir. 2021) (agreeing with the Second Circuit's approach to RICO causation and "lost debt" damages, which includes the conclusion that "a claim will only accrue when the damages . . . become definite") (internal quotation marks omitted) (discussing *Bankers Trust Co. v. Rhodes*, 859 F.2d 1096 (2d Cir. 1988)).

[94]18 U.S.C. § 1962(a).

[95]*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 443 (5th Cir. 2000); *see also Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) ("[I]njuries resulting from predicate acts of 'racketeering activity' themselves cannot form the basis of an investment injury for purposes of § 1962(a).").

[96]*St. Paul Mercury Ins.*, 224 F.3d at 441 (emphasis added); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992) ("Parker & Parsley's injury does not stem from the *investment* of the income from racketeering activity; therefore, it has pleaded no cause of action under section 1962(a).") (emphasis in original); *Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B, 2010 WL 5105925, at *6 (N.D. Tex. Dec. 14, 2010) ("There are no well-pleaded facts to support that Plaintiffs have suffered an investment injury, as opposed to any injury arising from the predicate acts.").

[97]FAC ¶ 330.

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 19**

"income" received by *any* of the Defendants, nor does it plead any specific facts regarding how any such "income" was "reinvested" into the enterprise.[98] Moreover, Plaintiff pleads no facts to suggest that it was in any way "injured" by the use or investment of racketeering income. Instead, it is clear from the FAC that the *only* injury it is claiming was complete once ACET Global had no assets left.[99]

The Court should dismiss Plaintiff's section 1962(a) claim for this reason as well as those generally applicable to all of Plaintiff's RICO claims.

### E.      Plaintiff's Ability to Replead

The Baymark Defendants are mindful that this Court generally allows a plaintiff to replead after it grants a dismissal under Rules 12(b)(6) and 9(b).[100] However, in this case, Plaintiff has already amended its pleading. More importantly, no new (or more clearly pleaded) facts can change the "inherently terminable" nature of the "scheme" that Plaintiff has alleged.[101] Thus, any attempt by Plaintiff to amend its RICO claims again would necessarily be futile.[102] However, to the extent that the Court does give Plaintiff yet another opportunity to plead its RICO claims in an attempt to avoid dismissal, the Baymark Defendants request that the Court also require Plaintiff to submit a RICO case statement. The Fifth Circuit has characterized RICO case statements as "a useful,

---

[98] It is not clear against which Defendants Plaintiff is actually asserting its section 1962(a) claim. Plaintiff first lists "Baymark Partners, Ludlow, Hook, Denegre, Super G Capital, SG Credit Partners, Baymark Partners Management, Julie A. Smith, [and] Hallett & Perrin" under the heading "Count II: Violations of 18 U.S.C. § 1962(a) (Civil RICO)." FAC at 145. However, Plaintiff then asserts that "[a]ll Defendants violated 18 U.S.C. § 1962(a)." FAC ¶ 326; *see also id.* ¶¶ 329, 330, 333, 334, 336, 337 (referring to "Defendants").

[99] *See, e.g.*, FAC ¶¶ 323, 337.

[100] *See, e.g.*, *Varela v. Gonzales*, Civil Action no. 3:13-CV-1278-B, 2013 WL 5658606, at *13 (N.D. Tex. Oct. 17, 2013) ("The Court will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile.").

[101] *See supra* subpart II(A).

[102] *Poe v. Bock*, EP-17-CV-00232-DCG, 2018 WL 4275839, at *5 (W.D. Tex. Sept. 7, 2018) (refusing to allow the plaintiff to amend based on futility because "[w]ith respect to the continuity requirement, it is the facts of the case that are deficient").

**BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 20**

*sometimes indispensable*, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute."[103]

## III. Plaintiff's State Law Claims

In the Fifth Circuit, the "general rule" is to dismiss pendent state claims upon the dismissal of federal claims.[104] Thus, because Plaintiff has wholly failed to plead any viable claims under RICO, the Court can simply dismiss the FAC in its entirety. Nevertheless, the Baymark Defendants address below how Plaintiff has also failed to state its various claims under Texas law.[105]

### A. Common-Law Fraud (Count IV)

*1. Plaintiff has not pleaded its common-law fraud claim with the particularity required by Rule 9(b).*—Despite Plaintiff's repeated generic references to "fraud" throughout the FAC, Plaintiff makes almost no attempt to identify any alleged "misrepresentations" with particularity.[106] The only alleged "misrepresentation" even halfway identified is found in Paragraph 67 of the FAC:

> Hook and Ludlow, as the principals for Baymark, ensured *[sic]* Damti that he would be the CEO of ACET Global and that he would maintain managerial authority and discretion. Damti's presence as CEO would, given his knowledge of the business, operations, and industry, safeguard Plaintiff's interest in the transaction and was a substantial inducement to enter into the transaction.

---

[103]*Marriott Bros. v. Gage*, 911 F.2d 1105, 1107 (5th Cir. 1990) (emphasis added); *see also id.* at 1109-11 (including as an Appendix what is to be included in a RICO case statement).

[104]*See, e.g.*, *Drake v. Costume Armour, Inc.*, 736 F. App'x 505, 506 (5th Cir. 2018) (per curiam) ("But here there are no good reasons for retaining the state law claims in this federal suit."); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 590 (5th Cir. 1992) (concluding that "the district court . . . abused its discretion in retaining jurisdiction over the state law claims after it had dismissed the federal RICO claims.").

[105]Plaintiff's state law claims are also addressed in various detail in the other Defendants' briefs.

[106]*See, e.g.*, FAC ¶¶ 3, 15, 98, 118, 132, 133, 141, 176, 183, 193, 197, 225, 235, 239, 260, 262, 266, 294, 295, 303.

Notably, Plaintiff does not state where or when such supposed "misrepresentation" took place. Moreover, the FAC fails to identify any other "misrepresentation" with the particularity required by Rule 9(b). Accordingly, Plaintiff's common-law fraud claim must be dismissed for failure to plead fraud with the required particularity.

2. *As a matter of law, Plaintiff cannot have relied on the one "misrepresentation" it partially identifies because such "misrepresentation" is contradicted by the parties' contract.*—Although Plaintiff's "fraud" claim is less than clear because of Plaintiff's failure to plead any "fraud" with particularity, and because of Plaintiff's "shotgun" pleading style, Plaintiff appears to be claiming that it was fraudulently induced into entering into the APA.[107] One of the necessary elements of a claim for fraudulent inducement is a plaintiff's "action or inaction taken in justifiable reliance upon" a "false representation of material fact."[108] However, there can be no justifiable reliance when an alleged "misrepresentation" is contrary to the parties' written agreement.[109]

In this case, the APA itself makes clear that Plaintiff could not rely on any purported representation that Tomer Damti would get to remain as CEO of ACET Global for any particular period of time. Plaintiff includes a copy of the APA as Exhibit 23 to the FAC, but that copy is incomplete. It does not include several of the exhibits to the APA, most importantly Exhibit H, the

---

[107]*See* FAC ¶ 67.

[108]*Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D, 2019 WL 3552432, at *8 (N.D. Tex. Aug. 5, 2019).

[109]*See, e.g., Wyrick v. Business Bank of Tex., N.A.*, 577 S.W.3d 336, 348 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Tristar Investors, Inc. v. American Tower Corp.*, No. 3:12-CV-0499-M, 2014 WL 1327663, at *15 (N.D. Tex. Apr. 3, 2014) ("[P]ersons, such as landlords, may not justifiably rely on statements made in negotiations that are contrary to the written terms of a contract.").

Employment Agreement between ACET Global, LLC and Tomer Damti.[110] The Court may consider the *complete* APA, even though Plaintiff did not attach it to the FAC.[111]

As relevant to Plaintiff's "fraud" claim, the Employment Agreement expressly provides that "[e]ither Party may terminate this Agreement for any reason" simply by "giving the other Party thirty (30) days' prior written notice of its intent to terminate."[112] The Employment Agreement further provides that "[n]o prior or subsequent promises, representations, or understandings relative to any terms or conditions of employment are to be considered as part of this Agreement or as binding unless expressed in writing signed by the Parties."[113] Thus, Plaintiff knew that Tomer Damti had no guarantee of continued employment with ACET Global, and to the extent anyone told Plaintiff something different, Plaintiff could not rely on such representation. For this reason as well, Plaintiff's fraud claim must be dismissed.

## B.     Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty (Counts V, VI)

As an initial matter, the FAC specifically names seven Defendants under its claim for breach of fiduciary duty, but then asserts its claim for "aiding and abetting" breach of fiduciary duty against

---

[110]*See* FAC Exh. 23, APA at 5, 9, 36, 39, and 40 of 51 (referencing the Employment Agreement and the fact that it is Exhibit H to the APA).

[111]*See In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450, at *6 n.21 (N.D. Tex. Oct. 27, 2014) (noting that the Court was "entitled" to consider the "full contents" of documents referenced in the complaint).

[112]Employment Agreement ¶ 8(b), App. at 020.

[113]Employment Agreement ¶ 17, App. at 023; *see also* FAC Exh. 12, Secured Promissory Note § 16 ("This Note, the Security Agreement, and the Asset Purchase Agreement constitute the full and entire agreement and understanding of the parties . . . . *No party shall be liable for or bound in any other manner by any representations, warranties, covenants or agreements except as specifically set forth in this Note and the Asset Purchase Agreement*.") (emphasis added).

BAYMARK DEFENDANTS' MOTION TO DISMISS FAC AND BRIEF IN SUPPORT— Page 23

all Defendants.[114] This would appear to suggest that Plaintiff is attempting to sue some Defendants for "aiding and abetting" themselves. Clearly, this makes no sense.

In addition, Plaintiff's "shotgun pleading" makes it impossible to determine what specific conduct by what specific Defendant serves as the basis for either Plaintiff's breach of fiduciary duty or its aiding and abetting claims. For example, to support any aiding and abetting claim, Plaintiff must plead *facts* that would show both that a particular Defendant "had an unlawful intent" and that such Defendant "substantially assisted and encouraged the wrongdoer in the wrongdoer's tortious act."[115] The FAC includes no such facts. The Court should dismiss these claims as well.

### C.   Texas Uniform Fraudulent Transfer Act (Count VII)

Plaintiff purports to assert its TUFTA claim against all Defendants.[116] However, TUFTA only provides for recovery against the transferee of the assets or the person for whose benefit the transfer was made.[117] Plaintiff does not plead facts that would identify any of the Baymark Defendants as the transferee of any of ACET Global's assets, nor does Plaintiff explain how any "transfer" of ACET Global's assets was done to "benefit" any of the Baymark Defendants.[118] Accordingly,

---

[114]*See* FAC at 151 (asserting Count V against Ludlow, Szeto, Hook, Denegre, Baymark ACET Holdco, Hallett & Perrin, and Julie A. Smith); *id.* at 153 (asserting Count VI against "All Defendants").

[115]*Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659, at *7 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.).

[116]FAC ¶¶ 377-80.

[117]Tex. Bus. & Comm. Code § 24.009.

[118]Plaintiff seems to be relying on the fact that Baymark Partners Management, LLC has a warrant that would allow it to become an owner of Defendant Windspeed. *See, e.g.*, FAC ¶¶ 8, 162, 249. However, not only does Plaintiff fail to allege that Baymark Partners Management, LLC has actually *exercised* its warrant, but Plaintiff also incorrectly characterizes the rights under the warrant as "perpetual." *See* FAC ¶ 164. In fact, the warrant has an expiration date of October 18, 2023. *See* FAC Exh. 15, Warrant Purchase Agreement between Windspeed Trading, LLC and Baymark Partners Management, LLC at 1 of 15 (identifying October 18, 2023 as the "Expiration Date").

Plaintiff has failed to state a claim against the Baymark Defendants under TUFTA, and the Court should dismiss this claim.

### D.       Civil Conspiracy (Count VIII)

It is unclear what Plaintiff claims the Defendants, including the Baymark Defendants, "conspired" to do. However, any claim for conspiracy necessarily relies on the underlying torts alleged by Plaintiff. Thus, the pleading defects in Plaintiff's state law claims necessarily impact Plaintiff's conspiracy claims as well. For example, to the extent Plaintiff is claiming a "conspiracy" to commit "fraud," Plaintiff must meet the particularity requirements of Rule 9(b).[119] For all the reasons set forth above, as well as in the other Defendants' briefs, Plaintiff's claim for civil conspiracy must be dismissed along with its other claims.

### PRAYER

WHEREFORE, Defendants Baymark Partners Management, LLC; Baymark ACET Direct Invest, LLC; Baymark Partners; David Hook; Tony Ludlow; and Matthew Denegre respectfully request that the Court grant their Motion to Dismiss Plaintiff's First Complaint and dismiss all of Plaintiff's claims asserted therein, as well as for such other and further relief to which they may be justly entitled.

---

[119] *See, e.g.*, *Chau v. Aviva Life & Annuity Co.*, Civil Action no. 3:09-CV-2305-B, 2011 WL 1990446, at *10 (N.D. Tex. May 20, 2011) (dismissing a civil conspiracy claim for failure to comply with Rule 9(b)).

Respectfully submitted,


*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.
State Bar No. 15796700
Jennifer R. Poe
State Bar No. 00794470
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS
BAYMARK PARTNERS MANAGEMENT, LLC;
BAYMARK ACET HOLDCO, LLC;
BAYMARK ACET DIRECT INVEST, LLC;
BAYMARK PARTNERS; DAVID HOOK;
TONY LUDLOW; AND MATTHEW DENEGRE**

## <u>CERTIFICATE OF SERVICE</u>

On November 3, 2021, I electronically submitted the foregoing document with the Clerk of the  Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.