UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET Global, LLC,<br><br>**Plaintiffs,**<br><br>v.<br><br>BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; et al.,<br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL CAUSE NO. 3:21-cv-01171-B |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
BRIEF IN EXCESS OF TWENTY-FIVE PAGES**

**COMES NOW** Plaintiffs, D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC), directly and derivatively on behalf of ACET Global, LLC and Baymark ACET Holdco, LLC, and ACET Global, LLC (together, the "Plaintiffs"), in the above-styled and numbered case, by and through their attorney of record, and file this Motion for Leave to File a Brief in Excess of Twenty-Five Pages in response to the Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (the "Motion"). In support thereof, Plaintiffs would respectfully show the Court as follows:

1. Pursuant to Local Rule 7.2(c), Plaintiffs' response to the Baymark Defendants' Motion is not to exceed twenty-five pages, unless leave of court is granted to file a longer brief.

2. Plaintiffs have alleged RICO violations by the Baymark Defendants under 18 U.S.C. § 1962(a), (c), and (d). In addition, Plaintiffs have alleged state causes of action against the Baymark Defendants, including common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duties, Texas Uniform Fraudulent Transfer Act, and civil conspiracy. Finally, Plaintiffs have alleged respondeat superior and/or agency liability against each of the named entities and their respective agents, partners, and/or employees.

3. The Motion seeks to dismiss Plaintiffs' claims under Rules 12(b)(6), 9(b), and 8 of the Federal Rules of Civil Procedure, including multiple causes of action and raising multiple sub-arguments.

4. Plaintiffs have worked hard to condense their response. However, in order to sufficiently address all of the issues raised in the Motion and to provide the response to each specific argument with full context, Plaintiffs require additional pages to properly respond. In particular, the Baymark Defendants' Motion has purported to incorporate by adoption arguments from each of the other Defendants' briefs—sometimes in a global manner, at other times with respect to specific arguments. If given effect, the strategy would result in the Baymark Defendants' brief totaling well over 100 pages. Plaintiffs maintain that the multiple purported "incorporations by reference" are not proper and violate the Court's rules, but even if the "incorporations by reference" are ruled ineffective, the reality is that those violations have forced Plaintiffs to brief some matters that are extrinsic to the 27-page brief that the Baymark Defendants actually filed (which, of course, already exceeded the Court's limits). Plaintiffs are addressing each of the Defendants' seven (7) Motions to Dismiss, which each incorporate a labyrinth of references to the other Motions to Dismiss in an attempt to incorporate all arguments made by other Defendants and, thereby, circumvent the twenty-five-page limitation.

5.	Accordingly, Plaintiffs hereby request leave to file its Brief in Excess of Twenty-Five Pages in response to the Motion.

WHEREFORE, Plaintiffs request the entry of an order granting this motion for leave to file a response in excess of the page limit and request that the Court grant Plaintiffs all other relief, at law or in equity, to which they may show themselves justly entitled.

Dated:  December 23, 2021	Respectfully submitted,

By:  /s/ Jason B. Freeman
      Jason B. Freeman
      Texas Bar No. 24069736

**FREEMAN LAW, PLLC**
7011 Main Street
Frisco, Texas 75034
Tel:  214.984.3410
Fax: 214.984.3409
Jason@freemanlaw.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

On December 23, 2021, I filed the foregoing document with the clerk o court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

By:  /s/ Jason B. Freeman
      Jason B. Freeman

### CERTIFICATE OF CONFERENCE

I certify that on December 23, 2021, I attempted to confer with opposing counsel regarding this Motion.  However, given the holidays, opposing counsel did not respond to my attempts to confer. Accordingly, I assume opposing counsel is opposed to this Motion.

By:  /s/ Jason B. Freeman
      Jason B. Freeman