UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET Global, LLC<br><br>**Plaintiffs,**<br><br>v.<br><br>BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; et. al.<br>**Defendants.** | CIVIL CAUSE NO. 3:21-cv-01171-B |

**Plaintiffs' Motion for Entry of Default and**
**for Default Judgment Against Defendant Baymark Partners, LP**

Plaintiffs, D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC), directly and derivatively on behalf of ACET Global, LLC and Baymark ACET Holdco, LLC) (D&T), and ACET Global, LLC (together, the "Plaintiffs") in the above-styled and numbered case, by and through its attorney of record, pursuant to Federal Rule of Civil Procedure 55, hereby file this Motion for Default and for Default Judgment against Defendant Baymark Partners, LP, and in support thereof would show unto the Court as follows:

**Factual Background**

1. D&T filed its Original Complaint on May 21, 2021.

2. On September 30, 2021, Plaintiffs filed their First Amended Complaint in the above-styled case.

3. The Summons to Baymark Partners, LP was issued on October 8, 2021 for service of process. *See* **Exhibit A** attached hereto.

4. Upon research of the records of the Texas Secretary of State ("Secretary of State"), it was determined that Baymark Partners, LP's registration with the Secretary of State had been revoked. Further, Baymark Partners, LP has failed to appoint or maintain a registered agent in the State of Texas.

5. Since Baymark Partners, LP has failed to appoint or maintain a registered agent in the State of Texas, the Secretary of State is an agent of an entity for purposes of service of process, notice, or demand.

6. On October 8, 2021, Plaintiffs served, via Federal Express, the Secretary of State with a two copies of the Summons to Baymark Partners, LP; two copies of Plaintiffs' First Amended Complaint, with exhibits; and the required fee for service of process.

7. The service of process documentation was received by the Secretary of State on October 11, 2021. *See* **Exhibit B** attached hereto. On October 19, 2021, the above-listed documents were forwarded via certified mail, tracking number 71901046470101351116, to the last known address in the records of the Secretary of State for Baymark Partners, LP. *Id.* The certified envelope was sent out for delivery by the United States Postal Service on October 22, 2021 with no success and made available for pickup at the designated United States Post Office. *See* **Exhibit C** attached hereto. As of the date of this filing, Baymark Partners, LP has not picked up the certified envelope with the Summons and First Amended Complaint. *See* **Exhibits B** and **C** attached hereto.

8. With the Secretary of State, as the agent for service of process receiving the Summons and Plaintiffs' First Amended Complaint on October 11, 2021 and forwarding the documents to

Baymark Partners, LP on October 19, it was properly served. *See* **Exhibit B** attached hereto. Baymark Partners, LP had 60-days to retrieve the envelope from the United States Postal Service and also to file a responsive pleading to the First Amended Complaint or until December 20, 2021, since December 18, 2021 was a Saturday.

9. To date, Baymark Partners, LP has not filed a responsive pleading, appeared, or otherwise defended the claims against it. Therefore, Plaintiffs are entitled to entry of default and default judgment against Baymark Partners, LP.

## ARGUMENT AND AUTHORITIES

10. Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in its favor. *Id.; NY. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). Entry of a default on the docket is the first step. *Id.* Once an entry of a default on the docket is made, a party may then apply to the court for a default judgment. *Id.*

11. An entry of default must be entered because Baymark Partners did not file a responsive pleading within 60-days after October 19, 2021, the date that the Secretary of Stated forwarded for service the Summons and Plaintiffs' First Amended Complaint.

12. Additionally, an entry of default must be entered because Baymark Partners, LP has not otherwise defended the lawsuit. Baymark Partners, LP has not taken any action or filed any document indicating its intent to defend the claims filed against it. Further, Plaintiffs' counsel has not been contacted by anyone on behalf of Baymark Partners, LP.

13. Therefore, entry of a default is required by the Federal Rules of Civil Procedure. Further, entry of a default judgment against Baymark Partners, LP is also proper. Baymark Partners, LP is an entity and neither a minor, nor an incompetent person.

14. A copy of this motion has been mailed to the last known address of Baymark Partners, LP at 13455 Noel Road, Suite 1670, Dallas, TX 75240.

15. Plaintiffs are entitled to default judgment against Baymark Partners, LP. After the Clerk enters a default, a plaintiff "must apply to the court for a default judgment" when its claim is not for a "sum certain." FED. R. CIV. P. 55(b)(2). At that point, "the plaintiff's well pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

16. By virtue of Baymark Partners, LP's default, it has admitted the allegations in the Complaint. *See In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability."); *EMI April Music, Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 623 (N.D. Tex. 2008) ("By virtue of their default, Defendants have admitted that the factual allegations in the Complaint are true."). Plaintiffs must show that (1) default has been entered; (2) Baymark Partners, LP is not a minor or incompetent person; (3) Baymark Partners, LP is not in military service; and (4) Baymark Partners, LP was provided with notice of the motion for default judgment. Fed. R. Civ. P. 55(b). Each of these requirements is satisfied here.

WHEREFORE, Plaintiffs respectfully request this Court grant Plaintiffs' Motion for Entry of Default and for Default Judgment Against Defendant Baymark Partners, LP, along with any such other and further relief to which Plaintiffs may be justly entitled.

Dated: January 5, 2022.

Respectfully Submitted,

By: */s/ Jason B. Freeman*
    Jason B. Freeman
    TX Bar No. 24069736

**FREEMAN LAW, PLLC**
7011 Main Street
Frisco, Texas 75034
Telephone: 214.984.3410
Fax: 214.984.3409
Jason@freemanlaw.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of January, 2022, I filed the foregoing pleading via the Court's CM/ECF system, which will send electronic notice to all counsel of record.

I further hereby certify that on the 5th day of January, 2022, a copy of the foregoing has been mailed, via regular and certified mail, to the last known address of Baymark Partners, LP, 13455 Noel Road, Suite 1670, Dallas, TX 75240, pursuant to the records of the Texas Secretary of State.

*/s/ Jason B. Freeman*
Jason B. Freeman