UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET GLOBAL, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BAYMARK PARTNERS, LP;<br>BAYMARK PARTNERS MANAGEMENT, LLC;<br>SUPER G CAPITAL, LLC;<br>SG CREDIT PARTNERS, INC.;<br>BAYMARK ACET HOLDCO, LLC;<br>BAYMARK ACET DIRECT INVEST, LLC;<br>BAYMARK PARTNERS;<br>DAVID HOOK; TONY LUDLOW;<br>MATT DENEGRE; WILLIAM SZETO;<br>MARC COLE; STEVEN BELLAH;<br>ZHEXIAN "JANE" LIN;<br>DANA MARIE TOMERLIN;<br>PADASAMAI VATTANA; PAULA KETTER;<br>VANESSA TORRES;<br>WINDSPEED TRADING, LLC;<br>HALLETT & PERRIN, P.C.; and<br>JULIE A. SMITH,<br><br>    *Defendants*. | CIVIL CAUSE NO. 3:21-CV-01171-B |

**DEFENDANTS HALLETT & PERRIN, P.C. AND JULIE A. SMITH'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.       Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8 . . . . 2

    II.      Plaintiff's Claims Under RICO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.       18 U.S.C § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          B.       18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          C.       18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    III.     Plaintiff's State Law Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          A.       Attorney Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          B.       Common-Law Fraud (Count IV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          C.       Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary
                  Duty (Counts V, VI) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          D.       Texas Uniform Fraudulent Transfer Act (Count VII). . . . . . . . . . . . . . . . . 9

          E.       Civil Conspiracy (Count VIII) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page i**

# INDEX OF AUTHORITIES

**Cases**

*Black Cat Exploration & Prod., LLC v. MWW Capital Ltd.*,
Civil Action No 1:15-CV-51-BL, 2015 WL 12731751 (N.D. Tex. Apr. 29, 2015). . . . . . . . . . . . 1

*The Cadle Company v. Flanagan*, No. Civ. 301CV531AVC,
2006 WL 860063 (D. Conn. Mar. 31, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Clapper v. American Realty Investors, Inc.*, Civil Action No. 3:14-CV-2970-D,
2015 WL 3504856 (N.D. Tex. Jun. 3, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp.*,
524 F. Supp. 3d 501 (N.D. Tex. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Feld Entm't, Inc. v. American Soc'y for the Prevention of Cruelty to Animals*,
873 F. Supp. 2d 288 (D.D.C. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L,
2021 WL 4244779 (N.D. Tex. Sept. 17, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021) . . . . . . . . . . . . . . . . . . . . . 7

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759 (5th Cir. 2019). . . . . . . . . . . . . 7

*Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659
(Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . 9

*JSC Foreign Economic Association Technostroyexport v. Weiss*,
No. 06 Civ. 6095(JGK), 2007 WL 1159637 (S.D.N.Y. Apr. 18, 2007). . . . . . . . . . . . . . . . . 4, 5

*Murex, LLC v. GRC Fuels, Inc.*, Civil Action No. 3:15-CV-3789-B,
2016 WL 4207994 (N.D. Tex. Aug.10, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Parker v. Buckley Madole, P.C.*, Civil Action No. 4:17-CV-00307-ALM-CAN,
2018 WL 1704084 (E.D. Tex. Jan. 8, 2018),
*report and recommendation adopted*, 2018 WL 1625670 (E.D. Tex. Apr. 4, 2018). . . . . . . . . 7

*Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B,
2010 WL 5105925 (N.D. Tex. Dec. 14, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reves v. Ernst & Young*, 507 U.S. 170 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ruiz de Balderas v. ETX Successor Athens*, Case No. 6:19-CV-58-JDK-KNM,
2020 WL 1479583 (E.D. Tex. Mar. 4, 2020),
*report and recommendation adopted*, 2020 WL 1478563 (E.D. Tex. Mar. 26, 2020). . . . . . . . . . 7

*Saffran v. Boston Scientific Corp.*, Civil Action No. 2-05-CV-547 (TJW),
2008 WL 2716318 (E.D. Tex. Jul. 9, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Tribune Company v. Purcigliotti*, 869 F. Supp. 1076 (S.D.N.Y. 1994),
*aff'd sub nom. Tribune Co. v. Abiola*, 66 F.3d 12 (2d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 5, 6

*United States v. Posada-Rios*, 158 F.3d 832 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K,
2018 WL 6570867 (N.D. Tex. Dec. 12, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Defendants Hallett & Perrin, P.C. ("H&P") and Julie A. Smith ("Smith") (collectively the "Attorney Defendants") file this Reply in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint ("Attorney Defendants' Motion"):

## ARGUMENT AND AUTHORITIES

Before they answer the specific arguments Plaintiff makes (or attempts to make) in its Response in Opposition to Hallett & Perrin, P.C. and Julie A. Smith's Motion to Dismiss and Brief in Support (the "Response"), the Attorney Defendants address two generally applicable points. First, Plaintiff fails to respond to several arguments raised in the Attorney Defendants' Motion. Such failure waives any response and effectively concedes the Attorney Defendants' arguments.[1] Second, Plaintiff argues that the Attorney Defendants improperly incorporate arguments set forth in other Defendants' Briefs.[2] In support of this proposition, Plaintiff relies on two cases in which a party attempted to incorporate by reference its own prior briefing on a separate matter.[3] The procedural posture in this case is entirely different. On motions to dismiss, there are arguments that necessarily apply to a complaint as a whole, regardless of the defendant. In this case, for example, if Plaintiff lacks standing to assert derivative claims (which it does) or fails to allege the continuity necessary

---

[1] *See, e.g.*, *Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L, 2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021) ("Plaintiff has not addressed this assertion in his pleadings or response to Defendant's motion. Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (internal quotation marks omitted); *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp.*, 524 F. Supp. 3d 501, 525 (N.D. Tex. 2021) ("Failure to respond to arguments made in a motion to dismiss results in waiver of opposition.").

[2] Response [Docket No. 61] at 1 n.1.

[3] *See Black Cat Exploration & Prod., LLC v. MWW Capital Ltd.*, Civil Action No 1:15-CV-51-BL, 2015 WL 12731751, at *2 (N.D. Tex. Apr. 29, 2015) (considering a plaintiff's motion to remand and noting that "Defendants also take issue with Plaintiff's attempt to incorporate by reference its preliminary injunction reply into its reply on motion for remand") (internal citation omitted); *Saffran v. Boston Scientific Corp.*, Civil Action No. 2-05-CV-547 (TJW), 2008 WL 2716318, at *4 (E.D. Tex. Jul. 9, 2008) (considering a post-trial motion for judgment as a matter of law into which the defendant incorporated arguments from its earlier motion for summary judgment).

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 1**

to state a claim under RICO (which it also does), such defects exist as to all the Defendants.[4] For Plaintiff to suggest that the Attorney Defendants must restate arguments that are fully examined in another Defendant's briefing would be to demand redundancy and elevate form over substance.[5]

## I. Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8

The Attorney Defendants' Motion seeks dismissal of the First Amended Complaint ("FAC") because it represents the quintessential example of improper "shotgun" pleading and because it fails to comply with Rule 8's express requirements.[6] Plaintiff's Response makes no attempt to explain why the FAC should not be considered improper "shotgun" pleading, nor does it offer any analysis as to how the FAC could possibly comply with Rule 8.[7] By failing to provide any substantive response to the Attorney Defendants' arguments on these issues, Plaintiff has waived any response.[8]

---

[4] In fact, when the Court concludes that Plaintiff lacks standing to assert derivative claims, *all* such claims in the FAC will have to be dismissed, whether or not a particular Defendant raised or adopted the standing arguments in its own briefing. The same is true for other generally applicable bases for dismissing the FAC.

[5] Unlike the situation in the cases on which Plaintiff relies, in which the non-movant was limited in its ability to respond to the movant's adopted arguments because it was having to file a single response to what amounted to multiple motions, Plaintiff had every opportunity to respond in full to all of the "adopted" arguments as it was able to submit a response to each motion to dismiss filed by the Defendants.

[6] Attorney Defendants' Motion [Docket No. 51] at 6-8.

[7] The closest Plaintiff's Response comes is to complain that the Attorney Defendants "fail to identify a single 'factual allegation' that 'could not possibly be material'" and "fail to point out a single factual allegation that is 'overly repetitious,' much less to explain why." Plaintiff's Response [Docket No. 61] at 2. First, Plaintiff cites no authority for the proposition that the Attorney Defendants are required to identify immaterial allegations in the FAC. The problem with "shotgun" pleading is that *all* claims incorporate *all* factual allegations, regardless of whether specific allegations actually relate to specific claims. *See, e.g.*, *Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018). In other words, because of its "shotgun" pleading style, the FAC leaves the Court and the Attorney Defendants to try and guess which of Plaintiff's "facts" are meant to support which of Plaintiff's purported claims. Second, the Attorney Defendants *did* identify examples of repetitiousness in the FAC. *See* Attorney Defendants' Motion at 8 n.29. Plaintiff cites no authority to suggest that the Attorney Defendants are required to identify every instance of repetitious content in the FAC.

[8] *See supra* note 1.

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 2**

## II. Plaintiff's Claims Under RICO

### A. 18 U.S.C. § 1962(c)

As argued in the Attorney Defendants' Motion, Plaintiff' must allege facts that would support the conclusion that the Attorney Defendants satisfy the "element of direction" requirement established by the Supreme Court's decision in *Reves*.[9] In its Response, Plaintiff argues that there is no such "direction" requirement.[10] Plaintiff relies heavily on *United States v. Posada-Rios* for this proposition.[11] However, *Posada-Rios* was a case involving "a multiple-level, international drug enterprise" in which the issue was a "'vertical' question of how far RICO liability may extend 'down the organizational ladder.'"[12] In contrast, both *Reves* and the facts at issue in this case address the "horizontal" connection between service providers, like the Attorney Defendants, and the alleged RICO "enterprise."[13]

Notably, Plaintiff's Response does not cite, much less attempt to distinguish, *any* of the cases cited in the Attorney Defendants' Motion in which there was no RICO liability for attorneys providing services to a purported RICO "enterprise."[14] Instead, Plaintiff cites cases in which an attorney was found to have "exceeded the mere rendering of legitimate professional services."[15]

---

[9] *See Reves v. Ernst & Young*, 507 U.S. 170 (1993) (discussed in Attorney Defendants' Motion [Docket No. 51] at 8-11).

[10] Response [Docket No. 61] at 6.

[11] Response [Docket No. 61] at 6-7.

[12] *United States v. Posada-Rios*, 158 F.3d 832, 856 (5th Cir. 1998).

[13] *Id.* ("Moreover, unlike *Reves*, which involved a defendant with a 'horizontal' connection to the enterprise, this case presents a 'vertical' question . . . .").

[14] *See* Attorney Defendants' Motion [Docket No. 51] at 10 (citing cases).

[15] Response [Docket No. 61] at 7-8.

Upon examination of these cases, it is clear that they involved significantly different facts than Plaintiff has alleged against the Attorney Defendants in the FAC.

In *Feld Entertainment, Inc. v. American Society for the Prevention of Cruelty to Animals*, the court described the alleged RICO "enterprise" as "the plaintiffs' side of the ESA litigation."[16] Not surprisingly, the *litigation* "enterprise" was "*managed and controlled by the lawyers* in the case."[17] Thus, what was at issue in *Feld Entertainment* was more akin to the "vertical" relationship in *Posada-Rios* than the "horizontal" relationship in *Reves*. Plaintiff, however, alleges no such litigation "enterprise," so *Feld Entertainment* offers no support for maintaining Plaintiff's section 1962(c) claim against the Attorney Defendants.

In *JSC Foreign Economic Association Technostroyexport v. Weiss*, the plaintiff sought to sue certified public accountants under RICO section 1962(c).[18] In ruling on the defendants' motion to dismiss, the court noted that the complaint alleged that the accountants "did more than prepare tax returns or provide outside accounting services."[19] In particular, the court identified the fact that the complaint alleged that an accountant "was an '*architect*' of some of the money laundering activities" and that he "*devised and managed* the scheme to use a chain of single-use entities to carry out real estate transactions."[20] Further, the court pointed to the allegations that the accountant "received more than $2 million in profits from the real estate transactions (*exceeding a reasonable*

---

[16] 873 F. Supp. 2d 288, 327 (D.D.C. 2012) (cited in Plaintiff's Response [Docket No. 61] at 8).

[17] *Id.* (emphasis added); *see also id.* (describing one of the attorney defendants as having "participated in the core activities that constituted the affairs of the enterprise, namely, litigating the ESA case and executing the payments to Rider").

[18] No. 06 Civ. 6095(JGK), 2007 WL 1159637, at *1 (S.D.N.Y. Apr. 18, 2007) (cited in Plaintiff's Response [Docket No. 61] at 7).

[19] *Id.* at *9.

[20] *Id.* (emphasis added).

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 4**

*fee* for mere outside professional services)" and that the accountant "was *an equity investor* in at least one of the real estate projects."[21] The FAC contains no such allegations against the Attorney Defendants, so *Weiss* is similarly unhelpful to Plaintiff's cause.

In *The Cadle Company v. Flanagan*, the court considered a post-trial motion for judgment as a matter of law filed by defendants, including attorney defendants, after a jury found them liable under RICO section 1962(c).[22] Obviously, the pleading standards at issue in a Rule 12(b)(6) motion to dismiss were not at issue in *Flanagan*. However, the court identified several facts adduced at trial that stand in contrast to the types of conduct alleged by Plaintiff in the FAC. First, the court described the attorneys' conduct as including "wrongfully advising a client that he was free to disregard a federal injunction and turnover order."[23] The court also identified the attorneys' "knowingly filing false documents with the court in an attempt to frustrate collection."[24] Then, the court went on to note that it was the attorney "who advised [Flanagan] to characterize the proceeds as wages exempt from execution knowing all the while that the proceeds were 1099 income subject to execution."[25] Thus, the attorney conduct at issue in *Flanagan* was more like the "architect" allegations in *Weiss*, and not like the allegations in the FAC.

Finally, in *Tribune Company v. Purcigliotti*, the court noted the plaintiffs' allegations that the attorney defendants "*helped devise the fraudulent scheme*, played an integral role in managing

---

[21]*Id.* (emphasis added).

[22]No. Civ. 301CV531AVC, 2006 WL 860063, at *1 (D. Conn. Mar. 31, 2006) (cited in Plaintiff's Response [Docket No. 61] at 7-8).

[23]*Id.* at *9.

[24]*Id.*

[25]*Id.* at *10.

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 5**

the scheme and *directed others to act in furtherance of the scheme*."[26] Unlike the allegations in *Tribune Company*, Plaintiff makes no allegations in the FAC that the Attorney Defendants "devised" any part of the alleged "scheme" and no allegations that they "directed others to act."

### B. 18 U.S.C. § 1962(a)

As noted in the Attorney Defendants' Motion, a claim under RICO section 1962(a) requires a plaintiff to plead that it has suffered injury specifically *from the use* of "racketeering income."[27] Plaintiff's Response does not address this argument at all.[28] As such, Plaintiff has waived its response and conceded this basis for dismissal of its section 1962(a) RICO claim.[29]

### C. 18 U.S.C. § 1962(d)

Plaintiff's only response to the Attorney Defendants' section 1962(d) argument is to allege that it is general conspiracy law, not the "management and control" test, that applies.[30] Plaintiff does not even attempt to distinguish the cases cited in the Attorney Defendants' Motion for the proposition that providing legal services to an "enterprise" will not give rise to a RICO section 1962(d) claim.[31] Moreover, if there is no viable substantive RICO claim—such as when, as in this case, a plaintiff cannot show the required continuity—there can be no RICO "conspiracy" claim.[32]

---

[26] 869 F. Supp. 1076, 1099 (S.D.N.Y. 1994) (emphasis added), *aff'd sub nom. Tribune Co. v. Abiola*, 66 F.3d 12 (2d Cir. 1995) (cited in Plaintiff's Response [Docket No. 61] at 8).

[27] Attorney Defendants' Motion [Docket No. 51] at 12.

[28] *See* Plaintiff's Response [Docket No 61] at 8 (discussing the section 1962(a) claim).

[29] *See supra* note 1.

[30] Plaintiff's Response [Docket No. 61] at 9.

[31] *See* Attorney Defendants' Motion [Docket No. 51] at 13.

[32] *See, e.g.*, *Paul v Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B, 2010 WL 5105925, at *6 (N.D. Tex. Dec. 14, 2010) ("First, by its statutory terms, a RICO conspiracy claim is a conspiracy to violate one of the other subsections of § 1962. Because all other RICO claims have been dismissed, the RICO conspiracy claim must also be dismissed.").

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 6**

### III.  Plaintiff's State Law Claims

####   A.  Attorney Immunity

Under Texas law, attorney immunity is a "comprehensive" defense that protects attorneys from non-clients.[33] Plaintiff's Response spends less than a page addressing the Attorney Defendants' argument that Plaintiff's claims are barred by attorney immunity.[34] Plaintiff simply makes the conclusory statement that "[t]he Attorney Defendants engaged in acts that were outside the scope of a legal representation for a client."[35] What Plaintiff fails to offer is any *analysis* explaining what alleged acts by the Attorney Defendants were "outside the scope" of "legal representation."

As the Fifth Circuit has expressly recognized, the focus relevant to a claim for attorney immunity is "on the *kind*—not the nature—of the attorney's conduct."[36] Conduct can be "wrongful," but if it is of the type of conduct that involves an attorney representing a client, attorney immunity still applies.[37] For example, attorney immunity applies if the conduct complained of is an attorney's discussions with opposing counsel in litigation or drafting transaction documents for a client, but it would not apply if an attorney acted as the getaway driver in a client's bank heist.

---

[33] *See, e.g.*, *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

[34] Response [Docket No. 61] at 10.

[35] *Id.*

[36] *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 765 (5th Cir. 2019) (emphasis added).

[37] *See, e.g.*, *Ruiz de Balderas v. ETX Successor Athens*, Case No. 6:19-CV-58-JDK-KNM, 2020 WL 1479583, at *3 (E.D. Tex. Mar. 4, 2020) ("Balderas does not contest that the conduct at issue is within the scope of an attorney's practice, but merely relies on a non-existent fraud exception to attorney immunity."), *report and recommendation adopted*, 2020 WL 1478563 (E.D. Tex. Mar. 26, 2020); *Parker v. Buckley Madole, P.C.*, Civil Action No. 4:17-CV-00307-ALM-CAN, 2018 WL 1704084, at *5 (E.D. Tex. Jan. 8, 2018) ("[T]he relevant inquiry is whether the attorney's conduct was part of discharging his duties in representing his client. If the conduct is within this context, it is not actionable."), *report and recommendation adopted*, 2018 WL 1625670 (E.D. Tex. Apr. 4, 2018); *see also Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 77 (Tex. 2021) (discussing *Cantey Hanger* and the limits of attorney immunity and recognizing that attorney immunity does not apply "[w]hen an attorney personally participates 'in a fraudulent business scheme *with* his client,' as opposed to on his client's behalf") (emphasis in original).

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 7**

Plaintiff's Response fails to explain what specific conduct by the Attorney Defendants is alleged to have been undertaken by them while they were *not* representing their clients. Instead, Plaintiff continues to focus on the "backdating" label it tries to apply to Smith's conduct.[38] What Plaintiff still fails to do, however, is offer *any* plausible explanation as to what possible significance there could be to the purported discrepancy between the "as of" March 1, 2019 date on the Foreclosure Sale Agreement and the date it was actually signed in late March 2019.[39] According to Plaintiff's allegations, the "fraudulent transfer" of ACET Global's assets occurred in October of 2018. Thus, if the Agreement had been "backdated" to a date *before* the transfer took place, Plaintiff's allegations could at least make sense. As it is, it is apparent that Plaintiff is simply repeating the allegation of "backdating" because it has no argument of substance to attack Smith's conduct.

### B. Common-Law Fraud (Count IV)

The Attorney Defendants challenged the FAC as failing to plead any fraud claim against them with the particularity required by Rule 9(b).[40] In its Response, Plaintiff does not identify a single allegation in the FAC that it claims would support a fraud claim against the Attorney Defendants.[41] Rather, Plaintiff merely points to the fact that it has alleged "a civil conspiracy."[42] Thus, Plaintiff has conceded that its fraud claim against the Attorney Defendants should be dismissed.

---

[38] *See, e.g.*, Response [Docket No. 61] at 1. Plaintiff also focuses on a statement made by H&P attorney Ed Perrin to opposing counsel in litigation. *Id.* The Attorney Defendants deny that Mr. Perrin made any "misrepresentation" to Plaintiff's counsel, but in any event, Plaintiff cites no authority holding an attorney liable for alleged "misrepresentations" made to opposing counsel in litigation.

[39] *See* Attorney Defendants' Motion [Docket No. 51] at 11 n.48.

[40] Attorney Defendants' Motion [Docket No. 51] at 16-17.

[41] *See* Response [Docket No. 61] at 10-11.

[42] *Id.* at 11.

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 8**

### C. Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty (Counts V, VI)

As noted in the Attorney Defendants' Motion, the FAC alleges *both* a breach of fiduciary duty and an "aiding and abetting" breach of fiduciary duty claim against the Attorney Defendants, which would suggest that the Attorney Defendants somehow "aided and abetted" themselves.[43] In its Response, Plaintiff seems to concede that it has no direct claim for breach of fiduciary duty against the Attorney Defendants.[44] Plaintiff's Response certainly does not address the point made in the Attorney Defendants' Motion that the FAC alleges no facts to suggest that they had any power to force ACET Global to do anything, much less pay Plaintiff on the Seller Note.[45]

As for the "aiding and abetting" breach of fiduciary duty, Plaintiff's Response cites to no allegations in the FAC that could plausibly allege that the Attorney Defendants provided the necessary "substantial assistance" to the "looting" of ACET Global.[46]

### D. Texas Uniform Fraudulent Transfer Act (Count VII)

Instead of arguing that the FAC *does* plead facts to suggest the Attorney Defendants were a transferee of any "fraudulently transferred" assets or the "beneficiary" of any "fraudulent transfer," Plaintiff makes several arguments that wholly miss the mark. First, Plaintiff complains that the Attorney Defendants did not cite to any "case cite authority" for the proposition that a claim under

---

[43] Attorney Defendants' Motion [Docket No. 51] at 17.

[44] *See* Response [Docket No. 61] at 11 (alleging that the Attorney Defendants "facilitated" the "looting of ACET's assets"). Plaintiff also asserts in its Response that the Attorney Defendants "carried out" the "looting," but cites no specific allegations in the FAC as to how the Attorney Defendants "carried out" (as opposed to "facilitated") any "looting." The FAC certainly contains no allegations that the Attorney Defendants ever exercised control over any of ACET Global's assets.

[45] *See* Attorney Defendants' Motion [Docket No. 51] at 18.

[46] *See Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659, at *7 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.).

TUFTA is only proper against a transferee or the beneficiary of a transfer.[47] This argument overlooks the fact that, in their Motion, the Attorney Defendants cited to TUFTA section 24.009.[48] If Plaintiff wants a "case cite authority," it need look no farther than one of the cases it cited in its Response to the Baymark Defendants' Motion to Dismiss—*Clapper v. American Realty Investors, Inc.*[49] In that case, the court recognized that "TUFTA allows recovery against the debtor, the transferee, or the person for whose benefit the transfer was made," citing *both* sections 24.008 and 24.009.[50]

Plaintiff also notes in its Response that it has a claim to "pierce the veil" of Defendant Windspeed Trading, LLC.[51] What Plaintiff does not explain is how such "veil piercing" could reach the Attorney Defendants who are not alleged to be owners of Windspeed Trading. Finally, Plaintiff falls back on its "conspiracy" claim.[52] Again, as the conspiracy claim is separate from its TUFTA claim, it cannot support a claim brought directly under TUFTA against the Attorney Defendants.

### E. Civil Conspiracy (Count VIII)

If there is no underlying tort, there can be no claim for "conspiracy."[53] Thus, if the Court dismisses Plaintiff's tort claims, Plaintiff's claim for "conspiracy" necessarily falls.

---

[47] Response [Docket No. 61] at 12.

[48] Attorney Defendants' Motion [Docket No. 51] at 19. For its part, Plaintiff cites to TUFTA section 24.008, Response [Docket No. 61] at 12, but cites no cases in which the "any other relief circumstances may require" language of section 24.008 was applied to allow for liability against one who is not either the transferee or the beneficiary of a fraudulent transfer.

[49] Civil Action No. 3:14-CV-2970-D, 2015 WL 3504856 (N.D. Tex. Jun. 3, 2015) (cited in Plaintiff's Response in Opposition to the Baymark Defendants' Motion to Dismiss and Brief in Support [Docket No. 68] at 1 n.2).

[50] *Id.* at *6 (dismissing TUFTA claims against certain defendants because "plaintiffs do not plausibly allege that the TCI stock was directly transferred to any of the Unrelated Defendants or to any of the Individual Defendants").

[51] Response [Docket No. 61] at 12.

[52] *Id.*

[53] *E.g.*, *Murex, LLC v. GRC Fuels, Inc.*, Civil Action No. 3:15-CV-3789-B, 2016 WL 4207994, at *9 (N.D. Tex. Aug.10, 2016) (recognizing civil conspiracy as a "derivative tort").

**ATTORNEY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS— Page 10**

Respectfully submitted,

*/s/ Daniel D. Tostrud*
**DANIEL D. TOSTRUD**
Texas Bar No. 20146160
dtostrud@cobbmartinez.com
**MATTHEW E. LAST**
Texas Bar No. 24054910
mlast@cobbmartinez.com
**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5200
(214) 220-5299 (Fax)

**ATTORNEYS FOR DEFENDANTS
HALLETT & PERRIN, P.C.
AND JULIE A. SMITH**

## CERTIFICATE OF SERVICE

On January 18, 2022, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel D. Tostrud*
Daniel D. Tostrud