UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET GLOBAL, LLC,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BAYMARK PARTNERS, LP;<br>BAYMARK PARTNERS MANAGEMENT, LLC;<br>SUPER G CAPITAL, LLC;<br>SG CREDIT PARTNERS, INC.;<br>BAYMARK ACET HOLDCO, LLC;<br>BAYMARK ACET DIRECT INVEST, LLC;<br>BAYMARK PARTNERS;<br>DAVID HOOK; TONY LUDLOW;<br>MATT DENEGRE; WILLIAM SZETO;<br>MARC COLE; STEVEN BELLAH;<br>ZHEXIAN "JANE" LIN;<br>DANA MARIE TOMERLIN;<br>PADASAMAI VATTANA; PAULA KETTER;<br>VANESSA TORRES;<br>WINDSPEED TRADING, LLC;<br>HALLETT & PERRIN, P.C.; and<br>JULIE A. SMITH,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §<br><br>CIVIL CAUSE NO. 3:21-CV-01171-B |

**DEFENDANT BAYMARK ACET HOLDCO, LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.      Plaintiff's Unavailing Attempt to Ignore the Fact That ACET Global's Bankruptcy Trustee Has *Exclusive* Standing to Assert Any "Claims" on Behalf of Holdco. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.     Plaintiff's Misplaced Argument About Constitutional Versus Statutory Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      III.    D&T's Failure to Show It Has Any Right to Sue on Behalf of Holdco or ACET Global . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           A.     Holdco. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           B.     ACET Global . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      IV.    D&T's Failure to Meet the Rule 23.1 Adequacy of Representation Standard . . . . 7

      V.     Plaintiff's Misplaced Argument About Texas Business Organizations Code Section 101.463(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. C.R. Bard, Inc.*, Civil Action No. 3:12-cv-5187-O,
2014 WL 12602871 (N.D. Tex. Feb. 26, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Berman , Chapter 7 Trustee for Estate of Michael S. Goldberg, LLC v. LaBonte*,
622 B.R. 503 (Bankr. D. Conn. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bridgewater v. Double Diamond-Del., Inc.*, Civil Action No. 3:09-CV-1758-B,
2010 WL 1875617 (N.D. Tex. May 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cetacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Domain Vault LLC v. McNair*, Civil Action No. 3:14-CV-1126-L,
2015 WL 5695519 (N.D. Tex. Sept. 28, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Duke Power Company v. Carolina Environmental Study Group, Inc.*, 436 U.S. 59 (1978) . . . . . 4

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp*.,
524 F. Supp. 3d 501 (N.D. Tex. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gill v. Grewal*, Civil Action No. 4:14-CV-2502,
2020 WL 3171360 (S.D. Tex. Jun. 15, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L,
2021 WL 4244779 (N.D. Tex. Sept. 17, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hughes v. City of Dallas, Tex.*, Civil Action No. 3:18-CV-1770-B,
2019 WL 3081654 (N.D. Tex. Jul. 15, 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kane v. National Union Fire Ins. Co.*, 535 F.3d 380 (5th Cir. 2008) (per curiam) . . . . . . . . . . 2, 3

*Pelletier v. Interbank*, Civil Action No. 6:19-CV-0089,
2020 WL 2576266 (S.D. Tex. May 20, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wilkins v. Duncanville I.S.D.*, Case No. 3:20-CV-1404-E-BK, 2021 WL 1111162
(N.D. Tex. Mar. 8, 2021), *report and recommendation adopted*,
2021 WL 1102167 (N.D. Tex. Mar. 23, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**DEFENDANT BAYMARK ACET HOLDCO, LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS— Page ii**

**Statutes and Rules**

11 U.S.C. § 554(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Bus. Org. Code § 101.463(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Bus. Org. Code § 101.463(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Defendant Baymark ACET Holdco, LLC ("Holdco") files this Reply in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint ("Holdco's Motion") and in support thereof would respectfully show the Court as follows:

## ARGUMENT AND AUTHORITIES

In large part, Plaintiff's Response to Holdco's Motion fails to respond to the specific arguments raised by Holdco. This failure waives any response by Plaintiff and effectively concedes Holdco's arguments.[1] Holdco will address below the specific arguments that Plaintiff does make in its Response, and it will also note the relevant arguments to which Plaintiff has offered no response.

### I. Plaintiff's Unavailing Attempt to Ignore the Fact That ACET Global's Bankruptcy Trustee Has *Exclusive* Standing to Assert Any "Claims" on Behalf of Holdco

In its Motion, Holdco specifically argued that Plaintiff lacked standing to assert any "claims" on behalf of ACET Global in this case because any such "claims" continue to belong to ACET Global's bankruptcy estate.[2] Plaintiff's Response offers no substantive legal analysis regarding this issue of standing. Instead, Plaintiff merely brushes the issue off as "patently frivolous."[3] Then, inexplicably, Plaintiff states that Holdco "cites to not one case in support of this proposition."[4] In fact, Holdco did cite, and quote, the Fifth Circuit case of *Kane v. National Union*

---

[1] *See, e.g.*, *Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L, 2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021) ("Plaintiff has not addressed this assertion in his pleadings or response to Defendant's motion. Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (internal quotation marks omitted); *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp.*, 524 F. Supp. 3d 501, 525 (N.D. Tex. 2021) ("Failure to respond to arguments made in a motion to dismiss results in waiver of opposition.").

[2] Holdco's Motion [Docket No. 52] at 8-9.

[3] Response [Docket No. 69] at 2.

[4] *Id.*

**DEFENDANT BAYMARK ACET HOLDCO, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS— Page 1**

*Fire Insurance Company*.[5] Specifically, the court in *Kane* stated that a bankruptcy Trustee "is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."[6] In turn, *Kane* cites various provisions of the Bankruptcy Code, including section 554.[7] This section expressly provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case *remains property of the estate*."[8]

Rather than offer any basis for arguing that ACET Global's bankruptcy Trustee is not the only one with standing to assert the "claims" Plaintiff is attempting to assert in the name of ACET Global in this case, Plaintiff deflects. Plaintiff argues that the undersigned counsel (who also represents ACET Global in an employment dispute with Plaintiff's sole owner, Tomer Damti) is currently pursuing claims on ACET Global's behalf against Mr. Damti.[9] What Plaintiff fails to appreciate is the difference between claims that existed at the time of the bankruptcy filing—which belong to the bankruptcy estate—and claims that arose *after* the bankruptcy was closed—which

---

[5]Holdco's Motion [Docket No. 52] at 9.

[6]*Kane*, 535 F.3d 380, 385 (5th Cir. 2008); *see also Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) ("The Trustee became the real party in interest upon filing, vested with the authority to pursue the judgment against the City as an asset of the bankruptcy estate. This duty was not affected by [the debtor's] failure to disclose the asset, *and it was not extinguished by the conclusion of the bankruptcy case*.") (emphasis added, internal citations omitted); *Alexander v. C.R. Bard, Inc.*, Civil Action No. 3:12-cv-5187-O, 2014 WL 12602871, at *8 (N.D. Tex. Feb. 26, 2014) ("Here, Plaintiff lacks standing and is judicially estopped from pursuing these claims or benefitting from them. Trustee, the real party in interest, is *the only party with standing* to pursue these claims . . . .") (emphasis added).

[7]*Kane*, 535 F.3d at 385.

[8]11 U.S.C. § 554(d) (emphasis added).

[9]Response [Docket No. 69] at 2.

could not.[10] Well after its bankruptcy was closed in early 2020, in the fall of 2021, ACET Global was declared the "prevailing party" in the employment case and found to be entitled to recover its attorneys' fees from Mr. Damti.[11] Further, its "prevailing party" status was established by Mr. Damti's nonsuit, which did not happen until the summer of 2021. Thus, there is no inconsistency at play.

Plaintiff has waived any substantive argument about the Trustee's exclusive standing to assert "claims" on behalf of ACET Global. For this reason alone, Plaintiff lacks standing to assert any claims on behalf of ACET Global in this case, and the Court should grant Holdco's Motion.

## II. Plaintiff's Misplaced Argument About Constitutional Versus Statutory Standing

The primary focus of Plaintiff's Response is its argument that Holdco's Motion does not raise "constitutional" standing and, therefore, is not the proper subject of a Rule 12(b)(1) motion to dismiss.[12] This argument is nothing more than a red herring, as Holdco's Motion clearly raises an issue of constitutional standing.

As aptly noted in Plaintiff's Response, constitutional standing does not depend on whether a particular plaintiff's claims are "meritorious."[13] In contrast, statutory standing involves questions

---

[10] *See, e.g.*, *Kane*, 535 F.3d at 385 ("Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition.").

[11] *See* Holdco's Appendix in Support of Its Motion to Dismiss [Docket No. 53] ("App.") at 160.

[12] *See* Response [Docket No. 69] at 5-9.

[13] *Id.* at 5.

about whether a particular plaintiff meets a federal statute's requirements for having a claim.[14] For example, the causation element under RICO is an issue of statutory standing.[15]

What Plaintiff's arguments about constitutional versus statutory standing miss is that Holdco's Motion does not raise issues about any of the specific *claims* Plaintiff is attempting to assert on behalf of either ACET Global or Holdco. In fact, there is no merits-related discussion in Holdco's Motion. Rather, Holdco maintains that because the real Plaintiff in this case, D&T Partners, LLC ("D&T") is not, in fact, a member of either ACET Global or Holdco, it lacks standing to assert *any* "claims" in the name of either of these entities. This is most certainly an issue of constitutional standing.[16]

As the Supreme Court noted in *Duke Power Company v. Carolina Environmental Study Group, Inc.*, "the circumstances in which one party will be given standing *to assert the legal rights of another*" are "narrowly limited."[17] The particular claims involved (*i.e.*, statutory standing) are beside the point.

In this case, D&T seeks to assert "claims" that belong to ACET Global and Holdco. If it does not, in fact, have the right to stand in the "shoes" of these two entities, then D&T lacks constitutional

---

[14] *See, e.g.*, *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) ("[I]f a plaintiff has suffered sufficient injury to satisfy Article III, a federal court must ask whether a statute has conferred 'standing' on that plaintiff.").

[15] *See, e.g.*, *Bridgewater v. Double Diamond-Del., Inc.*, Civil Action No. 3:09-CV-1758-B, 2010 WL 1875617, at *12 (N.D. Tex. May 10, 2010) (discussing RICO causation requirements as they relate to a plaintiff's standing and recognizing that same do not implicate "Constitutional standing requirements").

[16] *See, e.g.*, *Pelletier v. Interbank*, Civil Action No. 6:19-CV-0089, 2020 WL 2576266, at *4 (S.D. Tex. May 20, 2020) ("[W]hen a defendant challenges ownership of legal rights held by a plaintiff and submits evidence to debunk the plaintiff's claim, the plaintiff must prove by a preponderance of the evidence that he, in fact owns an interest in the legal claims.").

[17] 436 U.S. 59, 80 (1978) (emphasis added) (cited in Plaintiff's Response [Docket No. 69] at 5).

standing to pursue such claims. Plaintiff's Response and the cases cited therein simply do not speak to the relevant issue. The standing issue actually raised in Holdco's Motion is appropriate for consideration under Rule 12(b)(1).[18]

### III.   D&T's Failure to Show It Has Any Right to Sue on Behalf of Holdco or ACET Global

As noted in Holdco's Motion, Holdco is making a *factual* attack on D&T's standing to assert claims on behalf of Holdco and ACET Global.[19] Accordingly, the Court is to consider the evidence, rather than the mere allegations contained in the FAC.[20] Plaintiff's Response provides no analysis of the evidence, and it fails to offer any evidence to contradict Holdco's evidence.[21]

### A.   Holdco

The *only* evidence in front of the Court shows that it is Mr. Damti, and not D&T, that is a member of Holdco.[22] Contrary to the assertion in Plaintiff's Response, the FAC does not claim otherwise. Plaintiff's Response cites Paragraph 64 of the FAC as containing its "specific" allegation "that D&T Partners has had 'a 25% common membership interest in Baymark ACET Holdco, LLC'

---

[18] *See, e.g.*, *Berman, Chapter 7 Trustee for Estate of Michael S. Goldberg, LLC v. LaBonte*, 622 B.R. 503, 517 (Bankr. D. Conn. 2020) (considering whether the bankruptcy trustee had the power to assert a particular claim as a standing issue under Rule 12(b)(1)) (cited in Plaintiff's Response in Opposition to the Baymark Defendants' Motion to Dismiss and Brief in Support [Docket No. 68] at 21).

[19] Holdco's Motion [Docket No. 52] at 5. n.19.

[20] *E.g.*, *Domain Vault LLC v. McNair*, Civil Action No. 3:14-CV-1126-L, 2015 WL 5695519, at *2 (N.D. Tex. Sept. 28, 2015).

[21] Instead, Plaintiff's Response asks the Court for a "second bite at the apple" to brief the factual issues only should the Court request it. Response [Docket No. 69] at 9 n.6. Plaintiff cites no authority for the proposition that it can ignore the arguments raised in Holdco's Motion, and the evidence submitted therewith, and then have a second, later chance to respond. Indeed, having chosen not to respond to Holdco's *factual attack* on D&T's standing, D&T has effectively conceded Holdco's argument. *See supra* note 1.

[22] *See* First Amended Complaint [Docket No. 36] ("FAC"), Exhibit 20 at 2 of 25, 5 of 25, 14 of 25, 23 of 25 (identifying Holdco's members as Baymark ACET Direct Invest, LLC and Tomer Damti); *see also* App. at 004, 061, 062.

since July 20, 2017."[23] What Paragraph 64 actually contains is a description of the APA's "purchase price" terms:

> Under the APA, ACET Global *agreed to* (1) pay $850,000 to D&T Partners, subject to certain adjustments; (2) provide a subordinated secured promissory note in the amount of $3,230,000 in favor of D&T Partners; and (3) to provide D&T Partners with a 25% common membership interest in Baymark ACET Holdco, LLC.[24]

This Paragraph does not allege that D&T actually *received* the membership interest in Holdco, much less that it continues to hold such interest.[25] Plaintiff's Response points to no other allegation in the FAC regarding D&T's purported membership interest in Holdco.

D&T has no membership interest in Holdco. Accordingly, it cannot sue on behalf of Holdco in this case. Any "claims" the FAC purports to assert on behalf of Holdco must be dismissed.

### B.   ACET Global

Separate and apart from the issue discussed above regarding the fact that *only* the Trustee of ACET Global's bankruptcy estate has standing to bring any of the "claims" that the FAC purports

---

[23]Response [Docket No. 69] at 4.

[24]FAC ¶ 64 (emphasis added); *compare* FAC Exhibit 23, APA § 2.2 (setting for the "purchase price").

[25]After the filing of the various Motions to Dismiss the FAC, and specifically in response to Holdco's Motion, Plaintiff filed a "Declaration of D&T Partners, LLC," signed by Mr. Damti, in an attempt to "verify" the FAC. *See* Docket No. 64, Exh. 1. This Declaration goes beyond "verifying" statements contained in the FAC to allege facts that are not contained in the FAC. *See, e.g.*, *id.* ¶¶ 7, 11. Of course, Plaintiff cannot amend the FAC in response to a motion to dismiss. *See Hughes v. City of Dallas, Tex.*, Civil Action No. 3:18-CV-1770-B, 2019 WL 3081654, at *2 (N.D. Tex. Jul. 15, 2019); *see also Wilkins v. Duncanville I.S.D.*, Case No. 3:20-CV-1404-E-BK, 2021 WL 1111162, at *3 (N.D. Tex. Mar. 8, 2021) ("[T]o the extent Plaintiff attempts to allege new facts against the Mansfield Defendants in her response, the Court cannot consider them in the context of the motion to dismiss.") (internal citation omitted), *report and recommendation adopted*, 2021 WL 1102167 (N.D. Tex. Mar. 23, 2021). Even if Plaintiff could somehow "amend" through Mr. Damti's Declaration, Mr. Damti's statement that "[f]rom July 14, 2017, until March 31, 2021, D&T Partners maintained a 25% common membership interest in Baymark Holdco," is wholly inconsistent with the relevant documents, including Plaintiff's own Exhibit 23. Mr. Damti's Declaration makes no attempt to explain why his statement is right and the documents are wrong.

to bring on behalf of ACET Global, there is the equally important fact that D&T is not, as it claims, a member in ACET Global. What D&T *alleges* in the FAC is irrelevant. Holdco is bringing a factual attack on D&T's standing, so D&T's allegations are not taken as true.[26]

Contrary to the assertion in Plaintiff's Response, Holdco is not asking the Court to undertake a "confusing effort to explore the nooks and crannies of the operative transactional documents."[27] There is, in fact, nothing "confusing" about the operative documents. It is a simple matter of contract construction for the Court to conclude that D&T had no right "to effect the transfer of 59% of the Membership Interests of ACET Global."[28] Without such purported "transfer," D&T is not a member of ACET Global, and it lacks standing to sue (derivatively or "directly") on behalf of ACET Global.

## IV. D&T's Failure to Meet the Rule 23.1 Adequacy of Representation Standard

Holdco's Motion also challenged D&T's ability to meet the "adequacy of representation" standard found in Rule 23.1.[29] The Response does not provide any authority to suggest that D&T meets the test, nor does it provide any evidence to contradict Holdco's evidence. Instead, the Response either attempts to downplay or outright embraces the reasons why D&T cannot adequately represent ACET Global (or Holdco) in this case.

---

[26] *See, e.g.*, *Domain Vault*, 2015 WL 5695519, at *2.

[27] Response [Docket No. 69] at 6.

[28] *See id.*

[29] Holdco's Motion [Docket No. 52] at 9-12.

First, Holdco presented evidence that both D&T and Mr. Damti are currently involved in other litigation *against* ACET Global and Holdco.[30] Plaintiff does not deny this fact.[31] According to Plaintiff's Response, however, such litigation should for some reason be considered irrelevant. For example, despite the fact that the employment dispute between Mr. Damti and ACET Global remains ongoing, the Response makes the unsupported statement that "neither D&T nor Tomer Damti have had any motivation to pursue ACET Global" ever since D&T claims it "took over" ACET Global.[32] This statement is difficult, if not impossible to reconcile, with Mr. Damti's counsel's *September 1, 2021* statement to the court in the employment dispute that "Plaintiff [Mr. Damti] can refile its *[sic]* claims if it *[sic]* so chooses **and hereby expresses the intent to do so**."[33]

Second, D&T does not dispute that the FAC reflects clear "vindictiveness" on the part of D&T.[34] However, the Response cites no authority that would allow the Court to ignore the "vindictiveness" while conducting its Rule 23.1 analysis. Further, even the Response itself reflects the wholly improper tone with which D&T is approaching this case. The Response spends pages attempting to justify its claim that Ed Perrin made a "false and misleading" statement to D&T's

---

[30]App. at 143-158; *id.* at 164; *see also* FAC [Docket No. 36] ¶ 371 (characterizing Holdco as one of the "Fiduciary Claim Defendants").

[31]*See* Response [Docket No. 69] at 9-10.

[32]*Id.* at 10.

[33]App. at 162 (emphasis added).

[34]*See* Response [Docket No. 69] at 9 ("Moreover, the 'vindictiveness' (of which they complain) is warranted.").

**DEFENDANT BAYMARK ACET HOLDCO, LLC'S REPLY**
**IN SUPPORT OF ITS MOTION TO DISMISS— Page 8**

counsel without ever acknowledging the fact that the state-court Judge flatly rejected the characterization of the facts that D&T continues to urge in its Response.[35]

Finally, it is clear that D&T's complaint is not about any harm to ACET Global, but is instead focused on D&T's own purported injury as one of ACET Global's *creditors*. The Court need only read Mr. Damti's Declaration purporting to "verify" the FAC.[36] Mr. Damti describes the specific "desired actions" he purportedly sought from ACET Global as being "comply with the APA, D&T Note, and other agreements" and "pay the D&T Note."[37] In other words, D&T wants to be paid what it is owed by ACET Global. It has no real interest in acting to benefit ACET Global.

### V. Plaintiff's Misplaced Argument About Texas Business Organizations Code Section 101.463(c)(1)

Plaintiff's Response raises one other argument for its "derivative" standing that is as unavailing as all the other arguments raised in the Response. Specifically, the Response asserts that the "request that the Court treat their claims that are filed under Texas Business Organization Code section 101.463(c)(1) as 'direct' claims" serves to "avoid[] all of the procedural complexities that Baymark complains of and, at the same time, moots the bulk of its arguments."[38] This assertion ignores important language in the relevant sections of the Code.

Texas Business Organization Code section 101.463(b) provides that certain sections of the Code "do not apply to a claim or a derivative proceeding *by a member* of a closely held limited

---

[35]*Id.* at 11-13; *see generally* App. at 165-215 (addressing the same allegations reasserted by D&T in the Response).

[36]Docket No. 64, Exh. 1.

[37]*Id.* ¶ 11. Mr. Damti also makes a vague reference to "operate Global's business" and adds "etc." *Id.*

[38]Response [Docket No. 69] at 2.

liability company."[39] Thus, D&T's ability to invoke this section depends upon its having membership status in ACET Global and Holdco (which, as demonstrated above and in Holdco's Motion, D&T does not have). However, even if D&T was eligible to invoke the section 101.463(b) exemption, such exemption is expressly limited to claims "against a governing person, member, or officer of the limited liability company."[40] The FAC includes Defendants who are *not* "governing person[s], member[s], or officer[s]" of ACET Global and Holdco.[41] Therefore, D&T cannot entirely excuse its failure to meet the pleading requirements for derivative status and cannot sue "directly" instead of derivatively as to all of the claims asserted in the FAC. Further, even were the Court to decide to treat D&T's derivative claims as a "direct action," that "does not mean that the action is no longer a derivative proceeding."[42]

## PRAYER

WHEREFORE, Defendant Baymark ACET Holdco, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's First Amended Complaint and dismiss all of Plaintiff's claims asserted therein, as well as for such other and further relief to which it may be justly entitled.

---

[39] Tex. Bus. Org. Code. § 101.463(b) (emphasis added). Section 101.463(c) further provides that *if* section 101.463(b) applies, then "a derivative proceeding brought *by a member* of a closely held limited liability company may be treated by a court as a direct action brought *by the member* for the *member's* own benefit." Tex. Bus. Org. Code § 101.463(c) (emphasis added).

[40] Tex. Bus. Org. Code. § 101.463(b); *see also id.* ("In the event the claim or derivative proceeding is also made against a person who is not that governing person, member, or officer, this subsection applies *only to the claim or derivative proceeding against the governing person, member, or officer.*") (emphasis added).

[41] *See, e.g.*, FAC [Docket No. 36] ¶¶ 46, 47, 48, 49, 54, 55.

[42] *Gill v. Grewal*, Civil Action No. 4:14-CV-2502, 2020 WL 3171360, at *5 (S.D. Tex. Jun. 15, 2020) (emphasis omitted).

Respectfully submitted,

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.
State Bar No. 15796700
Jennifer R. Poe
State Bar No. 00794470
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS
BAYMARK PARTNERS MANAGEMENT, LLC;
BAYMARK ACET HOLDCO, LLC;
BAYMARK ACET DIRECT INVEST, LLC;
BAYMARK PARTNERS; DAVID HOOK;
TONY LUDLOW; AND MATTHEW DENEGRE**

## CERTIFICATE OF SERVICE

On January 18, 2022, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.