# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET Global, LLC and BAYMARK ACET HOLDCO, LLC | § § § § § | |
| | § | Civil Action No. 3:21-CV-01171-B |
| and | § § | |
| ACET GLOBAL, LLC | § § | |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | |
| BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; MATTHEW DENEGRE; WILLIAM SZETO; MARC COLE; STEVEN BELLAH: ZHEXIAN "JANE" LIN; DANA MARIE TOMERLIN; PADASAMAI VATTANA; PAULA KETTER; VANESSA TORRES; WINDSPEED TRADING, LLC; HALLETT & PERRIN, P.C.; and JULIE A. SMITH, | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**NON-PARTY BAYMARK MANAGEMENT, LLC AND DEFENDANT BAYMARK PARTNERS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

    I.      SUMMARY OF ARGUMENT ............................................................ 1

    II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND ............................ 3

          A.    Baymark Partners, LP. ................................................................ 3

          B.    Plaintiff's state court lawsuit ...................................................... 4

          C.    Plaintiff's redundant federal lawsuit. ........................................... 5

          D.    Plaintiff's purposeful improper attempt to serve Baymark Partners, LP ..... 8

          E.    Plaintiff's request for entry of default and for default judgment against Baymark Partner, LP ................................................................. 9

    III.    ARGUMENTS & AUTHORITIES .................................................... 10

          A.    Federal law favors decision on the merits rather than based on default judgments. ............................................................................ 10

          B.    Baymark Partners, LP is not a proper party to this lawsuit because it no longer exists ........................................................................... 11

          C.    Baymark Partners, LP was not properly served. ........................... 12

          D.    There exists good cause to set aside the Clerk's Entry of Default ............ 14

               1.    Baymark Partners, LP's failure to timely answer was not willful ... 15

               2.    Plaintiff will not be prejudiced by the Court's setting aside the entry of default ........................................................................ 16

               3.    Baymark Partners, LP would have a meritorious defense against Plaintiff's claims .................................................................. 17

    IV.    PRAYER ................................................................................. 19

CERTIFICATE OF CONFERENCE ................................................................................. 21

CERTIFICATE OF SERVICE ........................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*7-Eleven, Inc. v. Puerto Rico-7 Inc.*,
    Civil Action No. 3:08-CV-00140-B, 2008 WL 4951502 (N.D. Tex. Nov. 19,
    2008) ...................................................................................................................18

*Allodial Ltd. P'ship v. Susan Barilich, P.C.*,
    184 S.W.3d 405 (Tex. App.—Dallas 2006, no pet.)...............................................13

*ART Midwest, Inc. v. Clapper*,
    Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744 ........................................1

*Aubrey v. D Magazine Partners, L.P.*,
    Civil Action NO. 3:19-CV-0056-B, 2020 WL 619839 (N.D. Tex. Feb. 10,
    2020) ...................................................................................................................17

*Aurora Shores Homeowners Ass'n, Inc., v. F.D.I.C.*,
    2 F. Supp. 2d 975 (N.D. Ohio 1998)...............................................................12, 15

*Caldwell v. Barnes*,
    154 S.W.3d 93 (Tex. 2004)............................................................................15, 16

*Carimi v. Royal Carribean Cruise Line, Inc.*,
    959 F.2d 1344 (5th Cir. 1992) ..............................................................................11

*CJC Holdings, Inc. v. Wright & Lato, Inc.*,
    979 F.2d 60 (5th Cir. 1992) ...................................................................................10

*Cropp v. Golden Arch Realty Corp.*,
    No. 2:08-CV-0096, CWH, 2009 WL 10710585 (D.S.C. Mar. 31, 2009)...........12, 15

*Dan-Bunkering (America), Inc. v. Ichor Oil, LLC*,
    — F. Supp.3d —, Civil Action No. 3:20-CV-03341-S-BT, 2021 WL 4311677
    (N.D. Tex. Sep. 21, 2021)..............................................................................13, 14

*Dean v. Ashford*,
    No. 15-C-3193, 2017 WL 2215001 (N.D. Ill. May 19, 2017)...........................12, 15

*Dillenberg v. Watts*,
    Civil Action NO. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069 (Jun. 18,
    2021) ...................................................................................................................17

*Doctors Hosp. at Renaissance, Ltd. v. Andrade*,
    493 S.W.3d 545 (Tex. 2016).........................................................................2, 16

*Douglas v. Pilgrim Senior Citizens Hous. Dev. Corp.*,
  No. 11-CV-3637, 2012 WL 3277083 (S.D. Tex. Aug. 9, 2012) ..............................................15

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*,
  346 F.3d 552 (5th Cir. 2003) .................................................................................................10

*Garza v. Altaire Pharmaceuticals, Inc.*,
  Civil Action No. 3:20-CV-1524-B, 2020 WL 5526558 (N.D. Tex. Sep. 14,
  2020) ......................................................................................................................................14

*General Tel. Corp. v. General Tel. Answering Serv.*,
  277 F.2d 919 (5th Cir. 1960) .................................................................................................11

*Harrell v. Mexico Cattle Co.*,
  73 Tex. 612, 11 S.W. 863 (1889) ......................................................................................15, 16

*In re Dierschke*,
  975 F.2d 181 (5th Cir. 1992) .................................................................................................10

*International Fire and Safety, Inc. v. HC Serv. Inc.*,
  Civil Action No. 2:06-cv63KS-MTP, 2006 WL 2403496 (S. D. Miss. Aug. 18,
  2006) ..................................................................................................................................12, 15

*Jones v. State of La.*,
  764 F.2d 1183 (5th Cir. 1985) ...................................................................................................6

*Lacy v. Sitel Corp.*,
  227 F.3d 290 (5th Cir. 2000) ........................................................................................2, 11, 16

*Le Nguyen v. Lopez*,
  582 S.W.3d 468 (Tex. App.—Amarillo 2018, no pet.), *rev'd on other
  grounds*, 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018) (en banc) ......................13

*Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*,
  417 S.W.3d 46 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)....................................2, 16

*RooR Int'l BV v. A1 Smoke Shop Inc.*,
  Case No. 4:18-CV-3828, 2019 WL 6330543 (S.D. Tex. Oct. 18, 2019).............................15, 16

*Stewart v. Bureaus Inv. Grp. No. 1, LLC*,
  24 F. Supp. 3d 1142 (M.D. Ala. 2014) .............................................................................12, 15

*Thompson v. Deutsche Bank Nat'l Trust Co.*,
  775 F.3d 298 (5th Cir. 2014) .................................................................................................12

*Titan Glob. Holdings, Inv. v. Evan*,
  Civil Action No. 3:08-CV-0085-N, 2008 WL 11435706 (N.D. Tex. Oct. 30,
  2008) ..................................................................................................................................10, 12

*United States v. One Parcel of Real Prop.*,
  763 F.2d 181 (5th Cir. 1985) ...................................................................10

*Walker v. Beaumont Indep. Sch. Dist.*,
  938 F.3d 724 (5th Cir. 2019) ...................................................................17

*Watkins v. Markel Ins. Co.*,
  No. 3:18-cv-3328-L, 2019 WL 2330761 (N.D. Tex. Apr. 17, 2019) .....................12

*William Henry Sterrett, Jr. v. The City of Richardson*,
  Civ. Action No. 3:18-cv-0191-L, 2018 WL 4627133 (N.D. Tex. July 27,
  2018) .........................................................................................................19

**Statutes**

Tex. Bus. Orgs. Code § 5.251 ....................................................................13, 14

Tex. Bus. Orgs. Code § 5.255 ..........................................................................14

Tex. Bus. Orgs. Code § 153.152 .............................................................1, 2, 17

Tex. Civ. Prac. & Rem. Code §17.044 ..............................................................13

**Other Authorities**

Fed. R. Civ. P. 4 ...............................................................................3, 13, 19

Fed. R. Civ. P. 9 .............................................................................................18

Fed. R. Civ. P. 10 ............................................................................................6

Fed. R. Civ. P. 12(b)(5) ...............................................................................3, 19

Fed. R. Civ. P. 12(b)(6) ...................................................................................18

Fed. R. Civ. P. 21 ............................................................................................2

Fed. R. Civ. P. 55 ...................................................................................9, 10, 14

Non-party Baymark Management, LLC ("Baymark Management") and Defendant Baymark Partners file this Motion to Set Aside Entry of Default and Brief in Support ("Motion") pursuant to Federal Rule of Civil Procedure 55(c).[1]  In support thereof, Baymark Management and Baymark Partners would respectfully show the Court as follows:

## I.   <u>SUMMARY OF ARGUMENT</u>

Plaintiff D&T Partners, LLC (successor in interest to ACET VENTURE PARTNERS, LLC)[2] ("Plaintiff") knowingly sued—and now seeks default judgment against—a non-existent foreign entity that has not done business in Texas or otherwise in over a decade.  Plaintiff did so in a calculated attempt to game the system and "end run" the *res judicata* effect of a parallel state court judgment.[3]  Because Baymark Partners, LP does not exist, the Court should set aside the

---

[1] As the general partner of Baymark Partners, LP, Baymark Management would have standing to assert the rights of Baymark Partners, LP.  *See ART Midwest, Inc. v. Clapper*, Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744, at *7 n. 14 (recognizing that a general partner of a partnership has standing to bring claims on behalf of the partnership) (citing *Kase v. Saloman Smith Barney, Inc.*, 218 F.R.D. 149, 159 N.13 (S.D. Tex. 2003) (assuming without discussion that a general partner has standing to sue in that capacity on behalf of a limited partnership); *Westfall v. State*, 10 S.W.3d 85, 89 (Tex. App.—Waco 1999, no pet.) (assuming without deciding that a general partner has standing to complain regarding the rights of a limited partnership; *Nw. Otolaryngology Assocs. v. Mobilease, Inc.*, 786 S.W.2d 399, 404 (Tex. App.—Texarkana 1990, writ denied) ("A limited partnership acts only through its general partner.")).  Moreover, if any default judgment were obtained, the entity against which Plaintiff would seek recovery would be Baymark Management, as the general partner of Baymark Partners, LP.  *See* Tex. Bus. Orgs. Code § 153.152(a)(2).  Additionally, because Plaintiff appears to presume that Baymark Partners, LP and Defendant Baymark Partners are, or at least could be, the same entity, Baymark Partners joins in this motion.

[2] Although the First Amended Complaint ("FAC") purports to bring in additional plaintiffs, Plaintiff failed to comply with Rule 23.1 as to its "derivative" claims, and lacks standing to assert any claims on behalf of either ACET Global, LLC or Baymark ACET Holdco, LLC.  *See* Defendant Baymark ACET Holdco, LLC's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 52].

[3] *See* Joint Appendix in Support of Baymark Management, LLC and Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support and Response to Plaintiff's Motion for Entry of Default and for Default Judgment Against Defendant Baymark Partners, LP and Brief in Support ("APP") at 1-120; Exhibit A, Cause No. DC-19-09828 *D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC) v. ACET Global, LLC, et. al*, in the 116th Judicial District of Dallas County, Texas, Plaintiff's Second Amended Petition [APP 1-17]; Baymark Defendants' First Amended Motion for Partial Summary Judgment and Brief in Support [APP 18-47]; Plaintiff's Response to Baymark Defendants' First Amended Motion for Partial Judgment and Brief in Support [APP 48-101]; Baymark Defendants' Reply in Support of their First Amended Motion for Partial Summary Judgment [APP 102-118]; and Order Partially Granting Defendants' First Amended Motion for Partial Summary Judgment [APP 119-120].  Pursuant to Federal Rule of Evidence 201, Baymark Management, LLC and Baymark Partners, LP request this Court take judicial notice of the foregoing documents.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT                    PAGE 1**

Clerk's entry of default against Baymark Partners, LP and drop it from the lawsuit pursuant to Federal Rule 21.[4]

Moreover, good cause exists to set aside the Clerk's Entry of Default for at least three additional reasons. First, Baymark Partners, LP's failure to timely answer was not willful. As a non-existent entity, Baymark Partners, LP was never properly served (nor could it have been) and, even if it were, there was no way for Baymark Partners, LP to know that it had been served, much less to file an answer.

Second, setting aside the entry of default will not prejudice Plaintiff. As the Fifth Circuit has noted, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."[5] Therefore, the only effect setting aside the entry of default would have is to give the real parties in interest their day in court.[6]

Additionally, including Baymark Partners, LP as a defendant serves no purpose here. Not only does the FAC already name other entities and individuals allegedly responsible for Plaintiff's claims in the lawsuit,[7] but Baymark Management—as Baymark Partners, LP's general partner—is also the entity against whom Plaintiff would have recourse.[8] However, the Honorable Judge Parker already entered summary judgment in state court against Plaintiff and in favor Baymark

---

[4] Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

[5] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

[6] *Id.*

[7] In fact, Plaintiff acknowledges in its FAC that Baymark Partners, LP might be the same entity as Defendant Baymark Partners. *See* FAC ¶ 389 ("Plaintiff further specifically pleads for the remedy of a determination that there is no limited liability for any director, owner, or other agent of Baymark Partners (or, *if it is a different entity, Baymark Partners, LP*") (emphasis added).

[8] *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *Doctors Hosp. at Renaissance, Ltd. v. Andrade*, 493 S.W.3d 545, 551 (Tex. 2016) ("As [D's] general partner, RGV Med 'has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners,' except as provide by statute or the partnership agreement."); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("Unlike a person doing business with a corporation, a person doing business with a limited partnership always has recourse against any general partner in the same manner as partners are liable for the liabilities of a partnership without limited partners.").

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**                    **PAGE 2**

Management on the same state law claims Plaintiff purports to bring against Baymark Partners, LP in this lawsuit, thus precluding Plaintiff's claims here.[9]

Finally, even if Baymark Partners, LP was properly named as a defendant, it would have a meritorious defense against Plaintiff's claims. Specifically, Plaintiff did not—and could not—assert a single factual allegation purporting to show even an inference that Baymark Partners, LP had anything at all to do with the transactions at issue. Consequently, Baymark Partners, LP would be entitled to dismissal pursuant to Federal Rule 12(b)(6).

Moreover, because Plaintiff failed to even attempt to serve Baymark Partners, LP within 90 days of filing its Original Complaint, Baymark Partners, LP would have grounds to dismiss Plaintiff's claims pursuant to Federal Rules 4(m) and 12(b)(5).[10]

Because Baymark Partners, LP is not—and cannot be—a proper party in this lawsuit, Baymark Management and Baymark Partners request that the Court drop Baymark Partners, LP from this suit. Additionally and alternatively, good cause exists to set aside the Clerk's entry of default against Baymark Partners, LP.

## II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A.   Baymark Partners, LP

1.      Baymark Partners, LP was a Delaware limited partnership formed in 2008[11] in anticipation of raising money for a private equity fund by selling limited partnership interests in that entity.[12] On September 2, 2008, Baymark Partners, LP filed its Application for Registration

---

[9] APP at 48-101, Exhibit A, Baymark Defendants' First Amended Motion for Partial Summary Judgment and Brief in Support ("Baymark Defendants' MSJ") and Order Partially Granting Defendants' First Amended Motion for Partial Summary Judgment ("Order Partially Granting Baymark Defendants' MSJ").

[10] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant[.]"); Fed. R. Civ. P. 12(b)(5) (allowing for an action to be dismissed based on insufficient service of process).

[11] APP at 121-23, Exhibit B, Certificate of Limited Partnership of Baymark Partners, L.P.

[12] APP at 131-32, Exhibit D, Affidavit of David Hook ("Hook Affidavit") ¶ 3.

of Foreign Limited Partnership with the Texas Secretary of State and designated CT Corporation System as its registered agent.[13]  Baymark Partners, LP's sole general partner was identified as Baymark Management.[14]  However, Baymark Partners, LP never had any limited partners because no sales of any limited partnership interest were made.[15]  Moreover, the entity never conducted any business.[16]

      2.     On August 12, 2010, Baymark Partners, LP forfeited its right to do business in Texas.[17]  Less than two years later, Baymark Partners, LP ceased to exist entirely on June 1, 2012.[18]

## B.    Plaintiff's state court lawsuit

      3.     On July 12, 2019 (two years before it initiated this suit) Plaintiff filed a lawsuit against ACET Global, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Management, LLC, Baymark Partners, David Hook, and Tony Ludlow in the 116th

---

[13] APP at 126-28, Exhibit C, Certified Copy of Application for Registration of Foreign Limited Partnership of Baymark Partners, L.P ("Application for Registration of Foreign LP").
[14] APP at 121-23, Exhibit B, Certificate of Limited Partnership of Baymark Partners, L.P.
[15] APP at 131-32, Exhibit D, Hook Affidavit ¶ 3.
[16] *Id.*
[17] APP at 130, Exhibit C, Certified Copy of Forfeiture pursuant to Section 171.309 of the Texas Tax Code of Baymark Partners, L.P. ("Tax Forfeiture").
[18] APP at 124, Exhibit B, Certified Copy of Baymark Partners, LP's Non-Existence from the Delaware Secretary of State ("Certificate of Non-Existence") ("[Baymark Partners, LP] is no longer in existence and good standing under the laws of the state of Delaware[.]").

Judicial District Court, Dallas County, Texas (the "State Court Lawsuit").[19]  Notably, Plaintiff did not name Baymark Partners, LP as a defendant in the State Court Lawsuit.

4.     In the State Court Lawsuit, Plaintiff asserted against the State Court Baymark Defendants[20]  the same claims asserted in this case for common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy.[21]  Although Plaintiff's Second Amended Petition was ambiguous with respect to which claims were being asserted against which parties, Plaintiff clarified in its response to the Baymark Defendants' First Amended Motion for Partial Summary Judgment and Brief in Support ("MSJ")  that each of its claims were being asserted against each of the State Court Baymark Defendants in that case.[22]

5.     On March 2, 2021, the State Court Baymark Defendants filed their MSJ in the State Court Lawsuit arguing, in part, that there was no evidence to support Plaintiff's claims against Baymark Management.[23]  On April 7, 2021, the trial court entered its Order Partially Granting Defendants' First Amended Motion for Partial Summary Judgment and dismissed all claims asserted by Plaintiff against Baymark Management.[24]

## C.     Plaintiff's redundant federal lawsuit

6.     On May 21, 2021—just one month after the trial court dismissed Baymark Management from the State Court Lawsuit and *almost a decade* after Baymark Partners, LP ceased

---

[19]The State Court Lawsuit is styled as Cause No. DC-19-09828, *D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC) v. ACET Global, LLC, et. al*, pending in the 116th Judicial District Court, Dallas County, Texas before the Honorable Tonya Parker.  The Baymark defendants in the State Court Lawsuit that have also been sued in this case are Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Partners, David Hook, and Tony Ludlow.  Windspeed Trading, LLC was subsequently added as a defendant in the State Court Lawsuit.
[20] The "State Court Baymark Defendants" include ACET Global, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Management, LLC, Baymark Partners, David Hook, and Tony Ludlow.
[21]APP at 7-16, Exhibit A, Plaintiff's Second Amended Petition ¶¶ 27-56.  Plaintiff also sought attorneys' fees.  *Id.* ¶ 57.
[22] APP at 48-101, Exhibit A, Plaintiff's Response to Baymark Defendants' MSJ at 1, n.1.
[23] APP at 18-47, Exhibit A, Baymark Defendants' MSJ.
[24] APP at 119-20, Exhibit A, Order Partially Granting Baymark Defendants' MSJ. The State Court Lawsuit is ongoing and is currently set for a bench trial on February 14, 2021.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**                    **PAGE 5**

to exist—Plaintiff initiated this suit (the "Federal Lawsuit") [Doc. No. 1]. In this case, Plaintiff added a multitude of additional defendants (including Baymark Partners, LP) and added federal RICO and vicarious liability claims, but otherwise essentially copied and pasted its factual allegations and claims from the State Court Lawsuit. For example, Plaintiff again asserted claims against the Baymark Defendants[25] for common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, TUFTA violations, and civil conspiracy.[26] However, despite making several allegations against Baymark Management in its Complaint,[27] Plaintiff failed to properly name Baymark Management as a defendant.[28]

7.      On May 28, 2021, Plaintiff's counsel, Jason Freeman, inquired as to whether counsel for the Baymark Defendants would agree to waive service of summons for his respective clients.[29] Counsel for the Baymark Defendants agreed to waive service of summons on behalf of Baymark Partners Management, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Partners, David Hook, Tony Ludlow, and Matthew Denegre under Federal Rule of Civil Procedure 4.[30]

---

[25] The "Baymark Defendants" include all of the State Court Baymark Defendants (excluding Baymark Management), plus Baymark Partners Management, LLC and Matthew Denegre.
[26] FAC ¶¶ 368-82.
[27] See Plaintiff's Original Complaint [Doc. No. 1] ¶ 56 (alleging Baymark Management is a shell entity); Id. ¶¶ 84-85 (alleging Baymark Management received improper "management fees" from Baymark ACET Holdco); Id. ¶ 362 (alleging Baymark Management benefitted from "management fees" which purportedly constitute "improper self-dealing transactions"); Id. ¶ 366 (alleging Baymark Management knowingly participated in self-dealing in breach of the fiduciary duties purportedly owed to Plaintiff); Id. ¶ 370 (alleging Baymark Management participated in fraudulent transfers); Id. ¶ 376 (requesting to "pierce" Baymark Management's corporate veil).
[28] Baymark Management, LLC was not listed in the caption of the Original Complaint and is not listed in the caption of the FAC. Therefore, it is not a party in this case. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); see also, Jones v. State of La., 764 F.2d 1183, 1185 (5th Cir. 1985) ("Fed. R. Civ. P. 10(a) provides that all parties must be listed in the caption of the complaint.") (emphasis in original). Even if Plaintiff were to argue that it has actually named Baymark Management as a defendant in this case, Plaintiff has never attempted to serve Baymark Management in this case. See Doc. No. 3 (listing the Defendants for whom summons was being issued and not including Baymark management in such list).
[29] APP at 133-35, Exhibit E, Affidavit of Edward P. Perrin, Jr. ("Perrin Affidavit") ¶ 3; APP at 139, Exhibit E-1, E-mail correspondence among J. Freeman, B. Hard-Wilson, and E. Perrin, from May 28, 2021 through June 2, 2021.
[30] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 3; APP at 136-40, Exhibit E-1.

8.      As to Baymark Partners, LP, however, counsel for the Baymark Defendants expressly informed Mr. Freeman that such entity was formed under the laws of Delaware in 2008, but that it had ceased to exist years ago and also attached a certification of this fact from the Delaware Secretary of State.[31]   The Baymark Defendants' counsel further pointed out there was "nothing to indicate that [Baymark Partners, LP] had *any* involvement in the subject matter of this suit, but there is simply no way that entity could have been involved, as it had not been in existence for well over five years prior to the APA transaction."[32]   Accordingly, counsel for the Baymark Defendants advised that he did not have authority to waive service on behalf of the non-existent entity.[33]

9.      In the same correspondence, counsel for the Baymark Defendants further advised Mr. Freeman that Baymark Management[34] had not been properly named as a party in the caption of the Original Complaint (despite having been referenced throughout the Complaint) and that, if Plaintiff chose to amend its Complaint to add Baymark Management, it could drop Baymark Partners, LP as a party at that time.[35]

10.     Mr. Freeman did not respond to counsel's correspondence or otherwise provide any explanation for how Baymark Partners, LP could possibly be involved in the claims asserted or why it should be named as a party when it ceased to exist in 2012. [36]   Likewise, Mr. Freeman did not indicate whether Plaintiff would amend its complaint to drop Baymark Partners, LP and properly add Baymark Management as a defendant.

---

[31] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 5; Exhibit E-1.

[32] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 5; APP at 136, Exhibit E-1 (emphasis in original).

[33] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 5; APP at 136-40, Exhibit E-1; APP at 124, Exhibit B, Certificate of Non-Existence.

[34] Unlike Baymark Partners, LP, Baymark Management, LLC maintains its registration to do business in Texas.

[35] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 6; Exhibit E-1.

[36] *Id.*  ¶ 7. In fact, the FAC neither added Baymark Management to the caption of the case nor dropped Baymark Partners, LP as a Defendant.  Further, the FAC did not add any additional facts to explain Baymark Partners, LP's purported connection to Plaintiff's claims.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**                    **PAGE 7**

11.     Instead, on September 30, 2021, Plaintiff filed its First Amended Complaint ("FAC") in lieu of responding to the five motions to dismiss[37] filed by each of the Defendants for whom service of process was waived.[38]   [Doc. No. 36]  Despite the fact that Plaintiff knew[39] Baymark Partners, LP no longer exists and has not existed since June 2012—*five years before any of the purported "fraudulent" transactions took place*[40]—Plaintiff did not drop Baymark Partners, LP as a defendant.

12.     Once again, Plaintiff failed to allege a single factual allegation specifically against Baymark Partners, LP, yet Plaintiff still asserted against it claims for RICO violations, aiding and abetting breach of fiduciary duty, and violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA").[41]  Tellingly, Plaintiff also seeks to "pierce" Baymark Partners, LP's corporate veil to get to its general partner, Baymark Management.[42]  However, the FAC also wholly fails to allege *any* facts to show how or why any veil piercing would be warranted here.[43]

**D.     Plaintiff's purposeful improper attempt to serve Baymark Partners, LP**

13.     On October 8, 2021, Plaintiff requested summons and improperly attempted to serve Baymark Partners, LP through the Texas Secretary of State, rather than its registered agent CT Corporation.  [Doc. No. 41]  Indeed, despite the fact that the Texas Secretary of State's website

---

[37] *See* Doc. Nos. 24 through 26-2, 28 through 30.

[38] The FAC did absolutely nothing to cure *any* of the problems identified in the Defendants' motions to dismiss (nor was Baymark Management named as a party in the FAC's caption or introductory paragraph).  Instead, the FAC added additional incoherent facts and added Julie A. Smith and Hallett & Perrin, P.C. as Defendants. Therefore, Defendants once again filed motions to dismiss the FAC, which are now pending before the Court.  [Doc. Nos. 46 through 56].

[39] Not only did counsel for the Baymark Defendants expressly inform Plaintiff's counsel that Baymark Partners, LP did not exist and had not conducted business in Texas since at least 2012, but Plaintiff itself also acknowledges in its Original Complaint that Baymark Partners, LP "forfeited its certificate and limited liability status in Texas over a decade ago." *See* Original Complaint ¶ 31; FAC ¶ 34.

[40] *See* FAC ¶ 7 [Doc. No. 36] ("The scheme was set in motion in 2017.").

[41] FAC ¶¶ 310-67, 374-82.

[42] *Id.* ¶¶ 388-89.

[43] The FAC merely states that Plaintiff "specifically pleads for the remedy of piercing the veil of ACET Global, LLC; Baymark Partners, LP; Baymark Partners Management, LLC; Super G Capital, LLC; SG Credit Partners, LLC; Baymark ACET Holdco, LLC; Baymark ACET Direct Invest, LLC; Baymark Management, LLC; Baymark Partners; and Windspeed Trading, LLC."  FAC ¶ 388.

and Baymark Partners, LP's Application for Registration clearly identify CT Corporation as Baymark Partners, LP's registered agent in Texas,[44]  Plaintiff never even attempted to serve CT Corporation.  Instead, Plaintiff misrepresented to the Court that Baymark Partners, LP "did not maintain a registered agent in the State of Texas."  [Doc. No. 71 ¶ 2]

14.     Moreover, although the FAC expressly states Baymark Partners, LP "may be served with process at 5700 Granite Parkway, Suite 435, Plano, Texas 75024," Plaintiff directed the Texas Secretary of State to forward a copy of the summons and FAC to Baymark Partners, LP at a completely different address—13455 Noel Road, Suite 1670, Dallas, Texas 75240.  However, as Plaintiff is acutely aware (by virtue of having successfully served Baymark Management and the other Baymark Defendants at the 5700 Granite Parkway address in Plano), neither Baymark Partners, LP nor its general partner, Baymark Management, are located at that address.  This is further evidence that Plaintiff never intended to serve Baymark Partners, LP, or for Baymark Partners, LP to answer this lawsuit, and was instead hoping this Court would rubber stamp a default judgment against that non-existent entity.

**E.     Plaintiff's request for entry of default and for default judgment against Baymark Partners, LP**

15.     On December 31, 2021, Plaintiff filed its Request for Clerk's Entry of Default Against Defendant Baymark Partners, LP ("Request for Entry of Default") [Doc. No. 71]. Plaintiff's Request for Entry of Default did not include any affidavit verifying the facts supporting its allegations of default as required by Federal Rule 55.[45]

16.     On January 3, 2021, the Clerk of Court entered a default against Baymark Partners, LP [Doc. No. 72].   Subsequently, on January 5, 2021, Plaintiff filed its Motion for Default

---

[44] APP at 126-28, Exhibit C, Application for Registration of Foreign LP.
[45] Fed. R. Civ. P. 55(a).

Judgment [Doc. No. 74].  In its Motion for Default Judgment, Plaintiff again misrepresented to the Court that, "[s]ince  Baymark Partners, LP has failed to appoint or maintain a registered agent in the State of Texas, the Secretary of State is an agent of an entity for purposes of service of process, notice, or demand."[46]

17.    Based on its calculated decisions to (1) forego adding Baymark Management as a party (despite numerous allegations against it throughout the FAC), (2) misrepresent to the Court Baymark Partners, LP's failure to appoint a registered agent in Texas, (3) avoid any attempt at proper service on Baymark Partners, LP through its registered agent or general partner, Baymark Management, and (4) direct the Texas Secretary of State to send notice and summons to a bad address for Baymark Partners, LP, it is evident that Plaintiff knowingly sued the non-existent Baymark Partners, LP solely in an improper backdoor attempt to obtain judgment against Baymark Management (and the other defendants) and end run the *res judicata* effect of the judgment in Baymark Management's favor in the State Court Lawsuit.[47]

### III.    ARGUMENTS & AUTHORITIES

**A.    Federal law favors decisions on the merits rather than based on default judgments.**

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause[.]"[48]  Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."[49]  Thus, the "good cause" standard is liberally construed.[50]

---

[46] Motion for Default Judgment ¶ 5.
[47] APP at 119-20, Exhibit A, Order Partially Granting Baymark Defendants' MSJ.
[48] Fed. R. Civ. P. 55(c).
[49] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).
[50] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

To determine whether a defendant has shown good cause under Rule 55(c), a court should consider the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced; and (3) whether the defendant presents a meritorious defense.[51]  The court need not consider all of these factors.[52]  Ultimately, "[t]he decision to set aside a default decree lies within the sound discretion of the district court."[53]

Nonetheless, if the defendant was never properly served, the court "must set aside the clerk of court's entry of default as a matter of law."[54]  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing validity."[55]  The courts favor resolving actions on the merits and therefore will resolve any doubts in favor of the defaulted defendant.[56]

## B.  Baymark Partners, LP is not a proper party to this lawsuit because it no longer exists.

As a preliminary matter, Baymark Partners, LP is a non-existent foreign entity that should never have been added as a defendant to this lawsuit.  Although Baymark Partners, LP was formed in 2008 under Delaware law, it has never conducted any business in Delaware, Texas, or elsewhere.[57]  In fact, Baymark Partners, LP lost its good standing and ceased to exist in Delaware nearly a decade ago on June 1, 2012.[58]  Moreover, as is evident from the Texas Secretary of State's

---

[51] *Dierschke*, 975 F.2d at 184.

[52] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

[53] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

[54] *Titan Glob. Holdings, Inv. v. Evan*, Civil Action No. 3:08-CV-0085-N, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008).

[55] *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

[56] *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted) (observing that "federal courts should not be agnostic with respect to the entry of default judgments which are 'generally disfavored in the law'"); *General Tel. Corp. v. General Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (citation omitted) ("[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

[57] APP at 131-32, Exhibit D, Hook Affidavit ¶ 2.

[58] APP at 124, Exhibit B, Certificate of Non-Existence.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**                    **PAGE 11**

website (and as the Baymark Defendants' counsel advised Plaintiff's counsel), Baymark Partners, LP forfeited its privileges to conduct business in Texas on August 13, 2010.[59]

Plaintiff's own allegations (or lack thereof) confirm that Baymark Partners, LP is not a proper party.  Plaintiff has not—and cannot—allege that Baymark Partners, LP engaged in business in Texas after 2012, much less that it took part in any of the purported "fraudulent" transactions or any other wrongful conduct alleged in this lawsuit.  In fact, the *only* references the FAC makes with regard to Baymark Partners, LP are to (1) name Baymark Partners, LP in the caption and list of Defendants preceding the "Short Summary");[60] (2) state that it forfeited its certificate and limited liability status in Texas over a decade ago,[61] (2) generally allege that Baymark Partners caused Baymark Partners, LP to perpetrate a fraud,[62] (3) request that the Court pierce Baymark Partners, LP's corporate veil,[63] and (4) surmise that Baymark Partners, LP and Baymark Partners might be the same entity.[64]

Because Baymark Partners is a non-existent entity against which no claim has been asserted, it is not a proper party and should be dropped from the lawsuit.[65]

---

[59] APP at 130, Exhibit C, Tax Forfeiture; APP at 136, Exhibit E-1.

[60] FAC  at 1 and 4, n.6.

[61] *Id.* ¶ 34.

[62] *Id.*  at 4, n.6; ¶ 380.

[63] *Id.*  ¶ 388.

[64] *Id.*  ¶ 389.  Notably, Baymark Partners *has* responded to the FAC by filing a Motion to Dismiss.  [Doc. No. 49]  Yet, Plaintiff offers no explanation as to why it should be allowed to sue the same entity under different names and then get a "gotcha" default when the entity responds under only one name.

[65] Although undersigned counsel was unable to locate case law from the judicial districts of Texas, several other district courts have held that service of process on a non-existent entity is void, and such entity should be dismissed from the lawsuit.  *See, e.g., Dean v. Ashford*, No. 15-C-3193, 2017 WL 2215001, at *2 (N.D. Ill. May 19, 2017) ("Where a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*.") (quoting *Bowers by Bowers v. Du Page Cnty. Regional Bd. Of Trustees*, 183 Ill. App. 3d 367, 373 (1989)); *Stewart v. Bureaus Inv. Grp. No. 1, LLC*, 24 F. Supp. 3d 1142, 1152 (M.D. Ala. 2014) ("[T]he non-existent Bureaus entities are not appropriate parties in this suit and should be omitted as defendants in any future proposed Third Amended Complaint"); *Cropp v. Golden Arch Realty Corp.*, No. 2:08-CV-0096, CWH, 2009 WL 10710585, at *2 (D.S.C. Mar. 31, 2009) ("[T]he remedy for insufficiency of process and insufficiency of service of process is the dismissal of the complaint as to the non-existent entity[.]"); *International Fire and Safety, Inc. v. HC Serv. Inc.*,  Civil Action No. 2:06-cv63KS-MTP, 2006 WL 2403496, at *1 (S. D. Miss. Aug. 18, 2006) ("[T]he proper relief for the legally non-existent entity 'Sonya Bridges/Wayne Famers' is dismissal of the complaint as to that non-existent entity."); *Aurora Shores Homeowners Ass'n, Inc., v. F.D.I.C.*, 2 F. Supp. 2d 975, 981 (N.D. Ohio 1998) ("A complaint filed against a

C.      **Baymark Partners, LP was not properly served.**

Even if the Court determines Baymark Partners, LP was properly added as a defendant in this lawsuit, it should nevertheless set aside the Clerk's Entry of Default as to Baymark Partners, LP because Plaintiff's purported service of process on Baymark Partners, LP is improper.[66]

Texas law[67] requires that "strict compliance with the rules for service of process affirmatively appear on the record in order for a default judgment to withstand a direct attack."[68] It does "not indulge in any presumptions in favor of valid issuance, service, or return of citation" or make inferences of jurisdictional facts.[69] Therefore, "at the time default was entered," the record must affirmatively show "that citation was properly served."[70]

Here, the record does *not* affirmatively show Plaintiff properly served Baymark Partners, LP. While Plaintiff provided the Court a Whitney Certificate from the Texas Secretary of State purporting to evidence service of the Summons and Complaint on Baymark Partners, LP, Plaintiff failed to show that the Secretary of State is the proper agent for service.

First, there is not a single allegation in the FAC purporting to show that Baymark Partners, LP engaged in business in Texas. Therefore, the Texas long arm jurisdiction providing for service through the Secretary of State is inapplicable.[71]

---

non-existent entity is a nullity and must be dismissed because any judgment rendered against such an entity must be void") (citation omitted).

[66] *Titan Glob. Holdings, Inv.*, 2008 WL 11435706, at *4.

[67] Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to effectuate service of process in any manner permissible within the forum state; therefore, the Court must evaluate the propriety of Plaintiff's purported service on Baymark Partners, LP under Texas law. Fed. R. Civ. P. 4(e)(1); *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (quoting *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).

[68] *Watkins v. Markel Ins. Co.*, No. 3:18-cv-3328-L, 2019 WL 2330761, at *3 (N.D. Tex. Apr. 17, 2019) (internal citation and quotation marks omitted).

[69] *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex. App.—Dallas 2006, no pet.).

[70] *Le Nguyen v. Lopez*, 582 S.W.3d 468, 471 (Tex. App.—Amarillo 2018, no pet.), *rev'd on other grounds,* 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018) (en banc).

[71] Tex. Civ. Prac. & Rem. Code §17.044(a)(1).

Second, when a foreign entity maintains a registered agent in Texas, the proper agent for service is that registered agent.[72]   As set forth above, Baymark Partners, LP designated CT Corporation as its registered agent for service of process in Dallas, Texas.[73]   That designation remains reflected on the Texas Secretary of State's website. Therefore, Plaintiff was required to attempt service on CT Corporation *before* undertaking service on the Secretary of State.[74] However, nothing in the record indicates that Plaintiff exercised due diligence to serve Baymark Partners, LP through its registered agent.[75]   In fact, there is no evidence that Plaintiff even attempted service on CT Corporation.  To the contrary, Plaintiff misrepresented to the Court that "Baymark did not maintain a registered agent in the State of Texas" and, therefore, "the Summons, Plaintiffs' [FAC] with exhibits, and the required service fee was sent via Federal Express to the Texas Secretary of State for service on Baymark."  [Doc. No. 71, ¶ 2]  Plaintiff's failure to file the required proof of due diligence prior to attempting service on Baymark Partners, LP through the Secretary of State renders such service invalid.[76]

---

[72]Tex. Bus. Orgs. Code § 5.251(1)(B).

[73] APP at 126-28, Exhibit C, Application for Registration of Foreign LP.

[74] *Dan-Bunkering (America), Inc. v. Ichor Oil, LLC*, — F. Supp.3d —, Civil Action No. 3:20-CV-03341-S-BT, 2021 WL 4311677, at *3 (N.D. Tex. Sep. 21, 2021) (recognizing that Texas law "requires the record to affirmatively show that the plaintiff used reasonable diligence in attempting to serve the registered agent at the registered office *before* undertaking substituted service on the Secretary of State") (emphasis added) (citing *Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.)); *see also* Tex. Bus. Orgs. Code § 5.251(1)(B) (the secretary of state is an agent for service of a foreign entity if the registered agent of the entity cannot  with reasonable diligence be found).

[75] The Secretary of State is also the agent of process if a foreign filing entity's registration to do business in Texas is revoked.  Tex. Bus. Orgs. Code § 5.251(2)(A).  Although Baymark Partners, LP's registration to do business in Texas was forfeited, there is nothing in this record or the Secretary of State records to indicate that its registration was revoked, and counsel has not found case law indicating that forfeiture is the equivalent of revocation.  In any event, Plaintiff moved for entry of default and for default judgment on the incorrect basis that Baymark Partners, LP did not maintain a registered agent in Texas.  As such, Plaintiff should have used reasonable diligence in attempting to serve Baymark Partners, LP's registered agent before attempting substituted service through the Secretary of State.  *Dan-Bunkering (America), Inc.*, 2021 WL 4311677, at *3.

[76] *Dan-Bunkering (America), Inc.*, 2021 WL 4311677, at *3-*4.

Moreover, a limited partnership's general partner is also a proper agent for service.[77] Therefore, Plaintiff could have properly attempted to serve Baymark Partners, LP via Baymark Management. Yet, although Plaintiff knew how and where to serve Baymark Management (and successfully did so in the State Court Lawsuit), Plaintiff did not even attempt such service. Because the record does not affirmatively show that citation was properly served on Baymark Partners, LP, the Court should set aside the Clerk's entry of default.[78]

### D. There exists good cause to set aside the Clerk's Entry of Default.

Even without considering Plaintiff's failure to effectuate valid service on the non-existent Baymark Partners, LP, good cause exists to set aside the Clerk's entry of default.[79]

### 1. Baymark Partners, LP's failure to timely answer was not willful.

First, Baymark Partners, LP's failure to timely answer was not willful. Baymark Partners, LP is a non-existent entity that ceased to exist in 2012.[80] As a non-existent entity, Baymark Partners does not have legal capacity to act, whether willfully or otherwise.[81] To that end, there is no way for the non-existent entity to know that it had been sued, much less file an answer. Indeed, as Plaintiff points out in its Motion for Default Judgment, "[t]he certified envelope [containing the service of process documentation] was sent out for delivery … *with no success* and made available

---

[77] Tex. Bus. Orgs. Code § 5.255(2) ("For purpose of service of process, notice, or demand … each general partner of a domestic or foreign limited partnership … is an agent of that partnership.").

[78] *Dan-Bunkering (America), Inc.*, 2021 WL 4311677, at *3-*4; *Garza v. Altaire Pharmaceuticals, Inc.*, Civil Action No. 3:20-CV-1524-B, 2020 WL 5526558, at *2-*3 (N.D. Tex. Sep. 14, 2020) (setting aside entry of default when the defendant was not properly served).

[79] Fed. R. Civ. P. 55(c).

[80] *See supra* Section III.B.

[81] *See, e.g., Dean*, 2017 WL 2215001, at *2 ("Where a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*."); *Stewart*, 24 F. Supp. 3d at 1152 ("[T]he non-existent Bureaus entities are not appropriate parties in this suit and should be omitted as defendants in any future proposed Third Amended Complaint"); *Cropp*, 2009 WL 10710585, at *2 ("[T]he remedy for insufficiency of process and insufficiency of service of process is he dismissal of the complaint as to the non-existent entity[.]"); *International Fire and Safety, Inc.* 2006 WL 2403496, at *1 ("[T]he proper relief for the legally non-existent entity 'Sonya Bridges/Wayne Famers' is dismissal of the complaint as to that non-existent entity."); *Aurora Shores Homeowners Ass'n, Inc.,* 2 F. Supp. 2d at 981 ("A complaint filed against a non-existent entity is a nullity and must be dismissed because any judgment rendered against such an entity must be void") (citation omitted).

for pick up at the designated United States Post Office … As of the date of this filing, *Baymark Partners, LP has not picked up the certified envelope with the Summons and [FAC]*."[82]  If Plaintiff truly wanted Baymark Partners, LP to answer the lawsuit, it would have served Baymark Partners, LP through Baymark Management.

Moreover, under longstanding Texas and federal law, a party who is not properly served has no duty to act or otherwise participate in the lawsuit.[83]  As set forth above, Plaintiff failed to serve Baymark Partners, LP through its registered agent or general partner, and its purported service through the Secretary of State is invalid.  Thus, even if Baymark Partners, LP *did* exist (it does not), it was never served with the lawsuit and, therefore, cannot be at fault for its failure to answer same.[84]

### 2.    *Plaintiff will not be prejudiced by the Court's setting aside the entry of default.*

Second, Plaintiff will not be prejudiced by the Court's setting aside the entry of default. As the Fifth Circuit has noted, "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."[85]  Therefore, the only effect setting aside the entry of default would have is to force Plaintiff to prove its case against Baymark Partners, LP and give the parties in interest their day in court.[86]

---

[82] Motion for Default Judgment ¶ 7 (emphasis added).  Additionally, Plaintiff directed the Texas Secretary of State to forward a copy of the summons and FAC to Baymark Partners, LP at a completely different address than what was listed in the FAC, and where Plaintiff had successfully served Baymark Management in the State Court Lawsuit.

[83] *RooR Int'l BV v. A1 Smoke Shop Inc.*, Case No. 4:18-CV-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019) ("It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated") (citing *U.S. Enercorp. Ltd. v. SDC Mont. Bakken Expl., LLC*, No. 12-CV-1231, 2014 WL 3420480, at *6 (W.D. Tex. July 10, 2014) (*accord Douglas v. Pilgrim Senior Citizens Hous. Dev. Corp.*, No. 11-CV-3637, 2012 WL 3277083, at *1 (S.D. Tex. Aug. 9, 2012) (absent proper service of process, any default judgment is void)); *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004) ("An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered."); *Harrell v. Mexico Cattle Co.*, 73 Tex. 612, 11 S.W. 863, 865 (1889) ("A defendant … is not bound to take action until he has been duly served with process.").

[84] *RooR Int'l BV*, 2019 WL 630543, at *2; *Caldwell*, 154 S.W.3d at 97; *Harrell*, 11 S.W. at 865.

[85]  *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

[86] *Id.*

However, including Baymark Partners, LP as a defendant is redundant and serves no purpose here other than to try to circumvent the *res judicata* effect of the summary judgment entered in the State Court Lawsuit in favor of Baymark Management. In particular, assuming, *arguendo,* that Plaintiff had alleged a valid claim against Baymark Partners, LP, Baymark Management (as Baymark Partners, LP's general partner) would be the entity against whom Plaintiff would have recourse.[87] However, the Honorable Judge Parker already entered summary judgment against Plaintiff on the same TUFTA, aiding and abetting, breach of fiduciary duty, and conspiracy claims Plaintiff purports to bring against Baymark Partners, LP in this lawsuit. Consequently, Plaintiff's state law claims against Baymark Partners, LP should be precluded by *res judicata*.[88]

Additionally, the FAC already names other entities and individuals allegedly responsible for Plaintiff's claims in the lawsuit, and those parties have already appeared in this case.[89] Thus,

---

[87] *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *Doctors Hosp. at Renaissance, Ltd. v. Andrade*, 493 S.W.3d 545, 551 (Tex. 2016) ("As [D's] general partner, RGV Med 'has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners,' except as provide by statute or the partnership agreement."); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.,* 417 S.W.3d 46, 56 (Tex. App.—Houston [1ˢᵗ Dist.] 2013, pet. denied) ("Unlike a person doing business with a corporation, a person doing business with a limited partnership always has recourse against any general partner in the same manner as partners are liable for the liabilities of a partnership without limited partners.").

[88] Plaintiff also asserts federal RICO claims against Baymark Partners, LP. However, Plaintiff failed to assert any allegations against Baymark Partners, LP to support any of the elements necessary to prove its *prima facie* case against it. *See, e.g.,* Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support at 8-20. [Doc. No. 49] Therefore, Plaintiff's RICO claims against Baymark Partners, LP fail as a matter of law. Moreover, as this Court has previously recognized in the context of claims asserted under RICO, it is not proper for a plaintiff to lump defendants together. *Aubrey v. D Magazine Partners, L.P.*, Civil Action NO. 3:19-CV-0056-B, 2020 WL 619839, at *4 (N.D. Tex. Feb. 10, 2020); *see also Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (stating that "a RICO plaintiff must plead the specified facts as to each defendant. It cannot lump together the defendants.") (internal quotation marks and alterations omitted); *Dillenberg v. Watts*, Civil Action NO. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069, at *11 n. 23 (Jun. 18, 2021) ("Moreover, a complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.") (internal quotation marks and alterations omitted), *report and recommendations adopted*, 2021 WL 2894093 (E. D. Tex. Jul. 9, 2021).

[89] In fact, Plaintiff acknowledges in its FAC that Baymark Partners, LP might be the same entity as Defendant Baymark Partners. *See* FAC ¶ 389 ("Plaintiff further specifically pleads for the remedy of a determination that there is no limited liability for any director, owner, or other agent of Baymark Partners (or, if it is a different eneity, Baymark Partners, LP).

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**          **PAGE 17**

to the extent Plaintiff can prevail on its claims and is awarded damages, Plaintiff would be able to recover from the entities and individuals against whom liability is found.

      3.    *Baymark Partners, LP would have a meritorious defense against Plaintiff's claims.*

Finally, even if Baymark Partners, LP could be a proper party, it would also have a meritorious defense against Plaintiff's claims. Notwithstanding the fact that Plaintiff's claims against Baymark Partners, LP's general partner are precluded by *res judicata*, there is also not a single allegation in the 393 paragraphs of the 157-page FAC that Baymark Partners, LP took *any* action against Plaintiff or that it did anything to cause Plaintiff harm. Indeed, there is not a single allegation in the FAC that Baymark Partners, LP acted *at all*.

Instead, without articulating specific facts that would support even an inference of wrongdoing, the FAC baldly references Baymark Partners, LP as part of a group of 11 entities that Defendant Baymark Partners "used for the purpose of perpetuating and did perpetuate actual fraud," on Plaintiff. [90] Such a conclusory allegation does not satisfy the Federal Rules. [91]

Moreover, to the extent Plaintiff asserts that Baymark Partners, LP and Baymark Partners are the same entity for purposes of liability, Baymark Partners, LP would still have a meritorious defense. Indeed, Baymark Partners *did* respond to the FAC when it filed its motion to dismiss with the other Baymark Defendants. [Doc. No. 49] Plaintiff offers no explanation as to why it should be allowed to sue the same entity under different names and then get a "gotcha" default when the entity responds, just under only one name.

---

[90] FAC ¶ 380. Notably, the FAC offers no explanation whatsoever as to how Baymark Partners, LP was supposedly "used" to "perpetuate a fraud."

[91] *7-Eleven, Inc. v. Puerto Rico-7 Inc.,* Civil Action No. 3:08-CV-00140-B, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (internal citation omitted); *see also id.* ("[T]his Court applies Rule 9(b) with force and without apology."); Fed. Rs. Civ. P. 9(b) and 12(b)(6).

Nevertheless, as set forth in tremendous detail in the Baymark Defendants' motion to dismiss Plaintiff's FAC utterly fails to: (1) provide facts to support the pattern element required for RICO claims;[92] (2) plead facts supporting any of the RICO predicate acts;[93] (3) explain how it was (or could have been) injured by various RICO "predicate acts";[94] (4) plead facts to support any aiding and abetting claim;[95] (5) plead facts that would identify any of the defendants as a transferee for purposes of its TUFTA claim;[96] or (6) allege a valid tort claim to support a claim of conspiracy.[97]

Lastly, because Plaintiff failed to serve Baymark Partners, LP within 90 days of filing its Original Complaint, Baymark Partners, LP would have grounds to dismiss Plaintiff's claims pursuant to Federal Rules 4(m) and 12(b)(5) unless Plaintiff can show good cause for its delay.[98] In particular, Plaintiff was required to serve Baymark Partners, LP by August 19, 2021, which was 90 days from the date Plaintiff filed its Original Complaint.[99]  However, Plaintiff did not even *attempt* to serve Baymark Partners, LP until almost two months later on October 10, 2021.[100] Therefore, Baymark Partners, LP would be entitled to dismissal of Plaintiff's claims against it.[101]

Because Baymark Partners, LP could present a meritorious defense against Plaintiff's claims in the FAC, the Court should set aside the Clerk's entry of default.

---

[92] *See* Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 49] at 8-12.
[93] *Id.* at 12-18.
[94] *Id.* at 18-19.
[95] *Id.* at 23-24.
[96] *Id.* at 24-25.
[97] *Id.* at 25.
[98] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant[.]"); Fed. R. Civ. P. 12(b)(5) (allowing for an action to be dismissed based on insufficient service of process).
[99] *See* Original Complaint.
[100] *See* Summons Issued to Baymark Partners, LP [Doc. No. 41].
[101] Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(5); *William Henry Sterrett, Jr. v. The City of Richardson*, Civ. Action No. 3:18-cv-0191-L, 2018 WL 4627133, at *4 (N.D. Tex. July 27, 2018) (dismissing plaintiff's claims without prejudice under Rules 4(m) and 12(b)(5) because summons was not served within 90 days and plaintiff failed to demonstrate good cause).

## IV.   <u>PRAYER</u>

WHEREFORE, the Baymark Management and Baymark Partners respectfully request that the Court drop Baymark Partners, LP as a party, set aside the Clerk's Entry of Default, and for any such other and further relief to which they may be justly entitled.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

By: */s/ Edward P. Perrin, Jr.*
      **EDWARD P. PERRIN, JR.**
      State Bar No. 15796700
      eperrin@hallettperrin.com
      **JENNIFER R. POE**
      State Bar No. 00794470
      jpoe@hallettperrin.com
      **ELIZABETH A. FITCH**
      State Bar No. 24075777
      efitch@hallettperrin.com
      1445 Ross Avenue, Suite 2400
      Dallas, TX  75202
      Telephone: (214) 953-0053
      Facsimile: (214) 922-4142

      ATTORNEYS FOR BAYMARK
      PARTNERS MANAGEMENT, LLC;
      BAYMARK ACET HOLDCO, LLC;
      BAYMARK ACET DIRECT INVEST,
      LLC; BAYMARK PARTNERS; DAVID
      HOOK; TONY LUDLOW; and MATTHEW
      DENEGRE

## <u>CERTIFICATE OF CONFERENCE</u>

Undersigned counsel certifies that counsel for movants, non-party Baymark Management, LLC and Defendant Baymark Partners, conferred with counsel for Plaintiff, Jason Freemen, via e-mail, on January 24, 2022.  Counsel for movants advised Mr. Freeman of the relief sought with this Motion to set aside the Court's entry of default and, based on Mr. Freeman's response, this Motion is being filed as opposed.

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served on all counsel of record on January 26, 2022 via the Court's CM/ECF system pursuant to the local rules of this Court.

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.

4878-3904-0777, v. 7