UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), <br><br> *Plaintiff*, <br><br> v. <br><br> BAYMARK PARTNERS, LP; <br> BAYMARK PARTNERS MANAGEMENT, LLC; <br> SUPER G CAPITAL, LLC; <br> SG CREDIT PARTNERS, INC.; <br> BAYMARK ACET HOLDCO, LLC; <br> BAYMARK ACET DIRECT INVEST, LLC; <br> BAYMARK PARTNERS; <br> DAVID HOOK; TONY LUDLOW; <br> MATT DENEGRE; WILLIAM SZETO; <br> MARC COLE; STEVEN BELLAH; <br> ZHEXIAN "JANE" LIN; <br> DANA MARIE TOMERLIN; <br> PADASAMAI VATTANA; PAULA KETTER; <br> VANESSA TORRES; and <br> WINDSPEED TRADING, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL CAUSE NO. 3:21-CV-01171-B |

**ORDER GRANTING NON-PARTY BAYMARK MANAGEMENT, LLC AND DEFENDANT BAYMARK PARTNERS' MOTION TO SET ASIDE ENTRY OF DEFAULT**

On this day, the Court heard non-party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default ("Motion"). After considering the Motion and any response or reply thereto, this Court is of the opinion that Baymark Partners, LP is a non-existent entity that was not, and could not be, properly served. Therefore, Baymark Management, LLC and Baymark Partners' Motion should be GRANTED.

IT IS THEREFORE ORDERED that Baymark Management, LLC and Baymark Partners' Motion to set aside the Clerk's entry of default against Baymark Partners, LP is GRANTED.

IT IS FURTHER ORDERED that Baymark Partners, LP be dropped from this case pursuant to Federal Rule 21.

SIGNED on this _____ day of _____, 2022.

_____<br>JUDGE PRESIDING