## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET Global, LLC and BAYMARK ACET HOLDCO, LLC | § § § § § § | |
| and | § § | Civil Action No. 3:21-CV-01171-B |
| ACET GLOBAL, LLC | § § | |
| Plaintiffs, | § § § | |
| v. | § § | |
| BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; MATTHEW DENEGRE; WILLIAM SZETO; MARC COLE; STEVEN BELLAH: ZHEXIAN "JANE" LIN; DANA MARIE TOMERLIN; PADASAMAI VATTANA; PAULA KETTER; VANESSA TORRES; WINDSPEED TRADING, LLC; HALLETT & PERRIN, P.C.; and JULIE A. SMITH, | § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

### NON-PARTY BAYMARK MANAGEMENT, LLC AND
### DEFENDANT BAYMARK PARTNERS' RESPONSE TO PLAINTIFF'S
### MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT AGAINST
### DEFENDANT BAYMARK PARTNERS, LP AND BRIEF IN SUPPORT

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................ ii

I.     SUMMARY OF ARGUMENT ............................................................................1

II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND ...........................3

      A.   Baymark Partners, LP. ...........................................................................3

      B.   Plaintiff's state court lawsuit .................................................................4

      C.   Plaintiff's redundant federal lawsuit. .....................................................5

      D.   Plaintiff's purposeful improper attempt to serve Baymark Partners, LP .....8

      E.   Plaintiff's request for entry of default and for default judgment against Baymark Partner, LP.................................................................................9

III.   ARGUMENTS & AUTHORITIES ......................................................................10

      A.   Federal courts apply a three-step analysis to determine whether default judgment is warranted after the Clerk's entry of default. ..........................10

      B.   Entry of default judgment against Baymark Partners, LP is not procedurally warranted ...........................................................................11

      C.   Entry of default judgment is not substantively warranted. ......................14

            1.   Plaintiff's claims under RICO .........................................................16

            2.   Aiding and Abetting Brach of Fiduciary Duty ................................17

            3.   TUFTA .............................................................................................17

            4.   Civil Conspiracy .............................................................................18

      D.   Plaintiff is not entitled to any damages ...................................................19

IV.    CONCLUSION.....................................................................................................19

V.     PRAYER...............................................................................................................19

CERTIFICATE OF SERVICE............................................................................................20

## TABLE OF AUTHORITIES

### Cases

*Alvarado v. Eltman Law, P.C.*,
   Civil Action No. 3:18-CV-244-B, 2019 WL 2249715 (N. D. Tex. May 24,
   2019) ...................................................................................................................12, 19

*ART Midwest, Inc. v. Clapper*,
   Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744 .......................................................1

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................14

*Aubrey v. D Magazine Partners, L.P.*,
   Civil Action NO. 3:19-CV-0056-B, 2020 WL 619839 (N.D. Tex. Feb. 10,
   2020) ..........................................................................................................................................14

*Aurora Shores Homeowners Ass'n, Inc., v. F.D.I.C.*,
   2 F. Supp. 2d 975 (N.D. Ohio 1998)........................................................................................12

*Clapper v. American Realty Investors, Inc.*,
   Civil Action No. 3:14-CV-2970-D, 2015 WL 3504856 (N.D. Tex. Jun. 3,
   2015) ..........................................................................................................................................18

*Cropp v. Golden Arch Realty Corp.*,
   No. 2:08-CV-0096, CWH, 2009 WL 10710585 (D.S.C. Mar. 31, 2009)...............................12

*Dean v. Ashford*,
   No. 15-C-3193, 2017 WL 2215001 (N.D. Ill. May 19, 2017).................................................12

*Dillenberg v. Watts*,
   Civil Action NO. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069 (Jun. 18,
   2021) ..........................................................................................................................................14

*Doctors Hosp. at Renaissance, Ltd. v. Andrade*,
   493 S.W.3d 545 (Tex. 2016)....................................................................................................17

*Founders Ins. Co. v. Billy's Bar & Grill, LLC*,
   Civil Action No. 3:18-cv-0036-M, 2020 WL 1864639 (N.D. Tex. Apr. 13,
   2020) (mem. op)........................................................................................................................14

*Ganther v. Ingle*,
   75 F.3d 207 (5th Cir. 1996) .....................................................................................................10

*Insurance Co. of the W. v. H&G Contractors, Inc.*,
   Civil Action No. C-10-390, 2011 WL 4738197 (S.D. Tex. Oct. 5, 2011) ..............................11

*International Fire and Safety, Inc. v. HC Serv. Inc.*,
 Civil Action No. 2:06-cv63KS-MTP, 2006 WL 2403496 (S. D. Miss. Aug. 18,
 2006) ...........................................................................................................................12

*Jessen v. Duvall*,
 No. 14-16-00869-CV, 2018 WL 1004659 (Tex. App.—Houston [14th Dist.]
 Feb. 22, 2018, no pet.) (mem. op.) ..............................................................................17

*Jones v. State of La.*,
 764 F.2d 1183 (5th Cir. 1985) .......................................................................................5

*Lindsey v. Prive Corp.*,
 161 F.3d 886 (5th Cir. 1998) ............................................................................... *passim*

*Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*,
 515 F.2d 1200 (5th Cir. 1975) ........................................................................10, 11, 14

*Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*,
 417 S.W.3d 46 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).....................17

*Stewart v. Bureaus Inv. Grp. No. 1, LLC*,
 24 F. Supp. 3d 1142 (M.D. Ala. 2014) ......................................................................12

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*,
 874 F.2d 274 (5th Cir. 1989) .......................................................................................10

*United Artists Corp. v. Freeman*,
 605 F.2d 854 (5th Cir. 1979) .......................................................................................11

*United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*,
 548 F. Supp. 2d 381 (W.D. Tex. 2008).......................................................................10

*Varela v. Gonzales*,
 Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606 (N.D. Tex. Oct. 17,
 2013) ...........................................................................................................................16

*Varela v. Gonzales*,
 Civil Action No. 3:13-CV-1278-B, 2014 WL 1284985 (N.D. Tex. Mar. 31,
 2014) *aff'd*, 773 F.3d 704 (5th Cir. 2014)..................................................................16

*Walker v. Beaumont Indep. Sch. Dist.*,
 938 F.3d 724 (5th Cir. 2019) .......................................................................................14

**Statutes**

Tex. Bus. Com. Code § 24.009...........................................................................................18

Tex. Bus. Orgs. Code § 5.251(1)(B).................................................................................12

Tex. Bus. Orgs. Code § 153.152(a)(2)....................................................................1, 17, 18

Tex. Civ. Prac. & Rem. Code §17.044(a)(1) ....................................................................12

**Other Authorities**

Fed. R. Civ. P. 10(a) .........................................................................................................5

Fed. R. Civ. P. 55 .........................................................................................................9, 10

Non-party Baymark Management, LLC and Defendant Baymark Partners file their Response to Plaintiff's Motion for Entry of Default and for Default Judgment Against Baymark Partners, LP and Brief in Support.[1]  In support thereof, Baymark Management, LLC and Baymark Partners would respectfully show the Court as follows:

## I.    <u>SUMMARY OF ARGUMENT</u>

Plaintiff D&T Partners LLC (successor in interest to ACET VENTURE PARTNERS, LLC)[2] ("Plaintiff") should not be rewarded for its purposeful attempt to game the system, and evade the reality that its federal case wholly fails to articulate any plausible claim against Baymark Partners, LP or any of the other Defendants.  After unsuccessfully suing Baymark Partners, LP's general partner, Baymark Management, LLC ("Baymark Management"), in state court,[3] Plaintiff

---

[1] As the general partner of Baymark Partners, LP, Baymark Management has standing to assert the rights of Baymark Partners, LP.  *See ART Midwest, Inc. v. Clapper*, Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744, at *7 n. 14 (recognizing that a general partner of a partnership has standing to bring claims on behalf of the partnership) (citing *Kase v. Saloman Smith Barney, Inc.*, 218 F.R.D. 149, 159 N.13 (S.D. Tex. 2003) (assuming without discussion that a general partner has standing to sue in that capacity on behalf of a limited partnership); *Westfall v. State*, 10 S.W.3d 85, 89 (Tex. App.—Waco 1999, no pet.) (assuming without deciding that a general partner has standing to complain regarding the rights of a limited partnership); *Nw. Otolaryngology Assocs. v. Mobilease, Inc.*, 786 S.W.2d 399, 404 (Tex. App.—Texarkana 1990, writ denied) ("A limited partnership acts only through its general partner.")).  Moreover, if any default were obtained, the entity against which Plaintiff would seek recovery would be Baymark Management, as the general partner of Baymark Partners, LP.  *See* Tex. Bus. Orgs. Code § 153.152(a)(2).  Additionally, because Plaintiff appears to presume that Baymark Partners, LP and Defendant Baymark Partners are the same entity, Baymark Partners joins in this response.

[2] Although the First Amended Complaint [Doc. No. 36] ("FAC") purports to bring in additional plaintiffs, Plaintiff failed to comply with Rule 23.1 as to its "derivative" claims, and it lacks standing to assert any claims on behalf of either ACET Global, LLC or Baymark ACET Holdco, LLC.  *See* Defendant Baymark ACET Holdco, LLC's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support. [Doc. No. 52].

[3] *See* Joint Appendix in Support of Baymark Management, LLC and Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support and Response to Plaintiff's Motion for Entry of Default and for Default Judgment Against Defendant Baymark Partners, LP and Brief in Support ("APP") at 1-120; Exhibit A, Cause No. DC-19-09828 *D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC) v. ACET Global, LLC, et. al*, in the 116th Judicial District of Dallas County, Texas, Plaintiff's Second Amended Petition [APP 1-17]; Baymark Defendants' First Amended Motion for Partial Summary Judgment and Brief in Support [APP 18-47]; Plaintiff's Response to Baymark Defendants' First Amended Motion for Partial Judgment and Brief in Support [APP 48-101]; Baymark Defendants' Reply in Support of their First Amended Motion for Partial Summary Judgment [APP 102-118]; and Order Partially Granting Defendants' First Amended Motion for Partial Summary Judgment [APP 119-120].  Pursuant to Federal Rule of Evidence 201, Baymark Management, LLC and Baymark Partners, LP request this Court take judicial notice of the foregoing documents.

knowingly sued—and now seeks default judgment against—a foreign entity that has not existed for over a decade and that has never conducted business in Texas or otherwise.

As part and parcel of its procedural gamesmanship, Plaintiff purposely: (1) avoided adding Baymark Management as a party (despite asserting multiple allegations against it in Plaintiff's First Amended Complaint ("FAC") and requesting to pierce its veil);[4] (2) misrepresented to the Court that Baymark Partners, LP failed to appoint a registered agent in Texas;[5] (3) failed to attempt service on Baymark Partners, LP's registered agent or its general partner;[6] and (4) directed the Texas Secretary of State to issue service of summons and citation to a bad address.[7]

Moreover, although Plaintiff has moved for default judgment against Baymark Partners, LP, there is not a single allegation in the 393 paragraphs of the 157-page FAC that Baymark Partners, LP took *any action at all*, much less that it took any action against Plaintiff or that it did anything to cause Plaintiff harm. The complete absence of any articulated or viable good faith claim against Baymark Partners, LP, coupled with Plaintiff's calculated actions, highlight Plaintiff's transparent attempt to game the system and "end run" the *res judicata* effect of a parallel state court judgment to obtain a judgment to which it is in no way entitled.

---

[4] *See* FAC ¶ 60 (alleging Baymark Management is a shell entity); *Id.* ¶¶ 89-90 (alleging Baymark Management received improper "management fees" from Baymark ACET Holdco); *Id.* ¶ 372 (alleging Baymark Management benefitted from "management fees" which purportedly constitute "improper self-dealing transactions"); *Id.* ¶ 376 (alleging Baymark Management knowingly participated in self-dealing in breach of the fiduciary duties purportedly owed to Plaintiff); *Id.* ¶ 380 (alleging Baymark Management participated in fraudulent transfers); *Id.* ¶ 388 (requesting to "pierce" Baymark Management's corporate veil).
[5] Plaintiff's Request for Clerk's Entry of Default Against Defendant Baymark Partners, LP ("Request for Entry of Default") [Doc. No. 71] ¶ 2; Plaintiff's Motion for Entry of Default and for Default Judgment Against Defendant Baymark Partners, LP ("Motion for Default Judgment") [Doc. No. 74] ¶ 5; *see also* APP at 126-28, Exhibit C, Certified Copy of Application for Registration of Foreign Limited Partnership of Baymark Partners, L.P. ("Application for Registration of Foreign LP").
[6] *See* Non-Party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support filed contemporaneously with this motion ("Motion to Set Aside Entry of Default") at 14-15.
[7] *Id.* ¶ 13.

For the foregoing reasons, default judgment is neither procedurally nor substantively warranted against Baymark Partners, LP and, therefore, the Court should deny Plaintiff's Motion for Default Judgment.

## II.    RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A.    Baymark Partners, LP

1.    Baymark Partners, LP was a Delaware limited partnership formed in 2008[8] in anticipation of raising money for a private equity fund by selling limited partnership interests in that entity.[9] On September 2, 2008, Baymark Partners, LP filed its Application for Registration of Foreign Limited Partnership with the Texas Secretary of State and designated CT Corporation System as its registered agent.[10] Baymark Partners, LP's sole general partner was identified as Baymark Management.[11] However, Baymark Partners, LP never had any limited partners because no sales of any limited partnership interest were made.[12] Moreover, the entity never conducted any business.[13]

2.    On August 12, 2010, Baymark Partners, LP forfeited its right to do business in Texas.[14] Less than two years later, Baymark Partners, LP ceased to exist entirely on June 1, 2012.[15]

---

[8] APP at 121-23, Exhibit B, Certificate of Limited Partnership of Baymark Partners, L.P.
[9] APP at 131-32, Exhibit D, Affidavit of David Hook ("Hook Affidavit") ¶ 3.
[10] APP at 126-28, Exhibit C, Certified Copy of Application for Registration of Foreign Limited Partnership of Baymark Partners, L.P ("Application for Registration of Foreign LP").
[11] APP at 121-23, Exhibit B, Certificate of Limited Partnership of Baymark Partners, L.P.
[12] APP at 131-32, Exhibit D, Hook Affidavit ¶ 3.
[13] *Id.*
[14] APP at 130, Exhibit C, Certified Copy of Forfeiture pursuant to Section 171.309 of the Texas Tax Code of Baymark Partners, L.P. ("Tax Forfeiture").
[15] APP at 124, Exhibit B, Certified Copy of Baymark Partners, LP's Non-Existence from the Delaware Secretary of State ("Certificate of Non-Existence") ("[Baymark Partners, LP] is no longer in existence and good standing under the laws of the state of Delaware[.]").

**B.      Plaintiff's state court lawsuit**

3.      On July 12, 2019 (two years before it initiated this suit) Plaintiff filed a lawsuit against ACET Global, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Management, LLC, Baymark Partners, David Hook, and Tony Ludlow in the 116th Judicial District Court, Dallas County, Texas (the "State Court Lawsuit").[16] Notably, Plaintiff did not name Baymark Partners, LP as a defendant in the State Court Lawsuit.

4.      In the State Court Lawsuit, Plaintiff asserted against the State Court Baymark Defendants[17] the same claims asserted in this case for common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy.[18] Although Plaintiff's Second Amended Petition was ambiguous with respect to which claims were being asserted against which parties, Plaintiff clarified in its response to the Baymark Defendants' First Amended Motion for Partial Summary Judgment and Brief in Support ("MSJ") that each of its claims were being asserted against each of the State Court Baymark Defendants in that case.[19]

5.      On March 2, 2021, the State Court Baymark Defendants filed their MSJ in the State Court Lawsuit arguing, in part, that there was no evidence to support Plaintiff's claims against Baymark Management.[20] On April 7, 2021, the trial court entered its Order Partially Granting

---

[16]The State Court Lawsuit is styled as Cause No. DC-19-09828, *D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC) v. ACET Global, LLC, et. al*, pending in the 116th Judicial District Court, Dallas County, Texas before the Honorable Tonya Parker. The Baymark defendants in the State Court Lawsuit that have also been sued in this case are Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Partners, David Hook, and Tony Ludlow. Windspeed Trading, LLC was subsequently added as a defendant in the State Court Lawsuit.
[17] The "State Court Baymark Defendants" include ACET Global, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Management, LLC, Baymark Partners, David Hook, and Tony Ludlow.
[18]APP at 1-17, Exhibit A, Plaintiff's Second Amended Petition ¶¶ 27-56. Plaintiff also sought attorneys' fees. *Id.* ¶ 57.
[19] APP at 48-101, Exhibit A, Plaintiff's Response to Baymark Defendants' MSJ at 1, n.1.
[20] APP at 18-47, Exhibit A, Baymark Defendants' MSJ.

Defendants' First Amended Motion for Partial Summary Judgment and dismissed all claims asserted by Plaintiff against Baymark Management.[21]

## C.      Plaintiff's redundant federal lawsuit

6.      On May 21, 2021—just one month after the trial court dismissed Baymark Management from the State Court Lawsuit and *almost a decade* after Baymark Partners, LP ceased to exist—Plaintiff initiated this suit (the "Federal Lawsuit") [Doc. No. 1].  In this case, Plaintiff added a multitude of additional defendants (including Baymark Partners, LP) and added federal RICO and vicarious liability claims, but otherwise essentially copied and pasted its factual allegations and claims from the State Court Lawsuit.  For example, Plaintiff again asserted claims against the Baymark Defendants[22] for common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, TUFTA violations, and civil conspiracy.[23]  However, despite making several allegations against Baymark Management in its Complaint,[24] Plaintiff failed to properly name Baymark Management as a defendant.[25]

7.      On May 28, 2021, Plaintiff's counsel, Jason Freeman, inquired as to whether counsel for the Baymark Defendants would agree to waive service of summons for his respective

---

[21] APP at 119-120, Exhibit A, Order Partially Granting Baymark Defendants' MSJ. The State Court Lawsuit is ongoing and is currently set for a bench trial on February 14, 2021.

[22] The "Baymark Defendants" include all of the State Court Baymark Defendants (excluding Baymark Management), plus Baymark Partners Management, LLC and Matthew Denegre.

[23] FAC ¶¶ 368-82.

[24] *See* Plaintiff's Original Complaint [Doc. No. 1] ¶ 56 (alleging Baymark Management is a shell entity); *Id.* ¶¶ 84-85 (alleging Baymark Management received improper "management fees" from Baymark ACET Holdco); *Id.* ¶ 362 (alleging Baymark Management benefitted from "management fees" which purportedly constitute "improper self-dealing transactions"); *Id.* ¶ 366 (alleging Baymark Management knowingly participated in self-dealing in breach of the fiduciary duties purportedly owed to Plaintiff); *Id.* ¶ 370 (alleging Baymark Management participated in fraudulent transfers); *Id.* ¶ 376 (requesting to "pierce" Baymark Management's corporate veil).

[25] Baymark Management, LLC was not listed in the caption of the Original Complaint and is not listed in the caption of the FAC.  Therefore, it is not a party in this case.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *see also, Jones v. State of La.*, 764 F.2d 1183, 1185 (5th Cir. 1985) ("Fed. R. Civ. P. 10(a) provides that all parties must be listed in the <u>caption</u> of the complaint.") (emphasis in original).  Even if Plaintiff were to argue that it has actually named Baymark Management as a defendant in this case, Plaintiff has never attempted to serve Baymark Management in this case.  *See* Doc. No. 3 (listing the Defendants for whom summons was being issued and not including Baymark management in such list).

clients.[26]  Counsel for the Baymark Defendants agreed to waive service of summons on behalf of Baymark Partners Management, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, Baymark Partners, David Hook, Tony Ludlow, and Matthew Denegre under Federal Rule of Civil Procedure 4.[27]

8.      As to Baymark Partners, LP, however, counsel for the Baymark Defendants expressly informed Mr. Freeman that such entity was formed under the laws of Delaware in 2008, but that it had ceased to exist years ago and also attached a certification of this fact from the Delaware Secretary of State.[28]  The Baymark Defendants' counsel further pointed out there was "nothing to indicate that [Baymark Partners, LP] had *any* involvement in the subject matter of this suit, but there is simply no way that entity could have been involved, as it had not been in existence for well over five years prior to the APA transaction."[29]  Accordingly, counsel for the Baymark Defendants advised that he did not have authority to waive service on behalf of the non-existent entity.[30]

9.      In the same correspondence, counsel for the Baymark Defendants further advised Mr. Freeman that Baymark Management[31] had not been properly named as a party in the caption of the Original Complaint (despite having been referenced throughout the Complaint) and that, if Plaintiff chose to amend its Complaint to add Baymark Management, it could drop Baymark Partners, LP as a party at that time.[32]

---

[26] APP at 133-35, Exhibit E, Affidavit of Edward P. Perrin, Jr. ("Perrin Affidavit") ¶ 3; APP at 136-140, Exhibit E-1, E-mail correspondence among J. Freeman, B. Hard-Wilson, and E. Perrin, from May 28, 2021 through June 2, 2021.
[27] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 4; APP at 137, Exhibit E-1.
[28] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 5; Exhibit E-1
[29] APP at 132-35, Exhibit E, Perrin Affidavit ¶ 5; APP at 136, Exhibit E-1 (emphasis in original).
[30] APP at 132-35, Exhibit E, Perrin Affidavit ¶ 5; APP at 136, Exhibit E-1; APP at 124, Exhibit B, Certificate of Non-Existence.
[31] Unlike Baymark Partners, LP, Baymark Management, LLC maintains its registration to do business in Texas.
[32] APP at 133-35, Exhibit E, Perrin Affidavit ¶ 6; Exhibit E-1.

10.     Mr. Freeman did not respond to counsel's correspondence or otherwise provide any explanation for how Baymark Partners, LP could possibly be involved in the claims asserted or why it should be named as a party when it ceased to exist in 2012.[33]  Likewise, Mr. Freeman did not indicate whether Plaintiff would amend its complaint to drop Baymark Partners, LP and properly add Baymark Management as a defendant.

11.     Instead, on September 30, 2021, Plaintiff filed its First Amended Complaint ("FAC") in lieu of responding to the five motions to dismiss[34] filed by each of the Defendants for whom service of process was waived.[35]   [Doc. No. 36]  Despite the fact that Plaintiff knew[36] Baymark Partners, LP no longer exists and has not existed since June 2012—*five years <u>before</u> any of the purported "fraudulent" transactions took place*[37]—Plaintiff did not drop Baymark Partners, LP as a defendant.

12.     Once again, Plaintiff failed to allege a single factual allegation specifically against Baymark Partners, LP, yet Plaintiff still asserted against it claims for RICO violations, aiding and abetting breach of fiduciary duty, and violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA").[38]  Tellingly, Plaintiff also seeks to "pierce" Baymark Partners, LP's corporate veil to

---

[33] *Id.*  ¶ 7.  In fact, the FAC neither added Baymark Management to the caption of the case nor dropped Baymark Partners, LP as a Defendant.  Further, the FAC did not add any additional facts to explain Baymark Partners, LP's purported connection to Plaintiff's claims.

[34] *See* Doc. Nos. 24 through 26-2, 28 through 30.

[35] The FAC did absolutely nothing to cure *any* of the problems identified in the Defendants' motions to dismiss (nor was Baymark Management named as a party in the FAC's caption or introductory paragraph).  Instead, the FAC added additional incoherent facts and added Julie A. Smith and Hallett & Perrin, P.C. as Defendants. Therefore, Defendants once again filed motions to dismiss the FAC, which are now pending before the Court.  [Doc. Nos. 46 through 56].

[36] Not only did counsel for the Baymark Defendants expressly inform Plaintiff's counsel that Baymark Partners, LP did not exist and had not conducted business in Texas since at least 2012, but Plaintiff itself also acknowledges in its Original Complaint that Baymark Partners, LP "forfeited its certificate and limited liability status in Texas over a decade ago." *See* Original Complaint ¶ 31; FAC ¶ 34.

[37] *See* FAC ¶ 7 [Doc. No. 36] ("The scheme was set in motion in 2017.").

[38] FAC ¶¶ 310-67, 374-82.

get to its general partner, Baymark Management.[39]  However, the FAC also wholly fails to allege *any* facts to show how or why any veil piercing would be warranted here.[40]

### D.    Plaintiff's purposeful improper attempt to serve Baymark Partners, LP

13.    On October 8, 2021, Plaintiff requested summons and improperly attempted to serve Baymark Partners, LP through the Texas Secretary of State, rather than its registered agent CT Corporation.  [Doc. No. 41]  Indeed, despite the fact that the Texas Secretary of State's website and Baymark Partners, LP's Application for Registration clearly identify CT Corporation as Baymark Partners, LP's registered agent in Texas,[41]  Plaintiff never even attempted to serve CT Corporation.  Instead, Plaintiff misrepresented to the Court that Baymark Partners, LP "did not maintain a registered agent in the State of Texas."  [Doc. No. 71 ¶ 2]

14.    Moreover, although the FAC expressly states Baymark Partners, LP "may be served with process at 5700 Granite Parkway, Suite 435, Plano, Texas 75024," Plaintiff directed the Texas Secretary of State to forward a copy of the summons and FAC to Baymark Partners, LP at a completely different address—13455 Noel Road, Suite 1670, Dallas, Texas 75240.  However, as Plaintiff is acutely aware (by virtue of having successfully served Baymark Management and the other Baymark Defendants at the 5700 Granite Parkway address in Plano), neither Baymark Partners, LP nor its general partner, Baymark Management, are located at that address.  This is further evidence that Plaintiff never intended to serve Baymark Partners, LP, or for Baymark Partners, LP to answer this lawsuit, and was instead hoping this Court would rubber stamp a default judgment against that non-existent entity.

---

[39] *Id.* ¶¶ 388-89.
[40] The FAC merely states that Plaintiff "specifically pleads for the remedy of piercing the veil of ACET Global, LLC; Baymark Partners, LP; Baymark Partners Management, LLC; Super G Capital, LLC; SG Credit Partners, LLC; Baymark ACET Holdco, LLC; Baymark ACET Direct Invest, LLC; Baymark Management, LLC; Baymark Partners; and Windspeed Trading, LLC."  FAC ¶ 388.
[41] APP at 126-28, Exhibit C, Application for Registration of Foreign LP.

**E.**   **Plaintiff's request for entry of default and for default judgment against Baymark Partners, LP**

15.    On December 31, 2021, Plaintiff filed its Request for Clerk's Entry of Default Against Defendant Baymark Partners, LP ("Request for Entry of Default") [Doc. No. 71]. Plaintiff's Request for Entry of Default did not include any affidavit verifying the facts supporting its allegations of default as required by Federal Rule 55.[42]

16.    On January 3, 2021, the Clerk of Court entered a default against Baymark Partners, LP [Doc. No. 72].   Subsequently, on January 5, 2021, Plaintiff filed its Motion for Default Judgment [Doc. No. 74].   In its Motion for Default Judgment, Plaintiff again misrepresented to the Court that, "[s]ince  Baymark Partners, LP has failed to appoint or maintain a registered agent in the State of Texas, the Secretary of State is an agent of an entity for purposes of service of process, notice, or demand."[43]

17.    Based on its calculated decisions to (1) forego adding Baymark Management as a party (despite numerous allegations against it throughout the FAC), (2) misrepresent to the Court Baymark Partners, LP's failure to appoint a registered agent in Texas, (3) avoid any attempt at proper service on Baymark Partners, LP through its registered agent or general partner, Baymark Management, and (4) direct the Texas Secretary of State to send notice and summons to a bad address for Baymark Partners, LP, it is evident that Plaintiff knowingly sued the non-existent Baymark Partners, LP solely in an improper backdoor attempt to obtain judgment against Baymark Management (and the other defendants) and end run the *res judicata* effect of the judgment in Baymark Management's favor in the State Court Lawsuit.[44]

---

[42] Fed. R. Civ. P. 55(a).
[43] Motion for Default Judgment ¶ 5.
[44] APP at 119-20, Exhibit A, Order Partially Granting Baymark Defendants' MSJ.

## III.   ARGUMENTS & AUTHORITIES

**A.   Federal courts apply a three-step analysis to determine whether default judgment is warranted after the Clerk's entry of default.**

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court.  Under Rule 55, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, … the clerk must enter the party's default."[45]  That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[46]  A party is not entitled to a default judgment merely because the defendant is technically in default.[47]  "Rather, a default judgment is generally committed to the discretion of the district court."[48]

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis.[49]  First, courts consider whether the entry of default judgment is procedurally warranted.[50]  The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by good faith or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.[51]

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment.[52]  In doing so, the Court is to assume

---

[45] Fed. R. Civ. P. 55(b).
[46] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[47] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).
[48] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).
[49] *See, e.g.*, *id.*
[50] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).
[51] *Id.*
[52] *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover").

that due to its default, the defendant admits all *well-pleaded* facts in the plaintiff's complaint.[53] However, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."[54]

Third, courts determine what form of relief, if any, the plaintiff should receive.[55]  Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts.[56]

## B.   Entry of default judgment against Baymark Partners, LP is not procedurally warranted.

As set forth in Baymark Management and Baymark Partner's motion to set aside the Clerk's entry of default, Plaintiff has not met its burden under Rule 55 to show that it is entitled to an entry of default against Baymark Partners, LP, much less a default judgment.[57]  In particular, Plaintiff has not shown that Baymark Partners, LP (as a non-existent entity) *could* be served and, if it could be served, that service via the Texas Secretary of State instead of Baymark Partners, LP's registered agent was proper.[58]  Nevertheless, in the event the Court does not set aside the Clerk's entry of default, a default judgment against Baymark Partners, LP is not warranted in light of the six *Lindsey* factors.

First, material issues of fact exist with regard to whether Plaintiff properly served Baymark Partners, LP in the first place.[59]  As Baymark Management and Baymark Partners explained in their motion to aside the Clerk's entry of default, Baymark Partners, LP is not a proper party and,

---

[53] *Id.*
[54] *Id.*
[55] *Insurance Co. of the W. v. H&G Contractors, Inc.*, Civil Action No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages.") (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)).
[56] *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).
[57] *See generally,* Motion to Set Aside Default Judgment.
[58] *Id.* at 12-14.
[59] *Id.*

as a non-existent entity, any purported service of process is void.[60]  Moreover, Plaintiff's "attempt"

to serve a knowingly defunct limited partnership through the Texas Secretary of State—and not

the limited partnership's registered agent or general partner—despite having made *zero allegations*

that the limited partnership engaged in business in Texas, is improper.[61]

Second, even assuming Baymark Partners, LP is a properly served party who could (and

should have) filed an answer, Plaintiff's interests have not been prejudiced in any way.[62]  In

particular, Baymark Partners, LP's failure to respond does not "threaten[] to bring the adversary

process to a halt, effectively prejudicing Plaintiff's interests."[63]  To the contrary, Plaintiff has

already sued other entities and individuals purportedly responsible for its claims in this lawsuit,

and those parties have already appeared in this case.  In fact, Plaintiff acknowledges in its FAC

that Baymark Partners, LP might be the same entity as Defendant Baymark Partners who, notably,

*has* responded to the FAC by filing a motion to dismiss.[64]  [Doc. No. 49]  Yet, Plaintiff offers no

---

[60] Motion to Set Aside Default Judgment at 12-13; *see also*, *Dean v. Ashford*, No. 15-C-3193, 2017 WL 2215001, at *2 (N.D. Ill. May 19, 2017) ("Where a suit is brought against an entity which has no legal existence, the proceedings are void *ab initio*.") (quoting *Bowers by Bowers v. Du Page Cnty. Regional Bd. Of Trustees*, 183 Ill. App. 3d 367, 373 (1989)); *Stewart v. Bureaus Inv. Grp. No. 1, LLC*, 24 F. Supp. 3d 1142, 1152 (M.D. Ala. 2014) ("[T]he non-existent Bureaus entities are not appropriate parties in this suit and should be omitted as defendants in any future proposed Third Amended Complaint"); *Cropp v. Golden Arch Realty Corp.*, No. 2:08-CV-0096, CWH, 2009 WL 10710585, at *2 (D.S.C. Mar. 31, 2009) ("[T]he remedy for insufficiency of process and insufficiency of service of process is the dismissal of the complaint as to the non-existent entity[.]"); *International Fire and Safety, Inc. v. HC Serv. Inc.*, Civil Action No. 2:06-cv63KS-MTP, 2006 WL 2403496, at *1 (S. D. Miss. Aug. 18, 2006) ("[T]he proper relief for the legally non-existent entity 'Sonya Bridges/Wayne Famers' is dismissal of the complaint as to that non-existent entity."); *Aurora Shores Homeowners Ass'n, Inc., v. F.D.I.C.*, 2 F. Supp. 2d 975, 981 (N.D. Ohio 1998) ("A complaint filed against a non-existent entity is a nullity and must be dismissed because any judgment rendered against such an entity must be void.") (citation omitted).

[61] Tex. Bus. Orgs. Code § 5.251(1)(B) (when a foreign entity maintains a registered agent in Texas, the proper agent for service is that registered agent); Tex. Civ. Prac. & Rem. Code §17.044(a)(1) (the secretary of state is an agent for service of process on a nonresident who is required to maintain or designate a registered agent but fails to do so, or engages in business in Texas, but has not designated or maintained a registered agent).

[62] *Lindsey*, 161 F.3d at 893.

[63] *Alvarado v. Eltman Law, P.C.*, Civil Action No. 3:18-CV-244-B, 2019 WL 2249715, at *3 (N. D. Tex. May 24, 2019) (citations omitted).

[64] *See* FAC ¶ 389 ("Plaintiff further specifically pleads for the remedy of a determination that there is no limited liability for any director, owner, or other agent of Baymark Partners (*or, if it is a different entity, Baymark Partners, LP*.").) (emphasis added).

explanation as to why it should be allowed to sue the same entity under different names and then get a "gotcha" default when that entity responds under only one of the names.[65]

Third, Plaintiff's grounds for default are not clearly established.[66]  Not only has Plaintiff failed to present sufficient evidence that Baymark Partners, LP was properly served, but Plaintiff's FAC also does not—and cannot—plausibly articulate any viable claim against it.

Fourth, Baymark Partners, LP's failure to answer was not willful.[67]  As a non-existent entity, Baymark Partners, LP was never properly served (nor could it have been) and, even if it were, there is no way for Baymark Partners, LP to know that it had been served, much less to file an answer.  Indeed, as Plaintiff points out in its Motion for Default Judgment, "[t]he certified envelope [containing the service of process documentation] was sent out for delivery … *with no success* and made available for pick up at the designated United States Post Office … As of the date of this filing, *Baymark Partners, LP has not picked up the certified envelope with the Summons and [FAC]*."[68]

Fifth, entering default judgment against a foreign defunct entity would be harsh, particularly when there is not a single allegation in the FAC that Baymark Partners, LP engaged in business in Texas or committed a single act that could harm Plaintiff.  The mere fact that Baymark Partners, LP has "Baymark" in its name is not sufficient proof that it had anything at all to do with the transactions which serve as the basis of Plaintiff's lawsuit.  Indeed, Baymark

---

[65] If Plaintiff does not even know whether or not Baymark Partners and Baymark Partners, LP are the same entity, it is unclear how Plaintiff could possibly assert any claim against Baymark Partners, LP.
[66] *Lindsey,* 161 F.3d at 893.
[67] *Id.*
[68] Motion for Default Judgment ¶ 7 (emphasis added).  Again, it is unsurprising that mail sent to an incorrect address has not been picked up.

Partners, LP could not have been involved with any transactions in issue in this case, as it never conducted any business and ceased to exist in 2012.[69]

Finally, taking all of the forgoing five factors into consideration, it is clear that Baymark Partners, LP's purported default was not the result of intentional neglect. As a non-existent foreign entity, Baymark Partners, LP was not (and could not be) served and, even if it could be served, Plaintiff has wholly failed to meet its burden to show that entry of default judgment against Baymark Partners, LP is warranted.[70] Accordingly, there is good cause to refrain from entering a default judgment.[71]

## C.   Entry of default judgment is not substantively warranted.

In the event the Court determines entry of default is procedurally warranted, Baymark Partners, LP is deemed to have admitted only the *well-pleaded* factual allegations set forth in the FAC.[72] However, the Court cannot enter default judgment against Baymark Partners, LP if the well-pleaded factual allegations do not support any claims against it.[73] Thus, the Court must review the pleadings to determine whether Plaintiff established any viable claim for relief against Baymark Partners, LP.[74] "[D]etailed factual allegations" are not required, but the pleadings must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[75] Further, as this Court has previously recognized in the context of claims asserted under RICO, it is not proper for a plaintiff to lump the defendants together.[76]

---

[69] APP at 131-32, Exhibit D, Hook Affidavit ¶ 3.

[70] *Lindsey*, 161 F.3d at 893.

[71] *See* Motion to Set Aside Entry of Default at 16-19.

[72] *Nishimatsu*, 515 F.2d at 1206.

[73] *Founders Ins. Co. v. Billy's Bar & Grill, LLC*, Civil Action No. 3:18-cv-0036-M, 2020 WL 1864639, at *2 (N.D. Tex. Apr. 13, 2020) (mem. op) (citations omitted) ("Default judgment is proper only if the well-pleaded factual allegations in the [] Complaint establish a valid cause of action.").

[74] *Id.* at *2.

[75] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[76] *Aubrey v. D Magazine Partners, L.P.*, Civil Action NO. 3:19-CV-0056-B, 2020 WL 619839, at *4 (N.D. Tex. Feb. 10, 2020); *see also Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5ᵗʰ Cir. 2019) (stating that "a RICO

Here, each of Plaintiff's purported "claims" against Baymark Partners, LP fails spectacularly under Federal Rules 8, 9(b), and 12(b)(6).[77]  There is not a single allegation in the 393 paragraphs of the 157-page FAC that Baymark Partners, LP took any action against Plaintiff or that it did anything to cause Plaintiff harm.[78]  In fact, there is not a single allegation in the FAC that Baymark Partners, LP acted *at all*.  This is not surprising as Baymark Partners, LP *never* conducted any business,[79] forfeited its right to conduct business in Texas *seven years before* the purported fraudulent scheme commenced,[80] and ceased to exist completely *five years before* such "scheme."[81]

Nevertheless, to the extent Plaintiff contends Baymark Partners, LP should, for some unpleaded reason, be considered indistinguishable from Defendant Baymark Partners, each of

---

plaintiff must plead the specified facts as to each defendant.  It cannot lump together the defendants.") (internal quotation marks and alterations omitted); *Dillenberg v. Watts*, Civil Action NO. 4:20-CV-00458-SDJ-CAN, 2021 WL 2906069, at *11 n. 23 (Jun. 18, 2021) ("Moreover, a complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct.") (internal quotation marks and alterations omitted), *report and recommendations adopted*, 2021 WL 2894093 (E. D. Tex. Jul. 9, 2021).

[77] *See, e.g.*, Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support ("Baymark Defendants' MTD FAC") [Doc. No. 49].

[78] The name "Baymark Partners, LP" appears only seven times in the FAC: 1) FAC at 1, in the caption of the case; 2) FAC at 2, in the list of Defendants preceding the "Short Summary"; 3) FAC at 4, n.6 ("However, Baymark; . . . Baymark Partners, LP; . . . and Baymark Management, LLC were *collectively used* as a sham to commit fraud under the umbrella of Baymark and at the direction and control of Denegre, Ludlow, and Hook.") (emphasis added); 4) FAC ¶ 34 ("Defendant Baymark Partners, LP *was* a limited partnership formed in the state of Delaware, although it forfeited its certificate and limited liability status in Texas over a decade ago. It may be served with process at 5700 Granite Parkway, Suite 435, Plano, Texas 75024, or wherever it may be found.") (emphasis added); 5) FAC ¶ 380 ("Baymark caused . . . Baymark Partners, LP; . . . and Windspeed (collectively, the 'Transfer Defendants') to be used for the purpose of perpetuating and did perpetuate actual fraud (*i.e.*, fraudulent transfers) on D&T Partners primarily for Baymark's direct personal benefit. . . . The Transfer Defendants were a sham to perpetuate a fraud."); 6) FAC ¶ 388 ("Plaintiff further specifically pleads for the remedy of piercing the veil of . . . Baymark Partners, LP . . . ."); and 7) FAC ¶ 389 ("Plaintiff further specifically pleads for the remedy of a determination that there is no limited liability for any director, owner, or other agent of Baymark Partners (or, *if it is a different entity*, Baymark Partners, LP.") (emphasis added).

[79] APP at 131-32, Exhibit D, David Hook Affidavit ¶ 3.

[80] APP at 130, Exhibit C, Tax Forfeiture.

[81] APP at 124, Exhibit B, Certificate of Non-Existence.

Plaintiff's claims against Baymark Partners, LP fails for all of the reasons set forth in the Baymark Defendants' motion to dismiss Plaintiff's FAC.[82]

       *1.    Plaintiff's claims under RICO*[83]

To establish a *prima facie* civil RICO claim, Plaintiff must allege "(1) a substantive predicate violation of 18 U.S.C. § 1962; (2) injury to his business or property; and (3) a causal connection between the racketeering activity and the injury."[84]   In turn, there are three elements common to all claims under section 1962:  1) a *person* who engages in 2) a *pattern* of racketeering activity 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*.[85] Thus, to successfully state a claim under RICO, Plaintiff must also plead facts to support the elements of the various predicate offences referenced in the FAC.[86]

As set forth in tremendous detail in the Baymark Defendants' motion to dismiss Plaintiff's FAC, Plaintiff utterly fails to: (1) plead facts to support the pattern element required for RICO claims;[87] (2) identify any federal proceeding to support the predicate acts of "obstruction of justice" under 18 U.S.C. § 1503;[88] (3) plead facts to support the predicate acts of  "money laundering" under 18 U.S.C. §§ 1956 and 1957, "bankruptcy fraud" under 18 U.S.C. §§ 152 and 157, and "mail/wire fraud" under 18 U.S.C. §§ 1341 and 1343;[89] and (4) explain how it was (or

---

[82] Of course, if it is really Plaintiff's contention that Baymark Partners and Baymark Partners, LP are one and the same, Plaintiff has offered no reason why it sued the same entity under two different names, and it has not offered any authority for allowing a default judgment against an entity that was sued under two different names, but only responded under one of those names.

[83] *See* FAC ¶¶ 310-324 (18 U.S.C § 1962(c)), 339-367 (18 U.S.C. § 1962(d)).

[84] *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *4 (N.D. Tex. Oct. 17, 2013).

[85] *See, e.g., id.*

[86] *See, e.g., id.* at *5.  Moreover, if Plaintiff sufficiently pleads the elements of a particular predicate act, Plaintiff must also plead facts demonstrating that such predicate act is "both a factual and proximate cause of the [P]laintiff's alleged injury."  *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2014 WL 1284985, at *2 (N.D. Tex. Mar. 31, 2014) *aff'd*, 773 F.3d 704 (5th Cir. 2014).

[87] *See* Baymark Defendants' MTD FAC at 8-12.

[88] *Id.* at 12-13.

[89] *Id.* at 13-18

could have been) injured by the various "predicate acts" it alleges in the FAC or otherwise show causation.[90]  This is particularly true as to Baymark Partners, LP as the FAC does not make a single allegation that it took any of these actions.[91]

Therefore, Plaintiff has not alleged a valid RICO claim against any of the Defendants, including Baymark Partners, LP.

### 2.    Aiding and Abetting Breach of Fiduciary Duty[92]

Plaintiff's "shotgun pleading" makes it impossible to determine what specific conduct by what specific Defendant serves as the basis for Plaintiff's aiding and abetting claims.  For example, to support any aiding and abetting claim, Plaintiff must plead *facts* that would show both that a particular defendant "had an unlawful intent" and that such defendant "substantially assisted and encouraged the wrongdoer's tortious act."[93]  The FAC includes no such facts specific to any Defendant, much less Baymark Partners, LP.

Additionally, even if Plaintiff *could* prevail on its aiding and abetting claim against Baymark Partners, LP, the entity against whom Plaintiff would have recourse is its general partner, *i.e.*, Baymark Management.[94]  However, the Honorable Judge Parker already entered summary

---

[90] *Id.* at 18-19.
[91] *See supra* at 15 n. 77.
[92] FAC ¶¶ 374-76.
[93] *Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659, at *7 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.).
[94] *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *Doctors Hosp. at Renaissance, Ltd. v. Andrade*, 493 S.W.3d 545, 551 (Tex. 2016) ("As [D's] general partner, RGV Med 'has the liabilities of a partners in a partnership without limited partners to a person other than the partnership and the other partners,' except as provide by statute or the partnership agreement."); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.,* 417 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("Unlike a person doing business with a corporation, a person doing business with a limited partnership always has recourse against any general partner in the same manner as partners are liable for the liabilities of a partnership without limited partners.").

judgment in state court against Plaintiff and in favor of Baymark Management on this same claim based on the same factual allegations.[95]  Thus, Plaintiff's claims are precluded by *res judicata*.

### 3.    TUFTA[96]

Plaintiff purports to assert its TUFTA claim against all Defendants.  However, TUFTA only provides for recovery against the transferee of the assets or the person for whose benefit the transfer was made.[97]  Plaintiff does not plead any facts identifying Baymark Partners, LP as the transferee of any ACET Global's assets or explaining how such transfer would even be factually possible, nor does Plaintiff explain how any "transfer" of ACET Global's assets was done to "benefit" Baymark Partners, LP.  Accordingly, Plaintiff has failed to assert a valid TUFTA claim against Baymark Partners, LP.

In any event, Plaintiff's TUFTA claims against Baymark Partners, LP's general partner would also be barred by *res judicata* in light of the state court's dismissal of Plaintiff's TUFTA claims against Baymark Management, LLC.[98]

### 4.    Civil Conspiracy[99]

It is unclear what Plaintiff claims the Defendants, including Baymark Partners, LP, "conspired" to do, particularly more than five years after Baymark Partners, LP ceased to exist. However, any claim for conspiracy necessarily relies on the underlying torts alleged by Plaintiff.

---

[95] APP at 1-17, Exhibit A, Plaintiff's Second Amended Petition; APP at 18-47, Exhibit A, Baymark Defendants' MSJ; APP at 119-20; Exhibit A, Order Partially Granting Baymark Defendants' MSJ.

[96] FAC ¶¶ 377-80.

[97] Tex. Bus. Com. Code § 24.009; *see also Clapper v. American Realty Investors, Inc.*, Civil Action No. 3:14-CV-2970-D, 2015 WL 3504856, at *6 (N.D. Tex. Jun. 3, 2015) (recognizing that "TUFTA allows recovery against the debtor, the transferee, or the person for whose benefit the transfer was made").

[98] *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *see also* APP at 1-17, Exhibit A, Plaintiff's Second Amended Petition; APP at 18-47, Exhibit A, Baymark Defendants' MSJ; APP at 119-20; Exhibit A, Order Partially Granting Baymark Defendants' MSJ.

[99] FAC ¶¶ 381-382.

Thus, the pleading defects in Plaintiff's aiding and abetting and TUFTA claims necessarily impact Plaintiff's conspiracy claims as well.

Once again, however, whether Plaintiff's FAC includes well-pleaded facts to support any conspiracy claim as to Baymark Partners, LP is moot, as such claim would also be barred by *res judicata* because Baymark Management got summary judgment in its favor on this claim as well.[100]

**D.     Plaintiff is not entitled to any damages.**

Because Plaintiff has wholly failed to establish any viable claim against Baymark Partners, LP, damages and attorneys' fees are inappropriate.[101]

## IV.     CONCLUSION

It is evident that Plaintiff only added Baymark Partners, LP as a defendant and knowingly sought entry of default against a non-existent entity solely as an improper backdoor attempt to obtain judgment against Baymark Management, Baymark Partners, and the other Baymark Defendants through some misguided veil-piercing theory.  However, because Plaintiff's purported service on Baymark Partners, LP through the Texas Secretary of State is invalid, entry of default judgment is not procedurally warranted.  Additionally, because the FAC does not—and cannot—establish any valid cause of action against Baymark Partners, LP, entry of default judgment is not substantively warranted.  Therefore, the Court should deny Plaintiff's Motion for Default Judgment.

---

[100] *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *see also* APP at 1-17, Exhibit A, Plaintiff's Second Amended Petition; APP at 18-47, Exhibit A, Baymark Defendants' MSJ; APP at 119-20; Exhibit A, Order Partially Granting Baymark Defendants' MSJ.
[101] *Alvarado*, 2019 WL 224715, at *5.

## V.   <u>PRAYER</u>

WHEREFORE, the Baymark Defendants respectfully request that the Court deny Plaintiff's Motion for Default Judgment, and for any such other and further relief to which they may be justly entitled.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

By: */s/ Edward P. Perrin, Jr.*
**EDWARD P. PERRIN, JR.**
State Bar No. 15796700
eperrin@hallettperrin.com
**JENNIFER R. POE**
State Bar No. 00794470
jpoe@hallettperrin.com
**ELIZABETH A. FITCH**
State Bar No. 24075777
efitch@hallettperrin.com
1445 Ross Avenue, Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142

ATTORNEYS FOR BAYMARK
PARTNERS MANAGEMENT, LLC;
BAYMARK ACET HOLDCO, LLC;
BAYMARK ACET DIRECT INVEST,
LLC; BAYMARK PARTNERS; DAVID
HOOK; TONY LUDLOW; and MATTHEW
DENEGRE

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served on all counsel of record on January 26, 2022 via the Court's CM/ECF system pursuant to the local rules of this Court.

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.

4855-1342-4906, v. 3