UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC | § § § § § | |
| and | § § | |
| ACET Global, LLC | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | |
| BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; MATTHEW DENEGRE; WILLIAM SZETO; MARC COLE; STEVEN BELLAH: ZHEXIAN "JANE" LIN; DANA MARIE TOMERLIN; PADASAMAI VATTANA; PAULA KETTER; VANESSA TORRES; WINDSPEED TRADING, LLC; HALLETT & PERRIN, P.C.; and JULIE A. SMITH | § § § § § § § § § § § § § § § § § § § § § | CIVIL CAUSE NO. 3:21-cv-01171-B |
| **Defendants.** | § | |

**Plaintiffs' Response to Non-Party Baymark Management, LLC and Defendant Baymark**
**Partners' Motion to Set Aside Entry of Default and Brief in Support**

## Table of Contents

Table of Contents ..................................................................................................................... ii

Table of Authorities ............................................................................................................... iii

Introduction/Summary of Argument ................................................................................... 1

Relevant Factual & Procedural Background ......................................................................... 7

    A.   Baymark Partners, LP ................................................................................................ 7

    B.   Baymark Partners, LP's Continued Activities ......................................................... 7

        1.   *The Asset Purchase Agreement & Quality of Earnings Report* ......................... 7

        2.   *The FCC Application* ............................................................................... 9

    C.   Service of Baymark Partners, LP ............................................................................. 10

    D.   David Hook and Ed Perrin's Current Representations ........................................... 12

Arguments and Authorities .................................................................................................. 13

    A.   The Baymark Movants Do Not Have Standing to Bring This Motion ................... 13

        1.   *Baymark Management, LLC* .................................................................. 14

        2.   *Baymark Partners* ................................................................................. 14

    B.   An Entry of Default Judgment Is Appropriate Against Baymark Partners, LP ...... 15

        1.   *Baymark Partners, LP Is a Proper Party to This Lawsuit* .......................... 16

        2.   *Baymark Partners, LP Was Properly Served* ........................................... 16

            a.   Timing of Service ................................................................................. 16

            b.   Party Who Was Served ........................................................................ 17

Conclusion ............................................................................................................................ 18

Certificate of Service ............................................................................................................ 21

## Table of Authorities

Cases

*Colston v. First Guarantee Commercial Mortg. Corp.*,
    665 F.Supp.2d 5 (D.D.C. 2009) ................................................................................17
*Hall v. Witteman*,
    569 F.Supp.2d 1208 (D. Kan. 2008) .......................................................................17
*Matter of Dierschke*,
    975 F.2d 181 (5th Cir. 1992) .................................................................................15
*NY. Life Ins. Co. v. Brown*,
    84 F.3d 137 (5th Cir. 1996) ..................................................................................15
*U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*,
    814 F.2d 1011 (5th Cir. 1987) ...............................................................................19

Statutes

Tex. Bus. Org. Code § 5.251 ...........................................................................................17
Tex. Civ. Prac. & Rem. Code § 17.044(b) .....................................................................17
Tex. Tax Code § 171.252(1) .............................................................................................7
Tex. Tax Code § 171.252(2) .............................................................................................7

Rules

Fed. R. Civ. P. 4(e)(1) .....................................................................................................17
Fed. R. Civ. P. 4(m) ........................................................................................................16
Fed. R. Civ. P. 55 ............................................................................................................15
Fed. R. Civ. P. 55(b) .......................................................................................................19
Fed. R. Civ. P. 55(b)(2) ...................................................................................................18
Fed. R. Civ. P. 55(c) ........................................................................................................15

Plaintiffs, D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC), directly and derivatively on behalf of ACET Global, LLC and Baymark ACET Holdco, LLC) (D&T), and ACET Global, LLC (together, the "Plaintiffs") in the above-styled and numbered case, by and through their attorney of record, file this Response to Non-Party Baymark Management, LLC and Defendant Baymark Partners' (together, the "Baymark Movants") Motion to Set Aside Entry of Default (the "Motion"), and in support thereof would show the Court as follows:

### Introduction/Summary of Argument

The Baymark parties and Hallett & Perrin base their frivolous Motion on knowing misrepresentations—misrepresentations that, as detailed below, rise to the level of outright lies. Their falsity is readily demonstrated by documents already on file in this case, David Hook's deposition testimony, and public records, such as recent filings by Hallett & Perrin with the FCC ***on behalf of Baymark Partners, LP***. The Court should sanction them for their conduct and should allow for immediate discovery into the basis for, and validity of, their false representations. Their false, averred representations to the Court violate Rule 11 and are yet another act in their pattern of acts intended to further a criminal enterprise at the heart of this RICO case. Finally, because (i) their sworn representations make clear that they will not and cannot defend Baymark Partners, LP; (ii) Plaintiffs have properly effected service of Baymark Partners, LP; and (iii) Baymark Partners, LP has not answered, the Court should enter the properly requested default judgment and sever Baymark Partners, LP from this ongoing litigation.

The Baymark movants inform the Court that "Baymark Partners, LP does not exist," and that it is a "non-existent foreign entity that has not done business in Texas or otherwise in over a decade." (Doc. 113, p. 1). "Baymark Partners, LP," they claim, "ceased to exist entirely on June 1, 2012," (Doc. 113, p. 4) and, they state, "the entity never conducted any business." (Doc. 113, p. 3). They accuse Plaintiffs and their counsel of a "calculated attempt to game the system," (Doc. 113, p. 1), and of

making "misrepresentat[ions] to the Court that Baymark Partners, LP [exists and] failed to appoint a registered agent in Texas." (Doc. 113, p. 2). They claim that Plaintiffs initiated this lawsuit in bad faith because it was filed "*almost a decade* after Baymark Partners, LP ceased to exist." (Doc. 113, p. 5)

They further allege that "Plaintiff failed to even attempt to serve Baymark Partners, LP within 90 days of filing its Original Complaint." (Doc. 113, p. 3). And they allege that "the mere fact that Baymark Partners, LP has 'Baymark' in its name is not sufficient proof that it had anything at all to do with the transaction which serves as the basis of Plaintiff's lawsuit." (Doc. 113, p. 13). "Indeed," they claim, "Baymark Partners, LP could not have been involved with any transaction in issue in this case, as it never conducted any business." (Doc. 113, pp. 13-14).

The facts, however, tell another story. And the movants' representations are demonstrably false:

- On April 12, 2021, David Hook was deposed. He was represented by Hallett & Perrin during that deposition and was accompanied by Edward Perrin. Contrary to Hook's representations in his newly proffered affidavit (which Hallett & Perrin proffers to the Court), Hook actually testified under oath that, far from conducting no business, Baymark Partners, LP actually conducted a lot of business—and that *he* and Ludlow, not an LLC, are the only partners of Baymark Partners, LP. During his April 12, 2021 deposition, Hook testified as follows, confirming the existence of Baymark Partners, LP and that he is a 50-percent partner in Baymark Partners, LP:

> 9 Q. (By Mr. Freeman) Baymark Partners. What is
> 10 Baymark Partners? What is the legal entity?
> 11 MR. PERRIN: Objection, form.
> 12 A. I think **it's Baymark Partners, L -- LP**, I
> 13 think.
> Q. (By Mr. Freeman) So, **when we refer to Baymark**
> **15 Partners, we're referring to -- you understand that to**
> **16 be Baymark Partners, LP; correct?**
> **17 A. That's right, the name of the firm. Uh-huh.**
> **18 Q. Is there another Baymark Partners that you're**
> **19 aware of?**

20 **A. No.**
21 Q. And is that how you hold it out, as Baymark
22 Partners?
23 MR. PERRIN: Objection, form.
24 A. Yes.

(APP005).[1]

11 Q. Okay. Mr. Hook, what do you do for a living?
12 A. I'm managing director of a private equity firm.
13 Q. Okay. And what is that private equity firm?
14 A. Pardon me?
15 Q. What is that private equity firm?
16 A. What is it?
17 Q. Yes, sir.
18 A. We acquire companies.
19 Q. Okay. Well, let's start with what's the name
20 of it.
21 A. Baymark Partners.
22 Q. Baymark Partners.
23 Okay. And how long have you done that?
24 A. Almost 11 and a half years.
25 Q. Okay. And who do you report to?
**1 A. Tony Ludlow and I are partners -- equal**
**2 partners.**
**3 Q. Okay. Do you two own Baymark Partners?**
**4 A. Yes.**
**5 Q. Okay. Are you 50/50?**
**6 A. Yes.**

(APP003 – APP004).

Thus, Hook confirmed that Baymark Partners, LP *was and is* is existence, operating, "and that

he and Ludlow—not an LLC—are the sole partners.

- The July 14, 2017 Asset Purchase Agreement ("APA") underlying the very transaction at issue

    in this case provided that notices to the "Buyer Parties" were to be made to "Baymark Partners,

    L.P." to the attention of "David Hook" with a copy to Hallett & Perrin.  That APA was an

---

[1] "APP[page number]" refers to the respective page number of Appendix in Support of Plaintiffs' Response to Non-Party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support (the "Appendix"), which is filed separately.

exhibit to Plaintiffs' First Amended Complaint, and the relevant portion of that 2017 APA appeared as follows:

| If to Buyer Parties: | Baymark Partners, L.P.<br>Granite Park II<br>5700 Granite Parkway, Suite 435<br>Plano, Texas 75024<br>Attn: David Hook<br>Telephone: 972-991-5457<br>Email: dhook@baymark partners.com |
|---|---|
| with a copy (which shall not constitute notice) to: | Hallett & Perrin, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, Texas 75202<br>Fax: (214) 922-4142<br>Attention: Gordon T. Foote II<br>Email: gfoote@hallettperrin.com |

(APP051). The 2017 APA listing Baymark Partners, L.P. was drafted by Hallett & Perrin.

- In addition, the 2017 APA referenced the due diligence report prepared by Whitley Penn *for* Baymark Partners, L.P.—"Baymark Partners, L.P. Due Diligence Report for ACET Venture Partners LLC May 4, 2017." (APP020). A copy of the report is attached to the Appendix as Exhibit 3. (APP060 – APP133). These facts, of course, are contrary to the movants' repeated representation that "Baymark Partners, LP could not have been involved with any transaction in issue in this case, as it never conducted any busines," (Doc. 113, pp. 13-14), and the sworn statements from Hook, put forward by Perrin, that "Baymark Partners, L.P. was not involved in any manner with any transactions related to ACET Global, LLC's acquisition of assets from ACET Venture Partners, LLC in 2017." (Aff. Of David Hook, Doc. 114, App. 132).

- Moreover, given that David Hook previously confirmed under oath during his deposition that Baymark Partners, LP is the only "Baymark Partners,"[2] multiple invoices from Hallett & Perrin

---

[2] Q. (By Mr. Freeman) So, **when we refer to Baymark Partners, we're referring to -- you understand that to be Baymark Partners, LP; correct?**
**A. That's right, the name of the firm. Uh-huh.**
**Q. Is there another Baymark Partners that you're aware of?**
**A. No.**
Q. And is that how you hold it out, as Baymark Partners?
MR. PERRIN: Objection, form.
24 A. Yes.

(APP005).

to Baymark Partners, LP from 2018 through 2021 further demonstrate that Baymark Partners, LP continued to engage in business activities during that period and that Hallett & Perrin was also very much aware of its existence and activities.  (APP134 – APP181).

- But evidence of the Baymark movants' and Hallett & Perrin's misrepresentations goes much further.  For example, on July 26, 2019, *Hallett & Perrin* submitted an application to the Federal Communications Commission (the "FCC Application") that was executed by *David Hook*. David Hook and Hallett & Perrin represented to the FCC that "**Baymark Partners, LP**, a Texas limited partnership[,]" was submitting the FCC Application jointly with other entities. (APP182 – APP201). That representation to the FCC, of course, is also inconsistent with their repeated, sworn representations to this Court that Baymark Partners, LP did not exist and never conducted *any* business.  A screenshot Hallett & Perrin's submission to the FCC on behalf of Baymark Partners, LP is below, along with a screen shot of the notice provisions:

Before the
**FEDERAL COMMUNICATIONS COMMISSION**
Washington, DC  20554

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| **Slappey Telephone, Inc.** | ) |
| Transferor, | ) |
| | ) |
| **and** | ) |
| | ) |
| **Slappey Communications, LLC** | ) WC Docket No. _____ |
| Transferee | ) |
| | ) IB File No. ITC-T/C- |
| | ) 2019_____ |
| Joint Application for Consent to Transfer Control of | ) |
| Domestic and International Authorizations Pursuant to | ) |
| Section 214 of the Communications Act of 1934, As | ) |
| Amended | ) |

**JOINT APPLICATION FOR CONSENT TO TRANSFER CONTROL OF
DOMESTIC AND INTERNATIONAL SECTION 214 AUTHORITY
(STREAMLINED PROCESSING REQUESTED)**

Pursuant to section 214 of the Communications Act of 1934, as amended,[1] and section 63.04 of the Commission's Rules,[2] Slappey Telephone, Inc., an Alabama corporation ("Slappey Telephone") and Slappey Communications, LLC, a Texas limited liability company ("Slappey Communications"), together with BMP Slappey Holdco, LLC, a Texas limited liability company ("BMP Holdco") and Baymark Partners, LP, a Texas limited partnership ("Baymark Partners"), and, together with Slappey Telephone, Slappey Communications and BMP Holdco (collectively, "Applicants"), respectfully submit this application for the approval of a transaction under which Slappey Telephone

(APP183).

IV.    CONTACT INFORMATION

Correspondence concerning this Application should be sent to:

| If to Slappey Telephone, Inc.: | If to BMP Slappey, Baymark Partners and/or Slappey Communications: |
|---|---|
| Slappey Communications, LLC<br>2476 Altadena Road<br>Vestavia Hills, AL 35243<br>Attn: William J. Slappey, IV<br>Email: will.slappey@slappey.com | Granite Park II<br>5700 Granite Parkway, Ste. 435<br>Plano, TX 75024<br>Attn: David Hook Email:<br>dhook@baymarkpartners.com |
| with a copy to: | with a copy to: |
| Sirote & Permutt, P.C.<br>2311 Highland Avenue South<br>Birmingham, AL 35205<br>Attn: Todd Carlisle<br>Email: tcarlisle@sirote.com | Hallett & Perrin, P.C.<br>1445 Ross Avenue, Suite 2400<br>Dallas, TX 75202<br>Attention: Julie Smith Email:<br>jsmith@hallettperrin.com |

(APP188).

- In the FCC Application, Hook and Hallett & Perrin represented that: (1) **Baymark Partners, LP** (shortened to "Baymark Partners" in the FCC Application) is a "Dallas, Texas-based growth-oriented private equity firm that invests in middle market service, distribution, manufacturing and tech-enabled companies . . . [and] provides owners with liquidity and companies with resources to accelerate their growth[]" (APP186); (2) represented that "investment funds affiliated" with Baymark Partners, LP owned an active business (*Id.*); (3) represented that Baymark Partners, L.P. "possess[ed] over 95 years of successful experience in transitioning middle market companies; (*Id.*)" (4) that Baymark Partners, L.P. "provides owners with liquidity and companies with resources to accelerate their growth; (*Id.*)" and (5) indicated that all correspondence to Baymark Partners, L.P. concerning the FCC Application should be sent to David Hook with a copy to Hallett & Perrin, P.C., Attention: *Julie Smith*— who is also a named Defendant in this lawsuit and partner with Hallett & Perrin.  (APP188). They further represented to the FCC that Baymark Partners, LP wholly owned an entity that would hold all assets of an active business and touted the "strong financial backing" of Baymark Partners, L.P.  (APP187).

As demonstrated herein, the Motion put forward by the Baymark Movants and their co-defendant, Hallett & Perrin, is frivolous and littered with intentional misrepresentations. Those misrepresentations are deliberate and in violation of Rule 11. The Court should impose sanctions.

<u>**Relevant Factual & Procedural Background**</u>

**A.     Baymark Partners, LP**

1.      According to the Baymark Movants, "Baymark Partners, LP was a Delaware limited partnership formed in 2008" and "filed its Application for Registration of Foreign Limited Partnership with the Texas Secretary of State" on September 2, 2008. Motion, ¶ 1; Exhibits B (App. 121-23) & C (App. 126-28).

2.      The Baymark Movants represent that Baymark Partners, LP "never had any limited partners[.]" Motion, ¶ 1; Exhibit D (App. 131-32). And, in the Baymark Movants' words, Baymark Partners, LP "never conducted any business." *Id.*

3.      Further, they represent that "[o]n August 12, 2010, Baymark Partners, LP forfeited its right to do business in Texas."[3] Motion, ¶ 2; Exhibit C (App. 130). And on June 1, 2012, the Delaware Secretary of State issued its certification of non-existence with respect to Baymark Partners, LP, stating: "[Baymark Partners, LP] is no longer in existence and good standing under the laws of the state of Delaware[.]" Motion, ¶ 2; Exhibit B (App. 124).

**B.     Baymark Partners, LP's Continued Activities**

**1.      The Asset Purchase Agreement & Quality of Earnings Report**

4.      On May 9, 2017, nearly five years after Baymark Partners, LP purportedly ceased to exist, Matt Denegre, a named Defendant and director of Baymark Partners, emailed Steven Bellah, a

---

[3] The Baymark Movants appear to misunderstand the implications of forfeiture. Texas Tax Code § 171.252(1) provides that a taxable entity that has forfeited its right to transact business is denied the right to sue or defend in a court in this state. Pursuant to § 171.252(2) each officer and director is liable for the debts of the corporation. And any managerial official is liable as if the entity were a general partnership and its managerial officials were partners.

named Defendant, and copied David Hook, a named Defendant, providing a copy of the Quality of Earnings Report prepared <u>on behalf of Baymark Partners, LP</u> in anticipation of the Baymark parties' business deal with ACET Venture Partners, LLC. (APP060).

5.      Specifically, Whitley Penn, LLP, a public accounting firm, prepared the "Baymark Partners, L.P. Due Diligence Report for ACET Venture Partners, LLC May 4, 2017" (the "DD Report").[4] (APP060 – APP133 ). Among its representations, the DD Report stated:

> We are pleased to present our due diligence report to assist ACET Venture Partners, LLC (the "Target" or the "Company") in connection with the potential sale of the Company to **Baymark Partners, L.P. (the "Buyer")**. . . .
>
> **<u>We recognize Baymark Partners, L.P. to be the anticipated buyer in the proposed transaction</u>** and will grant access of this report to **Baymark Partners, L.P.** upon receipt of a signed report access letter.

(APP061) (emphasis added).

6.      This DD Report and Baymark Partners, LP were specifically incorporated in the Asset Purchase Agreement by and among ACET Global, LLC, ACET Venture Partners, LLC, and Tomer Damti, dated July 20, 2017 (the "APA")—one of the operative agreements at issue that was drafted by Hallett & Perrin on behalf of the various Baymark Defendants.

7.      In particular, the APA defines the "Quality of Earnings Report" as "that certain quality of earnings report prepared by Whitley Penn, LLP and captioned Baymark Partners, L.P. Due Diligence Report for ACET Venture Partners LLC May 4, 2017, as updated from time to time." (APP020).

8.      Further, Section 8.4 of the APA, the "Notices" provision, specifically provides as follows:

If to Buyer Parties:                    **Baymark Partners, L.P.**
                                        Granite Park II
                                        5700 Granite Parkway, Suite 435

---

[4] The DD Report also states that Whitley Penn performed its work pursuant to an "engagement letter dated January 13, 2017[.]" (APP061). On information and belief, Baymark Partners, L.P. executed the engagement letter with Whitley Penn.

Plano, Texas 75024
Attn: **David Hook**
Telephone: 972-991-5457
Email: dhook@baymark partners.com

with a copy (which shall not
constitute notice) to:

**Hallett & Perrin, P.C.**
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
Fax: (214) 922-4142
Attention: Gordon T. Foote II
Email: gfoote@hallettperrin.com

(APP051) (emphasis added).

### 2.     The FCC Application

9.      On July 26, 2019, over seven (7) years after Baymark Partners, LP purportedly ceased to exist, Hallett & Perrin submitted a "Joint Application for Consent to Transfer Control of Domestic and International Section 214 Authority (Streamlined Processing Requested)" (the "FCC Application") on behalf of Baymark Partners, LP and other parties to the Federal Communications Commission. (APP182 – APP201). The FCC Application was executed, in part, by David Hook. (APP192).

10.     Among its representations, the FCC Application stated:

Pursuant to section 214 of the Communications Act of 1934, as amended, and section 63.04 of the Commission's Rules, . . . **Baymark Partners, LP, a Texas limited partnership ("Baymark Partners")**, . . . respectfully submit this application for the approval of a transaction . . .

**Baymark Partners is a Dallas, Texas-based growth-oriented private equity firm** that invests in middle market service, distribution, manufacturing and tech-enabled companies. The professionals at Baymark Partners possess over 95 years of successful experience in transitioning middle market companies to a more mature and valuable market position. Among other services and expertise, Baymark Partners provides owners with liquidity and companies with resources to accelerate their growth. . . .

The assets will be held by Slappey Communications, which is [sic] **wholly-owned subsidiary of Baymark Partners**.

(APP183, APP186, APP187) (internal footnotes omitted) (emphasis added).

11.     Further, Section IV of the FCC Application, the "Contact Information" section, specifically provides that correspondence concerning the FCC Application should be sent to:

> If to BMP Slappy, **Baymark Partners [i.e., Baymark Partners, LP]**
> and/or Slappey Communications:
>
> Granite Park II
> 5700 Granite Parkway, Ste. 435
> Plano, TX 75024
> Attn: **David Hook** Email:
> dhook@baymarkpartners.com
>
> with a copy to:
>
> **Hallett & Perrin, P.C.**
> 1445 Ross Avenue, Suite 2400
> Dallas, TX 75202
> Attention: **Julie Smith** Email:
> jsmith@hallettperrin.com

(APP188) (emphasis added).

### C.     Service of Baymark Partners, LP

12.     D&T filed its Original Complaint on May 21, 2021.

13.     On May 28, 2021, undersigned counsel, Jason Freeman, contacted Ed Perrin, of Hallett & Perrin, P.C., inquiring as to whether Mr. Perrin would "accept service on behalf of [his] clients" and, if so, whether Mr. Perrin would list out the clients he agreed to accept service for. (Doc. 114, App. 138-39).

14.     In response, Mr. Perrin agreed to waive service of summons "on behalf of Baymark Partners Management, LLC, Baymark ACET Holdco, LLC, Baymark ACET Direct Invest, LLC, David Hook, Tony Ludlow and Matthew Denegre[.]" (Doc. 114, App. 137). He further represented as follows:

> As to **"Baymark Partners, LP," not aware that such entity exists**. Similarly, not aware of any general partnership entity "Baymark Partners." But will contact my clients and get back to you on your request as to those entities as soon as possible after the holiday weekend."

(Doc. 114, App. 137) (emphasis added).

15.     Five days later, on June 2, 2021, Mr. Perrin made additional representations with

respect to Baymark Partners, LP:

> Circling back from my email below with respect to "Baymark Partners, LP," that
> Delaware entity was formed in 2008 and **ceased to exist in 2010** (*see, e.g.* attached
> certified copy of the Delaware Secretary of State records). Therefore, not only is there
> nothing that indicates that entity had *any* involvement in the subject matter of this suit,
> but there simply is no way that entity could have been involved, as it had not been [sic]
> existence for well over five years prior to the APA transaction. Moreover, any claims
> against it for any actions taken while it was in existence would be long time barred.
> Thus, there appears to be no valid basis for that entity to be named as a defendant in
> this suit, and it should be dismissed. In any event, I have no authority to waive service
> on behalf of this non-existent entity.[5]

(Doc. 114, App. 136) (emphasis original).

16.     On September 30, 2021, Plaintiffs filed their First Amended Complaint in the above-

styled case.   As the foregoing makes clear, Perrin's representation to this Court that "Plaintiff failed

to even attempt to serve Baymark Partners, LP" (Doc. 113, p. 3) is a misrepresentation.

17.     The Summons to Baymark Partners, LP was issued on October 8, 2021 for service of

process. *See* (Doc. 100, Exhibit A).

18.     Upon research of the records of the Texas Secretary of State ("Secretary of State"), it

was determined that Baymark Partners, LP's registration with the Secretary of State had been revoked.

Further, Baymark Partners, LP has failed to appoint or maintain a registered agent in the State of

Texas, despite its continued activities in Texas.

19.     Since Baymark Partners, LP has failed to appoint or maintain a registered agent in the

State of Texas, the Secretary of State is an agent of an entity for purposes of service of process, notice,

or demand.

---

[5] In the same email, Mr. Perrin also added Baymark Partners to the list of Defendants for which he would agree to waive
service of summons under Rule 4. (Doc. 114, App. 136).

20.     On October 8, 2021, Plaintiffs served, via Federal Express, the Secretary of State with two copies of the Summons to Baymark Partners, LP; two copies of Plaintiffs' First Amended Complaint, with exhibits; and the required fee for service of process.

21.     The service of process documentation was received by the Secretary of State on October 11, 2021. *See* (Doc. 100, Exhibit D). On October 19, 2021, the above-listed documents were forwarded via certified mail, tracking number 7190104647010135116, to the last known address in the records of the Secretary of State for Baymark Partners, LP. *Id.* The certified envelope was sent out for delivery by the United States Postal Service on October 22, 2021, with no success and made available for pickup at the designated United States Post Office. *See* (Doc. 100, Exhibit C). As of the date of this filing, Baymark Partners, LP has not picked up the certified envelope with the Summons and First Amended Complaint. *See* (*Id.*).

22.     With the Secretary of State, as the agent for service of process receiving the Summons and Plaintiffs' First Amended Complaint on October 11, 2021, and forwarding the documents to Baymark Partners, LP on October 19, it was properly served. *See* (Doc. 100, Exhibit D). Baymark Partners, LP had 60 days to retrieve the envelope from the United States Postal Service and also to file a responsive pleading to the First Amended Complaint or until December 20, 2021, since December 18, 2021, was a Saturday.

23.     To date, Baymark Partners, LP has not filed a responsive pleading, appeared, or otherwise defended the claims against it.

### D.     David Hook and Ed Perrin's Current Representations

24.     On January 24, 2022, Defendant David Hook provided the following sworn testimony:

> On July 23, 2008, a Certificate of Limited Partnership of Baymark Partners, L.P. (the "Certificate") was filed with the Delaware Secretary of State. A true and correct copy of that Certificate is attached as Exhibit A hereto. The Certificate was filed by Baymark

Management, LLC, the sole general partner of Baymark Partners, L.P., and signed by me as Manager of Baymark Management, LLC.

Baymark Partners, L.P. was formed in anticipation of raising money for a private equity fund by selling limited partnership interests in that entity. However, no sales of any limited partnership interests sales were made, and **Baymark Partners, L.P. never had any limited partners and did not conduct any business. Baymark Partners, L.P. was not involved in any manner with any transactions related to ACET Global, LLC's acquisition of assets from ACET Venture Partners, LLC in 2017, nor any transactions involving those assets thereafter.**

(Doc. 114, App. 132) (emphasis added).

25.     Additionally, on January 26, 2022, Mr. Perrin provided the following sworn testimony:

I further advised Mr. Freeman that **I was not aware of the existence of an entity named "Baymark Partners, LP**," but that I would contact my clients and further respond to Mr. Freeman's inquiry as to waiver of service for that entity.

On June 2, 2021, I sent a follow-up email to Mr. Freeman in which I advised him that Baymark Partners, LP was a Delaware entity formed in 2008, but that it "**ceased to exist in 2010** *[sic]*" and further pointed out **there was "nothing to indicate that [Baymark Partners, LP] had *any* involvement in the subject matter of this suit, but there is simply no way that entity could have been involved, as it had not been in existence for well over five years prior to the APA transaction.**" I also attached a certified copy of the Delaware Secretary of State records confirming Baymark Partners, LP's non-existence as of June 1, 2012. **Because Baymark Partners, LP is a non-existent entity**, I informed Mr. Freeman that I did not have authority to waive service on its behalf.

(Doc. 114, App. 134) (internal citations omitted) (emphasis added and original).

## Arguments and Authorities

### A.     The Baymark Movants Do Not Have Standing to Bring This Motion

26.     Neither Baymark Management, LLC (a non-party), nor Baymark Partners (to the extent it purports to be a separate Defendant), have standing to bring the Motion. Baymark Management, LLC suggests it has standing because it is the "general partner of Baymark Partners, LP[.] (Doc. 113, p. 1, fn. 1). But at the same time, it affirmatively claims that the entity does not exist. As such, it has no standing.  And Baymark Partners joins the Motion "because Plaintiff appears to presume that Baymark Partners, LP and Defendant Baymark Partners are, or at least could be, the

same entity[.]" (*Id.*) On its face, its stated rationale affirmatively demonstrates that it lacks standing. For the following reasons, neither one of these parties has standing to bring the Motion.

### 1.    Baymark Management, LLC

27.    As described above, Baymark Management, LLC, claims that as "sole general partner," established Baymark Partners, LP.

28.    David Hook claims in his affidavit that Baymark Management, LLC was "the sole general partner of Baymark Partners, L.P." and "Baymark Partners, L.P. never had any limited partners and did not conduct any business." (Doc. 114, App. 132).

29.    Hook attempts to establish that Baymark Partners, LP does not exist and never engaged in any business whatsoever.  Nevertheless, Mr. Hook and Hallett & Perrin clearly held out "Baymark Partners, LP" as an ongoing entity—even as a Texas limited partnership—as recently as July 26, 2019.[6]

30.    Nonetheless, because of their sworn filings representing to this Court that Baymark Partners, LP does not exist—indeed, that it ceased to exist a decade ago—they clearly maintain that no entity can be, or is, its general partner.  Baymark Management, LLC, therefore, does not have standing.  Nor has it requested leave to file a motion in such capacity.

### 2.    Baymark Partners

31.    Baymark Partners attempts to join the Motion on grounds that "Plaintiff appears to presume that Baymark Partners, LP and Defendant Baymark Partners are, or at least could be, the same entity[.]" (Doc. 113, p. 1, fn. 1). Baymark Partners, in sworn representation to this Court, maintains that it is separate from Baymark Partners, LP.  As such, it simply does not have standing to

---

[6] To be sure, no records with the Texas Secretary of State support the existence of a Texas domestic limited partnership by the name "Baymark Partners, LP."

"step in" and make arguments as Baymark Partners, LP.  Nor has it requested leave to file a motion in such capacity.

32.     Indeed, the Federal Rules provide for a clear—and clearly applicable—procedure where, as here, a defendant has defaulted.  The Court should follow the procedure set forth in those rules.  It should not delay such procedures in the face of the movants' frivolous motion, which—in any event—they do not even have standing to make.

### B.     An Entry of Default Judgment Is Appropriate Against Baymark Partners, LP

33.     Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in its favor. *Id.*; *NY. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). Entry of a default on the docket is the first step. *Id.* Once an entry of a default on the docket is made, a party may then apply to the court for a default judgment. *Id.*

34.     The Baymark Movants challenge the first step of the default judgment process, pursuant to Federal Rule of Civil Procedure 55(c). However, the Baymark Movants are not able to establish "good cause." To determine good cause, the Fifth Circuit relies on certain non-exclusive factors, such as (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *See Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Court have also considered other factors, such as whether: (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default. *Id.* at 184. The district court's decision is informed by equitable principles, and when, as here, the Court finds an intentional failure of responsive pleadings, there need be no other finding. *Id.*

1.      **Baymark Partners, LP Is a Proper Party to This Lawsuit**

35.      As detailed above, Baymark Partners, LP is a proper party to this lawsuit.

36.      As described above, the APA incorporated Whitley Penn's DD Report prepared on behalf of Baymark Partners, LP and the APA clearly involved Baymark Partners, LPC, even specifically providing that all notices to "the Buyer" should be sent to Baymark Partners, LP. (APP020, APP051).  They have represented to federal regulators that the entity exists and is operating, and Hook has testified under oath that the entity exists and that he is a 50-percent owner.

2.      **Baymark Partners, LP Was Properly Served**

37.      Despite the Baymark Movants' musings, the Plaintiffs did, in fact, properly serve Defendant Baymark Partners, LP. As described below, Baymark Partners, LP was properly served.

a.      **Timing of Service**

38.      The Baymark Movants cite to Federal Rule 4(m) of Civil Procedure as evidence that Baymark Partners, LP was not properly served. This argument is misplaced. Rule 4(m) states, in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

39.      Neither the Court nor any Defendant ever moved to dismiss the action without prejudice against Baymark Partners, LP before Baymark Partners, LP was served. In fact, it is not clear that the Baymark Movants are even requesting such retroactive relief now, as the Motion only states that "Baymark Partners, LP *would* have grounds to dismiss Plaintiff's claims pursuant to Federal Rules 4(m) and 12(b)(5)[.]" (Doc. 113, p. 3).

40.      Moreover, in the face of conflicting representations with respect to Baymark Partners, LP's existence, the Baymark Defendants and Defendant Hallett & Perrin forced Plaintiffs to decipher

the exact identity and service location of Baymark Partners, LP. This was no small task and by the time Plaintiffs believed it was most proper to serve the Texas Secretary of State, Plaintiffs had filed their First Amended Complaint.   Regardless, Plaintiffs' counsel offered defense counsel the opportunity to have service waived specifically with respect to the entity.   Perrin expressly declined.

41.   If good cause is shown, as here, Plaintiffs are entitled to a mandatory extension of time. *Hall v. Witteman*, 569 F.Supp.2d 1208 (D. Kan. 2008). Regardless, even without a showing of good cause for failure to timely serve Baymark Partners, LP, this Court has discretion to extend the time for service of process. *See, e.g., Colston v. First Guarantee Commercial Mortg. Corp.*, 665 F.Supp.2d 5 (D.D.C. 2009).  But in any event, this complaint has been waived, as it has never been properly raised and is certainly waived if raised for the first time after a default has been entered.

### b.   Party Who Was Served

42.   The Baymark Movants also take issue with the Plaintiffs serving Baymark Partners, LP through the Texas Secretary of State. Again, given the misrepresentations of Defendants David Hook and Hallett & Perrin, Plaintiffs determined that serving the Texas Secretary of State was the most prudent and proper course of action.

43.   Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, the Plaintiffs may effectuate service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1); 4(h).

44.   According to Section 17.044(b) of the Texas Civil Practice and Remedies Code:

> The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem. Code § 17044(b).  Likewise, service was properly carried out under section 5.251 of the Texas Business Organizations Code (directing service to the Secretary of State where an

entity is a foreign filing entity and its registration to do business in Texas is revoked or it transacts business in Texas without being registered).

45.     Given the facts described above, as well as the later representations of Mr. Hook and Mr. Perrin, Baymark Partners, LP was a foreign entity but forfeited its right to transaction business in Texas. Given this fact, as well as Mr. Perrin's email representations that Baymark Partners, LP ceased to exist—and thereby did not have a regular place of business in Texas or a designated agent for service of process—Plaintiffs proceeded to serve the Texas Secretary of State.  This was proper under governing law.

## Conclusion

46.     An entry of default must be entered because Baymark Partners did not file a responsive pleading within 60-days after October 19, 2021, the date that the Secretary of Stated forwarded for service the Summons and Plaintiffs' First Amended Complaint.

47.     Additionally, an entry of default must be entered because Baymark Partners, LP has not otherwise defended the lawsuit. Baymark Partners, LP has not taken any action or filed any document indicating its intent to defend the claims filed against it. Further, Plaintiffs' counsel has not been contacted by anyone on behalf of Baymark Partners, LP.

48.     Therefore, entry of a default is required by the Federal Rules of Civil Procedure. Further, entry of a default judgment against Baymark Partners, LP is also proper. Baymark Partners, LP is an entity and neither a minor, nor an incompetent person.

49.     A copy of this motion has been mailed to the last known address of Baymark Partners, LP at 13455 Noel Road, Suite 1670, Dallas, TX 75240.

50.     Plaintiffs are entitled to default judgment against Baymark Partners, LP. After the Clerk enters a default, a plaintiff "must apply to the court for a default judgment" when its claim is not for a "sum certain." Fed. R. Civ. P. 55(b)(2). At that point, "the plaintiff's well pleaded factual

allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

51.    Plaintiffs must show that (1) default has been entered; (2) Baymark Partners, LP is not a minor or incompetent person; (3) Baymark Partners, LP is not in military service; and (4) Baymark Partners, LP was provided with notice of the motion for default judgment. Fed. R. Civ. P. 55(b). Each of these requirements is satisfied here.

52.    The Court should enter the default judgment.  The Baymark movants have represented that they will not and legally cannot put forward a defense with respect to Baymark Partners, LP.  In light of their representation and sworn statements, they will not be able to later disregard their representations to the Court and to seek to defend Baymark Partners, LP.  The Plaintiffs have properly served Baymark Partners, LP and it has not answered.  As such, the Court should enter a default judgment.

53.    Moreover, if the Court is not yet in position to affirmatively deny the defendants' multiple motions to dismiss, the Court should allow for limited discovery at this stage regarding the grounds for the representations put forward by the Baymark movants in their responses to Plaintiff's motion for entry of default.  As demonstrated above, the Baymark movants and their attorneys, who are also co-defendants in this matter, have made glaring misrepresentations to the Court, as well as to a federal agency.   Those misrepresentations are in keeping with their well-documented misrepresentations set forth in the FAC.

WHEREFORE, Plaintiffs respectfully request this Court deny Non-Party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default, along with any such other and further relief to which Plaintiffs may be justly entitled.

Dated: February 6, 2022.                    Respectfully Submitted,

                                            By: */s/ Jason B. Freeman*
                                                 Jason B. Freeman
                                                 TX Bar No. 24069736

                                            **FREEMAN LAW, PLLC**
                                            7011 Main Street
                                            Frisco, Texas 75034
                                            Telephone: 214.984.3410
                                            Fax: 214.984.3409
                                            Jason@freemanlaw.com

                                            **ATTORNEY FOR PLAINTIFFS**

**<u>Certificate of Service</u>**

I hereby certify that on the 6th day of February, 2022, I filed the foregoing pleading via the

Court's CM/ECF system, which will send electronic notice to all counsel of record.

I further hereby certify that on the 7th day of February, 2022, a copy of the foregoing will be

mailed, via regular and certified mail, to the last known address of Baymark Partners, LP, 13455 Noel

Road, Suite 1670, Dallas, TX 75240, pursuant to the records of the Texas Secretary of State.

*/s/ Jason B. Freeman*
Jason B. Freeman
