# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET Global, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET GLOBAL, LLC<br><br>　　Plaintiffs,<br><br>v.<br><br>BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; MATTHEW DENEGRE; WILLIAM SZETO; MARC COLE; STEVEN BELLAH: ZHEXIAN "JANE" LIN; DANA MARIE TOMERLIN; PADASAMAI VATTANA; PAULA KETTER; VANESSA TORRES; WINDSPEED TRADING, LLC; HALLETT & PERRIN, P.C.; and JULIE A. SMITH,<br><br>　　Defendants. | Civil Action No. 3:21-CV-01171-B |

**NON-PARTY BAYMARK MANAGEMENT, LLC AND
DEFENDANT BAYMARK PARTNERS' REPLY IN SUPPORT OF
THEIR MOTION TO SET ASIDE ENTRY OF DEFAULT AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I. SUMMARY OF ARGUMENT ....................................................................... 1

II. ARGUMENTS & AUTHORITIES ................................................................. 2

    A. Plaintiff's failure to adequately address arguments in the Motion results in waiver of same ....................................................................................... 2

        1. Improper service ............................................................................. 3

        2. Good Cause ..................................................................................... 4

    B. Plaintiff improperly attempts to conflate the Delaware entity it sued with a Texas entity having the same name ................................................. 6

    C. Baymark Management and Baymark Partners have standing to bring their Motion. ............................................................................................ 8

        1. Baymark Management ................................................................... 9

        2. Baymark Partners ........................................................................... 9

III. PRAYER ........................................................................................................ 10

CERTIFICATE OF SERVICE ..................................................................................... 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ART Midwest, Inc. v. Clapper*,
  Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744 ........................................................9

*Coleman v. Bank of New York Mellon*,
  Civil Action No. 3:12-CV-4783-M-BH, 2015 WL 5437661 (N.D. Tex. Aug.
  14, 2015) ........................................................................................................................3

*Dan-Bunkering (America) Inc. v. Ichor Oil, LLC*,
  — F. Supp. 3d —, Civil Action No. 3:20-CV-03341-S-BT, 2021 WL 4311677
  (N.D. Tex. Sep. 21, 2021) ..............................................................................................4

*Kase v. Saloman Smith Barney, Inc.*,
  218 F.R.D. 149 (S.D. Tex. 2003) ....................................................................................9

*L&A Contracting Co. v. S. Concrete Servs.*,
  17 F.3d 106 (5th Cir. 1994) ............................................................................................3

*Nichols v. Enterasys Networks, Inc.*,
  495 F.3d 185 (5th Cir. 2007) ..........................................................................................3

*Nw. Otolaryngology Assocs. v. Mobilease, Inc.*,
  786 S.W.2d 399 (Tex. App.—Texarkana 1990, writ denied) ........................................9

*PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*,
  No. 1:17-CV-584-RP, 2018 WL 6431005 (W.D. Tex. Sep. 28, 2018) ..........................9

*RooR Int'l BV v. A1 Smoke Shop Inc.*,
  Case No. 4:18-CV-3828, 2019 WL 6330543 (S.D. Tex. Oct. 18, 2019) ......................3

*Siddiqui v. Fancy Bites, LLC*,
  504 S.W.3d 349 (Tex. App.—Houston [14th Dist.] 2016, writ denied) ........................9

*Sunburst Media Mmgt., Inc. v. Devine*,
  Civil Action No. 3:08-CV-1170-G, 2009 WL 1810166 (N.D. Tex. Jun. 24,
  2009) ..............................................................................................................................5

*United States v. Beaumont*,
  972 F.2d 553 (5th Cir. 1992) ..........................................................................................3

*United States v. Reagan*,
  596 F.3d 251 (5th Cir. 2010) ..........................................................................................3

*Westfall v. State*,
 10 S.W.3d 85 (Tex. App.—Waco 1999, no pet.)..................................................................9

*Wood v. Brown*,
 819 S.W.2d 799 (Tex. 1991).................................................................................................3

**Statutes**

Tex. Bus. Orgs. Code § 5.251(1)(B) ...............................................................................................4

Tex. Bus. Orgs. Code § 5.255(2) ....................................................................................................4

Tex. Bus. Orgs. Code § 153.152(a)(2).............................................................................................9

Tex. Civ. Prac. & Rem. Code § 17.044(a)(1) .................................................................................4

**Other Authorities**

Fed. R. Civ. P. 55(c) ........................................................................................................................5

Non-party Baymark Management, LLC ("Baymark Management") and Defendant Baymark Partners file this Reply in Support of Their Motion to Set Aside Entry of Default and Brief in Support ("Motion") as follows:

## I.     SUMMARY OF ARGUMENT

Plaintiff's Response to Non-Party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support ("Response") is inundated with smoke-and-mirror allegations that are merely an attempt to distract from the validity of Baymark Management and Baymark Partners' arguments in the Motion.  First, Plaintiff simply ignores several key arguments raised in the Motion regarding Plaintiff's improper service (thereby waiving any response and effectively conceding those arguments).  Second, Plaintiff fails to acknowledge a crucial point—that just because entities may have the same name, that does not mean they are the same entity.  Plaintiff's First Amended Complaint ("FAC") specifically named Baymark Partners, LP, a non-existent *Delaware entity*[1] (which identified Baymark Management, LLC as its general partner) as a defendant and sought entry of default against that Delaware entity.  In contrast, Plaintiff's Response focuses on a purported *Texas* limited partnership named Baymark Partners, LP, owned 50/50 by David Hook and Tony Ludlow.  Finally, Plaintiff fails to articulate any reason why Baymark Management and Baymark Partners would lack standing to bring the Motion.

Moreover, Plaintiff's Response makes it all the more evident that it knowingly sued the non-existent Delaware Baymark Partners, LP and intentionally directed the Texas Secretary of State to send notice and summons to a bad address solely in an improper backdoor attempt to

---

[1] *See* FAC ¶ 34 [Doc. No. 36] ("Defendant Baymark Partners, LP **was a limited partnership formed in the state of Delaware**, although it forfeited its certificate and limited liability status in Texas over a decade ago.") (emphasis added).

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND BRIEF IN SUPPORT**                                                                                    **PAGE 1**

obtain judgment against Baymark Management (and the other defendants) and end run the *res judicata* effect of the judgment in Baymark Management's favor in the State Court Lawsuit.[2] Indeed, each of the documents on which Plaintiff relies in its Response to show that "Baymark Partners, LP" is actively engaging in business in Texas lists the address for Baymark Partners, LP as 5700 Granite Parkway, Suite 435, Plano, Texas 75024.[3] And, if Plaintiff truly believes the Baymark Partners, LP that it sued is owned 50/50 by David Hook ("Hook") and Tony Ludlow ("Ludlow"), Plaintiff could have served Baymark Partners, LP through either Hook or Ludlow at that address as well.[4] Yet, Plaintiff deliberately directed the Texas Secretary of State to serve Baymark Partners, LP at 13455 Noel Road, Suite 1670, Dallas, Texas 75240.[5] Plaintiff's transparent gamesmanship cannot stand, and the Court should set aside the Clerk's Entry of Default.

## II.    ARGUMENTS & AUTHORITIES

A. **Plaintiff's failure to adequately address arguments in the Motion results in waiver of same.**

Plaintiff failed to adequately respond to several key arguments raised in the Motion. Specifically, Baymark Management and Baymark Partners argued that Plaintiff's improper service

---

[2] Joint Appendix in Support of Baymark Management, LLC and Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support and Response to Plaintiff's Motion for Entry of Default and for Default Judgment Against Defendant Baymark Partners, LP and Brief in Support ("APP") at 119-20, Exhibit A, Order Partially Granting Baymark Defendants' MSJ [Doc. No. 84].
[3] Response at 4 [Doc. No. 85] (listing the 5700 Granite Parkway address under Baymark Partners, LP in the APA); Appendix in Support of Plaintiffs' Response to Non-Party Baymark Management, LLC and Defendant Baymark Partners' Motion to Set Aside Entry of Default and Brief in Support ("Response APP") at 051[Doc. No. 85-1] (same); Response at 5-6 (listing the 5700 Granite Parkway address under Baymark Partners in the FCC Application); Response APP at 188 (same).
[4] *See* FAC ¶¶ 42 and 43. Moreover, Plaintiff has named both Hook and Ludlow as Defendants in this case, and they responded to the FAC through the Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support [Doc. No. 49].
[5] *See* Plaintiffs' Request for Clerk's Entry of Default Against Baymark Partners, LP [Doc. No. 71] at Exhibit B. Plaintiff did so despite having successfully served Baymark Management, LLC and the other Baymark Defendants at the 5700 Granite Parkway address in Plano in the State Court Lawsuit, and despite having expressly pleaded in the FAC that Baymark Partners, LP could be served at the 5700 Granite Parkway address in Plano.

on Baymark Partners, LP through the Texas Secretary of State bars entry of default as a matter of law, and alternatively explained why good cause exists to set aside the Clerk's Entry of Default. In Response, Plaintiff either ignored the argument(s) altogether, or offered bare assertions unsupported by sufficient evidence or legal argument. Consequently, Plaintiff has effectively waived any response to those arguments in the Motion.[6]

1. *Improper service*

It is axiomatic that a plaintiff may not obtain a default judgment against any party without proof of proper service.[7] As set forth in the chart below, Baymark Management and Baymark Partners argued in the Motion that Plaintiff's purported service on Baymark Partners, LP through the Texas Secretary of State is improper for several reasons.[8] Because Plaintiff chose either to ignore or make only a conclusory response to Baymark Management and Baymark Partners' arguments regarding improper service, Plaintiff has waived any response thereto and effectively conceded same.

---

[6] *See, e.g.*, *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that a failure to adequately brief an argument results in waiver); *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (finding that failure to provide evidence or legal argument beyond bare assertions resulted in waiver); *L&A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) (recognizing that failure to cite authority results in waiver of argument); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (noting that failure to adequately present argument in appellate brief results in waiver).

[7] *RooR Int'l BV v. A1 Smoke Shop Inc.*, Case No. 4:18-CV-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019) ("[A] plaintiff is not entitled to obtain a default judgment until proper service is effectuated."); *Coleman v. Bank of New York Mellon*, Civil Action No. 3:12-CV-4783-M-BH, 2015 WL 5437661, at *3 (N.D. Tex. Aug. 14, 2015) ("Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void.") (citing *Roberts v. Hardford Life & Acc. Ins. Col*, 167 F.3d 933, 940 (5th Cir. 1999)); *Wood v. Brown*, 819 S.W.2d 799, 800 (Tex. 1991) (holding that a default judgment cannot withstand a direct attack by a defendant who was not served in strict compliance with the appropriate service rules).

[8] *See* Motion at 13-15.

| Arguments in Support of Improper Service | Plaintiff's Response (if any) |
|---|---|
| The Texas long arm jurisdiction providing for service through the Secretary of State is inapplicable because Plaintiff failed to show that the Delaware Baymark Partners, LP engaged in business in Texas.[9] [Docket No. 82 at 13] | NONE – Plaintiff still fails to show the Delaware Baymark Partners, LP engaged in business in Texas and instead erroneously relies on irrelevant testimony and documents referencing a Texas Baymark Partners, LP. [Docket No. 85 at 16 ¶ 36] |
| The proper agent for service on the Delaware Baymark Partners, LP is its registered agent, CT Corporation and, therefore, Plaintiff was required to attempt service on CT Corporation *before* undertaking service on the Secretary of State.[10] [Docket No. 82 at 13-14] | NONE – Plaintiff ignores the fact that the Delaware Baymark Partners, LP designated CT Corporation as its Registered Agent and again incorrectly asserts that the Delaware Baymark Partners, LP did not maintain a registered agent in Texas. [Docket No. 85 at 18 ¶ 45] |
| Plaintiff should have attempted service on Baymark Management (as the Delaware Baymark Partners, LP's general partner) particularly because Plaintiff knew how and where to serve Baymark Management (and successfully did so in the State Court Lawsuit).[11] [Docket No. 82 at 14] | NONE – Plaintiff does not dispute that service on a limited partnership can be achieved through service on the partnership's general partner. Plaintiff merely claims (with no legal support) that Baymark Management cannot be Baymark Partners, LP's general partner if Baymark Partners, LP does not exist.[12] |
| Plaintiff deliberately directed the Secretary of State to serve the Delaware Baymark Partners, LP at a bad address.[13] [Docket No. 82 at 9 ¶ 14] | NONE – Plaintiff does not address this argument in its Response. Instead, Plaintiff merely states "[a] copy of this motion has been mailed to the last known address of Baymark Partners, LP at 13455 Noel Road, Suite 1670, Dallas, Texas 75240." [Docket No. 85 at 18 ¶ 49] |

  2. *Good Cause*

  In the Motion, Baymark Management and Baymark Partners established that good cause exists to set aside the Clerk's Entry of Default. [14]  Again, rather than respond to the specific

---

[9] Tex. Civ. Prac. & Rem. Code § 17.044(a)(1).
[10] Tex. Bus. Orgs. Code § 5.251(1)(B); APP at 126-128, Exhibit C, Application for Registration of Foreign LP; *see also Dan-Bunkering (America) Inc. v. Ichor Oil, LLC*, — F. Supp. 3d —, Civil Action No. 3:20-CV-03341-S-BT, 2021 WL 4311677, at *3 (N.D. Tex. Sep. 21, 2021) (recognizing that Texas law "requires the record to affirmatively show that the plaintiff used reasonable diligence in attempting to serve the registered agent at the registered office *before* undertaking substituted service on the Secretary of State") (emphasis added) (citing *Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.)); *see also* Tex. Bus. Orgs. Code § 5.251(1)(B) (providing that the secretary of state is an agent for service of a foreign entity if the registered agent of the entity cannot with reasonable diligence be found).

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND BRIEF IN SUPPORT**                                                                    **PAGE 4**

arguments in the Motion, Plaintiff states in a conclusory manner, without providing any legal basis or argument, that "the Baymark Movants are not able to establish 'good cause.'"[15] Consequently, Plaintiff has waived any response to Baymark Management and Baymark Partners' arguments pertaining to good cause and effectively conceded same.

| Arguments in Support of Good Cause | Plaintiff's Response (if any) |
|---|---|
| The Delaware Baymark Partners, LP's failure to timely answer was not willful because, as a non-existent entity, it does not have capacity to act.<br>[Docket No. 82 at 15] | NONE – Plaintiff offers no basis for concluding that there was any willful failure to respond. Further, Plaintiff has presented no evidence to contradict that the Delaware Baymark Partners, LP no longer exists. |
| Plaintiff will not be prejudiced by the Court's setting aside the entry of default because Plaintiff will either have the opportunity to present its case against the Delaware Baymark Partners, LP or recover from the other entities and individuals allegedly responsible for Plaintiff's claims in the lawsuit.<br>[Docket No. 82 at 16-17] | NONE – Plaintiff does not address this argument in its Response or otherwise explain how it would be prejudiced if the Court set aside the Clerk's Entry of Default. |
| Baymark Management, as the entity against which Plaintiff would have recourse for the Delaware Baymark Partners, LP's purported acts, would have a meritorious *res judicata* defense against Plaintiff's claims.<br>[Docket No. 82 at 16-17] | NONE – Plaintiff does not address this argument in its Response. |

---

[11] Tex. Bus. Orgs. Code § 5.255(2) ("For purpose of service of process, notice, or demand … each general partner of a domestic or foreign limited partnership … is an agent of that partnership.").
[12] The only time Plaintiff even addresses Baymark Management's role as general partner of Baymark Partners, LP is when Plaintiff makes the non-sensical argument pertaining to Baymark Management's standing to bring the Motion, which is addressed in Section II.C. below.
[13] *See Sunburst Media Mmgt., Inc. v. Devine*, Civil Action No. 3:08-CV-1170-G, 2009 WL 1810166, at *3 (N.D. Tex. Jun. 24, 2009) (vacating default judgment when the application for default judgment was sent to the wrong address).
[14] *See* Fed. R. Civ. P. 55(c).
[15] *See* Response at 15.

| | |
|---|---|
| The Delaware Baymark Partners, LP would have grounds to file a motion to dismiss under Rules 9(b) and 12(b)(6) because there is not a single allegation in the FAC that the Delaware Baymark Partners, LP acted *at all*. [Docket No. 82 at 18-19] | Plaintiff merely references the APA, which is attached as an Exhibit to the FAC, and which references *a* Baymark Partners, LP. Plaintiff offers no evidence to suggest that the Baymark Partners, LP referenced in the APA is the Delaware Baymark Partners, LP that ceased to exist years earlier. Plaintiff also does not otherwise address or respond to the arguments that the FAC utterly fails to plead a single allegation against the Delaware Baymark Partners, LP.[16] [Docket No. 85 at 3-4, 16 ¶ 36.] |
| To the extent Plaintiff asserts that the Delaware Baymark Partners, LP and Baymark Partners are the same entity for purposes of liability, Plaintiff offers no explanation as to why it should be allowed to sue the same entity under different names and then get a "gotcha" default when the entity responds, just under only one name.[17] [Docket No. 82 at 18] | NONE – Plaintiff does not address this argument in the Response. |

**B.    Plaintiff improperly attempts to conflate the Delaware entity it sued with a Texas entity having the same name.**

First, Plaintiff sued and is seeking to get a default judgment against a Delaware limited partnership called Baymark Partners, LP. Rather than attempting to connect the Delaware limited partnership to this case, Plaintiff's Response points to references to other limited partnerships called Baymark Partners, LP. Such attempts by Plaintiff cannot justify any default against the Delaware Baymark Partners, LP. There is no evidence that the Baymark Partners, LP referenced in the APA and the due diligence report incorporated therein is the Delaware limited partnership

---

[16] That Plaintiff now directs the Court to two pages in the APA (out of the nearly thousand pages of exhibits attached to the FAC) which refence a "Baymark Partners, LP" does nothing to rebut the argument that Plaintiff has not made a single allegation in the 393 paragraphs of the 157-page FAC that the Delaware Baymark Partners, LP took *any* action against Plaintiff or that it did anything to cause Plaintiff harm.

[17] Similarly, Plaintiff never explains why it is necessary for both Baymark Partners *and* Baymark Partners, LP both to be defendants in this case, particularly when Plaintiff expressly acknowledges they could be the same entity. *See* FAC ¶ 389.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND BRIEF IN SUPPORT                                                                                    PAGE 6**

Plaintiff actually sued in this case. In fact, Plaintiff's own allegations make apparent that the non-existent foreign Baymark Partners, LP *must be* a different entity than the Texas Baymark Partners, LP referenced in the APA, the due diligence report, and the unrelated FCC Application filed in July 2019. For example, Plaintiff adamantly argues that the Baymark Partners, LP referenced in the APA and due diligence report is owned 50/50 by Hook and Ludlow. But, as set forth in the Motion, Baymark Management was identified as Baymark Partners, LP's general partner.[18] Therefore, if the Delaware Baymark Partners, LP had any other partners, including Hook and Ludlow (it did not),[19] those other partners could not possibly have a combined 100% ownership interest. Accordingly, the Baymark Partners, LP referenced in the APA, due diligence report, and FCC Application (and purportedly owned 50/50 by Hook and Ludlow) has to be a different entity from the non-existent Delaware Baymark Partners, LP sued in this case.[20]

Second, Plaintiff represented to the Court that the Delaware Baymark Partners, LP's last known address is 13455 Noel Road, Suite 1670, Dallas, Texas 75240. In contrast, as Plaintiff visibly highlighted in its Response,[21] the Texas Baymark Partners, LP referenced in the APA and the due diligence report attached to the Response (purportedly showing that the Delaware Baymark Partners, LP is conducting business in Texas) has an address at 5700 Granite Parkway, Suite 435, Plano, Texas 75024.[22] However, Plaintiff has not sued the Texas Baymark Partners, LP. Accordingly, Plaintiff either incorrectly identified (again) the Delaware Baymark Partners, LP's

---

[18] *See* Motion at 3-4.
[19] *See* APP at 131-132, Exhibit D, Affidavit of David Hook ¶ 3.
[20] Notably, although Plaintiff places great weight on Hook's deposition testimony related to his and Ludlow's ownership interest in Baymark Partners, Hook clearly indicated that he *thinks* (*i.e.,* he is not sure) that Baymark Partners' legal entity is "Baymark Partners, LP." Conversely, Hook definitively testified that he and Ludlow owned Baymark Partners 50/50. *Compare* Response APP at 005 *with* Response APP at 003-004.
[21] *See* Response at 6.
[22] Response at 4 (listing the 5700 Granite Parkway address under Baymark Partners, LP in the APA); Response APP at 051 (same); Response at 5-6 (listing the 5700 Granite Parkway address under Baymark Partners in the FCC Application); Response APP at 188 (same). Plaintiff also attaches irrelevant invoices directed to "Baymark Partners" that do not reference *any* Baymark Partners, LP.

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND BRIEF IN SUPPORT**                                                                 **PAGE 7**

last known address as 13455 Noel Road, Suite 1670, Dallas, Texas 75240, or Plaintiff sued Baymark Partners and attempted to serve it under two different names (and at a known bad addresss) in order to game the system and obtain a "gotcha" default when it only responded under one name.

Finally, the Baymark Partners, LP referenced in the July 2019 FCC Application (which itself has nothing to do with Plaintiff's claims in this lawsuit) expressly identifies Baymark Partners, LP as a *Texas* limited liability company and not a *Delaware* limited liability company.[23] Regardless, the FCC Application has nothing to do with Plaintiff's claims in this lawsuit and was not included in Plaintiff's FAC.  Accordingly, Plaintiff has not—and cannot—refute the fact that it wholly failed to include a single substantive allegation against the Delaware Baymark Partners, LP in the FAC.[24]

C.     **Baymark Management and Baymark Partners have standing to bring their Motion.**

Plaintiff makes a circular argument that Baymark Management and Baymark Partners lack standing to bring the Motion because they contend Baymark Partners, LP no longer exists.  This is nonsensical.  Under Plaintiff's reasoning, no one would ever have standing to challenge an improper default against a defunct entity.  Regardless, as set forth below, Baymark Management and Baymark Partners each have standing to bring the Motion.

---

[23] *See* Response at 5; Response APP at 183.
[24] As Baymark Management and Baymark Partners pointed out in the Motion, the *only* references the FAC makes with regard to Baymark Partners, LP are to (1) name Baymark Partners, LP in the caption and list of Defendants preceding the "Short Summary," (2) state that it forfeited its certificate and limited liability status in Texas over a decade ago, (3) generally allege that Baymark Partners caused Baymark Partners, LP to perpetrate a fraud, (4) request that the Court pierce Baymark Partners, LP's corporate veil, and (5) surmise that Baymark Partners, LP and Baymark Partners might be the same entity.  To hold that such references are sufficient to allege any cause of action against the Delaware Baymark Partners, LP would fly in the face of the "simple, concise, and direct" pleading requirements of Rule 8 and require the Court and the defendants to "try to fish a gold coin from a bucket of mud."

**NON-PARTY BAYMARK MANAGEMENT, LLC AND BAYMARK PARTNERS'**
**REPLY IN SUPPORT OF THEIR MOTION TO SET ASIDE ENTRY OF**
**DEFAULT AND BRIEF IN SUPPORT**                                                                                                  **PAGE 8**

1. *Baymark Management*

Texas law is clear: a general partner of a partnership has standing to bring claims on behalf of the partnership.[25] Therefore, Baymark Management, as the general partner of the entity that Plaintiff sued, would have standing to assert the rights of Baymark Partners, LP.[26]

Baymark Management must have standing for a second reason as well. If any default judgment were obtained against Baymark Partners, LP, the entity against which Plaintiff would seek recovery would be Baymark Management, as the general partner of Baymark Partners, LP.[27] Accordingly, Baymark Management has a justiciable interest in the lawsuit sufficient to confer standing.[28]

2. *Baymark Partners*

Plaintiff cites no evidence to contradict the fact that the Delaware Baymark Partners, LP it sued in this case ceased to exist in 2012.[29] To the extent Plaintiff insists that the Delaware Baymark Partners, LP is actually the same entity as Baymark Partners (which is owned 50/50 by Hook and

---

[25] *See, e.g.*, *ART Midwest, Inc. v. Clapper*, Civil Action NO. 3:99-CV-2355-N, 2009 WL 10646744, at *7 n.14 (recognizing that a general partner of a partnership has standing to bring claims on behalf of the partnership) (citing *Kase v. Saloman Smith Barney, Inc.*, 218 F.R.D. 149, 159 N.13 (S.D. Tex. 2003) (assuming without discussion that a general partner has standing to sue in that capacity on behalf of a limited partnership)); *Westfall v. State*, 10 S.W.3d 85, 89 (Tex. App.—Waco 1999, no pet.) (assuming without deciding that a general partner has standing to complain regarding the rights of a limited partnership); *Nw. Otolaryngology Assocs. v. Mobilease, Inc.*, 786 S.W.2d 399, 404 (Tex. App.—Texarkana 1990, writ denied) ("A limited partnership acts only through its general partner.")).

[26] *See* Motion ¶ 17; APP at 121-23, Exhibit B, Certificate of Limited Partnership of Baymark Partners, LP; APP at 127, Exhibit C, Application for Registration of Foreign Limited Partnership Baymark Partners, L.P.

[27] *See* Tex. Bus. Orgs. Code § 153.152(a)(2).

[28] *See PNC Bank, N.A. v. 2013 Travis Oak Creek GP, LLC*, No. 1:17-CV-584-RP, 2018 WL 6431005, at *6 (W.D. Tex. Sep. 28, 2018) ("Standing requires, at a minimum, an injury in fact, a fairly traceable causal connection between the injury and the conduct complained of, and the likelihood that the injury will be redressed by a favorable decision.") (internal quotation marks and citation omitted); *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, writ denied) ("Standing requires a real controversy between the parties that will actually be determined by the judicial declaration sought. A determination of standing focuses on whether a party has a justiciable interest in the outcome of the lawsuit, such as when it is personally aggrieved or has an enforceable right or interest.") (internal quotation marks and citations omitted).

[29] Motion ¶ 2; APP at 124, Exhibit B, Certified Copy of Baymark Partners, LP's Non-Existence from the Delaware Secretary of State ("Certificate of Non-Existence") ("[Baymark Partners, LP] is no longer in existence and good standing under the laws of the state of Delaware[.]"). Because certified records from the Delaware and Texas Secretary of State confirm Baymark Partners, LP's non-existence, no discovery on this issue is warranted.

Ludlow),[30] Baymark Partners clearly has standing to object to what would effectively be the entry of a default against it. This is particularly the case as Baymark Partners was also named as a Defendant in this case, and it did respond to the FAC through the Baymark Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

### III.   PRAYER

WHEREFORE, the Baymark Management and Baymark Partners respectfully request that the Court drop Baymark Partners, LP as a party, set aside the Clerk's Entry of Default, and for any such other and further relief to which they may be justly entitled.

---

[30] *See* Response at 3 (quoting Hook's deposition testimony wherein he confirms that he and Ludlow are equal 50/50 owners of Baymark Partners); *Id.* at 4 ("Moreover, given that David Hook previously confirmed under oath during his deposition that Baymark Partners, LP is the only "Baymark Partners[.]"); *Id.* at 6, 10 (pointing out that the FCC Application shortened Baymark Partners, LP to Baymark Partners); Response APP at 003-04.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**

By: */s/ Edward P. Perrin, Jr.*
      **EDWARD P. PERRIN, JR.**
      State Bar No. 15796700
      eperrin@hallettperrin.com
      **JENNIFER R. POE**
      State Bar No. 00794470
      jpoe@hallettperrin.com
      **ELIZABETH A. FITCH**
      State Bar No. 24075777
      efitch@hallettperrin.com
      1445 Ross Avenue, Suite 2400
      Dallas, TX  75202
      Telephone: (214) 953-0053
      Facsimile: (214) 922-4142

ATTORNEYS FOR BAYMARK PARTNERS MANAGEMENT, LLC; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; and MATTHEW DENEGRE

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served on all counsel of record on February 22, 2022, via the Court's CM/ECF system pursuant to the local rules of this Court.

      */s/ Edward P. Perrin, Jr.*
      Edward P. Perrin, Jr.

4874-4830-5422, v. 6