UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC, *Successor in Interest to ACET Ventures Partners, LLC, Directly and Derivatively on Behalf of ACET Global, LLC and Baymark ACET Holdco, LLC,* and ACET GLOBAL, LLC, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-1171-B |
| BAYMARK PARTNERS, LP, BAYMARK PARTNERS MANAGEMENT, LLC, SUPER G CAPITAL, LLC, SG CREDIT PARTNERS, INC., BAYMARK ACET HOLDCO, LLC, BAYMARK ACET DIRECT INVEST, LLC, BAYMARK PARTNERS, DAVID HOOD, TONY LUDLOW, MATTHEW DENEGRE, WILLIAM SZETO, MARC COLE, STEVEN BELLAH, ZHEXIAN "JANE" LIN, DANA MARIE TOMERLIN, PADASAMAI VATTANA, PAULA KETTER, VANESSA TORRES, WINDSPEED TRADING, LLC, JULIE A. SMITH, and HALLET & PERRIN, P.C., | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs D&T Partners, LLC and ACET Global, LLC (collectively, "Plaintiffs")'s Motion for Default Judgment against Defendant Baymark Partners, LP (Doc. 74). For the reasons set forth below, Plaintiffs' Motion for Default Judgment (Doc. 74) is **DENIED**, the Clerk's Entry of Default against Baymark Partners, LP (Doc. 72) is **SET ASIDE**, and Plaintiffs'

claims against Defendant Baymark Partners, LP are **DISMISSED**. Further, the pending Motion to Set Aside Entry of Default (Doc. 82) is **MOOT**.

## I.

## BACKGROUND[1]

This is a business dispute between a former secured creditor and a newly formed company and its associated parties. Plaintiffs allege that Defendants executed a scheme to avoid liability on a $3.2 million loan by fraudulently transferring assets from a foreclosed company, ACET Global, LLC, to a new company, Windspeed Trading, LLC, through multiple acts of wire fraud, mail fraud, bankruptcy fraud, and obstruction of justice. Doc. 36, Am. Compl., 1, ¶¶ 6–10.

In their Amended Complaint, Plaintiffs bring claims for civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duties, violation of the Texas Uniform Fraudulent Transfer Act, civil conspiracy, and respondeat superior and/or agency liability. *Id.* ¶¶ 310–84. Defendant Baymark Partners, LP is the only defendant that failed to timely respond to Plaintiffs' Amended Complaint.

On December 31, 2021—well after Baymark Partners, LP's deadline to respond had passed—Plaintiffs requested that the Clerk of Court enter default against it. *See* Doc. 71, Pls.' Req. Entry Default. To support their request, Plaintiffs attached documents purporting to show that Baymark Partners, LP was properly served through the Texas Secretary of State. *Id.*; Doc. 71-2, Ex. B; Doc. 71-3, Ex. C; Doc. 71-4, Ex. D. Shortly thereafter, the Clerk entered the requested

---

[1] The Court recounts the facts and procedural history of this case only as necessary to understand the instant decision. For a fuller recitation of the facts in this case, see *D&T Partners v. Baymark Partners, LP*, 2022 WL 1458554 (N.D. Tex. May 9, 2022).

default, Doc. 72, Entry Default, and Plaintiffs filed their instant motion for default judgment on January 5, 2022. *See* Doc. 74, Pls.' Mot.

On January 26, 2022, Defendant Baymark Partners and nonparty Baymark Management, LLC (collectively, "Respondents") filed a response to Plaintiffs' motion for default judgment.[2] Doc. 83, Resp'ts' Resp. Plaintiffs did not file a reply brief and, therefore, the motion is ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought

---

[2] Respondents also filed a separate motion to set aside the entry of default. *See* Doc. 82, Mot. Set Aside Default. Plaintiffs filed a response thereto arguing that Respondents lack standing to make such a motion. *See* Doc. 85, Pls.' Resp. Mot. Set Aside, ¶¶ 26–32. Respondents replied that they do have standing to assert their motion because (1) non-party Respondent Baymark Management, LLC was the general partner of Baymark Partners, LP before it ceased to exist and would be subject to liability if the Court determines that Baymark Partrners, LP does in fact exist and enters judgment against it; and (2) Defendant/Respondent Baymark Partners has a reasonable concern, given Plaintiffs' pleadings, that Plaintiff has conflated it with Baymark Partners, LP. *See* Doc. 86, Resp'ts' Reply Mot. Set Aside, 8–10.

Notwithstanding the above, the Court notes that Plaintiffs did not make a similar objection to Respondents' standing to file a response to the motion for default judgment; indeed, Plaintiffs did not file a reply brief on that motion at all. For this reason, and because "courts . . . commonly permit[] and consider[] responses from non-defaulting parties when considering" motions for default judgment, the Court will consider Respondents' briefing in response to Plaintiffs' Motion for Default Judgment. *See Integon Nat'l Ins. Co. v. Gomez*, 2020 WL 6585599, at \*3 (D.S.C. Nov. 10, 2020) (collecting cases where courts have permitted and considered responses from non-defaulting parties in deciding motions for default judgment); *cf. Pate v. Tim Clark Constr., LLC,* 2020 WL 5637351, at \*1 n.2, \*2, \*4–5 (E.D. La. Sept. 21, 2020) (considering a dismissed party's response to a motion for default judgment against remaining co-defendants in deciding to deny the motion and set aside the entry of default); *Royal Surplus Lines Ins. Co. v. Steed*, 2005 WL 8168752, at \*1 (S.D. Tex. Mar. 8, 2005) (finding parties had standing to contest entry of a default judgment against a defaulting codefendant); *Levitation Arts, Inc. v. Fascinations Toys & Gifts, Inc.*, 2009 WL 10669490, at \*3 (W.D. Tex. May 28, 2009) (finding that non-defaulting parties lacked standing to object to entry of a default judgment against a defaulting codefendant when they "maintained they [were] unrelated to [the defaulting defendant]" and therefore lacked a personal stake in the default judgment). And because the Court's conclusion regarding Plaintiffs' motion for default judgment requires that it set aside the entry of default and dismiss Plaintiffs' claims against Baymark Partners, LP, *see infra* Part III(B), Respondents' separate motion to set aside the entry of default is **MOOT**.

has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b)(2).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). "A party is not entitled to a default judgment" merely because "the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). To determine whether a default judgment should be entered against a defendant, courts apply a three-part analysis that requires determining whether entry of default judgment is procedurally and substantively warranted before determining what form of relief, if any, the plaintiff should receive. *See generally United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *3–5 (S.D. Tex. Oct. 5, 2011). Ultimately, whether to issue "a default judgment is generally committed to the discretion of the district court." *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384 (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

Nonetheless, if the district court lacks personal jurisdiction over the defendant due to improper service of process, the court "must set aside the clerk of court's entry of default as a matter of law." *Titan Glob. Holdings, Inc. v. Evan*, 2008 WL 11435706, at *4 (N.D. Tex. Oct. 30, 2008); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, 2016 WL 5416836, at *2 (W.D. La. Aug. 22, 2016) ("Sufficiency of service of process bears on the validity of personal jurisdiction, and as such, the validity of the default entered, in addition to the validity of continued proceedings against the defendant.") (citing *Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988)). "[O]nce the validity of

service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

## III.

## ANALYSIS

Respondents argue, in relevant part, that Plaintiffs' motion for default judgment must be denied because Baymark Partners, LP ceased to exist in 2012, rendering Plaintiffs' service on Baymark Partners, LP in 2021 ineffective.[3] *See* Doc. 83, Resp'ts' Resp., 11–12. The Court agrees with Respondents that "process directed at a non-existent entity is void" as a matter of law. *Carr v. Spherion*, 2009 WL 3380007, at *3 (W.D. La. Oct. 19, 2009) (citing *Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006)). Accordingly, the question

---

[3] Because the Court agrees that Baymark Partners, LP was not (nor could be) properly served, the Court does not address the other procedural and substantive issues raised by Respondents.

presented is whether Baymark Partners, LP is an existing entity.[4] As explained below, the Court finds it is not.

A.   *Delaware Law Determines the Legal Existence of Baymark Partners, LP*

Before determining the legal existence of Baymark Partners, LP, the Court must first identify what law should govern its inquiry. As the Second Circuit recently explained, there is some ambiguity regarding this issue as it pertains to foreign partnerships:

---

[4] The issue presented in this case—legal existence—should not be confused with capacity to sue or be sued. Although the two concepts are often intertwined and conflated, a defendant's lack of legal existence has jurisdictional implications at the service stage that its lack of capacity does not. *See generally Fund Liquidation Holdings LLC v. Bank of Am., Corp.*, 991 F.3d 370, 382–83 (2d Cir. 2021) (discussing the difference). For example, a defendant-entity that legally exists but lacks capacity to be sued can be properly served and plead (or waive) its lack of capacity. *See, e.g.*, *Ameripride Servs. v. Valley Indus. Servs.*, 2008 WL 5068672, at *4 (E.D. Cal. Nov. 24, 2008); *see also* Fed. R. Civ. P. 9(a)(2). By contrast, a defendant-entity that ceases to exist before process is effectuated under Federal Rule 4 is necessarily incapable of being served, making any resulting judgments entered against it void. *See Carr*, 2009 WL 3380007, at *3 (citing *Int'l Fire & Safety*, 2006 WL 2403496, at *1).

Muddying the waters here is that Federal Rule of Civil Procedure 17 provides that the capacity of an unincorporated business organization to sue or be sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); *see Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). For courts based in Texas, as this one is, this means applying the Texas rule that "[c]ivil suits may be maintained only by or against parties having an actual or legal existence." *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995); *cf. Kingman Holdings, L.L.C. v. Chase Home Fin., L.L.C.*, 2015 WL 13802564, at *2 (W.D. Tex. Apr. 20, 2015) (finding that an LLC whose existence was terminated by merger lacked capacity to be sued under Texas law). Thus, under Texas law, the lack of existence is synonymous with a lack of capacity. In many cases, this resolves the issue. But where, as here, the suit is made "to enforce a substantive right existing under the United States Constitution or laws," Rule 17 provides that "a partnership or other unincorporated association with no such capacity under [the forum] state's law may sue or be sued in its common name." Fed. R. Civ. P. 17(b)(3)(A); *see* Doc. 36, Am. Compl., ¶¶ 310–24, 339–67 (alleging civil RICO claims against Baymark Partners, LP).

The distinction between existence and capacity is critical in these cases. While Rule 17(b)(3)(A) could reasonably be read as supplying a nonexistent entity with capacity, it does not confer legal existence to a nonexistent entity nor authorize suits against nonexistent defendants. *See Roby v. Corp. of Lloyd's*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992) ("[T]he reach of Rule 17(b) is limited to providing that partnerships or other unincorporated associations which have no capacity under state law to sue or be sued may nevertheless sue or be sued in their common name in federal court for the purpose of enforcing for or against them a substantive right existing under the Constitution or laws of the United States, but Rule 17(b) does not confer legal existence or create new types of legal entities."); *Fund Liquidation Holdings*, 991 F.3d at 382; *Northpoint Tech., Ltd. v. DirectTV, Inc.*, 2010 WL 11444157, at *3 (W.D. Tex. Dec. 13, 2010) (noting that "[t]he only way [Rule 17(b)(3)(A)] would not apply [was] if [the named entity] did not exist" (citing *Roby*, 796 F. Supp. at 110)). Applied here, this means that Baymark Partners, LP's capacity to be sued under Federal Rule 17(b)(3)(A), if any, would not resolve the jurisdictional issue presented.

> As with corporations, it might seem natural to look to the law of the jurisdiction where the organization was created to determine whether a partnership has legal existence. But Federal Rule of Civil Procedure 17(b)(3) suggests that a partnership's capacity to sue is governed by the law of the state in which the *court* is located . . . . And if [the law of the forum state] applies to determinations of capacity, it's possible that the same is true when determining existence.

*Fund Liquidation Holdings*, 991 F.3d at 384 n.8. In that case, the court found that it didn't need to decide whether the forum law (New York) or the law of the jurisdiction of formation (Cayman Islands) applied because "New York law would itself look to Cayman Islands law to resolve this issue." *Id.*

Like in *Fund Liquidation Holdings*, the Court need not decide which law applies because the forum state would apply the law of the jurisdiction of formation. *See id.* This Court is based in Texas. Texas Business Organizations Code § 1.102 provides that, "[i]f the formation of an entity occurs when a certificate of formation or similar instrument filed with a foreign governmental authority takes effect, the law of the state or other jurisdiction in which that foreign governmental authority is located governs the formation and internal affairs of the entity." Thus, because Baymark Partners, LP was formed by a certificate of formation filed in Delaware, Doc. 84, Resp'ts' App., 121–23, Texas law would look to Delaware law to determine its existence. *See* Tex. Bus. Orgs. Code Ann. § 1.102; *Anglo-Dutch Petroleum Int'l, Inc. v. Case Funding Network, LP*, 441 S.W.3d 612, 623 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (applying the law of the state of formation in determining whether a corporation maintained its legal existence post-revocation of its corporate charters); *see also Valdez v. Cap. Mgmt. Servs. LP*, 2010 WL 4643272, *7–8 (S.D. Tex. Nov. 16, 2010) (suggesting that Texas would apply Delaware law to the question of the existence of a joint

venture) (report and recommendation). Accordingly, the Court will apply Delaware law to determine whether Baymark Partners, LP existed at the time it was served.[5]

B.  *Plaintiffs' Service is Void Because Baymark Partners, LP Did Not Exist at the Time of Service*

Under Delaware law, "[a] limited partnership is formed at the time of the filing of the initial certificate of limited partnership" and exists as "a separate legal entity . . . until cancellation of the limited partnership's certificate of limited partnership." Del. Code Ann. tit. 6, § 17-201(b). Here, Respondents have demonstrated that Baymark Partners, LP's certificate of limited partnership was cancelled,[6] and thereby, it ceased to exist, on June 1, 2012. *See id.*; Doc. 84, Resp'ts' App., 124 (Certificate of Non-Existence); *Soley v. Wasserman*, 2011 WL 4352384, at *3 (S.D.N.Y. Aug. 11, 2011) (noting that an entity's legal existence was terminated under Delaware law when its "certificate of limited partnership was canceled 'for neglect, refusal, or failure to pay its annual taxes'"), *report & recommendation adopted in relevant part by* 823 F. Supp. 2d 221, 235 n.5 (S.D.N.Y. 2011).

Although Plaintiffs did not file a reply to Respondents' response, the Court recognizes that Plaintiffs, in their response to Respondents' motion to set aside entry of default, offered some evidence that the name "Baymark Partners, LP" was used or referenced by some Defendants several years after the Deleware entity named in this suit ceased to exist. *See* Doc. 85, Pls.' Resp. Mot. Set Aside Default, 1–6. However, even considering this evidence, Plaintiffs have not explained why these

---

[5] Because the Court concludes that Baymark Partners, LP did not exist at the time it was served, it does not separately analyze whether Plaintiffs' actions would've been sufficient to effectuate process on an existing entity.

[6] The letter from the Delaware Secretary of State states that Baymark Partners, LP ceased to exist due to "neglect, refusal, or failure to pay its taxes." Doc. 84, Resp'ts' App., 124. The Delaware Code provides for cancellation of a limited partnership for failure to pay annual taxes. *See* Del. Code Ann. tit. 6, §§ 17-1109–10.

actions would revive the separate legal existence of the Baymark Partners, LP. As such, the Court finds that the Delaware entity named in this suit—Baymark Partners, LP—has not existed since 2012 and Plaintiffs' service on it in 2021 is void as a matter of law, meaning the entry of default must be set aside. *See Carr*, 2009 WL 3380007, at *3; *Int'l Fire & Safety*, 2006 WL 2403496, at *1. Further, because there is no reason to believe that future attempts to serve a nonexistent entity will be fruitful, the Court concludes that Plaintiffs' claims against Baymark Partners, LP must be dismissed. *See Clark v. Marrero Estelle Fire Dep't*, 2019 U.S. Dist. LEXIS 85830, at *1–2 (E.D. La. May 22, 2019) (citing *Carr*, 2009 WL 3380007, at *3) (granting motion to withdraw entry of default and dismissing claims against nonexistent entity); *Int'l Fire & Safety, Inc.*, 2006 WL 2403496, at *1 (finding that "any process directed at . . . a non-existent entity would be void" and concluding that the proper remedy was "dismissal of the complaint as to [the] non-existent entity"); *Cropp v. Golden Arch Realty Corp.*, 2009 WL 10710585, at *2 (D.S.C. Mar. 31, 2009) ("If there is no such entity as a captioned defendant, all claims against that non-existent entity must be dismissed." (citing *Broadway v. Adidas Am., Inc.*, 2008 WL 2705566, at *5 (E.D. Ark. July 10, 2008))); *Aurora Shares Homeowners Ass'n, Inc. v. FDIC*, 2 F. Supp. 2d 975, 981 (N.D. Ohio 1998) ("A complaint filed against a non-existent entity is a nullity and must be dismissed because any judgment rendered against such an entity must be void."); *see also Kingman Holdings, L.L.C. v. Chase Home Fin., L.L.C.*, 2015 WL 13802564, at *2 (W.D. Tex. Apr. 20, 2015) ("A named party whose existence has been terminated by merger is not a proper party. Judgment cannot be rendered against an entity that no longer exists because it is not a proper party." (citation omitted)).

To be clear, the Court's decision today does not prevent Plaintiffs from pursuing claims against successors in interest to Baymark Partners, LP, existing parties that they believe operated

under the name of a defunct business entity, or other entities named or conducting business as Baymark Partners, LP. Rather, the Court's holding is limited to finding that the Baymark Partners, LP entity named in Plaintiffs' complaint does not exist, was not and cannot be properly served, and cannot have a valid judgment rendered against it.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment (Doc. 74) is **DENIED**; the Clerk's Entry of Default against Baymark Partners, LP (Doc. 72) is **SET ASIDE**; and Plaintiffs' claims against Defendant Baymark Partners, LP are **DISMISSED**. Further, the pending Motion to Set Aside Entry of Default (Doc. 82) is **MOOT**.

**SO ORDERED**.

**SIGNED: June 1, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE