Thursday, February 25, 2021 at 21:25:36 Central Standard Time

| | |
|---|---|
| **Subject:** | aymark/ACET DRAFT e-mail to Plaintiff's counsel regarding Super G's taking the Collateral from ACET Global |
| **Date:** | Thursday, September 26, 2019 at 3:34:19 PM Central Daylight Time |
| **From:** | Edward P. Perrin, Jr. |
| **To:** | Jason Freeman |
| **CC:** | Jennifer R. Poe |
| **Attachments:** | image001.jpg, image006.jpg, Notice of Disposition and Sale of Collateral (1-31-19).pdf, Super G Calif 2019.pdf |

PLAINTIFF'S EXHIBIT 46

Jason,

I am writing to follow up to our call last week, and specifically with regard to the issue of Plaintiff's purported claims against Windspeed. As we discussed, ACET Global, LLC ("ACET Global") did not "transfer" any of its assets to Windspeed, as alleged in the Petition (including in Counts III and VIII). Rather, ACET Global's secured lender, Super G Capital, LLC ("Super G") exercised its rights as a secured creditor with respect to ACET Global's assets.

I have attached for your reference the January 31, 2019 Notice of Disposition and Sale of Collateral sent by Super G to ACET Global (the "Notice Letter"). In particular, the Notice Letter indicates that "Events of Default have occurred and are continuing" and that "Borrower *must immediately surrender to Lender possession of the collateral described in the attached Exhibit A*." The Notice Letter further states: "Neither the Secured Party nor any purchaser shall be, or shall be deemed to be, a 'successor' of or to any Debtor any other person or entity for any purpose."

We need to specifically note that Super G *copied Tomer Damti* on the Notice Letter. As such, Mr. Damti (and, by extension, your client) was made aware that he/it could "redeem the Collateral at any time before the Secured Party has disposed of the Collateral or entered into a contract for its disposition *by tendering payment of all indebtedness secured by the Collateral* as well as any expenses reasonably incurred by the Secured Party in retaking, holding, and preparing the Collateral for disposition." Neither Mr. Damti nor your client took any such steps to redeem the Collateral.

I am also attaching for your reference publicly available documents related to the management of Super G. Further information about Super G can be found on Super G's website: https://www.supergcapital.com/about/ I trust you will agree that this documentation/information confirms what we discussed last week, namely that Super G is wholly independent from any of the Defendants named in Plaintiff's lawsuit. The simple fact is that Super G had a superior lien based on its loan to ACET Global, and it exercised its rights under that lien. As your client's lien was expressly subordinated to Super G's, your client can have no claim related to the disposition of the Collateral by Super G.

There are certain other issues we discussed last week about which I expect to be able to provide you further information by sometime next week. However, I wanted to go ahead and get you the documentation of Super G's actions with respect to the Collateral.

If you would like to discuss any of the matters addressed herein the documentation provided, or the detailed outline of the pleadings deficiencies in my 9/19/19 email after our call that date, let me know.

Ed Perrin

**EDWARD P. PERRIN, JR.**
Shareholder
HALLETT&PERRIN
D 214.922.4132  F 214.922.4142   eperrin@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
www.hallettperrin.com              Disclaimer



**Page 2 of 2**