UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), *et al.*, <br><br>**Plaintiffs,** <br><br>v. <br><br>BAYMARK PARTNERS, LP; *et al.* <br><br>**Defendants.** | § § § § § § § § § § § § § § § CIVIL CAUSE NO. 3:21-CV-01171-B |

## DEFENDANTS SG CREDIT PARTNERS, INC.'S AND MARC COLE'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure, Defendants SG CREDIT PARTNERS, INC. ("Credit Partners") and MARC COLE ("Cole") (collectively, Moving Defendants") hereby submit this motion to dismiss the Second Amended Complaint ("SAC") filed by Plaintiffs D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC) ("D&T"), *et al.* (collectively, "Plaintiffs") on June 8, 2022 (Doc. 91).

As grounds therefore, Moving Defendants submit as follows.

The SAC fails to state a claim upon which relief may be granted as to each of the claims asserted against Credit Partners and Cole and should be dismissed pursuant to Rule 12(b)(6). Specifically, all claims against Credit Partners should be dismissed because the SAC utterly fails to plausibly allege any conduct on the part of Credit Partners whatsoever. As to the purported claims brought on behalf of Plaintiffs other than D&T, such claims should be dismissed under Rule 12(b)(6) and 23.1 for failure to comply with Rule 23.1 and Texas state law governing derivative claims and for failure to plead the requisite membership in the subject entities or proper authorization to act on behalf of such entities. Counts I through III of the SAC, which allege civil

violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, *et seq.*) ("RICO"), lack the essential RICO foundation and fail to plausibly allege Credit Partners' or Cole's participation in any possible or remotely plausible violations of RICO. Likewise, the state law claims of fraud, aiding and abetting breach of fiduciary duties, civil conspiracy, violation of the Texas Uniform Fraudulent Transfer Act, and respondeat superior/agency pled against Credit Partners and/or Cole in Counts IV and VI through VIX[sic] suffer from fundamental pleading defects and also fail to plausibly allege Moving Defendants' participation in the alleged underlying fraud.

The dismissal should be with prejudice, and Plaintiffs should not be granted an opportunity to replead. In response to the initial Complaint filed in this action, Defendants filed several motions to dismiss and pointed out multiple, dispositive defects in the Complaint. In response, Plaintiffs filed their First Amended Complaint (Doc. 36), resulting in another round of motions to dismiss and this Court's dismissal of Plaintiffs claims without prejudice to Plaintiffs filing a second amended complaint in one final attempt to correct the numerous pleading deficiencies noted. (*See* Doc. 89, 5/9/2022 Memorandum of Decision, at 16-17.) Plaintiffs, now having had *three* opportunities to adequately plead their claims in this Court, should be precluded from further repleading efforts in this forum, leaving D&T to pursue the action brought against many of the same defendants sued in this action, which is still pending in the Texas state court (*D&T Partners, LLC vs. ACET Global, LLC, et al.*, No. DC-19-09828 District Court, Dallas County, 116th Jud. District) in which extensive discovery has taken place and trial is imminent.

Further, as to Credit Partners, absent the sparsely pled Counts I through III alleging civil violations of RICO, the FAC fails to allege any basis upon which this Court can exercise personal jurisdiction over Credit Partners in Texas, and the remaining claim against Credit Partners should be dismissed pursuant to Rule 12(b)(2) upon dismissal of Counts I through III.

Additionally, if Counts I through III alleging civil violations of RICO are dismissed as to *all* defendants, then this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiffs' state law claims against Credit Partners and/or Cole pled in Counts IV and VI through VIX[sic].

WHEREFORE, for these reasons, discussed more fully in the accompanying memorandum of law submitted in support hereof, Moving Defendants respectfully submit that the SAC should be dismissed with prejudice in its entirety as to Credit Partners and Cole.

Respectfully submitted,

DANIELS TREDENNICK, PLLC

BY: */s/ Andrea L. Kim*
Andrea Levin Kim
State of Texas Bar No. 00798327
Northern District Bar No. 00798327
**DANIELS TREDENNICK, PLLC**
6363 Woodway Dr., Ste 700
Houston, Texas 77057
Telephone: (713) 917-0024
Fax: (713) 917-0026
Email: andrea.kim@dtlawyers.com

Rachel Williams
State of Texas Bar No. 24067175
Northern District Bar No. 24067175
**WILLIAMS LAW, PC**
10300 N. Central Expy., Ste. 544
Dallas, Texas 75231
Telephone: (214) 550-2858
Fax: (214) 550-2856
Email: rachel@williamslawtx.com

COUNSEL TO DEFENDANTS SG CREDIT PARTNERS, INC. and MARC COLE

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 22, 2022, a copy of the foregoing was filed electronically by the EM/CMF System for the United States District Court for the Northern District of Texas and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                        */s/ Andrea Levin Kim*
                                        Andrea Levin Kim