IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS LLC, *et al*., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:21-CV-01171-B |
| | § | |
| BAYMARK PARTNERS LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SUPER G CAPITAL LLC'S AND STEVEN BELLAH'S**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to FED.R.CIV.P. 8(a), 9(b), and 12(b)(6), Defendants Super G Capital LLC ("Super G") and Steven Bellah ("Bellah") respectfully request that the Court dismiss all of Plaintiff D&T Partners LLC's ("Plaintiff") claims against them in the *Second Amended Complaint* (Doc. 91) due to Plaintiff's failure to (again) state any claim upon which relief can be granted, and with respect to fraud-based claims, Plaintiff's failure to plead with particularity the circumstances constituting Super G's or Bellah's alleged fraud.

Contemporaneously herewith, Super G and Bellah are filing *Defendants Super G Capital LLC's and Steven Bellah's Brief in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint* (the "Brief") and *Defendants Super G Capital LLC's and Steven Bellah's Appendix in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint* ("Super G Appx"). Through this Motion, the Brief, and the Super G Appx., Super G and Bellah will show the Court as follows:

1.      Plaintiff filed its *Original Complaint* (Doc. 1) on May 21, 2021. Plaintiff served Super G and Bellah with Rule 4(d) *Waivers of Service of Summons* on or about June 8, 2021, which Super G and Bellah executed and were filed on June 28, 2021. *See* Docs. 7-8.

2.      On August 9, 2021, Super G and Bellah timely[1] filed their *Motion to Dismiss Plaintiff's Claims* (Doc. 31) and *Brief in Support of Their Motion to Dismiss Plaintiff's Claims* (Doc. 32).

3.      On August 30, 2021, Plaintiff filed its *Unopposed Motion for Continuance* (Doc. 34), requesting that the Court "extend the time to respond to the Motions to Dismiss by 30 days." On August 31, 2021, this Court granted Plaintiff's motion and extend Plaintiff's deadline to respond to Defendants' motions to dismiss to September 30, 2021 (Doc. 35).

4.      On September 30, 2021—instead of responding to Defendants' motions to dismiss and without seeking or obtaining leave of this Court or consent of Defendants[2]—Plaintiff filed its *First Amended Complaint* (Doc. 36). Accordingly, Plaintiff's *second* opportunity to adequately plead its claims came more than 50 days after Defendants filed their first round of motions to dismiss. *See* Docs. 24-26, 28-32.

5.      On October 12, 2012, the Court granted Defendants an extension until November 3, 2021 to answer or otherwise respond to *First Amended Complaint* t (Doc. 43). Accordingly, on that date, Super G and Bellah timely filed their *Motion to Dismiss Plaintiffs' First Amended Complaint* (Doc. 54) and supporting brief (Doc. 55) and appendix (Doc. 56).

6.      On May 9, 2022, the Court granted all Defendants' respective motions to dismiss Plaintiff's *First Amended Complaint* (Doc. 89) but granted Plaintiff another chance "to amend its pleadings in light of the deficiencies noted in th[e] Order."

7.      On June 8, 2022, Plaintiff filed its *Second Amended Complaint* (Doc. 91), and exhibits thereto (Doc. 92), representing Plaintiff's ***third*** opportunity to plead its claims.

---

[1] *See* FED.R.CIV.P. 4(d)(3) and 12(a)(1).
[2] *See* FED.R.CIV.P. 15(a) (plaintiff must have leave of court or written consent to amend its complaint if outside 21 days of service of original complaint or 21 days after service of an answer or Rule 12 motion).

8.      On October 12, 2012, the Court granted Defendants an extension until July 22, 2022 to answer or otherwise respond to *Second Amended Complaint* (Doc. 94). Accordingly, the present Motion is timely.

9.      <u>Shotgun Pleading</u>. After 194 quixotic pages setting forth an excessive number of (largely irrelevant) "facts," Plaintiff's *Second Amended Complaint* perfunctorily asserts nine causes of action, therein "repeat[ing] and realleg[ing] each and every allegation" contained in the previous 320-plus paragraphs and grouping all Defendants together in varying ways. As explained in the Brief, the *Second Amended Complaint* meets any definition of a "shotgun pleading" in which "each count is replete with factual allegations that could not possibly be material to that specific count" and "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." This type of pleading is subject to Rule 12(b)(6) dismissal and, additionally, does not meet Rule 9(b)'s demand for particularity. Accordingly, the *Second Amended Complaint* should be dismissed in its entirety.

10.     <u>Dismissal of Plaintiff's Claims Purportedly on Behalf of ACET Global LLC and Baymark ACET Holdco LLC</u>. Plaintiff D&T Partners LLC lacks standing to sue on either ACET Global's or Holdco's behalf. Plaintiff failed to verify the *Second Amended Complaint* containing the purported derivative claims as required by Rule 23.1; failed to allege membership in either entity as required by Rule 23.1 and Texas statutory law; failed to allege that it asked or demanded either entity's management to bring the subject claims against Defendants, including third parties Super G and Bellah, as also required by Rule 23.1 and Texas statutory law; and wholly failed to differentiate what claims or allegations are asserted on behalf of ACET Global or Holdco or D&T Partners. Additionally, Plaintiff pleads the multiple other ACET Global creditors are the "victims" of Defendants' alleged acts or omissions, suggesting sole standing lies with the ACET Global

bankruptcy trustee. Moreover, any claims purportedly asserted on behalf of ACET Global against Super G are subject to a forum-selection provision agreed to by the parties that precludes any litigation between them outside of the State of California. Accordingly, pursuant to such provision and 28 U.S.C. §1404, Super G conditionally moves to transfer all claims purportedly brought on behalf of ACET Global against Super G to the agreed-upon venue of Orange County, California in the event such claims are not dismissed and allowed to proceed.[3]

11.     <u>Dismissal of Counts I-III</u>. In pleading its Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1961, *et seq*.) ("<u>RICO</u>") claims against Super G and Bellah[4], Plaintiff—in contravention of Rule 8(a)—fails to state essential and foundational RICO elements, including: Super G and Bellah as RICO "persons"; the occurrence of sufficient predicate acts; a pattern of racketeering activity (*i.e.*, the element on which the Court based its dismissal of Plaintiff's prior pleading attempt); the existence of an enterprise by association-in-fact; reliance; or proximate causation—thereby subjecting such claims to dismissal under Rule 12(b)(6). Likewise, Plaintiff fails to plausibly state necessary elements of RICO conspiracy. In pleading its RICO claims against Super G and Bellah, Plaintiff also fails to meet the Rule 9(b) heightened standard required where, as here, such claims are grounded in predicate acts of fraud. Accordingly, Counts I-III should be dismissed.

12.     <u>Dismissal of Pendent State-Law Claims at Counts IV-IX</u>. In this Circuit, the general rule is to decline jurisdiction over state law claims upon dismissal of the federal claim(s) to which they are pendent. Upon dismissal of Plaintiff's only federal claims (Counts I-III, brought under RICO) for the reasons stated above, explained in the Brief, and set forth in the Court's prior

---

[3] *See* Super G Appx. at ex. 1, APPX 018-19.
[4] Bellah is not named in "Count II: Violations of 18 U.S.C. § 1962(a) (Civil RICO)." Second Amended Complaint, Doc. 91 at p. 181.

dismissal order, this Court should apply the general rule and dismiss the remainder of Plaintiff's claims, all of which arise under state law (Counts IV-IX). The general rule's application is especially appropriate here, given the pendency of a three-year old case in Texas state district court involving all of the same state-law claims by Plaintiff against many of the same Defendants. Accordingly, should the Court dismiss Plaintiff's RICO claims, it should decline jurisdiction over the rest of Plaintiff's claims.

13.     <u>Dismissal of Count IV</u>. In pleading its common-law fraud claim against Super G[5], Plaintiff does not meet Rule 9(b)'s heightened particularity standard. Instead, it merely recites the elements of the action against "All Defendants" and incorporates by reference the 450 preceding paragraphs. With respect to Super G especially, Plaintiff fails to state any plausible theory to show multiple elements, including materiality, intent, actual reliance, justifiable reliance, and proximate causation to any alleged pecuniary loss. Accordingly, Count IV should be dismissed.

14.     <u>Dismissal of Count VI</u>.[6] As an initial matter, "aiding and abetting" claims are "dependent" claims, premised on the underlying tort. Accordingly, should the underlying breach-of-fiduciary claim against the "Fiduciary Claim Defendants" be dismissed, Plaintiff's *"aiding and abetting breach of fiduciary duty"* claim against Super G and Bellah must likewise fall. Additionally, because the underlying purported breach is premised on allegations of fraud, Rule 9(b)'s heightened standard applies to the derivate claim against Super G and Bellah—a standard Plaintiff fails to meet. Regardless, Plaintiff fails to even plead multiple essential elements of derivative liability against Super G and Bellah, including that: they were aware of the allegedly tortious nature of the underlying acts; they had intent to assist the "Fiduciary Claim Defendants";

---

[5] Bellah is not named in "Count IV: Common Law Fraud." Second Amended Complaint, Doc. 91 at p. 188.
[6] Neither Super G nor Bellah is named in "Count V: Breach of Fiduciary Duty." Second Amended Complaint, Doc. 91 at pp. 189.

they gave the "Fiduciary Claim Defendants" assistance or encouragement; and that their conduct was a "substantial factor" in causing the "Fiduciary Claim Defendants'" alleged breach of fiduciary duty. Accordingly, Count VI should be dismissed.

15.     Dismissal of Count VII. Plaintiff fails to plead facially plausible allegations to state a Texas Uniform Fraudulent Transfer Act (TEX.BUS. & COMM. CODE §24.001 *et seq.*) ("TUFTA") claim against Super G or Bellah (the latter is not even mentioned in Plaintiff's pleading of the TUFTA claim). The contractual foreclosure transaction to which Plaintiff alludes does not fall under TUFTA's definitions of "transfer" or "assets," as Plaintiff does not plead any allegations that the subject lien was somehow invalid (Plaintiff pleads it agreed to the subordination of its lien to Super G's), that the debtor was not in default (Plaintiff pleads that default occurred months before), or any disparity between the amount of the debt foreclosed upon and the collateral sold. Accordingly, Count VII should be dismissed.

16.     Dismissal of Count VIII. As an initial matter, conspiracy claims are "dependent" claims, premised on the underlying tort(s). Accordingly, for each underlying claim that does not survive dismissal, Plaintiff's corresponding conspiracy claim likewise falls. Additionally, because each of the underlying purported torts sound in fraud, Rule 9(b)'s heightened standard applies to the derivative conspiracy claim—a standard that Plaintiff again fails to meet. Regardless, Plaintiff fails to plausibly plead multiple elements of conspiracy. Accordingly, Count VIII should be dismissed.

17.     Dismissal of Count IX. Under Texas law, agency and respondeat superior are theories of liability and not causes of action. To the extent Plaintiff has asserted these as causes of action, they should be dismissed.

18.     For these reasons and those detailed in the Brief, Super G and Bellah respectfully

request that this Court grant this Motion in its entirety and dismiss all of Plaintiff's claims against them, with prejudice.

19.     As mentioned above, Plaintiff has now had ample opportunity to plead its claims purported against Defendants. If Plaintiff cannot get it right after three years of litigating essentially the same claims in state court, after having three attempts to plead to the Court, and in the context of a twice-amended 194-page complaint, it is safe to say further attempts would be futile.

20.     Super G and Bellah further respectfully request that the Court grant them any and all other relief to which they may be entitled, whether at law or in equity.

Respectfully submitted,

DUNN SHEEHAN LLP

By: /s/ John David Blakley
  John David Blakley
  State Bar No. 24069388
  jdblakley@dunnsheehan.com
  William D. Dunn
  State Bar No. 24002023
  ddunn@dunnsheehan.com
  5910 N Central Expressway, Suite 1310
  Dallas, Texas 75206
  Phone: 214-866-0077
  Fax: 214-866-0070

**ATTORNEYS FOR DEFENDANTS
SUPER G CAPITAL LLC
and STEVEN BELLAH**

## CERTIFICATE OF SERVICE

I certify that on July 22, 2022, this motion was filed with the Court *via* its Electronic Case Filing (ECF) system and duly served in accordance with FED.R.CIV.P. 5, by electronic mail, on counsel for all parties of record, including Plaintiff's counsel Jason B. Freeman of FREEMAN LAW, PLLC, at jason@freemanlaw.com.

/s/  John David Blakley
   John David Blakley