UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

D&T PARTNERS, LLC (successor in interest    §
to ACET VENTURE PARTNERS, LLC),    §
Directly and Derivatively on Behalf of    §
ACET GLOBAL, LLC and    §
BAYMARK ACET HOLDCO, LLC    §
   §
and    §
   §
ACET GLOBAL, LLC,    §
   §
     *Plaintiffs*,    §
   §
v.    §
   §
BAYMARK PARTNERS, LP;    §
BAYMARK PARTNERS MANAGEMENT, LLC;    §
SUPER G CAPITAL, LLC;    §    CIVIL CAUSE NO. 3:21-CV-01171-B
SG CREDIT PARTNERS, INC.;    §
BAYMARK ACET HOLDCO, LLC;    §
BAYMARK ACET DIRECT INVEST, LLC;    §
BAYMARK PARTNERS;    §
DAVID HOOK; TONY LUDLOW;    §
MATT DENEGRE; WILLIAM SZETO;    §
MARC COLE; STEVEN BELLAH;    §
ZHEXIAN "JANE" LIN;    §
DANA MARIE TOMERLIN;    §
PADASAMAI VATTANA; PAULA KETTER;    §
VANESSA TORRES;    §
WINDSPEED TRADING, LLC;    §
HALLETT & PERRIN, P.C.; and    §
JULIE A. SMITH,    §
   §
     *Defendants*.    §

**BAYMARK DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
**<u>AND BRIEF IN SUPPORT</u>**

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

APPLICABLE STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.      Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.     Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III.   Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.      Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8 . . . . 7

    II.     Plaintiff's Claims Under RICO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

         A.     Predicate Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

              1.     18 U.S.C. § 1831 (economic espionage). . . . . . . . . . . . . . . . . . . . 9

              2.     18 U.S.C. § 1344 (bank fraud) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

              3.     18 U.S.C. § 1832 (theft of trade secrets). . . . . . . . . . . . . . . . . . . 10

              4.     18 U.S.C. §§ 2314, 2315 (transportation, sale or receipt of stolen goods) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

              5.     18 U.S.C. § 1503 (obstruction of justice) . . . . . . . . . . . . . . . . . . 12

              6.     18 U.S.C. §§ 1956, 1957 (money laundering) . . . . . . . . . . . . . . . 13

              7.     18 U.S.C. §§ 152, 157 (bankruptcy fraud) . . . . . . . . . . . . . . . . . . 15

              8.     18 U.S.C. §§ 1341, 1343 (mail/wire fraud) . . . . . . . . . . . . . . . . . 17

         B.     Causation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

         C.     18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

         D.     Plaintiff's Ability to Replead . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

III.    Plaintiff's State-Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    A.    Common-Law Fraud (Count IV) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

        1.    Plaintiff has not pleaded its common-law fraud claim with the particularity required by Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . 21

        2.    As a matter of law, Plaintiff cannot have relied on the one "misrepresentation" it partially identifies because such "misrepresentation" is contradicted by the parties' contract. . . . . 22

    B.    Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty (Counts V, VI). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

    C.    Texas Uniform Fraudulent Transfer Act (Count VII). . . . . . . . . . . . . . . . 24

    D.    Civil Conspiracy (Count VIII) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## <u>INDEX OF AUTHORITIES</u>

<u>Cases</u>

*7-Eleven, Inc. v. Puerto Rico-7 Inc.*, Civil Action No. 3:08-CV-00140-B,
2008 WL 4951502 (N.D. Tex. Nov. 19, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Alpert v. Riley*, Civil Action No. H-04-3774,
2011 WL 564031 (S.D. Tex. Feb. 8, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Arencibia v. AGA Serv. Co.*, Civil Action No. 4:20-cv-00819-O,
2020 WL 10056799 (N.D. Tex. Nov. 13, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

*Berman, Trustee for the Estate of Michael S. Goldberg, LLC v. LaBonte*,
622 B.R. 503 (Bankr. D. Conn. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Bhardwaj v. Pathak*, 668 F. App'x 763 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . 12

*Breitling v. LNV Corp.*, Civil Action No. 3:15-CV-0703-B,
2016 WL 852963 (N.D. Tex. Mar. 4, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chau v. Aviva Life & Annuity Co.*, Civil Action no. 3:09-CV-2305-B,
2011 WL 1990446 (N.D. Tex. May 20, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Commercial Metals Co. v. Chazanow*, Civil Action No. 3:09-CV-0808-B,
2009 WL 3853704 (N.D. Tex. Nov. 17, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Elliott v. Foufas*, 867 F.2d 877 (5th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*First Capital Asset Management, Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) . . . . . . . 19

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 15

*Gabriel v. Outlaw*, No. 3:20-cv-60-K-BK, 2022 WL 617628 (N.D. Tex. Feb. 14, 2022),
*report and recommendation adopted*, 2022 WL 617628
(N.D. Tex. Mar. 2, 2022), *appeal filed* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Havard v. Collins*, No. 3:13-CV-945-N, 2013 WL 12363628 (N.D. Tex. Aug. 21, 2013) . . . . . 18

*HCB Fin. Corp. v. McPherson*, 8 F.4th 335 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L,
2012 WL 1836087 (N.D. Tex. May 18, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14

*Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732 (5th Cir. 2014) (per curiam) . . . . . . . . . . 4

*Howley v. Bankers Standard Ins. Co.*, Civil Action No. 3:19-CV-2477-L,
2021 WL 913290 (N.D. Tex. Mar. 10, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832 (N.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . 6

*In re Burzynski*, 989 F.2d 733 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450 (N.D. Tex. Oct. 27, 2014) . . . . . . . . . . 7, 23

*Jaser v. AT&T Servs. Inc.*, Civil Case No. 3:18-CV-3429-B-BH,
2020 WL 1329151 (N.D. Tex. Mar. 23, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659
(Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . . 24

*LSC Towers, LLC v. LG Preston Campbell, LLC*, Civil Action No. 3:17-CV-00625-M,
2018 WL 1156563 (N.D. Tex. Mar. 5, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Marriott Bros. v. Gage*, 911 F.2d 1105 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

*Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D,
2019 WL 3552432 (N.D. Tex. Aug. 5, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 22

*Miller v. SS Hospitality Group, LLC*, No. 4:17-cv-00847-O,
2018 WL 3054691 (N.D. Tex. Jun. 5, 2018), *report and recommendation adopted*,
2018 WL 3046262 (N.D. Tex. Jun. 20, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*O'Malley v. New York City Transit Auth.*, 896 F.2d 704 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . 12

*Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992) . . . . . . . . . . 20

*Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B,
2010 WL 5105925 (N.D. Tex. Dec. 14, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

*Poe v. Bock*, EP-17-CV-00232-DCG,
2018 WL 4275839 (W.D. Tex. Sept. 7, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Qatalys, Inc. v. Mountain Med. Techs., Inc.*, Civil Action No. 3:14-cv-1784-L,
2015 WL 1401220 (N.D. Tex. Mar. 27, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . 4

*Roe v. Johnson Cty., Tex.*, No. 3:18-c-2497-B-BN,
2019 WL 5031357 (N.D. Tex. Jul. 29, 2019),
*report and recommendation adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019) . . . . . . . 6, 8

*Sherman v. Main Event, Inc.*, No. Civ.A. 3:02-CV-1314,
2003 WL 251653 (N.D. Tex. Feb. 3, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512 (5th Cir. 2016) . . . . . . . . . . . . . . 12, 13

*Spencer v. Doran*, Civil No. 18-cv-1191-LM, 2020 WL 4904826
(D.N.H. Aug. 20, 2020), *appeal dism'd*, 2021 WL 1732266 (1st Cir. 2021) . . . . . . . . . . . . . . . 12

*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000) . . . . . . . . . . . . . . . . . 9, 20

*Taylor v. Academic P'ships LLC*, No. 3:19-cv-1764-K-BN,
2020 WL 5127791 (N.D. Tex. Jun. 17, 2020),
*report and recommendation adopted*, 2020 WL 5110370 (N.D. Tex. Aug. 29, 2020) . . . . . . . . 8

*Tristar Investors, Inc. v. American Tower Corp.*, No. 3:12-CV-0499-M,
2014 WL 1327663 (N.D. Tex. Apr. 3, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Grant*, 850 F.3d 209 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Mays*, 852 F. App'x 801 (5th Cir. 2021) (per curiam) . . . . . . . . . . . . . . . . . . . 15

*United States v. Miles*, 360 F.3d 472 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Perez-Ceballos*, 907 F.3d 863 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Richardson*, 676 F.3d 491 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Spalding*, 894 F.3d 173 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*United States v. Stanford*, 805 F.3d 557 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B,
2013 WL 5658606 (N.D. Tex. Oct. 17, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9, 17

*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B,
2014 WL 1284985 (N.D. Tex. Mar. 31, 2014), *aff'd*, 773 F.3d 704 (5th Cir. 2014) . . . . . . . . 9, 15

*Williams v. WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wilson v. Deutsche Bank Trust Co. Americas*, Civil Action No. 3:18-CV-0854-D,
2019 WL 175078 (N.D. Tex. Jan. 10, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wyrick v. Business Bank of Tex., N.A.*, 577 S.W.3d 336
(Tex. App.—Houston [14th Dist.] 2019, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K,
2018 WL 6570867 (N.D. Tex. Dec. 12, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

## **Statutes**

18 U.S.C. § 2314. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 2315. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 1344. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 1831(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 1832(a)(1)-(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 1839(3)(A)-(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C § 1956(a)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C § 1956(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C § 1957(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 1961(1)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Tex. Bus. & Comm. Code § 24.005(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Bus. & Comm. Code § 24.009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Defendants Baymark Partners Management, LLC; Baymark Management, LLC; Baymark ACET Direct Invest, LLC; Baymark Partners; and Matthew Denegre ("Baymark Defendants"[1]) file this Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support as follows:

## SUMMARY OF ARGUMENT

In the face of a motion to dismiss, an amended complaint should attempt to *cure* identified pleading deficiencies.[2] In this case, all of the Defendants filed motions to dismiss Plaintiff's Original Complaint, and instead of responding to those motions, Plaintiff filed its First Amended Complaint ("FAC"). However, the FAC did absolutely nothing to cure *any* of the problems identified in the Defendants' motions. After all the Defendants filed motions to dismiss the FAC, the Court dismissed Plaintiff's claims based on one of the pleading defects raised in such motions to dismiss—Plaintiff's failure to plead facts to support a RICO "pattern."[3] The Court then provided Plaintiff with "one chance to amend its pleadings."[4] Plaintiff then filed its SAC, but once again, it

---

[1] Defendant Baymark ACET Holdco, LLC ("Holdco") is separately filing its own Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support specifically to address Plaintiff's lack of standing to assert any claims on behalf of either ACET Global, LLC or Holdco and Plaintiff's failure to comply with Rule 23.1 as to its "derivative" claims. The Baymark Defendants hereby adopt and incorporate by reference the arguments in Holdco's brief. Defendants David Hook and Tony Ludlow are also separately filing their own Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support, and such Motion to Dismiss is focused specifically on Plaintiff's continued failure "to adequately plead a [RICO] pattern." The Baymark Defendants hereby adopt and incorporate by reference the arguments in Hook and Ludlow's brief. In the Court's May 9, 2022 Memorandum Opinion and Order ("Order"), the Court expressly sanctioned such cross-adoption of other parties' briefs and arguments. Order at 8 ("Equitable reasons support allowing the arguments applicable to one defendant to apply to all similarly situated defendants.").

[2] *Elliott v. Foufas*, 867 F.2d 877, 882 (5th Cir. 1989) ("[Plaintiff] was on notice that defendants considered her complaint inadequate. Her amendment should have cured the deficiencies in her pleadings.").

[3] Order at 11 ("The Court agrees with Defendants that the Amended Complaint fails to adequately plead a pattern."). The Court did not address most of the other arguments raised in the various motions to dismiss. However, the Court also dismissed Plaintiff's state law claims after "declin[ing] to exercise supplemental jurisdiction over [them]." *Id.* at 16.

[4] *Id.* at 16.

did not cure any of the numerous problems previously identified in two rounds of motions to dismiss.

Below is a list of just a few of the more egregious pleading defects Plaintiff did *nothing* to cure:

| Deficiency Specifically Identified as to the Original Complaint and FAC | Corrective Action (if Any) Taken in Second Amended Complaint |
|---|---|
| The Original and First Amended Complaints violated Rule 8's directive to be "concise" and "direct" [Docket No. 29 at 6; Docket No. 49 at 6] | NONE—The SAC is even *longer* than the FAC |
| The Original and First Amended Complaints contained improper "shotgun" pleading [Docket No. 29 at 6; Docket No. 49 at 6] | NONE—All the Counts in the SAC still "reallege[]" *all* preceding paragraphs [*E.g.*, SAC ¶¶ 408, 451, 457] |
| The Original and First Amended Complaints relied on 18 U.S.C. § 157 for a RICO "predicate act," but this section is expressly excluded from RICO's list of "predicate acts" [Docket No. 29 at 14; Docket No. 49 at 15] | NONE—The SAC continues to invoke 18 U.S.C. § 157 [SAC ¶¶ 333, 334, 416, 417] |
| The Original and First Amended Complaints relied on 18 U.S.C. § 1503 for a RICO "predicate act" of "obstruction of justice" as to a state court proceeding, but this statute only applies to "obstruction" in *federal* proceedings [Docket No. 29 at 11-12; Docket No. 49 at 12-13] | NONE—The SAC continues to invoke 18 U.S.C. § 1503 in relation to actions taken in a state court proceeding [*E.g.*, SAC ¶ 348] |
| The Original and First Amended Complaints made the wholly conclusory allegation that the Defendants' "continued activities" will "harm additional victims" [Docket No. 29 at 9; Docket No. 49 at 9] | NONE—The SAC contains the same conclusory allegation with no additional facts pleaded [SAC ¶ 447] |
| The Original and First Amended Complaints included a claim under 18 U.S.C § 1962(a), which specifically requires an "investment injury," but no facts regarding any such injury were pleaded [Docket No. 29 at 18-19; Docket No. 49 at 19] | NONE—The SAC continues to assert a section 1962(a) claim without pleading any additional facts to suggest Plaintiff has, or could have, incurred any "investment injury" [*See* SAC ¶¶ 408-21] |

With its now more than *476* paragraphs, the SAC still fails to plead any of Plaintiff's claims in a way that would even come close to complying with Federal Rules of Civil Procedure 12(b)(6) and 9(b). Further, Plaintiff's verbosity and improper "shotgun" pleading style continue to fly in the face of the requirements of Rule 8 and make understanding the purported bases for any of Plaintiff's "claims" all but impossible. Plaintiff basically throws "everything but the kitchen sink" into the SAC and leaves it to the Court (and the Defendants) to try to figure out which "facts" are supposed to support which claims and how. For this reason alone, the Court should dismiss the SAC.

One thing that remains crystal clear from the SAC is that Plaintiff relies on RICO to support federal jurisdiction. However, Plaintiff offers little more than conclusory assertions to support its RICO claims. The SAC still does not plead facts showing the elements of the alleged "predicate acts," only now Plaintiff has added even more supposed "predicate acts" to its laundry list, but these new "predicate acts" are also inadequately pleaded. Plaintiff also does not plead facts to show it was directly harmed by any of the alleged RICO violations. In short, Plaintiff ignores what is actually required to plead any viable RICO claims.

Even if the Court were to consider Plaintiff's state law claims in the absence of a federal claim, Plaintiff once again also fails to adequately plead those claims. Plaintiff makes no attempt to plead its common-law fraud claim with the required particularity, and the one "misrepresentation" that Plaintiff does half-way identify is contradicted by the operative documents underlying Plaintiff's claim. Plaintiff similarly fails to offer any coherent explanation for the basis of its breach of fiduciary duty/aiding and abetting breach of fiduciary duty, fraudulent transfer, and civil conspiracy claims against the Baymark Defendants. The Court should also dismiss Plaintiff's state law claims.

## APPLICABLE STANDARDS

### I.      Rule 12(b)(6)

To satisfy Rule 12(b)(6), a plaintiff must set forth the "grounds for [its] entitlement to relief," and doing so "requires more than labels and conclusions."[5] "[A] formulaic recitation of the elements of a cause of action will not do."[6] Instead, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] To have the necessary "facial plausibility," there must be "factual content" that would allow the Court to draw the "reasonable inference" that the defendants are "liable for the misconduct alleged."[8] "[C]onclusory allegations, unwarranted deductions, [and] legal conclusions" will *not* satisfy the requirement for "factual content," and the Court should not accept them as true.[9] In considering a motion to dismiss, the Court may consider documents attached to or incorporated into a plaintiff's complaint, as well as matters of which the Court may take judicial notice.[10] Moreover, as the Fifth Circuit has expressly recognized, "[i]f an attached exhibit contradicts a factual allegation in the complaint, then the exhibit and not the allegation controls."[11]

---

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

[6]*Id.*

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[8]*Id*. The Court should not "strain to find inferences favorable to the plaintiff." *Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L, 2012 WL 1836087, at *2 (N.D. Tex. May 18, 2012).

[9]*Hidden Values*, 2012 WL 1836087, at *2.

[10]*Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *2 (N.D. Tex. Oct. 17, 2013); *see also Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 209 n.6 (5th Cir. 2009).

[11]*Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337, 345 (5th Cir. 2021) (internal quotation marks omitted); *see also Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (per curiam) ("[The] conclusory allegation . . . is insufficient to survive dismissal because it is contradicted by the documents attached to his . . . complaint."); *Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D, 2019 WL 3552432, at *10 (N.D. Tex. (continued...)

## II.     Rule 9(b)

Rule 9(b) requires parties alleging fraud to meet a heightened pleading standard, one in which the "circumstances constituting fraud" are stated "with particularity."[12] Thus, a plaintiff asserting fraud claims must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[13] Moreover, "simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). The claimant must still allege specific facts that support an inference of fraud."[14]

## III.     Rule 8

"The underlying purpose of Rule 8 is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."[15] Thus, Rule 8(a)(2) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and

---

[11](...continued)
Aug. 5, 2019) ("To accept plaintiffs' contention would be to ignore the first page of the user agreement . . . ."); *Miller v. SS Hospitality Group, LLC*, No. 4:17-cv-00847-O, 2018 WL 3054691, at *4 (N.D. Tex. Jun. 5, 2018) ("However, in the context of a motion to dismiss, exhibits attached to a complaint control over allegations in a complaint, and the Court is not required to accept the plaintiff's interpretation of those exhibits."), *report and recommendation adopted*, 2018 WL 3046262 (N.D. Tex. Jun. 20, 2018); *Qatalys, Inc. v. Mountain Med. Techs., Inc.*, No. 3:14-cv-1784-L, 2015 WL 1401220, at *5 (N.D. Tex. Mar. 27, 2015) ("If a document relied on . . . contradicts allegations . . ., the document, not the allegations, control . . . .") (quoting *TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 592 (S.D.N.Y. 2013)).

[12]Rule 9(b) applies to "RICO claims resting on allegations of fraud, such as when the RICO predicate act alleged involves wire or mail fraud."*Varela*, 2013 WL 5658606, at *3.

[13]*Flaherty*, 565 F.3d at 206. "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim." *Id.*

[14]*7-Eleven, Inc. v. Puerto Rico-7 Inc.*, Civil Action No. 3:08-CV-00140-B, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (internal citation omitted); *see also id.* ("[T]his Court applies Rule 9(b) with force and without apology.") (internal quotation marks omitted).

[15]*Jaser v. AT&T Servs. Inc.*, Civil Case No. 3:18-CV-3429-B-BH, 2020 WL 1329151, at *4 (N.D. Tex. Mar. 23, 2020) (internal quotation marks and alteration omitted).

direct." Further, "Rule 9(b)'s demand for particularity works in tandem with Rule 8(a)'s insistence upon simple, concise, and direct allegations."[16]

Claims presented in a "shotgun" fashion—that is, with each claim beginning with some variation of "Plaintiff realleges as if set forth fully herein" all of the preceding paragraphs—"lack substantive plausibility."[17] The Fifth Circuit has denounced "shotgun" pleading that does not comply with the requirements of Rule 8.[18] "Shotgun" complaints typically "set forth an excessive number [of] facts," with the result that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."[19] As one court in this District has explained, the "shotgun" approach to pleading claims is

> discouraged by courts because it interferes with a district court's ability to manage its docket, unnecessarily impedes the orderly and efficient disposition of disputes, and wastes scarce judicial resources by causing courts to engage in the onerous task of sifting through a myriad of irrelevant allegations in ruling on the sufficiency of a claim, making it difficult to know which factual allegations were intended to support which claims for relief.[20]

---

[16]*Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018) (internal quotation marks omitted).

[17]*Howley v. Bankers Standard Ins. Co.*, Civil Action No. 3:19-CV-2477-L, 2021 WL 913290, at *9 (N.D. Tex. Mar. 10, 2021); *see also Roe v. Johnson Cty., Tex.*, No. 3:18-c-2497-B-BN, 2019 WL 5031357, at *4-5 (N.D. Tex. Jul. 29, 2019) ("Shotgun pleadings are subject to dismissal under Rule 12(b)(6)."), *report and recommendation adopted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

[18]*Howley*, 2021 WL 913290, at *9 (quoting *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788-89 (5th Cir. 1986) as criticizing "shotgun" pleadings that exist when "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick").

[19]*Zucker*, 2018 WL 6570867, at *3 (internal citations and quotation marks omitted).

[20]*Howley*, 2021 WL 913290, at *9; *see also In re Alamosa Holdings, Inc.*, 382 F. Supp. 2d 832, 857-58 (N.D. Tex. 2005) (rejecting "puzzle pleading" because "assembling puzzles is not the duty of the Court" and stating "it is the parties' burden to present succinct pleadings which clearly lay out the elements").

## ARGUMENT AND AUTHORITIES[21]

**I.     Plaintiff's Improper "Shotgun" Pleading and Failure to Comply with Rule 8**

This Court has previously recognized that "[w]hen a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action."[22] The SAC, which consists of over 476 paragraphs[23] and takes up 194 pages (not including the hundreds of pages of attached exhibits[24]), is the exact opposite of the "simple, concise, and direct" pleading required by Rule 8.[25] Moreover, the SAC is a perfect example of improper "shotgun" pleading and why such style of pleading is so likely to create "unnecessary confusion."[26] In the absence of the required

---

[21]The other Defendants are also filing motions to dismiss the SAC. As permitted by the Court's Order, the Baymark Defendants hereby also adopt the arguments set forth in the following briefs filed by the other Defendants to the extent the arguments raised in such briefs apply equally to the Baymark Defendants: Defendants Hallett & Perrin, P.C. and Julie A. Smith's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support; Defendants SG Credit Partners, Inc.'s and Marc Cole's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Second Amended Complaint; Defendants Super G Capital, LLC's and Steven Bellah's Brief in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint; Windspeed Employees' Brief in Support of Motion to Dismiss Second Amended Complaint Claims Pursuant to Rule 12(b)(6); and Windspeed and Mr. Szeto's Brief in Support of Motion to Dismiss Second Amended Complaint Claims Pursuant to Rule 12(b)(6).

[22]*Jaser*, 2020 WL 1329151, at *4.

[23]The SAC includes four pages of unnumbered paragraphs. SAC at 2-5.

[24]Plaintiff makes the following statement about the *46 exhibits* attached to the SAC: "All exhibits hereto are adopted and incorporated by reference in this First *[sic]* Amended Complaint for all purposes as if set forth herein in full." SAC at 6 n.3.

[25]Even the SAC's "Executive Summary" consists of 25 paragraphs and covers over 10 pages of the SAC. *See* SAC ¶¶ 1-25.

[26]*See Howley*, 2021 WL 913290, at *9. This Court has also considered "contradictory" allegations to factor into the motion to dismiss analysis. *See In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450, at *5 (N.D. Tex. Oct. 27, 2014); *see also Wilson v. Deutsche Bank Trust Co. Americas*, Civil Action No. 3:18-CV-0854-D, 2019 WL 175078, at *7 n.14 (N.D. Tex. Jan. 10, 2019) (finding the complaint to be "internally contradictory as well as vague—providing an additional reason to dismiss the claim"). The SAC offers multiple contradictory allegations. For example, was Defendant William Szeto a "puppet" of the Windspeed board, *see* SAC ¶¶ 159, 175, or was the board a "sham" that "took no action," *see id.* ¶¶ 173-74? Were there "two sets of books," *see id.* ¶ 185, or was there "no effort to separately account for [ACET Global's] inventory," *see id.* ¶ 205?

"straightforward" pleading, both the Court and the Defendants are left to "try to fish a gold coin from a bucket of mud."[27]

Plaintiff cannot blame the particularity requirements of Rule 9(b) for its ridiculously verbose SAC. In fact, as will be discussed more fully below, even with its hundreds of paragraphs, the SAC still fails to plead its claims sounding in fraud with the required particularity. "A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for the absence of detail."[28]

This Court has previously dismissed a complaint for being "far too lengthy" as well as "overly repetitious" and "difficult to follow."[29] The SAC is all of these things, and it should be dismissed on this basis alone.[30] Nevertheless, the Baymark Defendants also address below the numerous other pleading failures in the SAC, all of which also require dismissal of Plaintiff's claims.

## II.    Plaintiff's Claims Under RICO

To establish a prima facie civil RICO claim, Plaintiff must allege "(1) a substantive predicate violation of 18 U.S.C. § 1962; (2) injury to his business or property; and (3) a causal connection

---

[27]*Taylor v. Academic P'ships LLC*, No. 3:19-cv-1764-K-BN, 2020 WL 5127791, at *7 (N.D. Tex. Jun. 17, 2020) (quoting *Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006) (per curiam)), *report and recommendation adopted*, 2020 WL 5110370 (N.D. Tex. Aug. 29, 2020).

[28]*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

[29]*Jaser*, 2020 WL 1329151, at *5. The SAC is certainly repetitious. For example, it is filled with needlessly duplicative deposition excerpts. *See, e.g.*, SAC ¶ 119 (quoting from the deposition of Marc Cole); *id.* ¶ 120 (quoting the same deposition testimony of Marc Cole); *id.* ¶ 204 (quoting from the deposition of William Szeto); *id.* ¶ 211 (quoting the same deposition testimony of William Szeto); *see also id.* ¶ 187 (quoting from the deposition of Matt Denegre, including reading from an excerpt of an October 19, 2018 e-mail); *id.* ¶ 188 (presenting a screen shot of the same October 19, 2018 e-mail).

[30]*See Roe*, 2019 WL 5031357, at *5 (discussing the plaintiff's "shotgun pleading" and that "[t]his pleading deficiency is reason enough to grant all eight Rule 12(b)(6) motions to dismiss").

between the racketeering activity and the injury."[31] In turn, there are three elements common to all claims under section 1962: 1) a *person* who engages in 2) a *pattern* of racketeering activity 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*.[32] "Racketeering activity consists of two or more predicate offenses, which are defined by the RICO statute itself."[33] Thus, to successfully state a claim under RICO, Plaintiff must also plead facts to support the elements of the various predicate offenses referenced in the SAC.[34] In addition to the common elements, each subsection of section 1962 has its own substantive requirements, which must also be sufficiently pleaded to survive a motion to dismiss.[35]

### A.    Predicate Acts

*1.    18 U.S.C. § 1831 (economic espionage).*—Inexplicably, Plaintiff now alleges predicate acts of "economic espionage" in the SAC.[36] Even a cursory reading of the first few words of the statute shows that it has no applicability whatsoever to the facts alleged by Plaintiff:

> (a) In general.–Whoever, intending or knowing that the offense will benefit *any foreign government, foreign instrumentality,* or *foreign agent,* knowingly . . . .[37]

---

[31] *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *4 (N.D. Tex. Oct. 17, 2013).

[32] *See, e.g., id* (emphasis added).

[33] *Breitling v. LNV Corp.*, Civil Action No. 3:15-CV-0703-B, 2016 WL 852963, at *4 (N.D. Tex. Mar. 4, 2016) (internal quotation marks omitted).

[34] *See, e.g., id* at *5. Moreover, if Plaintiff sufficiently pleads the elements of a particular predicate act, Plaintiff must also plead facts demonstrating that such predicate act is "both a factual and proximate cause of the [P]laintiff's alleged injury." *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2014 WL 1284985, at *2 (N.D. Tex. Mar. 31, 2014), *aff'd*, 773 F.3d 704 (5th Cir. 2014).

[35] *See, e.g., St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000).

[36] SAC ¶¶ 333, 334, 416, 417.

[37] 18 U.S.C. § 1831(a) (emphasis added).

There are no allegations in the SAC that anyone did anything to benefit a foreign government, instrumentality, or agent. Accordingly, Plaintiff has failed to plead a predicate act of "economic espionage."

2.      *18 U.S.C. § 1344 (bank fraud).*—Plaintiff has also added "bank fraud" to its laundry list of predicate acts it alleges in the SAC.[38] This statute is equally inapplicable to the facts as alleged by Plaintiff. As this Court has previously recognized, "it is the financial institution itself that is the victim of the fraud the statute proscribes."[39] Nowhere in the SAC does Plaintiff allege that any financial institution was "victimized." Plaintiff has thus failed to plead facts necessary to support any purported predicate act of bank fraud.[40]

3.      *18 U.S.C. § 1832 (theft of trade secrets).*—Also newly added to the SAC are claimed predicate acts of "theft" of purported "trade secrets."[41] However, Plaintiff pleads no *facts* to support the existence of such predicate acts, but instead merely refers to "trade secrets" in an entirely conclusory fashion. In particular, Plaintiff provides no explanation as to what "trade secrets" were allegedly "stolen," and it similarly pleads no facts to suggest that ACET Global had anything that could actually meet the express definition of "trade secret" contained in 18 U.S.C. § 1839(3).[42] Further, it is axiomatic that for there to be a "theft" of trade secrets, the owner of such trade secrets

---

[38]SAC ¶¶ 333, 334, 416, 417; *see also id.* at 150.

[39]*Commercial Metals Co. v. Chazanow*, Civil Action No. 3:09-CV-0808-B, 2009 WL 3853704, at *6 (N.D. Tex. Nov. 17, 2009). Plaintiff should be familiar with the *Commercial Metals* case as it expressly cites to and relies on it in the SAC. SAC ¶ 377.

[40]18 U.S.C. § 1344; *see also United States v. Perez-Ceballos*, 907 F.3d 863, 869 (5th Cir. 2018) ("Without an FDIC-insured victim, there is no basis for upholding Perez-Ceballos's federal bank fraud conviction.").

[41]SAC at 7 n.8; *id.* ¶¶ 333, 334, 352, 416, 417.

[42]For something to be a "trade secret," first "the owner thereof [must have] taken reasonable measures to keep such information secret," and second "the information [must] derive[] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3)(A)-(B).

cannot have allowed the transfer in question.[43] What Plaintiff describes in the SAC is a "fraudulent transfer" of ACET Global's assets *that ACET Global allowed*.[44] For these reasons Plaintiff has failed to plead any predicate acts of "theft" of "trade secrets."

       4.       *18 U.S.C §§ 2314, 2315 (transportation, sale or receipt of stolen goods).*—Plaintiff also tries to rely on predicate acts related to "stolen goods" in the SAC.[45] However, once again, the SAC fails to plead facts necessary to support such purported predicate acts. First, as with ACET Global's purported "trade secrets," nothing was "stolen" from ACET Global. Plaintiff alleges a "fraudulent transfer," but a fraudulent transfer is not "theft."[46] Moreover, an offense under section 2314 requires *interstate* transportation of "stolen" goods "of the value of $5,000 or more."[47] Plaintiff does not identify in the SAC where any purportedly "stolen" goods were shipped, much less allege that the value of such "stolen" goods was $5,000 or more. Similarly, an offense under section 2315 requires receipt, possession, concealment, or disposal of "stolen goods" *after* such "stolen goods" have "crossed a State or United States boundary."[48] Nowhere in the SAC does Plaintiff allege that any "stolen goods" traveled in interstate commerce and *then* came to any of the Baymark Defendants

---

[43]*See* 18 U.S.C. § 1832(a)(1)-(3) (referring to actions taken "without authorization").

[44]*E.g.*, SAC ¶ 87. The very nature of a "fraudulent transfer" requires the participation/acquiescence of the owner of the transferred property. *See* Tex. Bus. & Comm. Code § 24.005(a) ("A transfer made or obligation incurred *by a debtor* is fraudulent . . . if the *debtor made the transfer* or incurred the obligation . . . .") (emphasis added).

[45]SAC ¶ 333, 334, 352, 358, 416, 417.

[46]If a fraudulent transfer was considered theft, there would be no need for TUFTA.

[47]18 U.S.C. § 2314.

[48]18 U.S.C. § 2315.

(or any of the Defendants). For these reasons, Plaintiff has failed to plead any predicate acts related to "stolen goods."[49]

     5.    *18 U.S.C. § 1503 (obstruction of justice).*—In the SAC, Plaintiff continues to identify purported predicate acts of "obstruction of justice" under 18 U.S.C. § 1503 as supporting its claims under RICO.[50] Plaintiff's reliance on section 1503 is misplaced. "To constitute an offense under this statute, the act must relate to a proceeding in a federal court of the United States."[51] However, Plaintiff primarily points to actions taken in a related state-court case.[52]

     In addition, the Fifth Circuit has rejected the use of "bad faith litigation tactics" to support a claim under RICO.[53] In *Snow Ingredients, Inc. v. SnoWizard, Inc.*, the Fifth Circuit recognized both that "prosecuting litigation activities as federal crimes would undermine the policies of access and

---

[49]Plaintiff's other newly added "predicate acts" are equally unavailing. Plaintiff merely lists "theft of honest services" under 18 U.S.C. § 1346, without explaining what "honest services" were supposedly "stolen." *See* SAC ¶¶ 333, 334, 416, 417. Plaintiff similarly conclusory references 18 U.S.C. § 1342 (utilizing a fictitious name). *See* SAC ¶¶ 333, 334, 416, 417. Moreover, Plaintiff offers no explanation as to how these alleged "predicate acts" actually caused it any harm.

[50]*E.g.*, SAC ¶ 348.

[51]*O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990); *see also Bhardwaj v. Pathak*, 668 F. App'x 763, 765 (9th Cir. 2016) (citing *O'Malley* and recognizing that "obstruction of justice under 18 U.S.C. § 1503 [is] limited to interference with federal court proceedings"); *United States v. Richardson*, 676 F.3d 491, 501-02 (5th Cir. 2012) ("Section 1503 was enacted to protect individuals involved in federal judicial proceedings . . . ."); *Gabriel v. Outlaw*, No. 3:20-cv-60-K-BK, 2022 WL 617628, at *4 (N.D. Tex. Feb. 14, 2022) (recognizing that "section 1503 only applies to federal judicial proceedings"), *report and recommendation adopted*, 2022 WL 617628 (N.D. Tex. Mar. 2, 2022), *appeal filed*; *Spencer v. Doran*, Civil No. 18-cv-1191-LM, 2020 WL 4904826, at *11 (D.N.H. Aug. 20, 2020) ("[T]he . . . complaint does not set forth any allegedly obstructive act related to a proceeding in a federal court of the United States. Instead, most of the state defendants' purportedly obstructive acts occurred in state administrative proceedings or investigations. . . . Thus, the second amended complaint fails to allege that any of the state defendants engaged in any conduct that would constitute a violation of § 1503.") (internal citations and quotation marks omitted), *appeal dism'd*, 2021 WL 1732266 (1st Cir. 2021); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 321 (E.D.N.Y. 2001) ("However, none of Costello's allegations relate to proceedings in a federal court as required by 18 U.S.C. §§ 1503, §§ 1961(1). Thus, Costello's allegations are insufficient to establish the predicate act of obstruction of justice.").

[52]*See, e.g.*, SAC ¶¶ 102, 136, 242. Thus, the "predicate acts" Plaintiff identifies as having taken place in 2021, *see* SAC at 153, cannot be predicate acts because they all relate to Plaintiff's *state court* case. Similarly, one of Plaintiff's favorite allegations—regarding Defendant Tony Ludlow's utterance during one of the state court depositions—is entirely irrelevant in terms of Plaintiff's trying to state a RICO claim. *See* SAC ¶¶ 1, 302, 304, 306, 348, 365, 370, 380.

[53]*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 524-25 (5th Cir. 2016).

**BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 12**

finality that animate our legal system" and that "allowing such charges would arguably turn many state-law actions for malicious prosecution into federal RICO actions."[54] Ultimately, the court concluded that the alleged "obstructive acts" were "not criminal conduct" and could not "act as a predicate offense for a civil-RICO claim."[55] For these reasons, the SAC fails to state any claim under RICO based on a predicate act violating section 1503.[56]

6.   *18 U.S.C. §§ 1956, 1957 (money laundering).*—The SAC also asserts that purported violations of 18 U.S.C. § 1956 and 18 U.S.C. § 1957 serve as predicate acts to support Plaintiff's claims under RICO.[57] However, the SAC makes no attempt to explain in any coherent manner how the Baymark Defendants (or any Defendants) violated either of these statutes.[58] To allege "money laundering" under section 1956, Plaintiff must plead facts to suggest that the Baymark Defendants "engaged in transactions using proceeds that [they] know[] arose from a specified unlawful activity."[59] The SAC identifies no "transactions" and no "proceeds."[60] Moreover, the SAC fails to explain from what "specified unlawful activity" any unidentified "proceeds" arose or how such

---

[54]*Id.* at 525.

[55]*Id.*

[56]Without the ability to rely on the alleged "predicate acts" of "obstruction of justice" related to actions in the state court case, Plaintiff cannot claim that any "pattern" of racketeering activity "continu[es] to the present." *See* SAC ¶¶ 323, 418.

[57]*See* SAC ¶¶ 333, 416.

[58]Plaintiff's voluminous "shotgun pleading" makes it impossible to discern what "facts" Plaintiff claims could possibly suggest violations of either of these statutes. *See, e.g.*, *Zucker v. Farish*, Civil Action No. 3:18-CV-01790-K, 2018 WL 6570867, at *3 (N.D. Tex. Dec. 12, 2018).

[59]*Arencibia v. AGA Serv. Co.*, Civil Action No. 4:20-cv-00819-O, 2020 WL 10056799, at *8 (N.D. Tex. Nov. 13, 2020).

[60]The SAC seems to be suggesting that the "fraudulently transferred" assets of ACET Global are somehow "proceeds." *See* SAC ¶ 354. To the extent that could even be possible, Plaintiff identifies no "transactions" that then used such purported "proceeds."

**BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 13**

"proceeds" were supposed to have been generated.[61] Plaintiff simply sets forth a "formulaic recitation" of the elements required for a charge of "money laundering."[62] This "will not do."[63]

Section 1956 also contains two subparts, one involving "the intent to promote the carrying on of specified unlawful activity"[64] and one involving transactions designed "to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity."[65] Once again, Plaintiff merely repeats this language from the statute without pleading any facts to support its conclusory allegations.[66] This is insufficient to state a claim.[67]

Plaintiff similarly fails to allege facts to support any violation of section 1957. This statute seeks to punish those who "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000."[68] The SAC does nothing more than parrot some of this statutory language.[69] Such wholly conclusory allegations will not suffice.[70]

---

[61]One attempt Plaintiff makes at alleging "specified unlawful activity" appears in SAC ¶ 445. In that Paragraph, Plaintiff alleges that "[t]he violations set forth in the immediately preceding paragraph constitute a 'specified unlawful activity' under 18 U.S.C. § 1956." However, "the immediately preceding paragraph" only discusses purported violations of 18 U.S.C. § 152. SAC ¶ 444. Nowhere in the SAC does Plaintiff provide any explanation as to how "proceeds" could have been generated as a result of the Baymark Defendants' purported *bankruptcy fraud* under section 152.

[62]*See* SAC ¶ 445.

[63]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[64]18 U.S.C § 1956(a)(1)(A).

[65]18 U.S.C § 1956(a)(1)(B).

[66]*See* SAC ¶ 445.

[67]For example, the Fifth Circuit has recognized that "[t]he crime of money laundering promotion is aimed not at maintaining the legitimate aspects of a business nor at proscribing all expenditures of ill-gotten gains, but only at transactions which funnel ill-gotten gains *directly back into the criminal venture*." *United States v. Miles*, 360 F.3d 472, 479 (5th Cir. 2004) (emphasis added). The SAC provides no facts to meet this requirement.

[68]18 U.S.C § 1957(a).

[69]*See, e.g.*, SAC ¶¶ 333, 416.

[70]*See, e.g.*, *Hidden Values, Inc. v. Wade*, Civil Action No. 3-11-CV-1917-L, 2012 WL 1836087, at *2 (N.D. Tex. May 18, 2012).

**BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 14**

In addition to the above-stated reasons, Plaintiff's RICO claims premised on predicate acts of "money laundering" also fail because Plaintiff has not pleaded any facts to suggest how Plaintiff was actually injured by any alleged "money laundering."[71]

7.     *18 U.S.C. §§ 152, 157 (bankruptcy fraud)*.—Plaintiff also identifies purported violations of 18 U.S.C. §§ 152 and 157 as predicate acts to support its RICO claims.[72] Plaintiff's reliance on these statutes is also misplaced. First, section 157 is expressly excluded from the list of statutory violations that can be "racketeering activity."[73] Thus, violations of this section cannot serve as RICO predicate acts. Second, for there to be a violation of section 152, the challenged statement must concern "a material fact."[74] The SAC purports to identify numerous "false" statements made in connection with ACET Global, LLC's bankruptcy filing.[75] However, with respect to most of these supposedly "false" statements, Plaintiff makes no attempt to explain how such statements could be considered "material." In fact, most of the "false" statements Plaintiff identifies have no connection to the supposed "motive" Plaintiff asserts for their inclusion in ACET Global's bankruptcy filing:

---

[71]*See, e.g.*, *Varela v. Gonzales*, Civil Action No. 3:13-CV-12780-B, 2014 WL 1284985, at *3 (N.D. Tex. Mar. 31, 2014) ("[T]o establish RICO standing, Plaintiffs must show some direct relation between the injury asserted and the injurious conduct alleged.") (internal quotation marks omitted), *aff'd*, 773 F.3d 704 (5th Cir. 2014).

[72]SAC ¶¶ 337, 416.

[73]18 U.S.C. § 1961(1)(D) (listing "any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title)"); *see also Sherman v. Main Event, Inc.*, No. Civ.A. 3:02-CV-1314, 2003 WL 251653, at *5 n.8 (N.D. Tex. Feb. 3, 2003) ("The defendants correctly point out, however, that bankruptcy fraud as defined in 18 U.S.C. § 157 is not a predicate offense under RICO.").

[74]*See, e.g.*, *United States v. Mays*, 852 F. App'x 801, 803, (5th Cir. 2021) (per curiam); *United States v. Spalding*, 894 F.3d 173, 182 (5th Cir. 2018); *United States v. Grant*, 850 F.3d 209, 214 (5th Cir. 2017).

[75]*See* SAC ¶¶ 257-98. As these allegations sound in fraud, Plaintiff is required to plead its allegations about these "false" statements with particularity. This includes pleading why the allegedly "false" statements were false. *See, e.g.*, *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009). For several of the allegedly "false" statements identified in the "Bankruptcy" section of the SAC, Plaintiff also offers no explanation as to what makes such statements "false." *See, e.g.*, SAC ¶¶ 282, 283, 286, 292, 296.

"to hide their deceptive looting of ACET Global's trade secrets and assets to an entity that Baymark and its affiliates owned."[76]

For example, Plaintiff complains "the ACET Global bankruptcy petition list[ed] *Baymark's* address . . . not ACET Global's address."[77] However, in "Schedule G: Executory Contracts and Unexpired Leases," included with ACET Global's bankruptcy filing, the address for ACET Global is included.[78] It is unclear how including ACET Global's address, just in a different place in the bankruptcy filing, could serve in any way to "hide" the October 2018 transfer of ACET Global's assets. Similarly, Plaintiff accuses Defendant Tony Ludlow of "falsely represent[ing] that he was the president of ACET Global."[79] Plaintiff provides no explanation as to how such "misrepresentation" could further the "goal" of "hid[ing] the [purported] looting of ACET Global's assets."

The ACET Global bankruptcy filing actually belies Plaintiff's claim that it was designed to "hide" the October 2018 transfer of ACET Global's assets. Part 3 of Form 207 filed in connection with the ACET Global bankruptcy filing requires disclosure of pending legal actions. Listed as number 7.2 in that section is the Plaintiff's state court action, DC-19-09828, which is specifically described as "[d]ebt collection; *fraudulent transfer*."[80] At the time of the bankruptcy filing, Plaintiff's

---

[76]SAC ¶ 18.

[77]SAC ¶ 258 (emphasis in original). Plaintiff attached ACET Global, LLC's bankruptcy filing as Exhibit 19 to the SAC.

[78]SAC, Exhibit 19 at 16 of 29. Considering the amount of rent owed by ACET Global, it is questionable whether the address of its leased space would have been a good address for ACET Global by the time of the bankruptcy filing. Had the Baymark Defendants instead used that address in the bankruptcy filing, Plaintiff would likely accuse them of "fraudulently" using an "old" address that was no longer valid.

[79]*See* SAC ¶ 266.

[80]SAC, Exhibit 19 at 19 of 29 (emphasis added).

live pleading in the state-court action was its First Amended Petition.[81] In its First Amended Petition, Plaintiff alleges that "the Baymark parties *caused the transfer of substantially all of the assets of ACET Global to Windspeed Trading, LLC*, thereby removing all of the value of ACET Global."[82] Thus, the very thing that Plaintiff accuses the Baymark Defendants of trying to "hide" was, in fact, expressly disclosed, both to the Bankruptcy Trustee and to ACET Global's creditors.[83]

In addition to the above-stated reasons, Plaintiff's RICO claims premised on predicate acts of "bankruptcy fraud" also fail because, once again, Plaintiff has not pleaded any facts to suggest how Plaintiff was actually injured by any alleged "bankruptcy fraud."[84]

8.      *18 U.S.C. §§ 1341, 1343 (mail/wire fraud).*— Plaintiff's claims for RICO mail and wire fraud require Plaintiff to plead facts showing "a scheme to defraud *by means of false or fraudulent representation.*"[85] However, the SAC makes no attempt to tie any purported mail or wire "fraud" to any "false or fraudulent representation[s]," much less ones that are pleaded with the

---

[81]A true and correct copy of Plaintiff's First Amended Petition is included in the Baymark Defendants' Appendix in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint ("App."), filed contemporaneously herewith. The Court may take judicial notice of this public record. *See, e.g.*, *Varela v. Gonzales*, Civil Action No. 3:13-CV-1278-B, 2013 WL 5658606, at *2 (N.D. Tex. Oct. 17, 2013).

[82]First Amended Petition ¶ 24, App. at 006-007 (emphasis added); *see also id.* ¶ 31, App. at 008; *id.* ¶ 46, App. at 012.

[83]Notably, Plaintiff does not claim to have alerted the Bankruptcy Trustee or the Bankruptcy Court of the "fraudulent transfers" of ACET Global's assets.

[84]*See, e.g.*, *Marriott Bros. v. Gage*, 911 F.2d 1105, 1108 (5th Cir. 1990) ("The causal nexus between the alleged predicate acts and the [plaintiff's] injury must be direct.").

[85]*Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B, 2010 WL 5105925, at *5 (N.D. Tex. Dec. 14, 2010) (emphasis added); *see also United States v. Spalding*, 894 F.3d at 181 ("For both crimes, showing a scheme to defraud requires proof that Spalding made some kind of a false or fraudulent material misrepresentation.") (internal quotation marks omitted); *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993) ("Our guideline for the elements of RICO mail fraud is: 1) a scheme to defraud by means of false or fraudulent representation . . . ."); *LSC Towers, LLC v. LG Preston Campbell, LLC*, Civil Action No. 3:17-CV-00625-M, 2018 WL 1156563, at *2 (N.D. Tex. Mar. 5, 2018) ("In the context of mail or wire fraud, the plaintiff must demonstrate that the predicate acts consisted of making false or fraudulent representations calculated to deceive.").

necessary particularity. Rather, Plaintiff simply asserts that all Defendants "engaged in a scheme to fraudulently transfer assets in violation of the Texas Uniform Fraudulent Transfer Act."[86]

Further, with respect to Plaintiff's wire fraud allegations, Plaintiff seems to have forgotten that only *interstate* wires can give rise to a claim for wire fraud.[87] In Paragraph 317 of the SAC, Plaintiff includes a list of purported "predicate acts" that spans seven and a half pages, and many of the listed predicate acts are of supposed "wire fraud" based on various e-mails. However, a large number of the e-mails Plaintiff identifies are between or among only persons in Texas.[88] As one of the courts in this District has recognized, "[c]ourts have refused to presume that wire communications between residents of the same state use interstate wires."[89] For other e-mails listed Plaintiff pleads no facts to suggest that the communications at issue crossed state lines.[90]

RICO claims based on purported mail or wire fraud must be closely scrutinized.[91] Because Plaintiff has failed to plead facts to support the necessary elements of its claims for mail and wire fraud with the particularity required by Rule 9(b), Plaintiff's RICO claims based on the predicate acts of mail and wire fraud must be dismissed.

---

[86] SAC ¶ 437 (discussing Plaintiff's allegations of mail fraud); *id.* ¶ 440 (discussing Plaintiff's allegations of wire fraud)

[87] *See, e.g.*, *United States v. Stanford*, 805 F.3d 557, 566 (5th Cir. 2015) ("The [wire fraud] statute does not apply to purely intrastate communications.").

[88] *See, e.g.*, SAC at 146 (listing "emails between Hook and Ludlow pursuing bankruptcy for ACET"); *id.* at 151 (describing "Szeto's communications with and about the Texas Comptroller"); *id.* at 152 (describing an e-mail between Hallett & Perrin and Plaintiff's counsel).

[89] *Havard v. Collins*, No. 3:13-CV-945-N, 2013 WL 12363628, at *3 (N.D. Tex. Aug. 21, 2013).

[90] *See, e.g.*, SAC at 146 (describing several e-mails sent by Bill Szeto to DHL eCommerce).

[91] *See Poe v. Bock*, EP-17-CV-00232-DCG, 2018 WL 4275839, at *4 (W.D. Tex. Sept. 7, 2018) (recognizing that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it"); *Alpert v. Riley*, Civil Action No. H-04-3774, 2011 WL 564031, at *7 (S.D. Tex. Feb. 8, 2011) ("Courts however are cautious about basing a RICO claim on predicate acts of mail and wire fraud because it will be the unusual fraud that does not enlist the mails and wires in its service at least twice.") (internal quotation marks omitted).

### B.      Causation

In addition to Plaintiff's failure to explain how it was (or could have been) injured by various "predicate acts" that it alleges in the SAC, Plaintiff also faces another difficulty in pleading the causation element of its RICO claims. Plaintiff has asserted fraudulent transfer claims, both in this Court and in the state-court action.[92] If Plaintiff were to succeed on such claims, then Plaintiff would not have suffered any "injury" *as a result of* any "predicate acts." The Second Circuit considered a case involving a similar situation in *First Capital Asset Management, Inc. v. Satinwood, Inc.*[93] In that case, the court recognized the District Court's conclusion that because the plaintiffs' efforts to recover purportedly fraudulently transferred assets "were continuing," the plaintiffs had "neither alleged nor offered any proof that the collection of the debt had been frustrated as a proximate consequence of any of the Defendants' alleged predicate acts."[94] Thus, causation was missing and the plaintiffs "lacked standing to pursue a RICO claim for Lost Debt injuries."[95]

### C.      18 U.S.C. § 1962(a)

Section 1962(a) of RICO is specifically directed at those who 1) have received "income derived, directly or indirectly, from a pattern of racketeering activity" *and* 2) have "use[d] or invest[ed], directly or indirectly, any part of such income, or the proceeds of such income" in

---

[92] *See* SAC ¶¶ 460-63; First Amended Petition ¶¶ 45-46, App. at 012.

[93] 385 F.3d 159 (2d Cir. 2004).

[94] *Id.* at 169.

[95] *Id.*; *see also HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 339-40 (5th Cir. 2021) (agreeing with the Second Circuit's approach to RICO causation and "lost debt" damages, which includes the conclusion that "a claim will only accrue when the damages . . . become definite") (internal quotation marks omitted) (discussing *Bankers Trust Co. v. Rhodes*, 859 F.2d 1096 (2d Cir. 1988)); *Berman, Trustee for the Estate of Michael S. Goldberg, LLC v. LaBonte*, 622 B.R. 503, 522 (Bankr. D. Conn. 2020) ("[A]ctual lost debt damages are speculative for trebling purposes under RICO because the collateral actions to collect the judgment remain pending.").

BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 19

connection with an enterprise.[96] "[I]njuries due to predicate acts cannot form the basis of an investment injury for the purposes of § 1962(a)."[97] Instead, "for a viable § 1962(a) claim, any injury must flow *from the use or investment of racketeering income*."[98]

Plaintiff makes only the most conclusory allegations regarding its purported claim under section 1962(a): "The Defendants, either directly or indirectly received income from the pattern of racketeering activity through the fraudulent transfer (avoiding amounts payable to Plaintiff), and the proceeds were reinvested back into the enterprise. The Defendants also, directly or indirectly, received income from the continuous operation of Windspeed, and that income was then used or invested back into the enterprise."[99] The SAC pleads no specific facts regarding any "income" received by *any* of the Defendants, nor does it plead any specific facts regarding how any such "income" was "reinvested" *into the enterprise*.[100] Moreover, Plaintiff pleads no facts to suggest that it was in any way "injured" by the use or investment of racketeering income. Instead, it is clear from the SAC that the *only* injury it is claiming was complete once ACET Global had no assets left.[101]

---

[96]18 U.S.C. § 1962(a).

[97]*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 443 (5th Cir. 2000); *see also Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) ("[I]njuries resulting from predicate acts of 'racketeering activity' themselves cannot form the basis of an investment injury for purposes of § 1962(a).").

[98]*St. Paul Mercury Ins.*, 224 F.3d at 441 (emphasis added); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992) ("Parker & Parsley's injury does not stem from the *investment* of the income from racketeering activity; therefore, it has pleaded no cause of action under section 1962(a).") (emphasis in original); *Paul v. Aviva Life & Annuity Co.*, Civil Action No. 3:09-CV-1490-B, 2010 WL 5105925, at *6 (N.D. Tex. Dec. 14, 2010) ("There are no well-pleaded facts to support that Plaintiffs have suffered an investment injury, as opposed to any injury arising from the predicate acts.").

[99]SAC ¶ 413.

[100]It is not clear against which Defendants Plaintiff is actually asserting its section 1962(a) claim. Plaintiff first lists "Baymark Partners, Ludlow, Hook, Denegre, Super G Capital, SG Credit Partners, Baymark Partners Management, Julie A. Smith, [and] Hallett & Perrin" under the heading "Count II: Violations of 18 U.S.C. § 1962(a) (Civil RICO)." SAC at 181. However, Plaintiff then asserts that "[a]ll Defendants violated 18 U.S.C. § 1962(a)." SAC ¶ 409; *see also id.* ¶¶ 412, 413, 416, 417, 419, 420 (referring to "Defendants").

[101]*See, e.g.*, SAC ¶¶ 406, 420.

**BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 20**

The Court should dismiss Plaintiff's section 1962(a) claim for this reason as well as those generally applicable to all of Plaintiff's RICO claims.

### D.   Plaintiff's Ability to Replead

The Court has already allowed Plaintiff "one [more] chance to amend its pleadings." Plaintiff has now had *three* "bites at the apple." The Court should not allow any further amendments. However, should the Court decide to Plaintiff yet another opportunity to plead its RICO claims in an attempt to avoid dismissal, the Baymark Defendants request that the Court also require Plaintiff to submit a RICO case statement. The Fifth Circuit has characterized RICO case statements as "a useful, *sometimes indispensable*, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute."[102]

## III.   Plaintiff's State Law Claims

As this Court recognized in its Order, in the Fifth Circuit, the "general rule" is to dismiss pendent state claims upon the dismissal of federal claims.[103] Thus, because Plaintiff has wholly failed to plead any viable claims under RICO, the Baymark Defendants expect that the Court will simply dismiss the SAC in its entirety. Nevertheless, in an abundance of caution, the Baymark Defendants address below how Plaintiff has also failed to state its various claims under Texas law.[104]

### A.   Common-Law Fraud (Count IV)

*1.   Plaintiff has not pleaded its common-law fraud claim with the particularity required by Rule 9(b).*—Despite Plaintiff's repeated generic references to "fraud" throughout the SAC,

---

[102]*Marriott Bros. v. Gage*, 911 F.2d 1105, 1107 (5th Cir. 1990) (emphasis added); *see also id.* at 1109-11 (including as an Appendix what is to be included in a RICO case statement).

[103]Order at 16.

[104]Plaintiff's state law claims are also addressed in various detail in the other Defendants' briefs.

Plaintiff makes almost no attempt to identify any alleged "misrepresentations" with particularity.[105]

The only alleged "misrepresentation" even halfway identified is found in Paragraph 71 of the SAC:

> Hook and Ludlow, as the principals for Baymark, ensured *[sic]* Damti that he would be the CEO of ACET Global and that he would maintain managerial authority and discretion. Damti's presence as CEO would, given his knowledge of the business, operations, and industry, safeguard Plaintiff's interest in the transaction and was a substantial inducement to enter into the transaction.

Notably, Plaintiff does not state where or when such supposed "misrepresentation" took place. Moreover, the SAC fails to identify any other "misrepresentation" with the particularity required by Rule 9(b). Accordingly, Plaintiff's common-law fraud claim must be dismissed for failure to plead fraud with the required particularity.

2.  *As a matter of law, Plaintiff cannot have relied on the one "misrepresentation" it partially identifies because such "misrepresentation" is contradicted by the parties' contract.*—Although Plaintiff's "fraud" claim is less than clear because of Plaintiff's failure to plead any "fraud" with particularity, and because of Plaintiff's "shotgun" pleading style, Plaintiff appears to be claiming that it was fraudulently induced into entering into the APA.[106] One of the necessary elements of a claim for fraudulent inducement is a plaintiff's "action or inaction taken in justifiable reliance upon" a "false representation of material fact."[107] However, there can be no justifiable reliance when an alleged "misrepresentation" is contrary to the parties' written agreement.[108]

---

[105]*See, e.g.*, SAC ¶¶ 17, 102, 136, 137, 145, 180, 187, 198, 202, 230, 240, 244, 265, 267, 271, 299, 300, 308.

[106]*See* SAC ¶ 71.

[107]*Maynard v. PayPal, Inc.*, Civil Action No. 3:18-CV-0259-D, 2019 WL 3552432, at *8 (N.D. Tex. Aug. 5, 2019).

[108]*See, e.g.*, *Wyrick v. Business Bank of Tex., N.A.*, 577 S.W.3d 336, 348 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Tristar Investors, Inc. v. American Tower Corp.*, No. 3:12-CV-0499-M, 2014 WL 1327663, at *15 (N.D. Tex. Apr. 3, 2014) ("[P]ersons, such as landlords, may not justifiably rely on statements made in (continued...)

In this case, the APA itself makes clear that Plaintiff could not rely on any purported representation that Tomer Damti would get to remain as CEO of ACET Global for any particular period of time. Plaintiff includes a copy of the APA as Exhibit 23 to the SAC, but that copy is incomplete. It does not include several of the exhibits to the APA, most importantly Exhibit H, the Employment Agreement between ACET Global, LLC and Tomer Damti.[109] The Court may consider the *complete* APA, even though Plaintiff did not attach it to the SAC.[110]

As relevant to Plaintiff's "fraud" claim, the Employment Agreement expressly provides that "[e]ither Party may terminate this Agreement for any reason" simply by "giving the other Party thirty (30) days' prior written notice of its intent to terminate."[111] The Employment Agreement further provides that "[n]o prior or subsequent promises, representations, or understandings relative to any terms or conditions of employment are to be considered as part of this Agreement or as binding unless expressed in writing signed by the Parties."[112] Thus, Plaintiff knew that Tomer Damti had no guarantee of continued employment with ACET Global, and to the extent anyone told Plaintiff

---

[108](...continued)
negotiations that are contrary to the written terms of a contract.").

[109]*See* SAC Exh. 23, APA at 5, 9, 36, 39, and 40 of 51 (referencing the Employment Agreement and the fact that it is Exhibit H to the APA).

[110]*See In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, Civil Action No. 3:12-cv-3515-B, 2014 WL 5460450, at *6 n.21 (N.D. Tex. Oct. 27, 2014) (noting that the Court was "entitled" to consider the "full contents" of documents referenced in the complaint).

[111]Employment Agreement ¶ 8(b), App. at 020.

[112]Employment Agreement ¶ 17, App. at 023; *see also* SAC Exh. 12, Secured Promissory Note § 16 ("This Note, the Security Agreement, and the Asset Purchase Agreement constitute the full and entire agreement and understanding of the parties . . . . *No party shall be liable for or bound in any other manner by any representations, warranties, covenants or agreements except as specifically set forth in this Note and the Asset Purchase Agreement*.") (emphasis added).

**BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 23**

something different, Plaintiff could not rely on such representation. For this reason as well, Plaintiff's fraud claim must be dismissed.

### B.    Breach of Fiduciary Duty/Aiding and Abetting Breach of Fiduciary Duty (Counts V, VI)

As an initial matter, the SAC specifically names seven Defendants under its claim for breach of fiduciary duty, but then asserts its claim for "aiding and abetting" breach of fiduciary duty against all Defendants.[113] This would appear to suggest that Plaintiff is attempting to sue some Defendants for "aiding and abetting" themselves. Clearly, this makes no sense.

In addition, Plaintiff's "shotgun pleading" makes it impossible to determine what specific conduct by what specific Defendant serves as the basis for either Plaintiff's breach of fiduciary duty or its aiding and abetting claims. For example, to support any aiding and abetting claim, Plaintiff must plead *facts* that would show both that a particular Defendant "had an unlawful intent" and that such Defendant "substantially assisted and encouraged the wrongdoer in the wrongdoer's tortious act."[114] The SAC includes no such facts. The Court should dismiss these claims as well.

### C.    Texas Uniform Fraudulent Transfer Act (Count VII)

Plaintiff purports to assert its TUFTA claim against all Defendants.[115] However, TUFTA only provides for recovery against the transferee of the assets or the person for whose benefit the transfer was made.[116] Plaintiff does not plead facts that would identify any of the Baymark Defendants as the transferee of any of ACET Global's assets, nor does Plaintiff explain how any "transfer" of

---

[113]*See* SAC at 189 (asserting Count V against Ludlow, Szeto, Hook, Denegre, Baymark ACET Holdco, Hallett & Perrin, and Julie A. Smith); *id.* at 190 (asserting Count VI against "All Defendants").

[114]*Jessen v. Duvall*, No. 14-16-00869-CV, 2018 WL 1004659, at *7 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, no pet.) (mem. op.).

[115]SAC ¶¶ 460-63.

[116]Tex. Bus. & Comm. Code § 24.009.

ACET Global's assets was done to "benefit" any of the Baymark Defendants.[117] Accordingly, Plaintiff has failed to state a claim against the Baymark Defendants under TUFTA, and the Court should dismiss this claim.

### D.      Civil Conspiracy (Count VIII)

It is unclear what Plaintiff claims the Defendants, including the Baymark Defendants, "conspired" to do. However, any claim for conspiracy necessarily relies on the underlying torts alleged by Plaintiff. Thus, the pleading defects in Plaintiff's state law claims necessarily impact Plaintiff's conspiracy claims as well. For example, to the extent Plaintiff is claiming a "conspiracy" to commit "fraud," Plaintiff must meet the particularity requirements of Rule 9(b).[118] For all the reasons set forth above, as well as in the other Defendants' briefs, Plaintiff's claim for civil conspiracy must be dismissed along with its other claims.

## PRAYER

WHEREFORE, Defendants Baymark Partners Management, LLC; Baymark Management, LLC; Baymark ACET Direct Invest, LLC; Baymark Partners; and Matthew Denegre respectfully request that the Court grant their Motion to Dismiss Plaintiff's Second Complaint and dismiss all of Plaintiff's claims asserted therein, as well as for such other and further relief to which they may be justly entitled.

---

[117]Plaintiff seems to be relying on the fact that Baymark Partners Management, LLC has a warrant that would allow it to become an owner of Defendant Windspeed. *See, e.g.*, SAC ¶¶ 9, 166, 254. However, not only does Plaintiff fail to allege that Baymark Partners Management, LLC has actually *exercised* its warrant, but Plaintiff also incorrectly characterizes the rights under the warrant as "perpetual." *See* SAC ¶ 168. In fact, the warrant has an expiration date of October 18, 2023. *See* SAC Exh. 15, Warrant Purchase Agreement between Windspeed Trading, LLC and Baymark Partners Management, LLC at 1 of 15 (identifying October 18, 2023 as the "Expiration Date").

[118]*See, e.g., Chau v. Aviva Life & Annuity Co.*, Civil Action no. 3:09-CV-2305-B, 2011 WL 1990446, at *10 (N.D. Tex. May 20, 2011) (dismissing a civil conspiracy claim for failure to comply with Rule 9(b)).

BAYMARK DEFENDANTS' MOTION TO DISMISS SAC AND BRIEF IN SUPPORT— Page 25

Respectfully submitted,


/s/ Edward P. Perrin, Jr.
Edward P. Perrin, Jr.
State Bar No. 15796700
Jennifer R. Poe
State Bar No. 00794470
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS
BAYMARK PARTNERS MANAGEMENT, LLC;
BAYMARK MANAGEMENT, LLC;
BAYMARK ACET HOLDCO, LLC;
BAYMARK ACET DIRECT INVEST, LLC;
BAYMARK PARTNERS; DAVID HOOK;
TONY LUDLOW; AND MATTHEW DENEGRE**



## CERTIFICATE OF SERVICE

On July 22, 2022, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Edward P. Perrin, Jr.
Edward P. Perrin, Jr.