UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC, successor-in-interest to ACET VENTURE PARTNERS, LLC, *et al.*, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Cause No. 3:21-cv-1171-B |
| BAYMARK PARTNERS, LP, *et al.*, | § § | |
| **Defendants.** | § § | |

## AFFIDAVIT OF JASON B. FREEMAN

**BEFORE ME**, the undersigned notary, on this day personally appeared Jason B. Freeman, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.   My name is Jason B. Freeman. I am over the age of 21, and I am competent to make this Affidavit. I have never been convicted of a felony or other crime involving moral turpitude and am personally in all respects qualified to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.   I am managing member of the law firm of Freeman Law, PLLC ("Freeman Law"), which is counsel for the Plaintiffs. I am a licensed Texas attorney since 2009. I am licensed to practice before the State Courts of Texas and the United States District Court for the Northern District of Texas.

3.   I graduated from the University of Texas with a Bachelor of Business Administration degree and a Master of Public Administration degree. I graduated from the University of Texas School of Law with high honors in 2009.

4.   I am lead counsel representing D&T Partners, LLC ("D&T Partners") (successor in interest to ACET Venture Partners, LLC), directly and derivatively on behalf of ACET Global, LLC

and Baymark ACET Holdco, LLC, as well as ACET Global, LLC, the Plaintiffs in the above-styled lawsuit filed against the named Defendants.

5.    The Second Amended Complaint did not incorporate an affidavit of verification. To correct this inadvertent omission, I attach as Exhibit 1 D&T Partner's declaration under 28 U.S.C. § 1746, with the request that the Court accept it *nunc pro tunc.* If however, the Court wishes the Plaintiffs to proceed otherwise, the Plaintiffs ask leave to file an amended complaint, to which an affidavit of verification will be attached.

**Further affiant sayeth not.**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of September, 2022.

_____
Jason B. Freeman

Sworn to and subscribed before me by JASON B. FREEMAN Affiant, on the 2nd day of September, 2022.

_____
Notary Public

KATHERINE YANNIELLO-DONALDS
(Notary Name)

My Commission Expires:

_____

KATHERINE YANNIELLO-DONALDS
Notary Public, State of Texas
Comm. Expires 05-11-2023
Notary ID 126109851



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

D&T PARTNERS, LLC, successor-in-interest §
to ACET VENTURE PARTNERS, LLC, *et al.*, §
§
**Plaintiffs,** §
§
v. § Civil Cause No. 3:21-cv-1171-B
§
BAYMARK PARTNERS, LP, *et al.*, §
§
**Defendants.** §

## <u>DECLARATION OF D&T PARTNERS, LLC</u>

On this day, I, Tomer Damti, on behalf of D&T Partners, LLC, gave my oath and stated under penalty of perjury as follows:

1.      My name is Tomer Damti. I am over the age of 21, and I am competent to make this Declaration. I have never been convicted of a felony or other crime involving moral turpitude and am personally in all respects qualified to make this Declaration. The facts stated in this Declaration are within my personal knowledge and are true and correct.

2.      I am the sole owner and the director of D&T Partners, LLC ("D&T Partners"), the successor in interest to ACET Venture Partners, LLC ("ACET"), an e-commerce business that I owned.

3.      In the summer of 2017, Baymark Partners, LP ("Baymark") and its principals, David Hook ("Hook"), Tony Ludlow ("Ludlow"), and Matthew Denegre ("Denegre") approached me, seeking to purchase the assets of ACET.

4.      Baymark formed another entity, ACET Global, LLC ("Global"), to facilitate the purchase of the assets.

5.      Through an Asset Purchase Agreement, dated July 14, 2017 (the "APA"), Global purchased all of the assets of ACET.

6.      Under the APA, Global agreed to: (1) pay $850,000 to D&T Partners, subject to certain adjustments; (2) provide a subordinated secured promissory note in the amount of $3,230,000 in favor of D&T Partners; and (3) provide D&T Partners with a 25% common membership interest in Baymark ACET Holdco, LLC ("Baymark Holdco"). As part of the transaction, Global executed a promissory note with D&T Partners, memorializing the $3,230,000 payable to D&T Partners (the "D&T Note"). The D&T Note required a first installment payment to D&T Partners on October 31, 2018. Separately, Baymark Holdco entered into a security agreement with D&T Partners. Additionally, as part of the agreement, I would serve as CEO of Global.

7.      From July 14, 2017, until March 31, 2021, D&T Partners maintained a 25% common membership interest in Baymark Holdco. Additionally, during that same time period, Baymark Holdco maintained a 100% common membership interest in Global.

8.      On March 31, 2021, D&T Partners exercised its rights (pursuant to section 6(b)(vi) of the Security Agreement dated July 20, 2017) to effect the transfer of 59% of the Membership Interests of Global into the name of D&T Partners, thereby giving D&T Partners legal ownership of Global.

9.      To date, Global has not made a single payment to D&T Partners, Global's largest creditor, pursuant to the D&T Note.

10.     The facts and allegations contained in the Second Amended Complaint (the "Complaint") are true and correct based on my personal knowledge. Further, neither the direct actions by D&T Partners and Global nor the derivative actions by D&T Partners, on behalf of Global and Baymark Holdco, are collusive actions attempting to confer jurisdiction to this Court that it would otherwise lack.

11.   Any and all efforts by D&T Partners to obtain the desired actions (i.e., comply with the APA, D&T Note, and other agreements; pay the D&T Note; operate Global's business; etc.) from Global's and Baymark Holdco's directors, management, and majority members were in vain.

12.   As stated in the Complaint, (1) on February 12, 2018, Denegre, purporting to represent Ludlow and Baymark, informed me that he was terminating my employment with Global; (2) I was immediately replaced by William Szeto ("Szeto") as CEO; (3) I had multiple calls with Baymark, through Ludlow and Denegre, as well as Steven Bellah, on behalf of Super G Capital, LLC ("Super G"), a separate creditor of Global; (4) Szeto established a newly-formed, separate entity, Windspeed Trading, LLC ("Windspeed"), in which Szeto, Baymark, and Super G had interests; (5) the Defendants coordinated the transfer of Global's business to Windspeed right before Global's first payment under the D&T Note came due; (6) D&T Partners, through its attorneys, issued a demand letter to Baymark, Global, and Hallett & Perrin, P.C. that the D&T Note was in default; (7) the Defendants subsequently executed a "foreclosure sale" in March 2019 to cover up Global's transfer to Windspeed in late 2018; and (8) Baymark and its principals have taken further measures to injure Global's business (and the rights of its creditors) by declaring bankruptcy in late 2019.

13.   Further, previous efforts by D&T Partners and its owner have been pursued in separate state litigation: *D&T Partners, LLC (successor in interest to ACET Venture Partners, LLC) v. ACET Global, LLC; Baymark ACET Holdco, LLC; Baymark ACET Direct Invest, LLC; Baymark Management, LLC; Baymark Partners; David Hook; Tony Ludlow; and Windspeed Trading, LLC*, Cause No. DC-19-09828, 116th District Court of Dallas County, Texas (Parker, J.); and *Tomer Damti v. ACET Global, LLC*, Cause No. DC-18-04365, 192nd District Court of Dallas County, Texas (Williams, J.).

**Further affiant sayeth not.**


**DECLARATION OF D&T PARTNERS, LLC**                                                     **Page 3**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this __02__ day of September, 2022.

_____
Tomer Damti, on behalf of D&T Partners, LLC