UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET GLOBAL, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>BAYMARK PARTNERS, LP; BAYMARK PARTNERS MANAGEMENT, LLC; SUPER G CAPITAL, LLC; SG CREDIT PARTNERS, INC.; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; MATT DENEGRE; WILLIAM SZETO; MARC COLE; STEVEN BELLAH; ZHEXIAN "JANE" LIN; DANA MARIE TOMERLIN; PADASAMAI VATTANA; PAULA KETTER; VANESSA TORRES; WINDSPEED TRADING, LLC; HALLETT & PERRIN, P.C.; and JULIE A. SMITH,<br><br>*Defendants*. | § | CIVIL CAUSE NO. 3:21-CV-01171-B |

**DEFENDANT BAYMARK ACET HOLDCO, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Plaintiff's Unavailing Attempt to Ignore the Fact That ACET Global's Bankruptcy Trustee Has *Exclusive* Standing to Assert Any "Claims" on Behalf of Holdco . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Plaintiff's Misplaced Argument About Constitutional Versus Statutory Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. D&T's Failure to Show It Has Any Right to Sue on Behalf of Holdco or ACET Global . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Holdco . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. ACET Global . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV. D&T's Failure to Meet the Rule 23.1 Adequacy of Representation Standard . . . . 7

V. Plaintiff's Misplaced Argument About Texas Business Organizations Code Section 101.463(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## INDEX OF AUTHORITIES

### Cases

*Alexander v. C.R. Bard, Inc.*, Civil Action No. 3:12-cv-5187-O, 2014 WL 12602871 (N.D. Tex. Feb. 26, 2014) . . . . . 2

*Berman , Chapter 7 Trustee for Estate of Michael S. Goldberg, LLC v. LaBonte*, 622 B.R. 503 (Bankr. D. Conn. 2020) . . . . . 5

*Bridgewater v. Double Diamond-Del., Inc.*, Civil Action No. 3:09-CV-1758-B, 2010 WL 1875617 (N.D. Tex. May 10, 2010) . . . . . 4

*Cetacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004) . . . . . 4

*Domain Vault LLC v. McNair*, Civil Action No. 3:14-CV-1126-L, 2015 WL 5695519 (N.D. Tex. Sept. 28, 2015). . . . . . 5, 7

*Duke Power Company v. Carolina Environmental Study Group, Inc.*, 436 U.S. 59 (1978) . . . . . 4

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp*., 524 F. Supp. 3d 501 (N.D. Tex. 2021) . . . . . 1

*Gill v. Grewal*, Civil Action No. 4:14-CV-2502, 2020 WL 3171360 (S.D. Tex. Jun. 15, 2020). . . . . . 10

*Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L, 2021 WL 4244779 (N.D. Tex. Sept. 17, 2021). . . . . . 1

*Hughes v. City of Dallas, Tex.*, Civil Action No. 3:18-CV-1770-B, 2019 WL 3081654 (N.D. Tex. Jul. 15, 2019). . . . . . 6

*Kane v. National Union Fire Ins. Co.*, 535 F.3d 380 (5th Cir. 2008) (per curiam) . . . . . 3

*Pelletier v. Interbank*, Civil Action No. 6:19-CV-0089, 2020 WL 2576266 (S.D. Tex. May 20, 2020) . . . . . 4

*Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337 (5th Cir. 2021). . . . . . 6

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011). . . . . . 2

*Wilkins v. Duncanville I.S.D.*, Case No. 3:20-CV-1404-E-BK, 2021 WL 1111162 (N.D. Tex. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1102167 (N.D. Tex. Mar. 23, 2021) . . . . . . 6

**Statutes and Rules**

11 U.S.C. § 554(d) . . . . . . 2

Tex. Bus. Org. Code § 101.463(b) . . . . . . 10

Tex. Bus. Org. Code § 101.463(c) . . . . . . 10

Defendant Baymark ACET Holdco, LLC ("Holdco") files this Reply in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint("Holdco's Motion") and in support thereof would respectfully show the Court as follows:

## ARGUMENT AND AUTHORITIES

In large part, Plaintiff's Response to Holdco's Motion once again fails to respond to the specific arguments raised by Holdco. This failure waives any response by Plaintiff and effectively concedes Holdco's arguments.[1] Holdco addresses below specific arguments that Plaintiff does make in its Response, and it will also note relevant arguments to which Plaintiff has offered no response.

### I. Plaintiff's Unavailing Attempt to Ignore the Fact That ACET Global's Bankruptcy Trustee Has *Exclusive* Standing to Assert Any "Claims" on Behalf of Holdco

In its Motion, Holdco specifically argued that Plaintiff lacked standing to assert any "claims" on behalf of ACET Global because any such "claims" continue to belong to ACET Global's bankruptcy estate.[2] Plaintiff's Response offers no substantive legal analysis regarding this issue of standing. Instead, Plaintiff merely brushes the issue off as "patently frivolous."[3] Then, inexplicably, Plaintiff *once again* states that Holdco "cites to not one case in support of this proposition."[4] In fact,

---

[1] *See, e.g.*, *Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L, 2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (internal quotation marks omitted); *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp*., 524 F. Supp. 3d 501, 525 (N.D. Tex. 2021) ("Failure to respond to arguments made in a motion to dismiss results in waiver of opposition.").

[2] Holdco's Motion [Docket No. 103] at 9-10.

[3] Response [Docket No. 117] at 1.

[4] *Id.* Plaintiff made the same argument in its prior Response to Baymark ACET Holdco, LLC's Motion to Dismiss [Docket No. 69] at 2. In its Reply in support of its prior Motion to Dismiss, Holdco expressly pointed out that it had, in fact, cited a Fifth Circuit case in support of its argument. *See* Defendant Baymark ACET Holdco, LLC's Reply in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 80] at 1-2.

Holdco did cite, and actually quoted from, the Fifth Circuit case of *Kane v. National Union Fire Insurance Company*:

> As the Fifth Circuit has expressly recognized, the Trustee of the estate "is the *only party with standing* to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed."[5]

Holdco also cited section 554(d) of the Bankruptcy Code, which expressly provides that "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case *remains property of the estate*."[6] Plaintiff also ignores this provision of the Bankruptcy Code. Plaintiff may want to pretend the bankruptcy estate does not own the claims Plaintiff seeks to assert in this case, but Plaintiff cannot escape relevant authority by simply closing its eyes to such authority. Having chosen not to engage with the substance of Holdco's fully supported argument, Plaintiff has waived any response.[7]

Rather than offer any basis for arguing that ACET Global's bankruptcy Trustee is not the only one with standing to assert the "claims" Plaintiff is attempting to assert in the name of ACET Global in this case, Plaintiff deflects. Plaintiff argues that the undersigned counsel (who also

---

[5]Holdco's Motion [Docket No. 103] at 9 (emphasis in original) (quoting *Kane*, 535 F.3d 380, 385 (5th Cir. 2008) (per curiam)). To the extent this *Fifth Circuit* authority is not enough for Plaintiff, other cases also support the proposition. *See, e.g.*, *Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011) ("The Trustee became the real party in interest upon filing, vested with the authority to pursue the judgment against the City as an asset of the bankruptcy estate. This duty was not affected by [the debtor's] failure to disclose the asset, *and it was not extinguished by the conclusion of the bankruptcy case*.") (emphasis added, internal citations omitted); *Alexander v. C.R. Bard, Inc.*, Civil Action No. 3:12-cv-5187-O, 2014 WL 12602871, at *8 (N.D. Tex. Feb. 26, 2014) ("Here, Plaintiff lacks standing and is judicially estopped from pursuing these claims or benefitting from them. Trustee, the real party in interest, is *the only party with standing* to pursue these claims . . . .") (emphasis added).

[6]11 U.S.C. § 554(d) (emphasis added) (cited in Holdco's Motion [Docket No. 103] at 9 n.11).

[7]*See supra* note 1. Holdco also argued in its Motion that Plaintiff's attempt in the SAC to invoke the existence of other "victims" of the purported "scheme"—ACET Global's *other creditors*—further demonstrates why any purported "claims" belong to the bankruptcy estate. Holdco's Motion [Docket No. 103] at 9-10. Plaintiff also completely ignored this argument in its Response.

represents ACET Global in an employment dispute with Plaintiff's sole owner, Tomer Damti) is currently pursuing claims on ACET Global's behalf against Mr. Damti.[8] What Plaintiff fails to appreciate is the difference between claims that existed *at the time of the bankruptcy filing*—which belong to the bankruptcy estate—and claims that arose *after* the bankruptcy was closed—which, by definition, could not.[9] Well after its bankruptcy was closed in early 2020, in the fall of 2021, ACET Global was declared the "prevailing party"in the employment case and found to be entitled to recover its attorneys' fees from Mr. Damti.[10] Further, its "prevailing party" status was established by Mr. Damti's nonsuit, which did not happen until the summer of 2021. Thus, there is no inconsistency at play, and Plaintiff cites no authority to suggest otherwise.

Plaintiff has waived any substantive argument about the Trustee's exclusive standing to assert "claims" on behalf of ACET Global. For this reason alone, Plaintiff lacks standing to assert any claims on behalf of ACET Global in this case, and the Court should grant Holdco's Motion.

## II. Plaintiff's Misplaced Argument About Constitutional Versus Statutory Standing

The primary focus of Plaintiff's Response is its argument that Holdco's Motion does not raise "constitutional" standing and, therefore, is not the proper subject of a Rule 12(b)(1) motion to dismiss.[11] This argument is nothing more than a red herring, as Holdco's Motion clearly raises an issue of constitutional standing. As aptly noted in Plaintiff's Response, constitutional standing does

---

[8]Response [Docket No. 117] at 1-2.

[9]*See, e.g.*, *Kane*, 535 F.3d at 385 ("Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor *at the commencement of the bankruptcy case*, vest in the bankruptcy estate upon the filing of a bankruptcy petition.") (emphasis added).

[10]*See* Holdco's Appendix in Support of Its Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 104] ("App.") at 160.

[11]*See* Response [Docket No. 117] at 4-8.

not depend on whether a particular plaintiff's claims are "meritorious."[12] In contrast, statutory standing involves questions about whether a particular plaintiff meets a federal statute's requirements for having a claim.[13] For example, the causation element under RICO is an issue of statutory standing.[14]

What Plaintiff's arguments about constitutional versus statutory standing miss is that Holdco's Motion does not raise issues about any of the specific *claims* Plaintiff is attempting to assert on behalf of either ACET Global or Holdco. In fact, there is no merits-related discussion in Holdco's Motion at all. Rather, Holdco maintains that because the real Plaintiff in this case, D&T Partners, LLC ("D&T") is not, in fact, a member of either ACET Global or Holdco, it lacks standing to assert *any* "claims" in the name of either of these entities. This is an issue of constitutional standing.[15]

As the Supreme Court noted in *Duke Power Company v. Carolina Environmental Study Group, Inc.*, "the circumstances in which one party will be given standing *to assert the legal rights of another*" are "narrowly limited."[16] The particular claims involved (*i.e.*, statutory standing) are beside the point. In this case, D&T seeks to assert "claims" that do not belong to it, but instead

[12] *Id.* at 4.

[13] *See, e.g.*, *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) ("[I]f a plaintiff has suffered sufficient injury to satisfy Article III, a federal court must ask whether a statute has conferred 'standing' on that plaintiff.").

[14] *See, e.g.*, *Bridgewater v. Double Diamond-Del., Inc.*, Civil Action No. 3:09-CV-1758-B, 2010 WL 1875617, at *12 (N.D. Tex. May 10, 2010) (discussing RICO causation requirements as they relate to a plaintiff's standing and recognizing that same do not implicate "Constitutional standing requirements").

[15] *See, e.g.*, *Pelletier v. Interbank*, Civil Action No. 6:19-CV-0089, 2020 WL 2576266, at *4 (S.D. Tex. May 20, 2020) ("[W]hen a defendant challenges ownership of legal rights held by a plaintiff and submits evidence to debunk the plaintiff's claim, the plaintiff must prove by a preponderance of the evidence that he, in fact owns an interest in the legal claims.").

[16] 436 U.S. 59, 80 (1978) (emphasis added) (cited in Plaintiff's Response [Docket No. 117] at 4).

belong to ACET Global and Holdco. If it does not, in fact, have the right to stand in the "shoes" of these two entities, then D&T lacks constitutional standing to pursue such claims. Plaintiff's Response and the cases cited therein simply do not speak to the relevant issue.[17] The standing issue actually raised in Holdco's Motion is appropriate for consideration under Rule 12(b)(1).[18]

**III. D&T's Failure to Show It Has Any Right to Sue on Behalf of Holdco or ACET Global**

As noted in Holdco's Motion, Holdco is making a *factual* attack on D&T's standing to assert claims on behalf of Holdco and ACET Global.[19] Accordingly, the Court is to consider the evidence, rather than the mere allegations contained in the SAC.[20] Plaintiff's Response provides *no analysis of the evidence*, and it fails to offer any evidence to contradict Holdco's evidence.[21]

**A. Holdco**

The *only* evidence before the Court shows that it is Mr. Damti who is a member of Holdco.[22] Contrary to the assertion in Plaintiff's Response, the SAC does not claim otherwise. Plaintiff's Response cites Paragraph 68 of the SAC as containing its "specific" allegation "that D&T Partners

---

[17]Plaintiff's Response does not purport to cite any case in which a challenge to claimed derivative status to assert claims on behalf of another was considered as being only an issue of "statutory" standing.

[18]*See, e.g.*, *Berman , Chapter 7 Trustee for Estate of Michael S. Goldberg, LLC v. LaBonte*, 622 B.R. 503, 517 (Bankr. D. Conn. 2020) (considering whether the bankruptcy trustee had the power to assert a particular claim as a standing issue under Rule 12(b)(1)).

[19]Holdco's Motion [Docket No. 103] at 5. n.21.

[20]*E.g.*, *Domain Vault LLC v. McNair*, Civil Action No. 3:14-CV-1126-L, 2015 WL 5695519, at *2 (N.D. Tex. Sept. 28, 2015).

[21]Instead, Plaintiff's Response asks the Court for a "second bite at the apple" to brief the factual issues only should the Court request it. Response [Docket No. 117] at 5 n.5. Plaintiff cites no authority for the proposition that it can simply ignore the arguments raised in Holdco's Motion, and the evidence submitted therewith, and then have a second (actually third), later chance to respond. Indeed, having chosen not to respond to Holdco's *factual attack* on D&T's standing, D&T has effectively conceded Holdco's arguments about what the evidence shows. *See supra* note 1.

[22]*See* Second Amended Complaint [Docket No. 91] ("SAC"), Exhibit 20 at 2 of 25, 5 of 25, 14 of 25, 23 of 25 (identifying Holdco's members as Baymark ACET Direct Invest, LLC and Tomer Damti); *see also* App. at 004, 061, 062.

has had 'a 25% common membership interest in Baymark ACET Holdco, LLC' since July 20, 2017."[23] What Paragraph 68 actually contains is a description of the APA's "purchase price" terms:

> Under the APA, ACET Global *agreed to* (1) pay $850,000 to D&T Partners, subject to certain adjustments; (2) provide a subordinated secured promissory note in the amount of $3,230,000 in favor of D&T Partners; and (3) to provide D&T Partners with a 25% common membership interest in Baymark ACET Holdco, LLC.[24]

This Paragraph does not allege that D&T actually *received* the membership interest in Holdco, much less that it continues to hold such interest. Plaintiff's Response points to no other allegation *in the SAC* regarding D&T's purported membership interest in Holdco.[25]

D&T has no membership interest in Holdco. Accordingly, it cannot sue on behalf of Holdco in this case. Any "claims" the SAC purports to assert on behalf of Holdco must be dismissed.

---

[23]Response [Docket No. 117] at 4.

[24]SAC ¶ 68 (emphasis added); *compare* SAC Exhibit 23, APA § 2.2 (setting forth the "purchase price").

[25]After Holdco had already raised the absence of the required verification as to Plaintiff's First Amended Complaint, and after the filing of the various Motions to Dismiss the SAC, and specifically in response to Holdco's Motion, Plaintiff filed a "Declaration of D&T Partners, LLC," signed by Mr. Damti, in an attempt to "verify" the SAC. *See* Docket No. 112, Exh. 1. This Declaration goes beyond "verifying" statements contained in the SAC to allege facts that are not contained in the SAC. *See, e.g., id.* ¶¶ 7, 11. Of course, Plaintiff cannot amend the SAC in response to a motion to dismiss. *See Hughes v. City of Dallas, Tex.*, Civil Action No. 3:18-CV-1770-B, 2019 WL 3081654, at *2 (N.D. Tex. Jul. 15, 2019); *see also Wilkins v. Duncanville I.S.D.*, Case No. 3:20-CV-1404-E-BK, 2021 WL 1111162, at *3 (N.D. Tex. Mar. 8, 2021) ("[T]o the extent Plaintiff attempts to allege new facts against the Mansfield Defendants in her response, the Court cannot consider them in the context of the motion to dismiss.") (internal citation omitted), *report and recommendation adopted*, 2021 WL 1102167 (N.D. Tex. Mar. 23, 2021). Even if Plaintiff could somehow "amend" through Mr. Damti's Declaration, Mr. Damti's statement that "[f]rom July 14, 2017, until March 31, 2021, D&T Partners maintained a 25% common membership interest in Baymark Holdco," is wholly inconsistent with the relevant documents, *including Plaintiff's own Exhibit 23.* Mr. Damti's Declaration makes no attempt to explain why his statement is right and the documents are wrong. As noted in Holdco's Motion, the Fifth Circuit has expressly recognized that "[i]f an attached exhibit contradicts a factual allegation in the complaint, then indeed *the exhibit and not the allegation controls.*" *Quadvest, L.P. v. San Jacinto River Auth.*, 7 F.4th 337, 345 (5th Cir. 2021) (emphasis added) (internal quotation marks omitted).

### B. ACET Global

Separate and apart from the issue discussed above regarding the fact that *only* the Trustee of ACET Global's bankruptcy estate has standing to bring any of the "claims" that the SAC purports to bring on behalf of ACET Global (whether derivatively or directly), there is the equally important fact that D&T is not, as it claims, a member in ACET Global. What D&T *alleges* in the SAC is irrelevant.[26] Holdco is bringing a factual attack on D&T's standing, so D&T's allegations are not taken as true.[27]

Contrary to the Plaintiff's assertion, Holdco is not asking the Court to undertake a "confusing effort to explore the nooks and crannies of the operative transactional documents."[28] There is, in fact, nothing "confusing" about the operative documents. It is a simple matter of contract construction for the Court to conclude that D&T had no right "to effect the transfer of 59% of the Membership Interests of ACET Global."[29] Without such purported "transfer," D&T is not a "member" of ACET Global, and it lacks standing to sue (derivatively or "directly") on behalf of ACET Global.

## IV. D&T's Failure to Meet the Rule 23.1 Adequacy of Representation Standard

Holdco's Motion also challenged D&T's ability to meet the "adequacy of representation" standard found in Rule 23.1.[30] The Response does not provide any authority to suggest that D&T

---

[26]Even Plaintiff's allegations fall short of what is required. As noted in Holdco's Motion, the relevant inquiry under Rule 23.1 is whether D&T was a "member" of ACET Global *at the time of the transactions complained of. See* Holdco's Motion [Docket No. 103] at 4. D&T does not claim to have become a "member" in ACET Global until **March 31, 2021**, long after the purported "fraudulent transfer" of ACET Global's assets in **2018** that underlies all of Plaintiff's claims. *See* SAC at 8 n.10.

[27]*See, e.g.*, *Domain Vault*, 2015 WL 5695519, at *2.

[28]Response [Docket No. 117] at 6.

[29]*See id.* at 4.

[30]Holdco's Motion [Docket No. 103] at 10-12.

meets the test, nor does it provide any evidence to contradict Holdco's evidence. Instead, the Response either attempts to downplay or outright embraces the reasons why D&T cannot adequately represent ACET Global (or Holdco) in this case.

First, Holdco presented evidence that both D&T and Mr. Damti are currently involved in other litigation *against* ACET Global and Holdco.[31] Plaintiff does not deny this fact.[32] According to Plaintiff's Response, however, such litigation should for some reason be considered irrelevant. For example, despite the fact that the employment dispute between Mr. Damti and ACET Global remains ongoing, the Response makes the unsupported statement that "neither D&T nor Tomer Damti have had any motivation to pursue ACET Global" ever since D&T claims it "took over" ACET Global.[33] This statement is difficult, if not impossible to reconcile, with Mr. Damti's counsel's *September 1, 2021* statement to the court in the employment dispute that "Plaintiff [Mr. Damti] can refile its *[sic]* claims if it *[sic]* so chooses ***and hereby expresses the intent to do so***."[34]

Second, D&T does not dispute that the SAC reflects clear "vindictiveness" on the part of D&T.[35] However, the Response cites no authority that would allow the Court to ignore the "vindictiveness" while conducting its Rule 23.1 analysis. Further, even the Response itself reflects the wholly improper tone with which D&T is approaching this case. The Response spends pages attempting to justify its claim that Ed Perrin made a "false and misleading" statement to D&T's

---

[31] App. at 143-158; *id.* at 164; *see also* SAC [Docket No. 91] ¶ 454 (characterizing Holdco as one of the "Fiduciary Claim Defendants").

[32] *See* Response [Docket No. 117] at 9.

[33] *Id.*

[34] App. at 162 (emphasis added).

[35] *See* Response [Docket No. 117] at 8 ("Moreover, the 'vindictiveness' (of which they complain) is warranted.").

counsel without ever acknowledging the fact that the state-court Judge flatly rejected the characterization of the facts that D&T continues to urge in its Response.[36]

Finally, it is clear that D&T's complaint is not about any harm to ACET Global, but is instead focused on D&T's own purported injury as one of ACET Global's *creditors*. The Court need only read Mr. Damti's Declaration purporting to "verify" the SAC.[37] Mr. Damti does not describe actions he took to ask ACET Global to *pursue the claims Plaintiff purports to pursue in this case*. Rather, he describes the specific "desired actions" he purportedly sought from ACET Global as being "comply with the APA, D&T Note, and other agreements" and "pay the D&T Note."[38] In other words, D&T wants to be paid what it is owed *by ACET Global*. It has no real interest in acting to benefit ACET Global.

## V. Plaintiff's Misplaced Argument About Texas Business Organizations Code Section 101.463(c)(1)

Plaintiff's Response raises one other argument for its "derivative" standing that is as unavailing as all its other arguments. Specifically, the Response asserts that the "request that the Court treat their claims that are filed under Texas Business Organization Code section 101.463(c)(1) as 'direct' claims" serves to "avoid[] all of the procedural complexities that Baymark complains of and, at the same time, moots the bulk of its arguments."[39] This assertion ignores important language in the relevant sections of the Code.

---

[36] *Id.* at 9-12; *see generally* App. at 165-215 (addressing the same allegations reasserted by D&T in the Response).

[37] Docket No. 112, Exh. 1.

[38] *Id.* ¶ 11. Mr. Damti also makes a vague reference to "operate Global's business" and adds "etc." *Id.*

[39] Response [Docket No. 117] at 1.

Texas Business Organization Code section 101.463(b) provides that certain sections of the Code "do not apply to a claim or a derivative proceeding *by a member* of a closely held limited liability company."[40] Thus, D&T's ability to invoke this section depends upon its having membership status in ACET Global and Holdco (which, as demonstrated above and in Holdco's Motion, D&T does not have). However, even if D&T was eligible to invoke the section 101.463(b) exemption, as noted in Holdco's Motion, such exemption is expressly limited to claims "against a governing person, member, or officer of the limited liability company."[41] The SAC includes Defendants who are *not* "governing person[s], member[s], or officer[s]" of ACET Global and Holdco.[42] Therefore, D&T cannot entirely excuse its failure to meet the pleading requirements for derivative status and cannot sue "directly" instead of derivatively as to all of the claims asserted in the SAC. Further, even were the Court to decide to treat D&T's derivative claims as a "direct action," that "does not mean that the action is no longer a derivative proceeding."[43]

---

[40] Tex. Bus. Org. Code. § 101.463(b) (emphasis added). Section 101.463(c) further provides that *if* section 101.463(b) applies, then "a derivative proceeding brought *by a member* of a closely held limited liability company may be treated by a court as a direct action brought *by the member* for the *member's* own benefit." Tex. Bus. Org. Code § 101.463(c) (emphasis added).

[41] Tex. Bus. Org. Code. § 101.463(b) (cited in Holdco's Motion [Docket No. 103] at 5 n.20); *see also id.* ("In the event the claim or derivative proceeding is also made against a person who is not that governing person, member, or officer, this subsection applies *only to the claim or derivative proceeding against the governing person, member, or officer.*") (emphasis added).

[42] *See, e.g.*, SAC [Docket No. 36] ¶¶ 40-41, 50-59.

[43] *Gill v. Grewal*, Civil Action No. 4:14-CV-2502, 2020 WL 3171360, at *5 (S.D. Tex. Jun. 15, 2020) (emphasis omitted).

Respectfully submitted,

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.
State Bar No. 15796700
Jennifer R. Poe
State Bar No. 00794470
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS BAYMARK PARTNERS MANAGEMENT, LLC; BAYMARK MANAGEMENT, LLC; BAYMARK ACET HOLDCO, LLC; BAYMARK ACET DIRECT INVEST, LLC; BAYMARK PARTNERS; DAVID HOOK; TONY LUDLOW; AND MATTHEW DENEGRE**

## CERTIFICATE OF SERVICE

On September 20, 2022, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.