UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| D&T PARTNERS, LLC (successor in interest to ACET VENTURE PARTNERS, LLC), Directly and Derivatively on Behalf of ACET GLOBAL, LLC and BAYMARK ACET HOLDCO, LLC<br><br>and<br><br>ACET GLOBAL, LLC,<br><br>  *Plaintiffs*,<br><br>v.<br><br>BAYMARK PARTNERS, LP;<br>BAYMARK PARTNERS MANAGEMENT, LLC;<br>SUPER G CAPITAL, LLC;<br>SG CREDIT PARTNERS, INC.;<br>BAYMARK ACET HOLDCO, LLC;<br>BAYMARK ACET DIRECT INVEST, LLC;<br>BAYMARK PARTNERS;<br>DAVID HOOK; TONY LUDLOW;<br>MATT DENEGRE; WILLIAM SZETO;<br>MARC COLE; STEVEN BELLAH;<br>ZHEXIAN "JANE" LIN;<br>DANA MARIE TOMERLIN;<br>PADASAMAI VATTANA; PAULA KETTER;<br>VANESSA TORRES;<br>WINDSPEED TRADING, LLC;<br>HALLETT & PERRIN, P.C.; and<br>JULIE A. SMITH,<br><br>  *Defendants*. | CIVIL CAUSE NO. 3:21-CV-01171-B |

**DEFENDANTS DAVID HOOK AND TONY LUDLOW'S REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.       Plaintiff's Response Offers Nothing but Plaintiff's Conclusory Statements and Speculation Regarding the *Greb* and *State Farm* lawsuits . . . . . . . . . . . . . . . . . . . 2

    II.      Plaintiff's Response Ignores Relevant and Binding Authority in Favor of Outdated and/or Inapposite Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**Cases**

*Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007),
*aff'd*, 337 F. App'x 397 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bridgewater v. Double Diamond-Del., Inc.*, No. 3:09-CV-1758-B ECF,
2010 WL 18755617 (N.D. Tex. May 10, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Clapper v. American Realty Investors, Inc.*, No. 3:14-CV-2970-D,
2016 WL 302313 (N.D. Tex. Jan. 25, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Commercial Metals Co. v. Chazanow*, No. 3:09-CV-0808-B,
2009 WL 3853704 (N.D. Tex. Nov. 17, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cypress/Spanish Fort I, L.P. v. Professional Serv. Indus., Inc.*,
814 F. Supp. 2d 698 (N.D. Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (1988) . . . . . . . . . . . . . . . . . . . . . . . 5

*Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12 (1st Cir. 2000) . . . . . . . . . . . . . . . . . 8

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp.*,
524 F. Supp. 3d 501 (N.D. Tex. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L,
2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327-D,
2021 WL 3492339 (N.D. Tex. Aug. 9, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nevarez Law Firm, P.C. v. Dona Ana Title Co.*, No. EP-15-CV-297-DB,
2016 WL 105901156 (W.D. Tex. Dec. 22, 2016),
*vacated only to the extent the dismissal was with prejudice*,
708 F. App'x 186 (5th Cir. 2018) ................................................... 5

*Ritter v. Klisivitch*, No. 06-CV-5511 (DRH)(WDW),
2008 WL 2967627 (E.D.N.Y. Jul. 30, 2008) ......................................... 9

*Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*,
No. 3:06-CV-0271-B, 2007 WL 9717366 (N.D. Tex. Aug. 2, 2007). ....................... 7

*US Airline Pilots Ass'n v. AWAPPA, LLC*, 615 F.3d 312 (4th Cir. 2010) ................... 8

Defendants David Hook ("Hook") and Tony Ludlow ("Ludlow") file this Reply in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") and would respectfully show the Court as follows:

## INTRODUCTION

Plaintiff is now on its third Complaint. The Court has already looked at Plaintiff's claims and correctly concluded that Plaintiff "failed to adequately plead the continuity prong" necessary for Plaintiff's RICO claim, which claim is the only basis for this Court's jurisdiction. The Plaintiff's Second Amended Complaint ("SAC") did nothing to fix this fatal defect in its RICO claims. Plaintiff still pleads a purported "scheme" of inherently finite nature, one involving only the alleged "siphoning" of assets from a single company. Plaintiff itself pleads that *all* the assets were taken from ACET Global, LLC in late 2018; thus, the "scheme" long ago reached its "built-in ending point."

The Court gave Plaintiff "one chance" to amend its pleadings to address its failure to plead plausible facts to support the existence of a RICO pattern. Despite submitting a 194-page SAC, Plaintiff's allegations still fall far short of what is required. As set forth in more detail below, Plaintiff's attempt to defend its SAC in the face of Hook and Ludlow's Motion is wholly unavailing. The Court should dismiss Plaintiff's RICO claims with prejudice.

## ARGUMENT AND AUTHORITIES

Plaintiff's Response in Opposition to David Hook and Tony Ludlow's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 114] (the "Response") fails to respond to several arguments raised by Hook and Ludlow. "*Failure to respond to arguments

*made in a motion to dismiss results in waiver of opposition*."[1] Thus, Plaintiff has effectively conceded several of the Hook and Ludlow's arguments.[2]

I. **Plaintiff's Response Offers Nothing but Plaintiff's Conclusory Statements and Speculation Regarding the *Greb* and *State Farm* Lawsuits.**

In their Motion, Hook and Ludlow explained in detail why the *Greb* lawsuit—which was dismissed for failure to state a claim—and the *State Farm* lawsuit—in which Hook and Ludlow are not even named as parties—can offer Plaintiff no help whatsoever in establishing the "continuity" required to show a RICO pattern.[3] Plaintiff simply ignored such detailed explanation in favor of its own unsupported interpretation of these lawsuits. For example, Plaintiff repeats its assertion that the facts at issue in *Greb* are "strikingly similar" to those at issue here.[4] What Plaintiff does not do is offer any analysis to reconcile its characterization of "similarity" with the facts specifically pleaded by the plaintiff in that case. In particular, while Plaintiff attempts to portray Baymark-related entities as posing the "continuing threat," in *Greb*, neither Hook, nor Ludlow, nor any Baymark entity was alleged to be the "continuing threat." It was only the bank that was alleged to be likely to "do the same in the future to other borrowers."[5] Further, while a purportedly fraudulent transfer of assets is

---

[1] *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Six Flags Entm't Corp.*, 524 F. Supp. 3d 501, 525 (N.D. Tex. 2021) (emphasis added).

[2] *See, e.g.*, *Green v. Innovis Data Solutions, Inc.*, Civil Action No. 3:20-CV-01614-L, 2021 WL 4244779, at *5 n.4 (N.D. Tex. Sept. 17, 2021) ("Plaintiff has not addressed this assertion in his pleadings or response to Defendant's motion. Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (internal quotation marks omitted).

[3] Motion [Docket No. 107] at 5-9.

[4] Response [Docket No. 114] at 2.

[5] *Greb* First Amended Complaint ¶ 40, App. at 13.

**HOOK AND LUDLOW'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS SAC— Page 2**

at the heart of Plaintiff's allegations in this case, there were no allegations whatsoever of "siphoning" of assets in the *Greb* case.[6]

Basically, the only actual "similarity" Plaintiff offers is that warrants were used in connection with the purchase of a business, and a lender was involved in the purchase. As neither of these things is at all unusual in business transactions, such "similarity" has no significance. In any event, Plaintiff cites no authority that prior, unproven RICO allegations against a defendant somehow give a subsequent plaintiff the ability to plead the requisite pattern merely by referring to the existence of an earlier lawsuit that was, itself, dismissed for failure to state a claim.[7]

As for the *State Farm* case, Plaintiff asserts in its Response that such case shows Hook and Ludlow "facilitated a multi-million-dollar insurance fraud scheme."[8] However, nowhere in the *State Farm* Complaint is there any such allegation against either Hook or Ludlow.[9] Clearly, the plaintiff in the *State Farm* case is in the best position to know about the "scheme" it has alleged. Plaintiff in this case cites no authority to suggest that it can use imagined "facts" that are not actually pleaded in a wholly separate and unrelated lawsuit to plead the continuity it needs for its RICO claims to survive.

---

[6] *See generally id.*, App. at 001-020.

[7] Plaintiff attempts to rely on a statement made by the Supreme Court in *H.J. Inc. v. Northwestern Bell Tel. Co.*, Response [Docket No. 114] at 1, but in that case the Supreme Court only stated that "*proof* that a RICO defendant has been involved in multiple criminal schemes would certainly be highly relevant to the inquiry into the continuity of the defendant's racketeering activity," *H.J. Inc.*, 492 U.S. 229, 240 (1989) (emphasis added). The Supreme Court certainly did not suggest that *mere allegations* asserted against a defendant in a case that was dismissed would provide the same "relevance" to any subsequent continuity inquiry.

[8] Response [Docket No. 114] at 2.

[9] *See generally State Farm* Complaint, App. at 036-077.

In short, neither of the other RICO lawsuits Plaintiff has identified provide any support for Plaintiff's conclusory allegations in the SAC that "there is a continuing threat of the Defendants' scheme, as the RICO enterprise continues to actively undertake *new acquisition opportunities* to expand its enterprise—and the scope of the threat *to the next round of creditors and stakeholders*."[10] The Court should recognize Plaintiff's reliance on these two other RICO cases for what it is, an attempt by Plaintiff to distract from the fact that it has not, and cannot, plead *facts* that would support the pattern element of the specific RICO claims it has now attempted to plead three times in this case.

## II. Plaintiff's Response Ignores Relevant and Binding Authority in Favor of Outdated and/or Inapposite Cases.

Consistent with its practice in responding to other pending motions to dismiss, Plaintiff refuses to acknowledge, much less distinguish, authorities cited in the Motion. For example, in its Response Plaintiff states that Hook and Ludlow "rely upon district court cases outside of this circuit," without ever acknowledging the numerous Fifth Circuit and Texas District Court cases cited in the Motion.[11] However, Plaintiff's ignoring the authorities cited in the Motion does not mean they do not exist or do not apply to the facts Plaintiff has alleged in the SAC.[12]

---

[10] SAC [Docket No. 91] ¶ 320 (emphasis added). Plaintiff's Response makes no attempt to identify specific facts pleaded in the SAC that would support this wholly conclusory allegation.

[11] *Compare* Response [Docket No. 114] at 3 *with* Motion [Docket No. 107] at 11 and nn.51-52.

[12] In light of the page constraints applicable to this Reply, Hook and Ludlow will not re-cite herein the numerous cases already cited in their Motion, but since the filing of the Motion, Hook and Ludlow have become aware of other cases not cited in their Motion that also support the proposition that an otherwise lawful transaction, such as the purchase of Plaintiff's assets in a transaction involving the use of debt, with no threat of repetition, does not demonstrate the continuity required to state a claim under RICO. *See Maiden Biosciences, Inc. v. Document Sec. Sys., Inc.*, No. 3:21-CV-0327-D, 2021 WL 3492339, at *5 (N.D. Tex. Aug. 9, 2021) ("RBC Sciences' assets have allegedly already been transferred to certain defendants; accordingly, under the facts alleged in the complaint, there is no threat of continued criminal activity regarding RBC Sciences' assets, and Maiden has failed otherwise to plead conduct that constitutes or
(continued...)

Rather than attempt to present any argument about the specific cases on which Hook and Ludlow rely, Plaintiff instead looks to outdated authorities. For example, Plaintiff's Response relies heavily on *Delta Truck & Tractor, Inc. v. J.I. Case Company*, asserting it stands for the proposition that, in the Fifth Circuit, "[t]wo isolated acts of racketeering have been held sufficient to constitute a pattern."[13] In fact, in *Delta Truck*, the Fifth Circuit affirmed the dismissal of the plaintiff's RICO claims.[14] More importantly, *Delta Truck* was decided almost a year before the Supreme Court issued its opinion in *H.J. Inc.*, in which it expressly rejected cases "that have suggested that a pattern is established merely by proving two predicate acts."[15] Thus, Plaintiff cannot rely on *Delta Truck* to avoid the more recent, and relevant, cases cited both in this Court's Order and in the Motion.

---

[12](...continued)
threatens long-term criminal activity.") (internal quotation marks and brackets omitted); *Nevarez Law Firm, P.C. v. Dona Ana Title Co.*, No. EP-15-CV-297-DB, 2016 WL 105901156, at *10 (W.D. Tex. Dec. 22, 2016) ("The sale of the Thoroughbred Property was an otherwise lawful transaction that had no threat of repetition and directly affected only one party: the Monges. Thus, like the activity in *Calcasieu Marine National Bank*, there is no threat of continued racketeering activity."), *vacated only to the extent the dismissal was with prejudice*, 708 F. App'x 186 (5th Cir. 2018); *Clapper v. American Realty Investors, Inc.*, No. 3:14-CV-2970-D, 2016 WL 302313, at *10 (N.D. Tex. Jan. 25, 2016) (concluding that "[b]ecause the assets in which plaintiffs claim an interest have already been transferred to ART's parent and related entities, there is no threat of continued criminal activity regarding ART's assets" and that "Plaintiff's conclusory and unsupported allegation that the predicate acts 'are the regular way that Defendants do business' . . . does not plausibly plead continuity"); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 650 (S.D. Tex. 2007) ("In this case, any alleged wrongdoing by Defendants was associated with litigating a 1999 lawsuit—a single, discrete, and otherwise lawful endeavor which is now over.") (internal quotation marks omitted), *aff'd*, 337 F. App'x 397 (5th Cir. 2009).

[13] *See* Response [Docket No. 114] at 3; *see also id.* at 5 (further discussing *Delta Truck*).

[14] *Delta Truck*, 855 F.2d 241, 244 (5th Cir. 1988) ("Delta has attempted to state a RICO claim by alleging multiple acts of fraud that were part and parcel of a single, discrete and otherwise lawful commercial transaction. This claim fails to state a RICO cause of action as a matter of law because the pleadings do not assert that the corporate defendants posed a continuous threat as RICO persons.").

[15] *H.J. Inc.*, 492 U.S. at 237; *see also id.* at 239 (quoting RICO's legislative history: "It is this factor of *continuity plus relationship* which combines to produce a pattern.") (emphasis in original). As the Supreme Court has expressly looked to RICO's legislative history in connection with its own analysis of the "pattern" element—in a case that Plaintiff actually cites in its Response—Plaintiff's argument against the use of legislative history makes little sense and should carry no weight. *See* Response [Docket No. 114] at 9 (citing *H.J. Inc.*); *id.* at 10-11 (arguing against the use of legislative history to interpret RICO).

**HOOK AND LUDLOW'S REPLY IN SUPPORT OF THEIR**
**MOTION TO DISMISS SAC— Page 5**

Similarly, Plaintiff's reliance on *Abraham v. Singh* is also misplaced. First, Plaintiff relies on *Abraham* to define the pleading requirements for the continuity required to state a RICO claim.[16] What Plaintiff fails to take into account is that *Abraham* was written before the Supreme Court's reframing of the standards applicable to Rule 12(b)(6) motions to dismiss in *Twombly* and, later, *Iqbal*.[17] Moreover, *Abraham* actually acknowledged the Fifth Circuit line of authority holding that "in cases where alleged RICO predicate acts are part and parcel of a single, otherwise lawful transaction, . . . a pattern of racketeering activity has not been shown."[18] Finally, the fact pattern at issue in *Abraham* is significantly different than the facts alleged by Plaintiff in this case. *Abraham* has nothing to do with "siphoning" the assets of a single entity, but instead involved "repeated international travel to convince up to 200 or more Indian citizens to borrow thousands of dollars to travel to the United States only to find upon their arrival that things were not as they had been promised."[19] As the court in *Abraham* explicitly recognized, "[u]nlike our precedents identifying a single illegal transaction, there are multiple victims, and there is no reason to suppose that this *systematic victimization . . .* would not have *continued indefinitely* had the Plaintiffs not filed this

---

[16] *See* Response [Docket No. 114] at 4.

[17] *Compare Abraham*, 480 F.3d 351 (Feb. 26, 2007) *with Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (May 21, 2007) *and Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[18] *Abraham*, 480 F.3d at 355 (internal quotation marks omitted) (citing *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 123 (5th Cir. 1996)). Hook and Ludlow quoted *Word of Faith* in their Motion. Motion [Docket No. 107] at 11 and n.51.

[19] *Abraham*, 480 F.3d at 356.

lawsuit."[20] In contrast, as this Court has already recognized, Plaintiff has pleaded nothing more than a "narrowly focused alleged crime."[21]

Plaintiff's Response also points this Court to several of its own prior opinions in an attempt to suggest that the Court is somehow ignoring its own precedents.[22] In particular, Plaintiff quotes extensively from *Cypress/Spanish Fort I, L.P. v. Professional Service Industries, Inc.*, but that case had nothing to do with a completed "siphoning" of assets from a company to the detriment of its creditors.[23] Instead, *Cypress/Spanish Fort I, L.P.* involved repeated submission of separate "false reports, summaries, and invoices" over the course of a construction project.[24] There is nothing in the Court's analysis as applied to the specific facts at issue in *Cypress/Spanish Fort I, L.P.* that contradicts the Court's analysis in its Order dismissing Plaintiff's claims in this case.[25]

In addition to ignoring the numerous cases cited in the Motion, Plaintiff's Response also fails to address the Fifth Circuit cases cited in this Court's Order. For example, the Court cited

---

[20] *Id.* (emphasis added).

[21] Memorandum Opinion and Order Dated May 9, 2022 [Docket No. 89] ("Order") at 13.

[22] *See* Response [Docket No. 114] at 6-8.

[23] *Id.*

[24] *See Cypress/Spanish Fort I, L.P.*, 814 F. Supp. 2d 698, 714 (N.D. Tex. 2011).

[25] Plaintiff's reliance on other RICO cases previously decided by this Court are similarly unavailing. *See Bridgewater v. Double Diamond-Del., Inc.*, No. 3:09-CV-1758-B ECF, 2010 WL 18755617, at *10 (N.D. Tex. May 10, 2010) (cited in Plaintiff's Response [Docket No. 114] at 6-8) ("[T]he Complaint describes a scheme of misrepresentation that took place over the course of several years *and that continues today*. Further, the alleged acts are not part and parcel of a single, otherwise lawful transaction of the sort alleged in *Word of Faith*.") (emphasis added, internal citations and quotation marks omitted); *Commercial Metals Co. v. Chazanow*, No. 3:09-CV-0808-B, 2009 WL 3853704, at *7 (N.D. Tex. Nov. 17, 2009) (cited in Plaintiff's Response [Docket No. 114] at 8) (recognizing that "the alleged acts are not part and parcel of a single, otherwise lawful transaction of the sort alleged in *Word of Faith*") (internal quotation marks omitted); *Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, No. 3:06-CV-0271-B, 2007 WL 9717366, at *4 (N.D. Tex. Aug. 2, 2007) (cited in Plaintiff's Response [Docket No. 114] at 7) ("SFE delineates each defendants role in allegedly sending *and continuing to send* false distribution reports from Minnesota to certificateholders throughout the United States.") (emphasis added).

**HOOK AND LUDLOW'S REPLY IN SUPPORT OF THEIR**
**MOTION TO DISMISS SAC— Page 7**

*Malvino v. Delluniversita* for the proposition that "RICO claims are meant to address long term criminal conduct, not garden-variety fraud actions properly brought under state law," and *Calcasieu Marine National Bank v. Grant* for the fact that "Congress . . . did not intend to extend RICO to every fraudulent commercial transaction."[26] This Court's reliance on cases outside of the Fifth Circuit, like *Efron v. Embassy Suites (Puerto Rico), Inc.*, is also proper. The *Efron* case presented a fact pattern quite similar to the facts alleged by Plaintiff in the SAC.[27] Plaintiff has pointed the Court to no case involving a similarly equivalent set of facts in which the required continuity was found to be present. Plaintiff has also failed to address the Court's recognition that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it."[28]

Plaintiff tries to argue in its Response that "[t]here was no finite event that ever marked an 'end' to the schemes" based on its characterization of the foreclosure sale as "a complete sham."[29] However, Plaintiff cannot get away from its own pleading—repeated in its Response—that ACET

---

[26] Order [Docket No. 89] at 11, 13 (internal quotation marks omitted).

[27] *See Efron*, 223 F.3d 12, 21 (1st Cir. 2000) ("Taken together, the acts as alleged comprise a single effort, over a finite period of time, to wrest control of a particular partnership from a limited number of partners. This cannot be a RICO violation."). Similarly, the Court's reliance on *U.S. Airline Pilots Association v. Awappa, LLC* is also well founded. *See USAPA*, 615 F.3d 312, 318 (4th Cir. 2010) ("A plaintiff cannot demonstrate open-ended continuity if the racketeering activity has a built-in ending point, and the case does not present the necessary threat of *long-term, continued criminal activity*.") (emphasis added); *see also id.* at 317 (recognizing that RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.").

[28] Order [Docket No. 89] at 10 n.7

[29] *See* Plaintiff's Response [Docket No. 114] at 12.

Global's assets had "*already been siphoned off*."[30] Simply put, "there is nothing left to loot."[31] With that unquestionably being the case, the continuity required for a RICO "pattern" is nonexistent, and Plaintiff's RICO claims must be dismissed, this time with prejudice.

## PRAYER

WHEREFORE, David Hook and Tony Ludlow respectfully request that the Court grant their Motion to Dismiss Plaintiff's Second Complaint and dismiss all of Plaintiff's claims asserted therein, as well as for such other and further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Edward P. Perrin, Jr.*
Edward P. Perrin, Jr.
State Bar No. 15796700
Jennifer R. Poe
State Bar No. 00794470
HALLETT & PERRIN, PC
1445 Ross Ave., Suite 2400
Dallas, TX 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
eperrin@hallettperrin.com
jpoe@hallettperrin.com

**ATTORNEYS FOR DEFENDANTS
BAYMARK PARTNERS MANAGEMENT, LLC;
BAYMARK MANAGEMENT, LLC;
BAYMARK ACET HOLDCO, LLC;
BAYMARK ACET DIRECT INVEST, LLC;
BAYMARK PARTNERS; DAVID HOOK;
TONY LUDLOW; AND MATTHEW DENEGRE**

---

[30] *Id.* (emphasis added); *see, e.g.*, SAC [Docket No. 91] ¶ 397 ("The Baymark Defendants fraudulently transferred *all of ACET Global's assets and business operations* to Windspeed in late October of 2018.") (emphasis added).

[31] *Ritter v. Klisivitch*, No. 06-CV-5511 (DRH)(WDW), 2008 WL 2967627, at *12 (E.D.N.Y. Jul. 30, 2008).

**HOOK AND LUDLOW'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS SAC— Page 9**

## CERTIFICATE OF SERVICE

      On September 20, 2022, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                */s/ Edward P. Perrin, Jr.*
                                                Edward P. Perrin, Jr.